**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| VirnetX Inc.,<br><br>     Plaintiff,<br><br>v.<br><br>Cisco Systems, Inc., Apple Inc.,<br>Aastra USA, Inc., Aastra Technologies Ltd.,<br>NEC Corporation, and NEC Corporation of<br>America,<br><br>     Defendants. | Civil Action No. 6:10-cv-00417-LED<br><br>**JURY TRIAL DEMANDED** |

<u>**CISCO'S ANSWER TO PLAINTIFF VIRNETX INC.'S FIRST AMENDED**</u>
<u>**COMPLAINT**</u>

Defendant Cisco Systems, Inc. ("Cisco") answers Plaintiff VirnetX Inc.'s ("VirnetX")

First Amended Complaint ("Amended Complaint") as follows:

<u>**THE PARTIES**</u>

1.  Cisco has insufficient knowledge or information to admit or deny the allegations

in Amended Complaint paragraph 1 and on that basis denies all such allegations.

2.  Amended Complaint paragraph 2 contains allegations directed toward a

Defendant other than Cisco to which no answer is required.  To the extent an answer is required,

Cisco has insufficient knowledge or information to admit or deny the allegations in Amended

Complaint paragraph 2 and on that basis denies all such allegations.

3.  Amended Complaint paragraph 3 contains allegations directed toward a

Defendant other than Cisco to which no answer is required.  To the extent an answer is required,

Cisco has insufficient knowledge or information to admit or deny the allegations in Amended

Complaint paragraph 3 and on that basis denies all such allegations.

4.      Cisco admits the allegations in the first sentence of Amended Complaint paragraph 4.  Cisco admits that Cisco conducts and transacts business in the Eastern District of Texas.  Cisco denies the remaining allegations of Amended Complaint paragraph 4.

5.      Amended Complaint paragraph 5 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 5 and on that basis denies all such allegations.

## JURISDICTION AND VENUE

6.      Cisco admits that VirnetX purports to bring an action for patent infringement. Cisco states that the remaining allegations in Amended Complaint paragraph 6 contain legal conclusions that require no answer.  To the extent an answer is required, Cisco admits that the Court has subject matter jurisdiction over this action, but denies that any factual or legal basis exists for any of VirnetX's claims against Cisco in this action, or that VirnetX is entitled to any relief whatsoever from Cisco or this Court.

7.      Cisco admits that it has transacted business in the Eastern District of Texas. Cisco denies it has committed or induced acts of patent infringement in this judicial district or in any other district.  In addition, Cisco avers that a District Court in California would be a clearly more convenient venue, and on that basis, denies the propriety of venue in this district.  Cisco has insufficient knowledge or information to admit or deny the allegations of Amended Complaint paragraph 7 to the extent they extend to the other Defendants and on that basis denies all such allegations.

8.      Cisco states that the allegations in the first sentence of Amended Complaint paragraph 8 contain legal conclusions that require no answer.  To the extent an answer is

required, Cisco admits that it is subject to personal jurisdiction in this action.  Cisco denies the remaining allegations of paragraph 8 of the Amended Complaint to the extent the allegations relate to Cisco.  Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 8 to the extent they relate to other Defendants, and on that basis denies all such allegations.

## ASSERTED PATENTS

9.      Cisco admits that according to the records of the U.S. Patent and Trademark Office ("PTO"), on December 31, 2002, the PTO issued the '135 patent with Edmund Colby Munger, Douglas Charles Schmidt, Robert Dunham Short, III, Victor Larson, and Michael Williamson as the named inventors.  Cisco denies the remaining allegations in the first sentence of Amended Complaint paragraph 9.  Cisco has insufficient knowledge or information to admit or deny the allegations in the second sentence of Amended Complaint paragraph 9 and on that basis denies all such allegations.  Cisco admits that, on information and belief, the first exhibit to the Amended Complaint appears to be a copy of the '135 patent.

10.     Cisco admits that according to the records of the PTO, on January 4, 2005, the PTO issued the '759 patent  with Victor Larson, Robert Dunham Short, III, Edmund Colby Munger, and Michael Williamson as the named inventors.  Cisco denies the remaining allegations in the first sentence of Amended Complaint paragraph 10.  Cisco has insufficient knowledge or information to admit or deny the allegations in the second sentence of Amended Complaint paragraph 10 and on that basis denies all such allegations.  Cisco admits that, on information and belief, the second exhibit to the Amended Complaint appears to be a copy of the '759 patent.

11.     Cisco admits that according to the records of the PTO, on March 6, 2007, the PTO issued the '180 patent with Victor Larson, Robert Durham Short, III, Edmund Colby Munger, and Michael Williamson as the named inventors.  Cisco denies the remaining allegations in the first sentence of Amended Complaint paragraph 11.  Cisco has insufficient knowledge or information to admit or deny the allegations in the second sentence of Amended Complaint paragraph 11 and on that basis denies all such allegations.  Cisco admits that, on information and belief, the third exhibit to the Amended Complaint appears to be a copy of the '180 patent.

12.     Cisco admits that according to the records of the PTO, on August 26, 2008, the PTO issued the '504 patent with Victor Larson, Robert Dunham Short, III, Edmund Colby Munger, and Michael Williamson as the named inventors.  Cisco denies the remaining allegations in the first sentence of Amended Complaint paragraph 12.  Cisco has insufficient knowledge or information to admit or deny the allegations in the second sentence of Amended Complaint paragraph 12 and on that basis denies all such allegations.  Cisco admits that, on information and belief, the fourth exhibit to the Amended Complaint appears to be a copy of the '504 patent.

13.     Cisco admits that according to the records of the PTO, on February 10, 2009, the PTO issued the '151 patent with Victor Larson, Robert Dunham Short, III, Edmund Colby Munger, and Michael Williamson as the named inventors.  Cisco denies the remaining allegations in the first sentence of Amended Complaint paragraph 13.  Cisco has insufficient knowledge or information to admit or deny the allegations in the second sentence of Amended Complaint paragraph 13 and on that basis denies all such allegations.  Cisco admits that, on information and belief, the fifth exhibit to the Amended Complaint appears to be a copy of the '151 patent.

## COUNT ONE

## PATENT INFRINGEMENT BY AASTRA

14.     Cisco incorporates by reference its responses to Amended Complaint paragraphs 1-13 as if fully set forth herein.  Amended Complaint paragraph 14 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 14 and on that basis denies all such allegations.

15.     Amended Complaint paragraph 15 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 15 and on that basis denies all such allegations.

16.     Amended Complaint paragraph 16 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 16 and on that basis denies all such allegations.

17.     Amended Complaint paragraph 17 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 17 and on that basis denies all such allegations.

18.     Amended Complaint paragraph 18 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 18 and on that basis denies all such allegations.

19.     Amended Complaint paragraph 19 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 19 and on that basis denies all such allegations.

20.     Amended Complaint paragraph 20 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 20 and on that basis denies all such allegations.

21.     Amended Complaint paragraph 21 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 21 and on that basis denies all such allegations.

22.     Amended Complaint paragraph 22 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 22 and on that basis denies all such allegations.

23.     Amended Complaint paragraph 23 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 23 and on that basis denies all such allegations.

24.     Amended Complaint paragraph 24 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required,

Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 24 and on that basis denies all such allegations.

25.     Amended Complaint paragraph 25 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 25 and on that basis denies all such allegations.

26.     Amended Complaint paragraph 26 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 26 and on that basis denies all such allegations.

27.     Amended Complaint paragraph 27 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 27 and on that basis denies all such allegations.

28.     Amended Complaint paragraph 28 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 28 and on that basis denies all such allegations.

## COUNT TWO

## PATENT INFRINGEMENT BY APPLE

29.     Cisco incorporates by reference its responses to Amended Complaint paragraphs 1-28 as if fully set forth herein.  Amended Complaint paragraph 29 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is

required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 29 and on that basis denies all such allegations.

30.     Amended Complaint paragraph 30 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 30 and on that basis denies all such allegations.

31.     Amended Complaint paragraph 31 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 31 and on that basis denies all such allegations.

32.     Amended Complaint paragraph 32 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 32 and on that basis denies all such allegations.

33.     Amended Complaint paragraph 33 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 33 and on that basis denies all such allegations.

34.     Amended Complaint paragraph 34 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 34 and on that basis denies all such allegations.

35.     Amended Complaint paragraph 35 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 35 and on that basis denies all such allegations.

36.     Amended Complaint paragraph 36 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 36 and on that basis denies all such allegations.

37.     Amended Complaint paragraph 37 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 37 and on that basis denies all such allegations.

38.     Amended Complaint paragraph 38 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 38 and on that basis denies all such allegations.

39.     Amended Complaint paragraph 39 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 39 and on that basis denies all such allegations.

40.     Amended Complaint paragraph 40 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required,

Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 40 and on that basis denies all such allegations.

41.     Amended Complaint paragraph 41 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 41 and on that basis denies all such allegations.

42.     Amended Complaint paragraph 42 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 42 and on that basis denies all such allegations.

43.     Amended Complaint paragraph 43 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 43 and on that basis denies all such allegations.

44.     Amended Complaint paragraph 44 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 44 and on that basis denies all such allegations.

45.     Amended Complaint paragraph 45 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 45 and on that basis denies all such allegations.

46.     Amended Complaint paragraph 46 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 46 and on that basis denies all such allegations.

47.     Amended Complaint paragraph 47 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 47 and on that basis denies all such allegations.

48.     Amended Complaint paragraph 48 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 48 and on that basis denies all such allegations.

## COUNT THREE

## PATENT INFRINGEMENT BY CISCO

49.     Cisco incorporates by reference its responses to Amended Complaint paragraphs 1-48 as if fully set forth herein.  Cisco denies the allegations of Amended Complaint paragraph 49.

50.     Cisco denies the allegations of Amended Complaint paragraph 50.

51.     Cisco denies the allegations of Amended Complaint paragraph 51.

52.     Cisco denies the allegations of Amended Complaint paragraph 52.

53.     Cisco denies the allegations of Amended Complaint paragraph 53.

54.     Cisco denies the allegations of Amended Complaint paragraph 54.

55.     Cisco denies the allegations of Amended Complaint paragraph 55.

56.     Cisco denies the allegations of Amended Complaint paragraph 56.

57.     Cisco denies the allegations of Amended Complaint paragraph 57.

58.     Cisco denies the allegations of Amended Complaint paragraph 58.

59.     Cisco denies the allegations of Amended Complaint paragraph 59.

60.     Cisco denies the allegations of Amended Complaint paragraph 60.

61.     Cisco denies the allegations of Amended Complaint paragraph 61.

62.     Cisco denies the allegations of Amended Complaint paragraph 62.

63.     Cisco denies the allegations of Amended Complaint paragraph 63.

64.     Cisco denies the allegations of Amended Complaint paragraph 64.

65.     Cisco denies the allegations of Amended Complaint paragraph 65.

66.     Cisco denies the allegations of Amended Complaint paragraph 66.

67.     Cisco denies the allegations of Amended Complaint paragraph 67.

68.     Cisco denies the allegations of Amended Complaint paragraph 68.

69.     Cisco denies the allegations of Amended Complaint paragraph 69.

70.     Cisco denies the allegations of Amended Complaint paragraph 70.

71.     Cisco denies the allegations of Amended Complaint paragraph 71.

72.     Cisco denies the allegations of Amended Complaint paragraph 72.

73.     Cisco denies the allegations of Amended Complaint paragraph 73.

74.     Cisco states that the allegations of Amended Complaint paragraph 74 contain legal conclusions that require no answer.  To the extent an answer is required, Cisco denies the allegations of Amended Complaint paragraph 74.

75.     Cisco denies the allegations of Amended Complaint paragraph 75.

## COUNT FOUR

## PATENT INFRINGEMENT BY NEC

76.     Cisco incorporates by reference its responses to Amended Complaint paragraphs 1-75 as if fully set forth herein.  Amended Complaint paragraph 76 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 76 and on that basis denies all such allegations.

77.     Amended Complaint paragraph 77 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 77 and on that basis denies all such allegations.

78.     Amended Complaint paragraph 78 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 78 and on that basis denies all such allegations.

79.     Amended Complaint paragraph 79 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 79 and on that basis denies all such allegations.

80.     Amended Complaint paragraph 80 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 80 and on that basis denies all such allegations.

81.     Amended Complaint paragraph 81 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 81 and on that basis denies all such allegations.

82.     Amended Complaint paragraph 82 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 82 and on that basis denies all such allegations.

83.     Amended Complaint paragraph 83 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 83 and on that basis denies all such allegations.

84.     Amended Complaint paragraph 84 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 84 and on that basis denies all such allegations.

85.     Amended Complaint paragraph 85 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 85 and on that basis denies all such allegations.

86.     Amended Complaint paragraph 86 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required,

Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 86 and on that basis denies all such allegations.

87.     Amended Complaint paragraph 87 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 87 and on that basis denies all such allegations.

88.     Amended Complaint paragraph 88 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 88 and on that basis denies all such allegations.

89.     Amended Complaint paragraph 89 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 89 and on that basis denies all such allegations.

90.     Amended Complaint paragraph 90 contains allegations directed toward a Defendant other than Cisco to which no answer is required.  To the extent an answer is required, Cisco has insufficient knowledge or information to admit or deny the allegations in Amended Complaint paragraph 90 and on that basis denies all such allegations.

## PRAYER FOR RELIEF

Cisco denies that VirnetX is entitled to any relief, either as prayed for in its Amended Complaint or otherwise.

## GENERAL DENIAL

Cisco further denies each and every allegation contained in the Amended Complaint to which Cisco has not specifically admitted, denied, or otherwise responded to herein.

## CISCO'S DEFENSES

Cisco asserts the following defenses in response to the allegations of VirnetX's Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### First Defense – Failure to State a Claim

VirnetX has failed to state a claim upon which relief may be granted.

### Second Defense – Patent Invalidity

VirnetX's purported claims for infringement of the '135, '759, '180 and '504 patents (collectively, the "Patents-in-Suit") are barred because the claims of the Patents-in-Suit are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103 and/or 112.

### Third Defense – Non-Infringement

Cisco does not infringe and has not infringed, directly, indirectly, contributorily or by inducement, any valid and enforceable claim of the Patents-in-Suit.

### Fourth Defense – Lack of Standing

VirnetX lacks standing to enforce one or more of the Patents-in-Suit.

### Fifth Defense – Failure to Join Indispensible Party or Parties

VirnetX has failed to name or join an indispensable party or parties to the present action, including but not limited to certain persons or entities who may have an ownership interest in one or more of the Patents-in-Suit.

16

## Sixth Defense – Marking

VirnetX is barred in whole or in part from recovering damages under 35 U.S.C. § 287.

## Seventh Defense – Government Sales

VirnetX's claims for relief and prayer for damages are limited by 28 U.S.C. § 1498(a).

## Eighth Defense – Equitable Doctrines

On information and belief, some or all of VirnetX's claims are barred by one or more of the equitable doctrines of waiver, acquiescence, laches, estoppel (including without limitation equitable estoppel and prosecution history estoppel), and/or unclean hands.

## Ninth Defense – No Irreparable Harm

VirnetX is not entitled to any form of injunctive relief at least because VirnetX has not suffered and will not suffer irreparable harm due to Cisco's conduct, and has an adequate remedy at law.

## Tenth Defense – Exhaustion/Implied License

On information and belief, VirnetX's claims are barred, in whole or in part, by the doctrines of exhaustion and/or implied license.

## COUNTERCLAIMS

For its Counterclaims, Cisco alleges against VirnetX:

1.      Cisco is a California corporation with its principal place of business at 170 West Tasman Dr., Bldg. 10, San Jose, CA 95134.

2.      VirnetX purports to be a Delaware corporation having a principal place of business at 5615 Scotts Valley Drive, Suite 110, Scotts Valley, California.

3.      The Counterclaims set forth arise under the laws of the United States, 35 U.S.C. §

101 *et seq*.   These Counterclaims seek declaratory relief for which this Court has jurisdiction

pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4.      VirnetX claims that venue is proper in this judicial district but, although venue for

Cisco's Counterclaims may be proper in the Eastern District of Texas, a District Court in

California would be a clearly more convenient venue, and Cisco reserves all rights to move for

dismissal and/or transfer for improper venue of the underlying action irrespective of the

allegations in this section.

## COUNT I

### Declaration of Noninfringement and Invalidity of the '135 Patent

5.      Cisco realleges and incorporates by reference Counterclaim paragraphs 1-4 and its

responses to Amended Complaint paragraphs 1-90 above as if fully set forth herein.

6.      VirnetX claims to be the owner of U.S. Patent No. 6,502,135 entitled "Agile

Network Protocol for Secure Communications with Assured System Availability."  According to

the records of the U.S. Patent and Trademark Office ("PTO"), the '135 patent issued on

December 31, 2002.

7.      Cisco does not infringe and has not infringed any claim of the '135 patent, either

directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise.

8.      Upon information and belief, the claims of the '135 patent are invalid under the

provisions of Title 35, United States Code, including, but not limited to §§ 101, 102, 103 and/or

112.

9.      An actual and justiciable controversy exists between Cisco and VirnetX with

respect to the '135 patent because VirnetX has brought this action against Cisco alleging that

Cisco infringes the '135 patent, an allegation Cisco denies.   Absent a declaration of noninfringement and invalidity of the '135 patent, VirnetX will continue to wrongfully assert the '135 patent against Cisco, and thereby cause Cisco irreparable injury and damage.

## COUNT II

### Declaration of Noninfringement and Invalidity of the '759 Patent

10.     Cisco realleges and incorporates by reference Counterclaim paragraphs 1-9 and its responses to Amended Complaint paragraphs 1-90 above as if fully set forth herein.

11.     VirnetX claims to be the owner of U.S. Patent No. 6,839,759 entitled "Method for Establishing Secure Communication Link Between Computers of Virtual Private Network Without User Entering Any Cryptographic Information."   According to the records of the U.S. Patent and Trademark Office ("PTO"), the '759 patent issued on January 4, 2005.

12.     Cisco does not infringe and has not infringed any claim of the '759 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise.

13.     Upon information and belief, the claims of the '759 patent are invalid under the provisions of Title 35, United States Code, including, but not limited to §§ 101, 102, 103 and/or 112.

14.     An actual and justiciable controversy exists between Cisco and VirnetX with respect to the '759 patent because VirnetX has brought this action against Cisco alleging that Cisco infringes the '759 patent, an allegation Cisco denies.   Absent a declaration of noninfringement and invalidity of the '759 patent, VirnetX will continue to wrongfully assert the '759 patent against Cisco, and thereby cause Cisco irreparable injury and damage.

## COUNT III

### Declaration of Noninfringement and Invalidity of the '180 Patent

15.     Cisco realleges and incorporates by reference Counterclaim paragraphs 1-14 and its responses to Amended Complaint paragraphs 1-90 above as if fully set forth herein.

16.     VirnetX claims to be the owner of U.S. Patent No. 7,188,180 entitled "Method for Establishing Secure Communication Link Between Computers of Virtual Private Network." According to the records of the U.S. Patent and Trademark Office ("PTO"), the '180 patent issued on March 6, 2007.

17.     Cisco does not infringe and has not infringed any claim of the '180 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise.

18.     Upon information and belief, the claims of the '180 patent are invalid under the provisions of Title 35, United States Code, including, but not limited to §§ 101, 102, 103 and/or 112.

19.     An actual and justiciable controversy exists between Cisco and VirnetX with respect to the '180 patent because VirnetX has brought this action against Cisco alleging that Cisco infringes the '180 patent, an allegation Cisco denies.   Absent a declaration of noninfringement and invalidity, VirnetX will continue to wrongfully assert the '180 patent against Cisco, and thereby cause Cisco irreparable injury and damage.

## COUNT IV

### Declaration of Noninfringement and Invalidity of the '504 Patent

20.     Cisco realleges and incorporates by reference Counterclaim paragraphs 1-19 and its responses to Amended Complaint paragraphs 1-90 above as if fully set forth herein.

21.     VirnetX claims to be the owner of U.S. Patent No. 7,418,504 entitled "Agile Network Protocol for Secure Communications Using Secure Domain Names."  According to the records of the U.S. Patent and Trademark Office ("PTO"), the '504 patent issued on August 26, 2008.

22.     Cisco does not infringe and has not infringed any claim of the '504 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise.

23.     Upon information and belief, the claims of the '504 patent are invalid under the provisions of Title 35, United States Code, including, but not limited to §§ 101, 102, 103 and/or 112.

24.     An actual and justiciable controversy exists between Cisco and VirnetX with respect to the '504 patent because VirnetX has brought this action against Cisco alleging that Cisco infringes the '504 patent, an allegation Cisco denies.  Absent a declaration of noninfringement and invalidity of the '504 patent, VirnetX will continue to wrongfully assert the '504 patent against Cisco, and thereby cause Cisco irreparable injury and damage.

### PRAYER FOR RELIEF

WHEREFORE, Cisco seeks the following relief:

a.     That the claims of the '135 patent be declared not infringed;

b.     That the claims of the '135 patent be declared invalid;

c.     That the claims of the '759 patent be declared not infringed;

d.     That the claims of the '759 patent be declared invalid;

e.     That the claims of the '180 patent be declared not infringed;

f.     That the claims of the '180 patent be declared invalid;

g.     That the claims of the '504 patent be declared not infringed;

h.      That the claims of the '504 patent be declared invalid;

i.       That VirnetX takes nothing by its Amended Complaint and that VirnetX's Amended Complaint be dismissed with prejudice;

j.       That pursuant to 35 U.S.C. § 285 and/or applicable laws, VirnetX's conduct in commencing and pursuing this action be found to render this an exceptional case and that Cisco be awarded attorneys' fees in connection with this action; and

k.      That Cisco be granted such other and additional relief as this Court deems just and proper.

### JURY DEMAND

Cisco hereby demands a trial by jury on all issues properly triable before a jury.

Dated: March 14, 2011                          Respectfully submitted,


                                               By: */s/ Eric H. Findlay*
                                               Eric H. Findlay
                                               efindlay@findlaycraft.com
                                               Texas Bar No. 00789886
                                               Brian Craft
                                               bcraft@findlaycraft.com
                                               Texas Bar No. 04972020
                                               **FINDLAY CRAFT, LLP**
                                               6760 Old Jacksonville Hwy
                                               Suite 101
                                               Tyler, TX 75703
                                               Telephone:  (903) 534-1100
                                               Facsimile:   (903) 534-1137

                                               *Attorneys for Defendant Cisco Systems, Inc.*

OF COUNSEL:

John M. Desmarais (*pro hac vice*)
jdesmarais@desmaraisllp.com
Michael P. Stadnick (*pro hac vice*)
mstadnick@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile:  (212) 351-3401

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **CISCO'S ANSWER TO PLAINTIFF VIRNETX INC.'S FIRST AMENDED COMPLAINT**, *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 14th day of March 2011.

*/s/ Eric H. Findlay*
Eric H. Findlay