**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| VirnetX Inc., <br><br>    Plaintiff, <br><br> v. <br><br> Cisco Systems, Inc., Apple Inc., <br> Aastra USA, Inc., Aastra Technologies Ltd., <br> NEC Corporation, and NEC Corporation of <br> America, <br><br>    Defendants. | Civil Action No. 6:10-cv-00417-LED <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE FOR VIRNETX**
**INC.'S INTENTIONAL FAILURE TO SECURE STANDING TO BRING SUIT**

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ..................................................................................................................3

III. PROCEDURAL HISTORY..................................................................................................4

IV. ARGUMENT ........................................................................................................................5

    A. As This Court Has Already Determined, VirnetX Lacks Standing To Bring Suit Without SAIC. ................................................................................................................ 5

    B. VirnetX Has Willfully Ignored Its Lack Of Standing. .................................................. 6

        1. VirnetX's Conduct Reflects Undue Delay And Repeated Failure To Join A Known Necessary Party...................................................................................... 7

        2. VirnetX's Decision To Bring Suit Without SAIC Has Prejudiced Defendants. ... 8

    C. VirnetX's Disregard For This Court's Orders Warrants Dismissal With Prejudice. ... 11

V. CONCLUSION...................................................................................................................12

# **TABLE OF AUTHORITIES**

*Bhandari v. Cadence Design Sys., Inc.*,
  485 F. Supp. 2d 747 (E.D. Tex. 2007).................................................................................. 5

*Chambers v. Nasco, Inc.*,
  501 U.S. 32 (1991).............................................................................................................. 11

*Gregory v. Mitchel*,
  634 F.2d 199 (5th Cir. 1981) ......................................................................................... 6, 7, 8

*Intellectual Property Dev., Inc. v. TCI Cablevision of Cal., Inc.*,
  248 F.3d 1333 (Fed. Cir. 2001) ............................................................................................ 5

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ................................................................................................ 7

*Lans v. Digital Equip. Corp.*,
  252 F.3d 1320 (Fed. Cir. 2001) ...................................................................................... 8, 10

*Lewis v. Knutson*,
  699 F.2d 230 (Fed. Cir. 1983) ....................................................................................... 6, 7, 8

*Northeast Drilling, Inc. v. Inner Space Servs., Inc.*,
  243 F.3d 25 (1st Cir. 2001).................................................................................................. 7

*Sicom Sys., Ltd. v. Agilent Tech., Inc.*,
  427 F.3d 971 (Fed. Cir. 2005) ....................................................................................... 6, 11

*Speedplay, Inc. v. Bebop, Inc.*,
  211 F.3d 1245 (Fed. Cir. 2000) ........................................................................................... 5

*Willhite v. Collins*,
  459 F.3d 866 (8th Cir. 2006) .............................................................................................. 11

*Woods v. Social Sec. Admin.*,
  313 Fed. Appx. 720 (5th Cir. 2009).................................................................................... 11

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
  401 U.S. 321 (1971).............................................................................................................. 8

Defendants Cisco Systems, Inc. ("Cisco"), Apple Inc. ("Apple"), Aastra USA, Inc. and Aastra Technologies Ltd. (collectively, "Aastra"), and NEC Corporation and NEC Corporation of America (collectively, "NEC") hereby move to dismiss the Second Amended Complaint filed by Plaintiff VirnetX Inc. ("VirnetX") with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) .

## I. INTRODUCTION

VirnetX has a history of filing claims in this Court for which it lacks standing. Less than three years ago, this Court found that VirnetX lacked standing by itself to bring a patent-infringement suit against Microsoft Corporation ("Microsoft") because Science Applications International Corporation ("SAIC") retained substantial rights to the Patents-in-Suit. VirnetX now knowingly repeats that error here.

In this suit, VirnetX accuses Defendants of infringing the same family of patents that VirnetX asserted in *VirnetX Inc. v. Microsoft Corp.*, No. 6:07-cv-80 (E.D. Tex.) (the "Microsoft Litigation"). Despite this Court's prior ruling on standing, however, VirnetX has deliberately omitted SAIC as a plaintiff in this action. Defendants originally assumed that SAIC's absence stemmed from some change in SAIC's rights in the Patents-in-Suit, but SAIC recently informed Defendants that no such change has occurred. In the Microsoft case, this Court gave VirnetX the opportunity to join SAIC and cure its standing defects. Given VirnetX's knowing failure to include SAIC, this time the action should be dismissed.

Mere oversight cannot explain VirnetX's decision to bring suit again without SAIC. This Court clearly explained to VirnetX the implications of its agreement with SAIC. And this Court has clearly warned both entities that it "will no longer afford SAIC [] non-party discovery protections . . . while SAIC maintains substantial rights to the Patents-in-Suit." (Microsoft Litigation, D.I. 117 at 11-12). VirnetX has ignored this Court's admonition not once but three

times in this case, filing an original and two amended complaints that failed to include SAIC as a plaintiff and thus — as VirnetX knew — had defective standing. Moreover, VirnetX concealed this fact from Defendants by claiming in its Complaint that "VirnetX is the owner of all rights, title, and interest in and to the [Patents-in-Suit] and possesses all rights of recovery . . . ." (D.I. 1 at ¶¶ 9-13).[1]

In addition, VirnetX ignored this Court's February 11, 2011 deadline to join parties. (D.I. 111). Indeed, VirnetX failed even to broach the topic of joinder until SAIC contacted Defendants to negotiate favorable terms for its entry into the litigation. Only then did it become clear to Defendants that SAIC's interest in the patents — and hence the factual underpinnings for this Court's standing order in the Microsoft Litigation — had not changed.

This Court should not tolerate VirnetX and SAIC's attempt to end run this Court's prior order. Both entities have an equity interest in the Patents-in-Suit and contractual obligations to cooperate during litigation. Both clearly were aware of this Court's prior order. Yet once again, they have neglected their obligations to this Court. And once again, SAIC has attempted to evade its responsibility to make initial disclosures, serve infringement contentions, and otherwise meet the discovery obligations of a named party. During the Microsoft Litigation, this Court cautioned that:

> The Court will no longer afford SAIC the non-party discovery protections of Federal Rule of Civil Procedure 45 while SAIC maintains substantial rights to the Patents-in-Suit. This Court adheres to a policy of liberal, open, and forthright discovery. The Court does not tolerate gamesmanship between litigants to shield or delay production of otherwise discoverable items. Nor will this Court allow a non-party with a substantial economic interest in the lawsuit and substantial control over either the plaintiff or the rights to the patent-in-suit to shield, delay production of, or defray the costs of producing items the plaintiff would be

---

[1] VirnetX recently filed a similarly defective complaint in another suit before this Court. *See VirnetX Inc. v. Mitel Networks Corporation et al*, 6:11-cv-18 (E.D. Tex.).

> obligated to produce under Rule 26, the Local Rules, particularly L.R. 26 and P.R. 3-2, and the Discovery Order. Such an interested non-party may not use agreements or shell entities to obtain the benefit of this Court's liberal discovery policy while the interested non-party shelters under Rule 45, escalates an accused infringer's litigation costs, and withholds discoverable information. The Court will not tolerate such a manipulation of its liberal discovery policy and will use its equitable power to remedy future situations that cannot be cured by joinder.

(Microsoft Litigation, D.I. 117 at 12 (citations omitted)). Having fairly been warned of the consequences of their conduct, VirnetX and SAIC cannot legitimately dispute the equity of dismissal with prejudice.

## II. BACKGROUND

This suit followed the post-verdict settlement of the Microsoft Litigation. The Microsoft Litigation began on February 15, 2007, when VirnetX sued Microsoft for patent infringement. (Microsoft Litigation, D.I. 25). On March 31, 2008, Microsoft moved to dismiss VirnetX's complaint for lack of standing. (Microsoft Litigation, D.I. 83). Microsoft argued that, pursuant to a Patent License and Assignment Agreement between VirnetX and SAIC and its subsequent amendments (collectively the "License Agreements"), VirnetX did not possess all substantial rights to the Patents-in-Suit. *Id.* Under the License Agreements, SAIC retained the right to a percentage of any litigation proceeds, the right to review proposed licenses, reversionary rights, and a security interest. (Microsoft Litigation, D.I. 117 at 7-8). During oral argument, Microsoft also alleged that SAIC was using its third party status to stonewall discovery. (Microsoft Litigation, D.I. 123, at 12:19-21, 17:3-5).

On June 4, 2008, this Court ruled that VirnetX lacked prudential standing to bring suit without SAIC but permitted VirnetX to join SAIC as co-plaintiff. (Microsoft Litigation, D.I. 117). On June 10, 2008, VirnetX and SAIC filed an amended complaint against Microsoft. (Microsoft Litigation, D.I. 120). SAIC, VirnetX, and Microsoft subsequently entered into an

agreed order that defined SAIC's obligations as a party to the litigation. (Microsoft Litigation, D.I. 158).

## III. PROCEDURAL HISTORY

On August 11, 2010, VirnetX brought the instant suit against Defendants. (D.I. 1). VirnetX subsequently filed two amended complaints. (D.I. 75, 107). Inexplicably and contrary to the above rulings, SAIC was never made a party to the litigation. (D.I. 1; *Id.*). In their answers, Defendants reserved their right to challenge VirnetX's standing.[2] On March 3, 2011, VirnetX and Defendants filed a Joint Motion for Entry of Docket Control and Discovery Rules, which set a deadline of February 11, 2011 for VirnetX to join additional parties. (D.I. 88, Exhibit A, at 8). The Court adopted that deadline. (D.I. 111).

On April 18, 2011, more than eight months after VirnetX filed suit, and more than two months after this Court's deadline for VirnetX to join additional parties, SAIC contacted Defendants to discuss "the mechanics of getting [SAIC] in this case." (Ex. A).[3] SAIC and Defendants organized a teleconference during which counsel for SAIC stated that the contractual relationship between VirnetX and SAIC *had not changed in any way* that would undermine this Court's prior ruling on standing. (Stadnick Decl. ¶ 2). After the meeting, SAIC circulated a proposed agreement defining the terms under which it hoped to enter the litigation. (Ex. B). This agreement was based on the agreed order from the Microsoft Litigation and proposed to limit SAIC's discovery and litigation obligations by, for example, eliminating the need for SAIC

---

[2] Cisco (D.I. 53, at 14 and D.I. 93, at 16); Apple (D.I. 55, at 86 and D.I. 92, at 99); Aastra (D.I. 57, at 85, D.I. 59 at 85, D.I. 89, at 100 and 101, and D.I. 90, at 100 and 101); NEC (D.I. 52, at 90 and D.I. 91, at 104).

[3] Ex. refers to an Exhibit to the Declaration of Michael Stadnick in Support of Defendants' Motion to Dismiss with Prejudice for VirnetX Inc.'s Intentional Failure to Secure Standing to Bring Suit (hereinafter "Stadnick Decl.") filed concurrently with this brief.

4

to produce infringement contentions. *Id.*; (Microsoft Litigation, D.I. 158). SAIC also introduced limitations — not found in the agreed order from the Microsoft Litigation — which would prevent Defendants from mentioning SAIC's relationship to VirnetX at trial. (Ex. B); (Microsoft Litigation, D.I. 158). During a subsequent teleconference with SAIC and the other parties, Cisco proposed that VirnetX instead dismiss the case without prejudice and file a new suit with SAIC as co-plaintiff.

IV. ARGUMENT

    A. **As This Court Has Already Determined, VirnetX Lacks Standing To Bring Suit Without SAIC.**

District Courts lack jurisdiction when the plaintiff does not have constitutional or prudential standing to bring suit. *Bhandari v. Cadence Design Sys., Inc.*, 485 F. Supp. 2d 747, 750-51 (E.D. Tex. 2007). To have prudential standing, a plaintiff must possess all substantive rights to the Patents-in-Suit. *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000). A plaintiff can only cure a defect in prudential standing if the court grants leave to join another plaintiff with the remaining rights to the Patents-in-Suit. *Intellectual Property Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1347-48 (Fed. Cir. 2001).

In the Microsoft Litigation, this Court determined that VirnetX lacked prudential standing to sue by itself due to its License Agreements with SAIC. (*See* Microsoft Litigation, D.I. 117 at 8-11). SAIC has recently represented that nothing has changed with respect to SAIC's rights in the Patents-in-Suit that impacts the ongoing validity of this Court's standing determination in the Microsoft Litigation. (*See* Stadnick Decl. ¶ 2). SAIC retains the right to receive a percentage of any litigation proceeds. (Microsoft Litigation, D.I. 117 at 7). VirnetX is still obligated to take commercially reasonable steps to protect SAIC's rights by enforcing the patents. *Id.* at 8. SAIC retains the right to review and, in certain cases, object to proposed licenses, assignments, or

5

settlements. *Id.* Neither VirnetX nor SAIC has demonstrated that SAIC's reversionary or security interests have changed. *See id.* at 8. The agreements that VirnetX has produced in discovery are consistent with counsel for SAIC's representations regarding the continuing applicability of this Court's June 6, 2008 ruling in the Microsoft Litigation.

### B. VirnetX Has Willfully Ignored Its Lack Of Standing.

District Courts have discretion to dismiss suit without leave to amend after considering factors including undue delay, repeated failure to cure deficiencies by prior amendments, dilatory motive, bad faith, prejudice to the defendants, and futility of amendment. *Gregory v. Mitchel*, 634 F.2d 199, 203 (5th Cir. 1981); *Lewis v. Knutson*, 699 F.2d 230, 239-240 (Fed. Cir. 1983). Here, those factors warrant dismissal with prejudice rather than permitting VirnetX the opportunity to join SAIC.

The facts here resemble those in *Sicom Sys., Ltd. v. Agilent Tech., Inc.*, 427 F.3d 971 (Fed. Cir. 2005). In *Sicom*, the plaintiff executed a license agreement with the Canadian government whereby both parties obtained substantial rights to the Patent-in-Suit. *Id.* at 973. The plaintiff subsequently filed suit by itself asserting patent infringement claims. *Id.* That suit was dismissed without prejudice for lack of standing. *Id.* Seeking to cure its standing deficiencies, the plaintiff amended the license agreement to broaden its rights and brought suit again. *Id.* at 973-74. The court again dismissed, this time with prejudice. *Id.* at 974. On appeal, the plaintiff argued that it could still cure the standing defects through additional negotiations with the Canadian government. *Id.* at 980. But the Federal Circuit affirmed the dismissal with prejudice because the plaintiff had "twice attempted and twice failed to establish standing." *Id.*

In the previous litigation, VirnetX tried (and failed) to cure its standing deficiency by amending its License Agreement. (*See* Microsoft Litigation, D.I. 117 at 6 (noting that VirnetX and SAIC amended the Licensing Agreements after VirnetX brought suit)). In this litigation,

6

VirnetX did not abide by this Court's previous order and, according to SAIC, has not cured its standing problem. Unlike the plaintiff in *Sicom*, which at least made a good faith effort to correct its standing defects before bringing another suit, in filing this action VirnetX knew it lacked standing by itself but did not correct that problem by joining SAIC. In that respect, VirnetX's behavior is more culpable than that of the plaintiff in *Sicom* and warrants the same result — dismissal with prejudice.

### 1. VirnetX's Conduct Reflects Undue Delay And Repeated Failure To Join A Known Necessary Party.

When a plaintiff fails to correct jurisdictional deficiencies in a timely fashion, District Courts have discretion to dismiss instead of allowing the plaintiff to amend its complaint. *Gregory*, 634 F.2d 199 at 203; *Lewis*, 699 F.2d at 239-240. "Repeated failure to cure deficiencies by amendments previously allowed," *Gregory*, 634 F.2d 199 at 203, and "failing to heed clear and repeated signals that not all the necessary parties [have] been named in the complaint" warrant dismissal. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Failure to meet the Court's deadline for joining parties is also ground for dismissal. *See Id.* at 610; *Northeast Drilling, Inc. v. Inner Space Servs., Inc.*, 243 F.3d 25, 36-37 (1st Cir. 2001).

Here, VirnetX's undue delay and repeated failure to cure its standing deficiencies warrant dismissal with prejudice. VirnetX has known that it lacked standing to bring suit by itself since the Microsoft Litigation. Nevertheless, VirnetX still filed a complaint with defective standing by failing to include SAIC as co-plaintiff. Since that time, VirnetX has filed two similarly deficient amended complaints, in which it claimed to have full right to bring this action. VirnetX also agreed to a proposed docket control order with a deadline of February 11, 2011 to join additional parties, which this Court entered. (D.I. 75); (D.I. 107). VirnetX failed to meet that

7

deadline. Indeed, Defendants were only made aware that the standing issue in fact persists when SAIC contacted them *after the deadline to add parties* in an attempt to negotiate favorable terms for its introduction as a party to the litigation. VirnetX should not be permitted to ignore the Court's Docket Control Order and amend its complaint for a third time to correct jurisdictional issues that it has known about for almost three years.

### 2. VirnetX's Decision To Bring Suit Without SAIC Has Prejudiced Defendants.

District Courts consider dilatory tactics, bad faith, and prejudice to defendants when deciding whether to permit amendments to the complaint. *See Gregory*, 634 F.2d at 203; *Lewis*, 699 F.2d at 239. Prejudice to defendants must be considered even if the plaintiff's mistake was made in good faith. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971). On the other hand, when the plaintiff misrepresents its rights to the Patents-in-Suit, as was done here, District Courts are "well within" their broad discretion in denying amendment and dismissing a suit. *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1329-30 (Fed. Cir. 2001). Accordingly, the present case should be dismissed with prejudice.

Defendants have been prejudiced by VirnetX's failure to join SAIC as a party to this action. SAIC has made no disclosures under the Federal or Local Rules. It has not served initial disclosures or infringement contentions. It has produced no documents. Nor has it participated in any negotiations concerning the docket control, discovery, or protective orders. Indeed, Defendants' own efforts in this regard were expended without knowing of the need for SAIC to be in the case. As such, VirnetX and SAIC have once again positioned themselves to shield SAIC from its obligations in this matter, including its obligations to satisfy the local rules and its discovery obligations.

Such dilatory tactics come at Defendants' expense. VirnetX's failure to name SAIC as a plaintiff has undermined Defendants' opportunity to investigate and assert potential counterclaims (compulsory or otherwise) against SAIC in this action. Defendants' assertion of any such counterclaims would likely have radically impacted the landscape of this litigation including the case schedule, provisions of the discovery order, and reliance on mandatory disclosures. Any effort to reset the clock to remedy that prejudice would require vacation of the *Markman* (and likely trial) dates and drastic revision of the Docket Control Order.

Additionally, SAIC likely possesses highly relevant documents that have not been produced, including (1) information about the use of related technologies, (2) patent licenses between SAIC and third parties, (3) documents about employees common to SAIC and VirnetX, (*see* Microsoft Litigation D.I. 123 at 14:12-22 (discussing common employees)), (4) documents reflecting SAIC's support of VirnetX's commercialization efforts, and (5) communications internal to SAIC about VirnetX or the technology at issue. Such documents are not limited to the period before the Microsoft Litigation, and therefore SAIC cannot satisfy its discovery obligations by relying on what was produced during the previous litigation.

If SAIC had been a party to this case from the beginning, it would have been required to produce most, if not all, of these documents as part of its production under Local Rule 3-2. Some of these documents may be relevant to Defendants' invalidity contentions. The deadline for Defendants to serve their invalidity contentions is drawing near, and it is unlikely that SAIC will produce any of these documents before the deadline, regardless of when it joins the case as a plaintiff. Thus, by delaying SAIC's joinder in this case, VirnetX has effectively managed to shield these documents from production until they cannot be used in support of Defendants'

invalidity contentions. Until SAIC is a party, Defendants will not have easy access to this information.

Defendants have also been prejudiced due to SAIC's lack of participation in the negotiation of the Discovery Order. For example, Section 4(A) of the Discovery order states that Defendants are limited to 80 hours of deposition time for VirnetX. The order does not contain any provision that governs discovery of SAIC as a plaintiff. Even if Defendants, VirnetX, and SAIC can work out a compromise to amend the Discovery Order, such a compromise will likely come at Defendants' expense.

Moreover, SAIC has already represented to Defendants that it took several months to negotiate the terms of its participation in the Microsoft Litigation. (Ex. B). SAIC now seeks to pressure Defendants to accept conditions for its entry into the litigation. Meanwhile, VirnetX will benefit from the freedom to act as the sole plaintiff and Defendants' lack of SAIC-related information. SAIC also benefits by operating outside the jurisdiction of the Court giving Defendants little recourse to ensure that it meets its obligations as a plaintiff.

VirnetX and SAIC have knowingly, intentionally, and purposefully avoided their obligations under the Federal Rules, the Local Rules, and this Court's Orders. VirnetX and SAIC have closely aligned interests as both stand to profit from any eventual settlement or judgment. (Microsoft Litigation, D.I. 117 at 7). Accordingly, they both reap the benefit of SAIC's avoidance of discovery obligations. Were VirnetX permitted to join SAIC under the terms that SAIC seeks to impose on Defendants, they would retain the benefits of their calculated actions, such as SAIC's delayed disclosures and, at the same time, deny Defendants an opportunity to investigate potential counterclaims against SAIC. Instead this Court should dismiss with prejudice. *See Lans*, 252 F.3d at 1329-30 (affirming the denial of plaintiff's motion

to remedy its lack of standing where plaintiff's "original allegations were not honest and understandable mistakes" and plaintiff's "personal choices occasioned his standing problems and the need to amend").

### C. VirnetX's Disregard For This Court's Orders Warrants Dismissal With Prejudice.

Courts possess inherent powers to sanction parties for misconduct. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 50 (1991). Such sanctions are appropriate when a party knowingly violates a court order. *Woods v. Social Sec. Admin.*, 313 Fed. Appx. 720, 721 (5th Cir. 2009). Ignoring an order applicable from a prior suit is also ground for sanctions. *Willhite v. Collins*, 459 F.3d 866, 868 (8th Cir. 2006). Courts can use their inherent powers in appropriate cases to dismiss a suit with prejudice. *Woods*, 313 Fed. Appx. at 721. As discussed above, the Federal Circuit has affirmed dismissal with prejudice where the plaintiff licensee to the Patents-in-Suit did not take advantage of the opportunity to cure its lack of standing. *Sicom*, 427 F.3d at 980.

This is the second time that VirnetX has tried to sue unilaterally without standing, and the second time that the Court and the parties are forced to waste resources to resolve the issue. VirnetX has ignored this Court's standing decision in the Microsoft litigation by again bringing suit — and filing three separate complaints — without including SAIC as a party. (Microsoft Litigation, D.I. 117). VirnetX and SAIC have also ignored this Court's directive for SAIC to heed its obligations to litigate and produce discovery as a party. *Id.* at 12. And VirnetX has ignored this Court's docket control order (to which it stipulated) setting the date by which new parties had to be added. VirnetX is wagering that it can once again capture the benefits of SAIC's nonparticipation in the early stages of litigation without suffering any consequences. That gamble should not be rewarded.

## V. CONCLUSION

For the forgoing reasons, Defendants' Motion to Dismiss with Prejudice should be granted.

Dated: May 20, 2011                     Respectfully submitted,

By: */s/ John M. Desmarais, with permission by Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
(903) 597-8311
(903) 593-0846 (Facsimile)

OF COUNSEL:
John M. Desmarais (*pro hac vice*)
jdesmarais@desmaraisllp.com
Michael P. Stadnick (*pro hac vice*)
mstadnick@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

**ATTORNEYS FOR DEFENDANT CISCO SYSTEMS, INC.**

*/s/ Danny L. Williams , with permission by Michael E. Jones*
Danny L. Williams - LEAD ATTORNEY
State Bar No. 21518050
E-mail: danny@wmalaw.com
Ruben S. Bains
Texas Bar No. 24001678
E-mail: rbains@wmalaw.com
Drew Kim
Texas Bar No. 24007482
E-mail: dkim@wmalaw.com
Williams, Morgan & Amerson, P.C.
10333 Richmond, Suite 1100

Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

**ATTORNEYS FOR DEFENDANT APPLE INC.**

By: */s/ Jon B. Hyland, with permission by Michael E. Jones*
Jon B. Hyland
*Lead Attorney*
jhyland@pattonroberts.com
State Bar No. 24046131
Robert D. Katz
rkatz@pattonroberts.com
State Bar No. 24057936
PATTON ROBERTS, PLLC
901 Main St., Suite 3300
Dallas, Texas 75202
Telephone: 214-580-3826
Facsimile: 903-334-7007

**ATTORNEYS FOR DEFENDANTS AASTRA USA, INC. AND AASTRA TECHNOLOGIES LTD.**

By: */s/ Douglas R. McSwane, Jr., with permission by Michael E. Jones*
Douglas R. McSwane, Jr.
Texas State Bar No. 13861300
dougmcswane@potterminton.com
500 Plaza Tower
110 N. College Ave.
Tyler, Texas 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846

Robert M. Masters
robmasters@paulhastings.com
Timothy P. Cremen
timothycremen@paulhastings.com
PAUL, HASTINGS, JANOFSKY &WALKER LLP
875 15th Street, N.W.,
Washington, D.C. 20005
Telephone: 202-551-1700
Facsimile: 202-551-0238

13

**ATTORNEYS FOR DEFENDANTS NEC CORPORATION AND NEC CORPORATION OF AMERICA**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE FOR VIRNETX INC.'S INTENTIONAL FAILURE TO SECURE STANDING TO BRING SUIT**, *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 20th day of May 2011.

*/s/ Michael E. Jones*
Michael E. Jones