# Exhibit B



REDACTED

**From:** Andy Tindel [mailto:atindel@andytindel.com]
**Sent:** Wednesday, April 20, 2011 4:35 PM
**To:** Kim, Drew; Bains, Ruben
**Cc:** Donald Urrabazo
**Subject:** VirnetX v. Cisco Systems, Inc. et al. 6:10-cv-417

Drew: thanks for getting your co-defendants together for me on short notice this afternoon for our conference call. As promised, I am attaching a draft of a proposed Agreed Order regarding SAIC's entry into the above referenced action as a party plaintiff. For sake of convenience I have also attached the two agreed orders signed off on by SAIC, VirnetX and Microsoft in the Microsoft case. As stated in our conference call, both of the attached Microsoft case agreed orders represent the product of much negotiation and thought as well as numerous meet and confer calls between those parties. The draft Agreed Order SAIC is proposing for use in this case combines into one order the same provisions, with some minor changes, contained in both agreed orders entered in the Microsoft case. We are hopeful that almost all loose ends were tied up in the final wording of the Microsoft case agreed orders so as to allow all parties in this case to move fairly quickly towards agreeing to a similar order for use in this case.

I would appreciate you distributing this email and the attached documents to all pertinent defense counsel in this case and, as stated during our call today, SAIC would also appreciate each defendant getting back to us within two weeks of today's date as to their client's respective positions on the wording of the Agreed Order that SAIC is proposing.

Thanks and please contact me if you have questions about any provision of the draft Agreed Order or any other matter pertaining to SAIC's joinder as a plaintiff in this case.

ANDY TINDEL
Provost ✶ Umphrey Law Firm, LLP
112 E. Line Street, Suite 304
Tyler, Texas 75702

Tel:   903.596.0900
Fax:  903.596.0909
Email: atindel@andytindel.com
Website:  www.andytindel.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX, INC.,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 6:10-cv-417 LED |
| | § | |
| **CISCO SYSTEMS, INC., APPLE, INC.,** | § | |
| **AASTRA USA, INC., AASTRA** | § | |
| **TECHNOGLOGIES, LTD., NEC** | § | |
| **CORPORATION, and NEC** | § | |
| **CORPORATION OF AMERICA,** | § | |
| | § | |
| Defendants. | § | |

## AGREED ORDER

WHEREAS on August 11, 2010, VirnetX, Inc. filed a patent infringement action in the above referenced Court against Aastra Technologies Ltd., Aastra USA, Inc., Apple Inc., Cisco Systems, Inc., NEC Corporation, and NEC Corporation of America;

WHEREAS Aastra Technologies Ltd., Aastra USA, Inc., Apple Inc., Cisco Systems, Inc., NEC Corporation, and NEC Corporation of America (collectively referred to as the "Defendants") filed answers to the VirnetX complaint;

WHEREAS Apple Inc., Cisco Systems, Inc., NEC Corporation, and NEC Corporation of America allege as affirmative defenses that VirnetX lacks standing to enforce the patents at issue, while Apple Inc. specifically alleges that Science Applications International Corporation ("SAIC") retains "substantial rights in one or more of the patents-in-suit and is a necessary party to [the] litigation,":

WHEREAS pursuant to a Memorandum Opinion and Order dated June 3, 2008, this Court ruled that SAIC was a necessary party to enforce the patents at issue in the matter of VirnetX, Inc. v. Microsoft Corp., Case No. 6:07-CV-80 (LED), and;

WHEREAS, the Defendants, SAIC, and VirnetX (collectively, "the Parties") now wish to stipulate to certain of SAIC's obligations in this litigation, and request that the Court enter this Agreed Order.

The Parties hereby stipulate and agree as follows:

1. VirnetX and SAIC will file an amended complaint in which SAIC's averments will be limited to a single paragraph regarding its name, address, state of incorporation.

2. Except as explicitly provided in this Agreed Order, SAIC, as a party to this litigation by order of the Court, is obligated to provide fact discovery to VirnetX and the Defendants in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas, including the Local Patent Rules, the Court's Discovery Order, and any other Orders of the Court.

3. SAIC has not asserted against the Defendants, and pursuant to the terms of this Agreed Order, shall not assert against the Defendants any claims of infringement, validity or enforceability of the patents-in-suit (or related patents) or any other claims relating to the patents-in-suit and is not seeking legal and/or equitable relief against the Defendants. Except as explicitly provided in this Agreed Order, SAIC shall not assert any contentions or positions regarding any issue in dispute between VirnetX and the Defendants, pertaining to infringement, validity, enforceability, damages, injunctive relief, and/or willfulness, and VirnetX will not rely on any SAIC contentions or positions regarding the same.

4. In view of the foregoing paragraph, the Parties stipulate and agree that in this case, and as to the patents-in-suit, SAIC shall not be required to, and waives its rights to: provide the Defendants and VirnetX with the submissions required under Local Patent Rules 3-1(a)-(d), 4-1, and 4-2; participate in the joint statement required by Local Patent Rule 4-3; participate in the briefing required under Local Patent Rule 4-5; take discovery on claim construction; participate in any claim construction hearings; and provide expert reports. The Defendants and VirnetX agree not to use discovery in this case (including but not limited to, contention interrogatories, requests for admissions, and deposition questions) to seek from SAIC the information that the Parties are hereby stipulating that SAIC shall not required to provide under Local Patent Rules 3-1(a)-(d), 4-1, 4-2, and 4-3.

5. Notwithstanding the preceding discovery limitation, the Defendants and VirnetX are entitled to discovery from SAIC of non-privileged historical documents or information (i.e., created prior to the date of this Agreed Order) regarding all aspects of the patents-in-suit and any related patents or applications and any alleged inventions claimed or described therein, including without limitation any interpretation of the patents-in-suit and any related patents or applications, the scope or meaning of the claims of the patents-in-suit or related patents or applications, the applicability of the claims of the patents-in-suit or related patents or applications to products or technologies, the validity and enforceability of the patents-in-suit or related patents or applications, and the applicability of prior art to the patents-in-suit and any related patents or applications. SAIC shall also provide the Defendants and VirnetX all other discovery in this case that is legally required under the Federal Rules of Civil Procedure, the Local Rules, the Court's Discovery Order(s) in this matter, the Local Patent Rules (including but not limited to Local Patent Rule 3-1(e), if and only if an earlier priority date is asserted by VirnetX other than

as stated on the face of any patent-in-suit and Local Patent Rule 3-1(f), if and only if VirnetX asserts that any SAIC apparatus, product, device, process, method, act, or other instrumentality practices any allegedly claimed invention in the patents-in-suit), the Court's Discovery Order, and any other Orders of the Court.

    6. SAIC understands and agrees any Court rulings, judgments or orders entered against VirnetX or its counsel in this case, whether for dismissal or otherwise, including but not limited to those regarding VirnetX's claims and contentions, shall be binding upon SAIC to the extent such rulings survive an appeal, if any, and including any modifications as may be made on appeal by applicable appellate courts. Notwithstanding the foregoing, the Parties understand and agree that SAIC shall not be liable for any order or award entered by the Court solely against VirnetX or its counsel or based solely on the conduct of VirnetX or its counsel for attorneys' fees, sanctions, costs, or other monetary relief. Nor shall VirnetX be liable for any order or award entered by the Court solely against SAIC or its counsel or based solely on the conduct of SAIC or its counsel for attorneys' fees, sanctions, costs, or other monetary relief. SAIC understands and agrees that it shall be responsible for any order or award entered against SAIC or its counsel (including but not limited to (i) an order or award entered against SAIC or its counsel, along with VirnetX or VirnetX's counsel, based on the conduct of SAIC or its counsel; and (ii) an order or award for attorneys' fees, sanctions, costs, or other monetary relief based on the conduct of SAIC or its counsel), provided that any such order or award survives an appeal, if any, and including any modifications as may be made on appeal by applicable appellate courts.

    7. The Parties shall not use or attempt to use (in whole or in part) this Agreed Order (or the agreement of the Parties on its terms) as a basis on which to seek the dismissal of SAIC or VirnetX as a party to this case. Since SAIC is a party in this case, the Defendants agree to

dismiss any standing defenses based on the allegation that SAIC retains substantial rights in one or more of the patents-in-suit and/or is a necessary party to the litigation.

8. SAIC and VirnetX shall not use or attempt to use (in whole or in part) this Agreed Order as a basis for arguing that the Defendants should dismiss any other claims or defenses in this case or elsewhere. The Defendants shall not assert in the present case counterclaims against SAIC unless SAIC or VirnetX breaches the commitments made in this Agreed Order or SAIC or VirnetX asserts the patents in suit (or related patents) in another action against the Defendants or products or technology made, licensed or distributed by or on behalf of the Defendants (in whole or in part).

9. Other than as discussed above, nothing herein requires the Defendants to dismiss any claim or defense against VirnetX. Moreover, nothing herein limits any of the Defendants' rights against VirnetX, including any right of discovery from VirnetX.

10. SAIC is not required to have a corporate representative or attorney at jury selection or at trial. Notwithstanding the foregoing, VirnetX and the Defendants do not waive their rights, if any, to seek discovery from SAIC or to call SAIC witnesses to testify at trial. Should VirnetX or the Defendants seek discovery from SAIC or call SAIC witnesses to testify at trial, SAIC may appear at trial to respond to those requests, including to argue against the requests, and to represent any SAIC witness called to testify at trial.

11. The Parties agree that this Agreed Order and nothing in this Agreed Order shall be shown to the jury or used against VirnetX and/or the Defendants in any way for any purpose except as specified herein. In addition, the parties agree that at trial they will not reference SAIC's involvement (or lack of involvement) in this litigation, including SAIC's role as a party.

12. The Parties waive any claim or argument of not being bound by the results of this litigation or trial based on SAIC's limited participation, including SAIC not being represented by counsel or otherwise not participating at jury selection or at trial.