**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| VirnetX Inc., | |
| Plaintiff, | |
| v. | Civil Action No. 6:10-cv-00417-LED |
| Cisco Systems, Inc., Apple Inc., Aastra USA, Inc., Aastra Technologies Ltd., NEC Corporation, and NEC Corporation of America, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**DEFENDANTS' RESPONSE TO SCIENCE APPLICATIONS INTERNATIONAL
CORPORATION'S MOTION FOR LEAVE TO FILE AN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE FOR VIRNETX'S
INTENTIONAL FAILURE TO SECURE STANDING TO BRING SUIT**

## I.      INTRODUCTION

From August 11, 2010 until April 18, 2011, SAIC was content to remain on the sidelines of this case while secretly strategizing with VirnetX over when and how it should enter the litigation.  Now, after the deadline to add parties has passed and discovery has begun, SAIC seeks to join the case on its own self-serving terms.  SAIC thereby attempts to reap the benefits of its substantial rights in the Patents-in-Suit without satisfying the corresponding obligations that a party litigant would otherwise would owe the Defendants and this Court.  Having purposely avoided participating in this litigation as a party, SAIC should not now be permitted to assert substantive arguments against dismissal.  SAIC's motion for leave to file an opposition brief should therefore be denied.

Even if this Court decides to entertain SAIC's opposition brief, SAIC's substantive arguments add nothing to VirnetX's cause.  SAIC's opposition hinges on the assertion that the Defendants have known of SAIC's ongoing substantial rights in the Patents-in-Suit since February 2011.  But SAIC presents no evidence to substantiate its repeated contention that either SAIC or VirnetX notified the Defendants that SAIC was a necessary party before April 2011.  No written record of such notice exists and no counsel for any of the Defendants recalls receiving verbal notice.  Moreover, SAIC provides no explanation why it failed to provide such notice directly, and instead allegedly relied on VirnetX's counsel to contact the Defendants.  VirnetX's counsel notably fails to corroborate that alleged contact.  Nor does SAIC explain why willful concealment of VirnetX's lack of standing for more than six months, until February—as opposed to eight months, until April—would be any more excusable.

SAIC also echoes VirnetX's argument that the Defendants have not been prejudiced by SAIC's collaboration with VirnetX to conceal its ongoing substantial rights in the Patents-in-Suit.  But the timing of SAIC's decision bypassed several requirements of the Federal and Local

2

Rules.  As a result, Defendants did not have an opportunity to obtain mandatory disclosures and

contentions from SAIC, to investigate and assert potential counterclaims against SAIC, or to

consider SAIC's role when formulating a discovery plan.  Ultimately, SAIC only offered to join

the litigation subject to a list of conditions that would drastically limit SAIC's discovery

obligations and bar the Defendants from even mentioning SAIC's ongoing rights in the Patents-

in-Suit at trial, further demonstrating the tactical motive behind SAIC's delay.  If SAIC wanted

to ensure it would have a voice when the time came for this Court to entertain dismissal of

VirnetX's litigation, SAIC should have assumed its role and responsibilities as a party.  Having

deliberately failed to meet that obligation, SAIC should not now be heard.

## II.     ARGUMENT

### A.     SAIC's Own Behavior Demonstrates That It Recognized Its Status As A Necessary Party And Deliberately Delayed Joining This Case.

Despite having substantial rights to the Patents-in-Suit, SAIC has repeatedly avoided its

obligation to participate in litigation.  SAIC vigorously resisted joining the Microsoft Litigation.

It was not named a party in the original Microsoft complaint, it amended its Patent License and

Assignment Agreement with VirnetX during the Microsoft Litigation to limit its rights in the

Patents-in-Suit, (*see* Microsoft Litigation, D.I. 117 at 6), and it filed a motion opposing its

joinder.  (*See* Microsoft Litigation D.I. 93).  In light of SAIC's struggle to avoid being made a

party to the Microsoft Litigation, SAIC's assertion that it was willing to join the instant litigation

simply to avoid motion practice—made in the context of a duplicative opposition brief—is

dubious at best.  (*See* D.I. 133 at 7).  Rather, SAIC knew it was a necessary party and plotted

favorable conditions for its entry into this case.  Indeed, when SAIC finally discussed the subject

with the Defendants, it conceded that the allocation of patent rights between VirnetX and SAIC

had not changed in any way relevant to VirnetX's standing.  It was only after VirnetX filed its

opposition that SAIC reversed course and claimed that it was not a necessary party.

Between November 2010 and April 2011, SAIC and VirnetX secretly discussed the

timing of SAIC's entry into this litigation and the conditions under which it might do so.  *See*

D.I. 133, Tindel Decl. ¶¶ 5, 9, 10.  Only after they settled on a game plan did SAIC contact the

Defendants.  *See* D.I. 133, Tindel Decl. ¶ 11.  SAIC's belated contention that counsel for

VirnetX told SAIC that it had mentioned the issue to the Defendants is based entirely on the

declaration of SAIC counsel Andy Tindel, who concededly has no personal knowledge of those

alleged conversations.  Despite voluminous correspondence between the parties, no documentary

evidence exists to corroborate this alleged communication.  Nor is this contention supported by

VirnetX's counsel or opposition brief.  In any case, SAIC provides no explanation why it did not

contact the Defendants directly or confirm that VirnetX had given the Defendants notice of

SAIC's necessary role in the litigation.

Ultimately, SAIC's opposition to the Defendants' motion to dismiss is just another

example of SAIC's efforts to obtain the benefits of being a party to the litigation without

shouldering the obligations that come with that status.  SAIC carefully avoided becoming a party

to the litigation for over eight months during which, had it been a party, it would have had

numerous obligations including participating in the scheduling conference, negotiating the

discovery and protective orders, and serving P.R. 3-2 disclosures.  SAIC shirked those

responsibilities but now seeks the rights of a party to engage in motion practice to protect its

interests.  SAIC's motion for leave attempts to exercise a right that it has not earned and which

should be denied.

B.      **SAIC's Conduct Has Prejudiced The Defendants.**

SAIC's opposition fails to respond to the specific instances of prejudice discussed in the Defendants' opening brief.  Like VirnetX, SAIC trivializes the obligations that arise in early stages of litigation and ignores SAIC's duty under P.R. 3-2 to produce documents relevant to the Defendants' invalidity contentions by February 11, 2011.  SAIC supported VirnetX's research and marketing efforts and likely has many documents related to these issues.  SAIC also fails to consider that the Defendants were forced to negotiate the discovery, docket control, and protective orders without being aware that SAIC was a necessary party.  The Defendants would have advocated different positions in those negotiations if they had known that they were contending with two plaintiffs.  As but one example, Section 4(A) of the Discovery Order limits the number of hours that the Defendants have for deposing VirnetX without providing for extra time to depose SAIC.  SAIC's desertion during the early stages of the litigation also prevented the Defendants from investigating and asserting defenses and counterclaims against SAIC and from being able to take discovery from SAIC as a party.

SAIC also used its position as a non-party to obtain leverage in its negotiations over how it would enter the suit.  SAIC informed the Defendants that it took much negotiation and numerous meet and confer calls to come to an agreement as to the terms of its entry into the Microsoft litigation.  D.I. 120, Ex. A; *see also* Microsoft Litigation D.I. 160.  Nevertheless, SAIC waited until after discovery had begun to start negotiating an agreement in this suit in an apparent effort to capitalize on the Defendants' resulting interest in promptly joining SAIC to coerce them into accepting SAIC's terms of entry.  SAIC further sought advantage by adding language to  the agreement from the Microsoft Litigation to prevent the Defendants from mentioning that SAIC was a party to the litigation.  *Compare* D.I. 133, Agreed Order *with* Microsoft Litigation, D.I. 160.  Accordingly, SAIC sought to exploit the Defendants'  incentive

to bring SAIC into the suit quickly by putting pressure on the Defendants to accept

disadvantageous terms for SAIC's entry into the litigation.

SAIC gambled that it could join this action at its leisure and on its own terms.  After

carefully avoiding involvement in the litigation for over eight months, SAIC seeks leave to make

substantive arguments—while still not as party to the case—in order to protect its interest in the

Patents-in-Suit.  That strategy should not be rewarded.

## III.    CONCLUSION

For the foregoing reasons, this Court should deny SAIC's Motion for Leave and Dismiss

VirnetX's Complaint.


Dated: June 16, 2011                              Respectfully submitted,


                                        By: */s/ John M. Desmarais, with permission*
                                        *by Michael E. Jones*
                                        Michael E. Jones
                                        State Bar No. 10929400
                                        mikejones@potterminton.com
                                        POTTER MINTON, P.C.
                                        110 N. College Ave., Suite 500
                                        Tyler, Texas 75702
                                        (903) 597-8311
                                        (903) 593-0846 (Facsimile)

                                        OF COUNSEL:
                                        John M. Desmarais (*pro hac vice*)
                                        jdesmarais@desmaraisllp.com
                                        Michael P. Stadnick (*pro hac vice*)
                                        mstadnick@desmaraisllp.com
                                        **DESMARAIS LLP**
                                        230 Park Avenue
                                        New York, NY 10169
                                        Telephone: (212) 351-3400
                                        Facsimile:  (212) 351-3401

                                        **ATTORNEYS FOR DEFENDANT**
                                        **CISCO SYSTEMS, INC.**

*/s/ Danny L. Williams , with permission by*
*Michael E. Jones*
Danny L. Williams - LEAD ATTORNEY
State Bar No. 21518050
E-mail:  danny@wmalaw.com
Ruben S. Bains
Texas Bar No. 24001678
E-mail:  rbains@wmalaw.com
Drew Kim
Texas Bar No. 24007482
E-mail:  dkim@wmalaw.com
Williams, Morgan &Amerson, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone:  (713) 934-7000
Facsimile: (713) 934-7011

**ATTORNEYS FOR DEFENDANT
APPLE INC.**

By: */s/ Jon B. Hyland, with permission by*
*Michael E. Jones*
Jon B. Hyland
*Lead Attorney*
jhyland@pattonroberts.com
State Bar No. 24046131
Robert D. Katz
rkatz@pattonroberts.com
State Bar No. 24057936
PATTON ROBERTS, PLLC
901 Main St., Suite 3300
Dallas, Texas 75202
Telephone: 214-580-3826
Facsimile: 903-334-7007

**ATTORNEYS FOR DEFENDANTS
AASTRA USA, INC. AND AASTRA
TECHNOLOGIES LTD.**

By:*/s/ Douglas R. McSwane, Jr., with*
*permission by Michael E. Jones*
Douglas R. McSwane, Jr.
Texas State Bar No. 13861300
dougmcswane@potterminton.com
500 Plaza Tower
110 N. College Ave.
Tyler, Texas 75702
Telephone: 903-597-8311

7

Facsimile: 903-593-0846

Robert M. Masters
robmasters@paulhastings.com
Timothy P. Cremen
timothycremen@paulhastings.com
PAUL, HASTINGS, JANOFSKY&WALKER LLP
875 15th Street, N.W.,
Washington, D.C. 20005
Telephone: 202-551-1700
Facsimile: 202-551-0238

**ATTORNEYS FOR DEFENDANTS NEC
CORPORATION AND NEC
CORPORATION OF AMERICA**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **RESPONSE TO SCIENCE APPLICATIONS INTERNATIONAL CORPORATION'S MOTION FOR LEAVE TO FILE AN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE FOR VIRNETX'S INTENTIONAL FAILURE TO SECURE STANDING TO BRING SUIT**, *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 16th day of June 2011.

*/s/ Michael E. Jones*
Michael E. Jones