IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 6:10-cv-417-LED |
| | § | |
| CISCO SYSTEMS, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

SCIENCE APPLICATIONS INTERNATIONAL CORPORATION'S REPLY TO
DEFENDANTS' RESPONSE TO SCIENCE APPLICATIONS INTERNATIONAL
CORPORATION'S MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS WITH PREJUDICE FOR VIRNETX INC.'S INTENTIONAL
FAILURE TO SECURE STANDING TO BRING SUIT

Science Applications International Corporation ("SAIC") files this Reply to Defendants'
Response to SAIC's Motion For Leave to File An Opposition to Defendants' Motion to Dismiss
With Prejudice For VirnetX Inc.'s Intentional Failure To Secure Standing To Bring Suit (the
"Response") (Doc. #136) and shows:

I.      INTRODUCTION

Because Defendants' Response is filled with gross distortions of the facts and
unsubstantiated claims, SAIC is one again compelled to set the record straight.  At the core of
Defendants' Response is their claim that SAIC "knew it was a necessary party and plotted
favorable conditions for its entry into this case."  Response at 3.  This claim is false and totally
disregards the fact that this Court has yet to decide whether or not SAIC is a necessary party in

1

the Cisco Litigation.  Since this Court has not ruled on the issue, SAIC clearly  does not "know" it is a necessary party as alleged by Defendants.  In fact, SAIC does not believe it is a necessary party and VirnetX argues forcefully in its Opposition to Defendants' Motion to Dismiss that SAIC is not a necessary party.  Defendants' Motion to Dismiss is also based upon additional false premises, including: 1) that SAIC "plotted favorable conditions for its entry into this case," 2) that SAIC somehow created conditions which would "coerce" the Cisco Defendants, 3) that Defendants have suffered prejudice, and 4) that such prejudice resulted from SAIC's inaction. These allegations are simply not true.

What is true is that SAIC knew that it would have discovery obligations in the Cisco Litigation and sought to join the case by agreement of the parties and permission of the Court so it could fulfill those obligations.  Based on that knowledge SAIC, and not Defendants, took the initiative to reach out, first to VirnetX and then to Defendants, for the purpose of attempting to meet and confer over the terms of an agreed order that would provide for SAIC's permissive entry into the case as a party.  SAIC believed that this proposed approach would provide an efficient procedure for SAIC to meet its discovery obligations to all parties in a timely and orderly manner that would be satisfactory to all parties.

Initially, SAIC had no reason to believe any of the parties to the Cisco Litigation disagreed with SAIC's proposal.  Defendants took several weeks to consider SAIC's proposal to permissively join the case on a limited basis.  Only after further prodding by SAIC's counsel, and only after asking for still additional weeks to consider SAIC's proposal, did Defendants' counsel concoct their notion of being "unduly prejudiced" because SAIC was not ***already*** a party to the Cisco Litigation.

2

It is hornbook law that delay speaks volumes about irreparable harm.  Not only did Defendants' counsel need a month to dream up their allegations of "prejudice," they also "knew" about SAIC alleged status as a necessary party for almost six months before claiming undue prejudice.  Apple filed and served its Answer back at the beginning of November 2010. Presumably counsel for the other Defendants were aware of Apple's allegations that SAIC was a necessary party to the litigation.  Yet Defendants never made any move to join SAIC in this case, instead alleging "undue prejudice" and a need to dismiss this case with prejudice only after SAIC first proposed permissively joining the case on a limited basis to meet its discovery obligations. Defendants' own inaction for over six months speaks volumes about how much they truly believe their own "prejudice" argument.

There was simply nothing "self serving" about the draft agreed order proposed by SAIC in this case as Defendants maintain.  Response at 2.  The draft order proposed by SAIC to Defendants was virtually identical to the two prior agreed orders entered by this Court in *VirnetX, Inc. v. Microsoft Corporation*, Case No. 6:07-cv-80 (LED) (the "Microsoft Litigation"). Instead of being self serving, SAIC's proposed order mirrored the two orders negotiated by all the parties in the Microsoft Litigation.  SAIC did not present this proposed order to Defendants on a take it or leave it basis, but instead presented its proposed order as a place to begin negotiations.  SAIC expected, of course, there would be some amount of negotiation on the terms of the proposed agreed order during the course of the meet and confer process.  What SAIC did not expect, however, was a unilateral rejection of that proposed order and the filing of a motion to dismiss.  Defendants' reaction to SAIC's proposed agreed order simply makes no sense other than as pure tactical maneuvering or gamesmanship.

3

While Defendants own six month delay rebuts their protestations of prejudice, any real prejudice arising from SAIC's prior non-participation in this case is because of Defendants' own inaction.  Instead of wasting the Court's time with a motion to dismiss, Defendants could have spent their time negotiating the terms of SAIC's involvement in the current litigation or they could have simply moved this Court to order SAIC to join the case as a party.  Incredibly, after having made SAIC's purported conduct an issue in this case with the filing of their motion to dismiss, Defendants now have the audacity to argue that "SAIC should not now be heard." Response at 3.  If SAIC's conduct is at issue then fundamental fairness mandates SAIC have an opportunity to be heard on the matter.

## II. ARGUMENT

Contrary to Defendants' claim, SAIC has not "reversed course and claimed that it was not a necessary party" after VirnetX filed its opposition papers.  Response at 4.  SAIC has consistently maintained that it is not a necessary party to VirnetX's patent litigations.  The truth is that once SAIC became aware that Defendants raised the issue of SAIC's perceived rights in the Patents-in-Suit, SAIC set about seeking an efficient method for how best to fulfill its discovery obligations in the Cisco Litigation.  SAIC offered a draft  agreed order  to Defendants that was virtually identical to the two prior agreed orders in the Microsoft Litigation for one reason: the agreed orders in the Microsoft Litigation worked and allowed for the efficient administration of discovery in the Microsoft Litigation without any major issues that necessitated Court intervention.  SAIC's actions do not concede that it is actually a necessary party.  Federal Rule of Civil Procedure 20 clearly provides for the permissive joinder of parties whether or not a party is also a required or necessary party.  In the end, however, Federal Rule 45 affords

Defendants the opportunity to obtain discovery from SAIC without SAIC being deemed a party to the Cisco Litigation.  Therefore, once again, SAIC offers to accept the jurisdiction of this Court for the purposes of accepting subpoenas under Federal Rule 45 for any discovery sought by any of the parties in the Cisco Litigation.

Finally, SAIC respectfully requests in the interests of judicial economy that if the Court makes a determination regarding SAIC's status as a necessary party in the Cisco Litigation, it make the same ruling in *VirnetX, Inc. v. Mitel Networks Corporation, et al.*, Case No. 6:11-cv-18 (LED) (the "Mitel Litigation").  This will allow both this Court and the parties in the Mitel Litigation to avoid unnecessary motion practice regarding SAIC's role in that matter.

## II.       CONCLUSION

For the foregoing reasons, SAIC respectfully requests the Court to grant leave to SAIC to file its Opposition to Defendants' Motion to Dismiss With Prejudice For VirnetX Inc.'s Intentional Failure To Secure Standing To Bring Suit and after considering such Opposition to deny Defendants' motion in its entirety and such other and further relief as the Court deems suitable and just.

Dated: June 27, 2011

Respectfully submitted,

ANDY TINDEL (Lead Attorney)
State Bar No. 20054500

PROVOST ✶ UMPHREY LAW FIRM, L.L.P.
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone:      (903) 596-0900
Facsimile:      (903) 596-0909
Email: atindel@andytindel.com

Of Counsel:

DONALD URRABAZO
California State Bar No. 189509
URRABAZO LAW GROUP
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
Direct:         (310) 388-9099
Facsimile:      (310) 388-9088
Email: DonaldU@UlawGroup.com

ATTORNEYS FOR SCIENCE APPLICATIONS
INTERNATIONAL CORPORATION

## REQUEST FOR ORAL ARGUMENT

Pursuant to E. Dist. Tex. Loc. Ct. R. CV-7(g) SAIC requests the Court to allow oral argument on SAIC's Motion for Leave.

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on the 27th day of June, 2011. Any other counsel of record will be served via email and first class certified mail, return receipt requested.


ANDY TINDEL