IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VirnetX Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6:10-cv-00417-LED |
| vs. | § | |
| | § | |
| Cisco Systems, Inc., | § | |
| Apple Inc., | § | |
| Aastra USA, Inc., | § | |
| Aastra Technologies Ltd., | § | |
| NEC Corporation, and | § | |
| NEC Corporation of America, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF VIRNETX INC.'S REPLY TO NEC CORPORATION AND NEC CORPORATION OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Plaintiff VirnetX Inc. ("VirnetX") files this reply to Defendants NEC Corporation and NEC Corporation of America's (collectively, "NEC Defendants") Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Third Amended Complaint (Docket No. 254) ("NEC Defendants' Answer and Counterclaims") and in support thereof would respectfully show the Court the following:

**COUNTERCLAIMS**

138.    Paragraph 138 does not contain any allegations, and therefore VirnetX does not admit or deny the content of that paragraph.

139.    VirnetX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, and therefore denies the same.

140.    VirnetX admits all allegations of Paragraph 140.

141. Upon information and belief, VirnetX admits the allegations of Paragraph 141.

142. VirnetX admits all allegations of Paragraph 142.

143. VirnetX admits that this Court has jurisdiction over the counterclaims. VirnetX denies the remaining allegations of Paragraph 143.

144. VirnetX admits that it is subject to personal jurisdiction in this Court for the counterclaims. VirnetX denies the remaining allegations of Paragraph 144.

145. VirnetX admits that venue properly lies in this judicial district. VirnetX denies the remaining allegations of Paragraph 145.

146. VirnetX admits that a justiciable controversy exists between VirnetX and NEC Defendants. VirnetX denies the remaining allegations of Paragraph 146.

## FIRST COUNTERCLAIM

147. Paragraphs 1-137 of NEC Defendants' Answer and Counterclaims do not contain any allegations, and therefore VirnetX does not admit or deny the content of those paragraphs. VirnetX incorporates by reference its response to Paragraphs 138-146 above. VirnetX denies any remaining allegations of Paragraph 147.

148. VirnetX admits all allegations of Paragraph 148.

149. VirnetX denies all allegations of Paragraph 149.

150. VirnetX admits that a justiciable controversy exists between VirnetX and NEC Defendants. VirnetX denies the remaining allegations of Paragraph 150.

151. VirnetX denies that any relief should be granted to NEC Defendants and denies any remaining allegations of Paragraph 151.

## SECOND COUNTERCLAIM

152. Paragraphs 1-137 of NEC Defendants' Answer and Counterclaims do not contain any allegations, and therefore VirnetX does not admit or deny the content of those paragraphs. VirnetX incorporates by reference its response to Paragraphs 138-151 above. VirnetX denies any remaining allegations of Paragraph 152.

153. VirnetX denies all allegations of Paragraph 153.

154. VirnetX admits that a justiciable controversy exists between VirnetX and NEC Defendants. VirnetX denies the remaining allegations of Paragraph 154.

155. VirnetX denies that any relief should be granted to NEC Defendants and denies any remaining allegations of Paragraph 155.

## THIRD COUNTERCLAIM

156. Paragraphs 1-137 of NEC Defendants' Answer and Counterclaims do not contain any allegations, and therefore VirnetX does not admit or deny the content of those paragraphs. VirnetX incorporates by reference its response to Paragraphs 138-155 above. VirnetX denies any remaining allegations of Paragraph 156.

157. VirnetX admits the allegations of Paragraph 157.

158. VirnetX denies that Microsoft first filed its request for reexamination of the '135 patent in December 2009. VirnetX admits the remaining allegations of Paragraph 158, but denies any implication that the '135 patent is unenforceable or invalid in light of the Aventail reference or any other prior art.

159. VirnetX admits the allegations of Paragraph 159, but denies any implication that the '135 patent is unenforceable or invalid in light of the Aventail reference or any other prior art.

160. VirnetX admits the allegations of Paragraph 160, but denies any implication that the '135 patent is unenforceable or invalid in light of the Aventail reference or any other prior art.

161. VirnetX admits the allegations of Paragraph 161, but denies any implication that the '135 patent is invalid unenforceable or in light of the Aventail reference or any other prior art and denies any implication that Toby Kusmer of McDermott Will & Emery represented VirnetX in the Microsoft Case or had access to confidential discovery materials from the Microsoft Case.

162. VirnetX admits that opening statements in the Microsoft Case commenced on March 8, 2010 and that the trial concluded on March 16, 2010. VirnetX admits that Microsoft presented evidence regarding Aventail during that trial. VirnetX admits that the Aventail v3.1 Administrator's Guide for Windows bears a range of copyright dates from 1996-1999. VirnetX denies the remaining allegations of Paragraph 162, and denies any implication that the '135 patent is unenforceable or invalid in light of the Aventail reference or any other prior art. VirnetX denies that the Aventail reference is prior art.

163. VirnetX admits the allegations of Paragraph 163, but denies any implication that the '135 patent is unenforceable or invalid in light of the Aventail reference or any other prior art.

164. VirnetX admits that it responded to the January 15, 2010 office action on April 15, 2010 and argued, among other things, that the office action and reexamination request "fail to demonstrate the actual publication date of Aventail necessary to establish a prima facie showing that Aventail is prior art." VirnetX denies all of remaining allegations of Paragraph

164, and denies any implication that the '135 patent is unenforceable or invalid in light of the Aventail reference or any other prior art.

165. VirnetX admits that the Action Closing prosecution is dated June 16, 2010 and states that "A search was conducted to determine the publication date of the Aventail reference. However, no evidence was found that established the publication date." VirnetX denies all of remaining allegations of Paragraph 165, and denies any implication that the '135 patent is unenforceable or invalid in light of the Aventail reference or any other prior art.

166. VirnetX denies all of the allegations of Paragraph 166.

167. VirnetX admits that a justiciable controversy exists between VirnetX and NEC Defendants. VirnetX denies the remaining allegations of Paragraph 167.

168. VirnetX denies that any relief should be granted to NEC Defendants and denies any remaining allegations of Paragraph 168.

## **FOURTH COUNTERCLAIM**

169. Paragraphs 1-137 of NEC Defendants' Answer and Counterclaims do not contain any allegations, and therefore VirnetX does not admit or deny the content of those paragraphs. VirnetX incorporates by reference its response to Paragraphs 138-168 above. VirnetX denies any remaining allegations of Paragraph 169.

170. VirnetX admits the allegations of Paragraph 170.

171. VirnetX denies all allegations of Paragraph 171.

172. VirnetX admits that a justiciable controversy exists between VirnetX and NEC Defendants. VirnetX denies the remaining allegations of Paragraph 172.

173. VirnetX denies that any relief should be granted to NEC Defendants and denies any remaining allegations of Paragraph 173.

## FIFTH COUNTERCLAIM

174. Paragraphs 1-137 of NEC Defendants' Answer and Counterclaims do not contain any allegations, and therefore VirnetX does not admit or deny the content of those paragraphs. VirnetX incorporates by reference its response to Paragraphs 138-173 above. VirnetX denies any remaining allegations of Paragraph 174.

175. VirnetX denies all allegations of Paragraph 175.

176. VirnetX admits that a justiciable controversy exists between VirnetX and NEC Defendants. VirnetX denies the remaining allegations of Paragraph 176.

177. VirnetX denies that any relief should be granted to NEC Defendants and denies any remaining allegations of Paragraph 177.

## SIXTH COUNTERCLAIM

178. Paragraphs 1-137 of NEC Defendants' Answer and Counterclaims do not contain any allegations, and therefore VirnetX does not admit or deny the content of those paragraphs. VirnetX incorporates by reference its response to Paragraphs 138-177 above. VirnetX denies any remaining allegations of Paragraph 178.

179. VirnetX admits the allegations of Paragraph 179.

180. VirnetX denies all allegations of Paragraph 180.

181. VirnetX admits that a justiciable controversy exists between VirnetX and NEC Defendants. VirnetX denies the remaining allegations of Paragraph 181.

182. VirnetX denies that any relief should be granted to NEC Defendants and denies any remaining allegations of Paragraph 182.

## SEVENTH COUNTERCLAIM

183. Paragraphs 1-137 of NEC Defendants' Answer and Counterclaims do not contain any allegations, and therefore VirnetX does not admit or deny the content of those paragraphs. VirnetX incorporates by reference its response to Paragraphs 138-182 above. VirnetX denies any remaining allegations of Paragraph 183.

184. VirnetX denies all allegations of Paragraph 184.

185. VirnetX admits that a justiciable controversy exists between VirnetX and NEC Defendants. VirnetX denies the remaining allegations of Paragraph 185.

186. VirnetX denies that any relief should be granted to NEC Defendants and denies any remaining allegations of Paragraph 186.

## PRAYER FOR RELIEF

VirnetX denies all allegations contained in the Prayer for Relief, and further denies that any relief should be granted to NEC Defendants, either as requested in its Counterclaims or otherwise.

## DEMAND FOR JURY TRIAL

VirnetX hereby demands a jury for all issues so triable.

DATED: May 10, 2012.　　　　　　　　　　Respectfully submitted,

**McKOOL SMITH, P.C.**

/s/ *Douglas A. Cawley*
Douglas A. Cawley, ***Lead Attorney***
Texas State Bar No. 04035500
E-mail: dcawley@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
E-mail: bcaldwell@mckoolsmith.com
Jason D. Cassady
Texas State Bar No. 24045625
E-mail: jcassady@mckoolsmith.com
John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@mckoolsmith.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@mckoolsmith.com
Stacie L. Greskowiak
Texas State Bar No. 24074311
E-mail: sgreskowiak@mckoolsmith.com
Mitchell R. Sibley
Texas State Bar No. 24073097
Email: msibley@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
E-mail: sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Ramzi R. Khazen
Texas State Bar No. 24040855
Email: rkhazen@mckoolsmith.com
Trent E. Campione
Texas State Bar No. 24049730
Email: tcampione@mckoolsmith.com
Seth R. Hasenour
Texas State Bar No. 24059910
Email: shasenour@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
Andrew T. Gorham
Texas Bar No. 24012715
Email: tgorham@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF
VIRNETX INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who has consented to electronic service on this 10th day of May, 2012. Local Rule CV-53(a)(3)(A).

                                                                   */s/ Jason Cassady*
                                                              Jason D. Cassady