# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| VIRNETX INC., and SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, § § § § | |
| Plaintiffs, § § | |
| v. § | CIVIL ACTION NO. 6:10-CV-00417 LED |
| § | |
| CISCO SYSTEMS, INC., APPLE, INC., AASTRA USA, INC., AASTRA TECHNOLOGIES, LTD., NEC CORPORATION, and NEC CORPORATION OF AMERICA, § § § § § § § | |
| Defendants. § | |

## SCIENCE APPLICATIONS INTERNATIONAL CORPORATION'S ANSWER TO APPLE, INC.'S COUNTERCLAIMS

Plaintiff Science Applications International Corporation ("SAIC") hereby answers Defendant Apple, Inc.'s ("Apple") counterclaims, as follows.

### PARTIES

1. SAIC admits the allegations in Paragraph 1 of Apple's counterclaims.

2. SAIC admits the allegations in Paragraph 2.

3. SAIC admits the allegations in Paragraph 3.

### JURISDICTION AND VENUE

4. SAIC admits the allegations in Paragraph 4.

5. SAIC admits the allegations in Paragraph 5.

### COUNT I - DECLARATION OF NON-INFRINGEMENT

6. SAIC admits the allegations in Paragraph 6.

7. No response is required for Paragraph 7.

## COUNT II - DECLARATION OF PATENT INVALIDITY

8. SAIC admits the allegations in Paragraph 8.

9. No response is required for Paragraph 9.

## COUNT III - DECLARATION OF UNENFORCEABILITY

10. SAIC admits the allegations in Paragraph 10.

11. SAIC admits the allegations in Paragraph 11.

12. SAIC admits the allegations in Paragraph 12.

13. SAIC admits the allegations in Paragraph 13.

14. SAIC admits the allegations in Paragraph 14.

15. SAIC admits the allegations in Paragraph 15.

### The '135 Patent

16. SAIC denies the allegations in Paragraph 16.

17. SAIC denies the allegations in Paragraph 17.

18. SAIC denies the allegations in Paragraph 18.

19. The Court recently ordered SAIC to enter the present action as a plaintiff on the grounds that it retains an ownership interest in the patents in suit, and SAIC timely complied and entered the present action only recently on March 28, 2012. As a result, SAIC lacks sufficient knowledge to affirm or deny the alleged involvement of people in the prosecution of the '135 patent or their awareness of alleged prior art references and, on this basis, denies these allegations in Paragraph 19. SAIC denies the remaining allegations in Paragraph 19.

20. For the reasons provided in Paragraph 19, above, SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 20 and, on this basis, denies the allegations.

21. SAIC admits the allegations in Paragraph 21.

22. SAIC admits the allegations in Paragraph 22.

23. SAIC admits the allegations in Paragraph 23.

24. SAIC admits the allegations in Paragraph 24.

25. For the reasons provided in Paragraph 19, above, SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 25 and, on this basis, denies these allegations.

26. For the reasons provided in Paragraph 19, above, SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 26 and, on this basis, denies these allegations.

27. For the reasons provided in Paragraph 19, above, SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 27 and, on this basis, denies these allegations.

28. For the reasons provided in Paragraph 19, above, SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 28 and, on this basis, denies these allegations.

29. For the reasons provided in Paragraph 19, above, SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 29 and, on this basis, denies these allegations.

30. For the reasons provided in Paragraph 19, above, SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 30 and, on this basis, denies these allegations.

### The '151 Patent

31. SAIC admits the allegations in Paragraph 31.

32. SAIC denies the allegations in Paragraph 32.

33. For the reasons provided in Paragraph 19, above, SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 33 and, on this basis, denies these allegations.

34. For the reasons provided in Paragraph 19, above, SAIC has insufficient knowledge to affirm or deny the allegations of Paragraph 34 and, on this basis, denies the allegations in Paragraph 34.

35. For the reasons provided in Paragraph 19, above, SAIC has insufficient knowledge to affirm or deny the allegations of Paragraph 35 and, on this basis, denies the allegations in Paragraph 35.

36. For the reasons provided in Paragraph 19, above, SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 36 and, on this basis, denies the allegations.

37. For the reasons provided in Paragraph 19, above, SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 37 and, on this basis, denies these allegations.

### The '504 Patent

38. SAIC admits the allegations in Paragraph 38.

39. SAIC denies the allegations in Paragraph 39.

40. SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 40 and, on this basis, denies these allegations.

41. SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 41 and, on this basis, denies the allegations in Paragraph 41.

42. SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 42 and, on this basis, denies the allegations in Paragraph 42.

43. SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 43 and, on this basis, denies these allegations.

44. SAIC has insufficient knowledge to affirm or deny the allegations in Paragraph 44 and, on this basis, denies these allegations.

### The '211 Patent

45. SAIC admits the allegations in Paragraph 45.

46. SAIC denies the allegations in Paragraph 46.

### JURY DEMAND

47. SAIC denies Apple's claims for declaratory judgment entitle Apple to a trial by jury.

### EXCEPTIONAL CASE

48. SAIC denies the allegations in Paragraph 48.

### PRAYER FOR RELIEF

WHEREFORE, SAIC prays that this Court:

1. Dismiss each of Apple's Counterclaims; and

2. Deny Apple any damages sought by way of its Counterclaims; and

  3.  Order such other and further legal and equitable relief as the Court may deem appropriate.

Dated: May 10, 2012    Respectfully submitted,

*/s/ Andy Tindel*

ANDY TINDEL (Lead Counsel)
State Bar No. 20054500

ANDY TINDEL, ATTORNEY & COUNSELOR AT LAW, P.C.
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

Of Counsel:

DONALD URRABAZO
California State Bar No. 189509
ARTURO PADILLA
California State Bar No. 188902
URRABAZO LAW, P.C.
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
Direct: (310) 388-9099
Facsimile: (310) 388-9088
Email: durrabazo@ulawpc.com
Email: apadilla@ulawpc.com

**ATTORNEYS FOR PLAINTIFF
SCIENCE APPLICATIONS INTERNATIONAL
CORPORATION**

## **CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on the 10th day of May, 2012. Any other counsel of record will be served via email and first class certified mail, return receipt requested.

_____
ANDY TINDEL