**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| VIRNETX INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC. and APPLE INC., <br><br> Defendants. | Civil Action No. 6:10-cv-00417-LED <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR A STAY PENDING
ONGOING REEXAMINATION PROCEEDINGS**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................................ 1

III. ARGUMENT ........................................................................................................................ 2

   A. This Matter Should Be Stayed Pending Resolution Of The Well-Advanced Reexamination Proceedings. ............................................................................................... 2

      1. A Stay Will Simplify This Case. ................................................................................. 2

      2. A Stay Will Not Unduly Prejudice VirnetX. .............................................................. 6

      3. The Current Stage Of The Case Does Not Foreclose A Stay. .................................... 7

IV. CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Alcohol Monitoring Sys., Inc. v. ActSoft, Inc.*,
　Nos. 07-cv-02261-PAB, 08-cv-01226, 2011 WL 5075619 (D. Colo. Oct. 25, 2011) ................ 7

*Alza Corp. v. Wyeth*,
　No. 4:09-cv-02518, 2006 WL 3500015 (E.D. Tex. Nov. 21, 2006) .......................................... 6

*Anascape, Ltd. v. Microsoft Corp.*,
　475 F. Supp. 2d 612 (E.D. Tex. 2007) ..................................................................................... 5

*EchoStar Tech. Corp. v. TiVo, Inc.*,
　No. 5:05-cv-81-DF, 2006 WL 2501494 (E.D. Tex. 2006) ........................................................ 5

*Gould v. Control Laser Corp.*,
　705 F.2d 1340 (Fed. Cir. 1983) ............................................................................................... 3

*Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*,
　No. CV 97-7681 LGB (EX), 1998 WL 670240 (C.D. Cal. July 17, 1998) ............................... 5

*Landis v. Am. Co.*,
　299 U.S. 248 (1936) ................................................................................................................ 2

*Microlinc, LLC v. Intel Corp.*,
　No. 2:07-cv-488-TJW, 2010 WL 3766655 (E.D. Tex. Sept. 20, 2010) ................................ 4, 6

*Middleton, Inc. v. Minnesota Mining & Mfg. Co.*,
　No. 4:03-cv-40493, 2004 WL 1968669 (S.D. Iowa 2004) ....................................................... 6

*Soverain Software LLC v. Amazon.com, Inc.*,
　356 F. Supp. 2d 660 (E.D. Tex. 2005) ..................................................................................... 2

*Spa Syspatronic, AG v. VeriFone, Inc.*,
　No. 2:07-cv-416, 2008 WL 1886020 (E.D. Tex. Apr. 25, 2008) ......................................... 3, 6

*Xerox Corp. v. 3Com Corp.*,
　69 F. Supp. 2d. 404 (W.D.N.Y. 1999) ..................................................................................... 2

Defendants Cisco Systems, Inc. ("Cisco") and Apple, Inc. ("Apple") hereby respectfully move the Court to stay this matter pending completion of ongoing reexamination proceedings.

## I. INTRODUCTION

Judicial economy warrants a stay of this matter pending resolution of the substantially advanced *inter partes* reexaminations of the VirnetX patents-in-suit. The vast majority of the patent claims asserted against Cisco, and all of the patent claims asserted against Apple, currently stand ***rejected*** in the Patent Office.[1] A stay will prevent the Court and the parties from wasting resources litigating over 100 patent claims destined for cancellation. Moreover, as demonstrated by this Court's decision to revisit several of its claim construction rulings from the *Microsoft* litigation, VirnetX's statements to the Patent Office during reexamination proceedings previously have—and likely will again—materially affect the scope of its patent claims. Indeed, VirnetX ***continues*** to argue in the Patent Office for interpretations of its claims that are narrower than this Court's constructions to avoid invalidation. A stay pending resolution of the ongoing reexaminations will therefore prevent the parties from litigating infringement and validity issues concerning ever-shifting patent claims.

## II. FACTUAL BACKGROUND

Five of the six VirnetX patents-in-suit are currently subject to ongoing reexamination proceedings. Those proceedings have advanced to a point where all of the asserted claims of four patents-in-suit stand rejected, as do 14 of the 18 asserted claims of a fifth patent-in-suit. (Ex. 1 at p. 2; Ex. 2 ¶ 99.) In prior reexamination proceedings, VirnetX significantly altered the scope of its claims, and in response, this Court revisited its previous claim construction, changing its constructions based on VirnetX's disclaimers in the prior reexaminations. (D.I. 266

---

[1] The asserted patents and claims differ for each defendant.

1

at 7-8, 17-19.) Here again, although the reexamination proceedings are not complete, VirnetX already has explicitly disavowed the scope of certain claim language, such as "secure communication link." (*See* D.I. 366; D.I. 424 at 1.) Moreover, the Patent Office's rejection of so many asserted claims, over so many references, establishes that many of the claims VirnetX plans to press at trial likely will be cancelled as a result of reexamination.

### III. ARGUMENT

#### A. This Matter Should Be Stayed Pending Resolution Of The Well-Advanced Reexamination Proceedings.

This Court has discretion to stay this case pending ongoing reexamination proceedings. *See Landis v. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . ."). Courts in this district consider three factors when deciding such motions: (1) whether a stay would unduly prejudice the non-moving party or present a clear tactical advantage to the moving party; (2) whether a stay would simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been established. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d. 404 (W.D.N.Y. 1999)). Those factors plainly weigh in favor of a stay here.

##### 1. A Stay Will Simplify This Case.

Granting a stay would simplify this case by reducing the issues for trial, which VirnetX has refused to do of its own accord. The "purpose of the reexamination procedure is to *eliminate trial of that issue (when the claim is canceled)* or to facilitate trial of that issue by providing the district court with the expert view of the [Patent Office] (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir.

1983) (emphasis added). As shown in the chart below, that purpose would be served here, as five of the six patents-in-suit are currently subject to reexamination before the Patent Office, and out of the 184 claims from those patents, 180 *stand rejected*. (Ex. 2 ¶ 99).[2]

| Status of Asserted Claims Undergoing Reexamination by the PTO | | |
|---|---|---|
| Patent | Rejected | Confirmed |
| 6,502,135 | 1-18 | |
| 6,839,759 | 1, 3-10, 12-16, 18-25, 27-30 | 2, 11, 17, 26 |
| 7,418,504 | 1-60 | |
| 7,490,151 | 1-16 | |
| 7,921,211 | 1-60 | |

The Patent Office has historically "eliminated, amended, or otherwise limited the claims in over 70% of reexamined patents." *Spa Syspatronic, AG v. VeriFone, Inc.*, No. 2:07-cv-416, 2008 WL 1886020, at *3 (E.D. Tex. Apr. 25, 2008). Yet VirnetX seeks to push forward with infringement claims on 114 of those rejected patent claims.

A stay will also permit any ultimate trial to proceed in light of all relevant intrinsic evidence. Indeed, this Court has already determined that VirnetX made clear disavowals during the initial reexaminations instituted by Microsoft, and consequently changed the construction of two important terms. (D.I. 266 at 5-8 ("virtual private network"), 17-19 ("secure domain name service").) Even VirnetX concedes that it altered the scope of some terms through arguments it made to the Patent Office during the Microsoft reexaminations. (*See* D.I. 266 at 17, 20.)

VirnetX's most recent responses to the Patent Office's rejections of its claims have likewise altered claim meaning. For example, with regard to the '504 patent, VirnetX explicitly disavowed the scope of "secure communication link," arguing that anyone of skill in the art would understand it to require encryption. (*See* D.I. 366; *compare* D.I. 266 at 10-13 *with* Ex. 3 at 56-63.) VirnetX's position before the Patent Office was directly at odds with the Court's

---

[2] The examiner reviewing the '759 patent confirmed final rejection of all but four claims after considering VirnetX's arguments. (Ex. 1 at 2.)

3

Markman Order, which explicitly rejected that same argument. (D.I. 266 at 13.) Indeed, VirnetX has now conceded that the Court should overturn its previous construction and interpret the term more narrowly, as VirnetX argued to the Patent Office in an attempt to avoid prior art. (*See* D.I. 424.)

Furthermore, VirnetX continues to limit the scope of its claims in the pending reexaminations. For example, in response to the Patent Office's rejection of the '504 patent claims, VirnetX advanced numerous arguments that attempt to re-write the claims to avoid prior art. VirnetX asserts that its claimed "domain name service system" is limited to those embodied in a single *server*, rather than in a "system" that may be comprised of multiple components (*see* Ex. 3 at 28-30, 32, 35, 65), and to those that themselves participate in the recited "secure communication link," rather than merely support establishment of a link between two *other* computers (*see* Ex. 3 at 19, 31, 51-53). Throughout its Response to the Patent Office, VirnetX puts forth several other similar arguments that disavow the scope of its claims. For example, VirnetX distinguishes "domain name service system" as used in the claims from a "conventional domain name service system." (Ex. 3 at 7-8.) And VirnetX also specifies that a "point-to-point connection" cannot satisfy "virtual private network" (*see* Ex. 3 at 56-58), a requirement not reflected in this Court's claim construction. Similar claim-bending conduct can be seen in VirnetX's responses to the Patent Office's other rejections. (*See, e.g.*, Ex. 4 at 12-13 (making similar statements regarding the sufficiency of "point-to-point" connections with regard to "virtual private network"); Ex. 5 at 109-10 (distinguishing "[m]erely having the *capability* to send an encrypted message" from "automatically initiating an encrypted channel").)

VirnetX's actions in the Patent Office proceedings have frustrated this Court's prior efforts to properly construe the claims by altering claim scope. *See Microlinc, LLC v. Intel*

*Corp.*, No. 2:07-cv-488-TJW, 2010 WL 3766655, at *2 (E.D. Tex. Sept. 20, 2010) ("[i]f any of the twenty-five new claims or amended claims survive reexamination, then the court's effort in construing the old claims may be futile."). Such continual shifting of the goalposts harms the defendants and wastes judicial resources.

> [T]he final form of the claims therefore will remain uncertain until the conclusion of the reexamination procedure . . . It makes sense to ascertain the ultimate scope of the claims before trying to figure out whether [defendants'] products infringe the [patent-in-suit]. Absent a stay, the parties may end up conducting a significantly wider scope of discovery than necessary, and the court may waste time examining the validity of claims which are modified or eliminated altogether during reexamination.

*Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, No. CV 97-7681 LGB (EX), 1998 WL 670240, at *2 (C.D. Cal. July 17, 1998). The unnecessary complexities created by VirnetX's claim amendments and responses during the reexaminations, as well as its inconsistent statements to the Patent Office and to this Court, can be mitigated by staying the case pending reexamination. *See Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615 (E.D. Tex. 2007) ("[C]ourts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated, or lucidly narrowed by the patent reexamination process and the expertise of its officers.").

Finally, granting a stay will potentially simplify the issues for trial through the application of estoppel, which will keep the defendants from pursuing certain invalidity theories in this case if those theories are ultimately rejected in reexamination. *See EchoStar Tech. Corp. v. TiVo, Inc.*, No. 5:05-cv-81-DF, 2006 WL 2501494, at *3 (E.D. Tex. 2006) ("[A] third-party requester is estopped from relitigating the same issue 'which the third-party requester raised or could have raised during the *inter partes* reexamination proceedings.'" (citing *Middleton, Inc. v. Minnesota Mining & Mfg. Co.*, No. 4:03-cv-40493, 2004 WL 1968669, at *10 (S.D. Iowa

2004))). If this case is stayed, the Patent Office will have the opportunity to address the validity of the patents-in-suit in relation to a host of patents and printed publications. The potential exclusion of such art from this litigation provides further simplification warranting a stay here.[3]

### 2. A Stay Will Not Unduly Prejudice VirnetX.

No evidence exists that VirnetX will suffer actual harm from a stay. Mere delay, without more, is insufficient to establish undue prejudice. *Spa Syspatronic*, 2008 U.S. Dist. LEXIS 34223, at *8-9; *see also Alza Corp. v. Wyeth*, No. 4:09-cv-02518, 2006 WL 3500015, at *1 (E.D. Tex. Nov. 21, 2006). And because VirnetX does not manufacture or sell any products, VirnetX cannot allege that it would be harmed by customer losses or by injury to market share during a stay. *See Microlinc*, 2010 WL 3766655, at *2. VirnetX will be able to collect damages if the Court finds that infringement occurred during the stay.

Nor will a stay give the defendants an unwarranted tactical advantage. To the contrary, a stay would prevent ***VirnetX*** from ***gaining*** an illegitimate advantage over the defendants. VirnetX is attempting to argue simultaneously for broad claims before this Court—to secure an infringement verdict—and for narrow interpretations before the Patent Office—to preserve its claims from a reexamination challenge. Such inconsistent arguments prejudice the defendants and give VirnetX an unfair advantage. *Alcohol Monitoring Sys., Inc. v. ActSoft, Inc.*, Nos. 07-cv-02261-PAB, 08-cv-01226, 2011 WL 5075619, at *6 (D. Colo. Oct. 25, 2011) ("Allowing plaintiff to alter its position [from that asserted to the Patent Office] would give plaintiff the unfair advantage of retaining the . . . patent while pursuing an infringement claim based on a position inconsistent with the prior successful position."). VirnetX's tactical maneuvering

---

[3] In addition to the issues of fundamental fairness, case complexity, and potential waste of resources litigating dozens of claims that may be destined for amendment or cancellation, absent a stay, the Court and parties must confront the issue of how the jury will be informed that relevant parallel proceedings are ongoing in the Patent Office.

should not be permitted, and a stay will remedy the issue by allowing the Court to fully consider VirnetX's arguments to the Patent Office.

### 3. The Current Stage Of The Case Does Not Foreclose A Stay.

Trial is still months away and summary judgment motions are not yet fully briefed. The reexamination process, on the other hand, is relatively advanced—four of the patents are fully rejected, and a fifth is already finally rejected and is ready for appeal. As such, the current stage of the litigation does not substantially weigh against a stay.

### IV. CONCLUSION

For the foregoing reasons, the defendants respectfully request that the Court stay this matter pending completion of the ongoing reexamination proceedings.

Dated: August 29, 2012

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
efindlay@findlaycraft.com
Texas Bar No. 00789886
Brian Craft
bcraft@findlaycraft.com
Texas Bar No. 04972020
**FINDLAY CRAFT, LLP**
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Attorneys for Defendant Cisco Systems, Inc.*

OF COUNSEL:
John M. Desmarais (*pro hac vice*)
jdesmarais@desmaraisllp.com
Michael P. Stadnick (*pro hac vice*)
mstadnick@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169

                                                  Telephone: (212) 351-3400
                                                  Facsimile:  (212) 351-3401

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **DEFENDANTS' MOTION FOR A STAY PENDING ONGOING REEXAMINATION PROCEEDINGS**, *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 29th day of August, 2012.

>  */s/ Eric H. Findlay*
>  Eric H. Findlay

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiffs and counsel for Defendants participated in a meet and confer on August 24, 2012, and discussed the relief requested in this motion. Plaintiff is opposed to this motion and therefore the parties are at an impasse requiring Court resolution.

>  */s/ Eric H. Findlay*
>  Eric H. Findlay