**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **VIRNETX INC.,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | **Civil Action No. 6:10-CV-417** |
| **VS.** | § | |
| | § | |
| **CISCO SYSTEMS, INC., et al.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **DEFENDANTS.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## PROPOSED JOINT FINAL PRETRIAL ORDER

The Pretrial Conference is scheduled on October 18, 2012 at 9:00 a.m. in Tyler, Texas, pursuant to the Court's Docket Control Order (Dkt. No. 111) and Amended Docket Control Order (Dkt. No. 269), Local Rule CV-16(b), and Rule 16 of the Federal Rules of Civil Procedure. The following parties submit this Joint Pretrial Order: Plaintiff, VirnetX Inc. ("VirnetX" or "Plaintiff"), Cisco Systems, Inc. ("Cisco") and Apple Inc. ("Apple") (collectively "Defendants").[1] Subject to the other rulings made at the Pretrial Conference, the Court enters this Order.

## I.  COUNSEL FOR THE PARTIES

### Attorneys for Plaintiff VirnetX Inc.:

> Douglas A. Cawley, *Lead Attorney*
> Texas State Bar No. 04035500
> E-mail: dcawley@mckoolsmith.com

---

[1] Nominal Plaintiff Science Applications International Corporation ("SAIC") submits no information in addition to the submissions of Plaintiff VirnetX Inc.

Bradley W. Caldwell
Texas State Bar No. 24040630
E-mail: bcaldwell@mckoolsmith.com
Rosemary T. Snider
Texas State Bar No. 18796500
Email: rsnider@mckoolsmith.com
Jason D. Cassady
Texas State Bar No. 24045625
E-mail: jcassady@mckoolsmith.com
John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@mckoolsmith.com
Seth R. Hasenour
Texas State Bar No. 24059910
Email: shasenour@mckoolsmith.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@mckoolsmith.com
Stacie Lynn Greskowiak
Texas State Bar No. 24074311
Email: sgreskowiak@mckoolsmith.com
Mitchell R. Sibley
Texas State Bar No. 24073097
Email: msibley@mckoolsmith.com
Ryan Hargrave
Texas State Bar No. 24071516
Email: rhargrave@mckoolsmith.com
**McKool Smith P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
E-mail: sbaxter@mckoolsmith.com
**McKool Smith P.C.**
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Ramzi R. Khazen
Texas State Bar No. 24040855
Email: rkhazen@mckoolsmith.com
Trent E. Campione

Texas State Bar No. 24049730
Email:  tcampione@mckoolsmith.com
**MCKOOL SMITH P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Robert M. Parker
Texas State Bar No. 15498000
Email:  rmparker@pbatyler.com
Charles Ainsworth
Texas State Bar No. 00783521
Email:  charley@pbaytler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email:  rcbunt@pbatyler.com
Andrew T. Gorham
Texas Bar No. 24012715
Email:  tgorham@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687

**Attorneys for Defendant Cisco Systems, Inc.**:

John M. Desmarais (*pro hac vice*), ***Lead Attorney***
jdesmarais@desmaraisllp.com
Michael P. Stadnick (*pro hac vice*)
mstadnick@desmaraisllp.com
Paul A. Bondor (*pro hac vice*)
pbondor@desmaraisllp.com
Tamir Packin (*pro hac vice*)
tpackin@desmaraisllp.com
Karim Z. Oussayef (*pro hac vice*)
koussayef@desmaraisllp.com
Ameet A. Modi (*pro hac vice*)
amodi@desmaraisllp.com
John Spaccarotella (*pro hac vice*)
jspaccarotella@desmaraisllp.com
Sean T. Doyle (*pro hac vice*)
sdoyle@desmaraisllp.com
Xiao Li (*pro hac vice*)
xli@desmaraisllp.com

**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

Eric H. Findlay
efindlay@findlaycraft.com
Texas Bar No. 00789886
Brian Craft
bcraft@findlaycraft.com
Texas Bar No. 04972020
Walter W. Lackey, Jr.
Texas State Bar No. 24050901
Email: wlackey@findlaycraft.com
**FINDLAY CRAFT, LLP**
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Michael E. Jones
Texas State Bar No. 10929400
Email: mikejones@potterminton.com
Allen F. Gardner
Texas State Bar No. 24043679
Email: allendgardner@potterminton.com
John F. Bufe
Texas State Bar No. 03316930
Email: johnbufe@potterminton.com
**POTTER MINTON P.C.**
110 N. College Ave., Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Bradford J. Black (*pro hac vice*)
E-mail: bblack@blackandchang.com
Peter H. Chang
Texas Bar No. 24040669
Email: pchang@blackandchang.com
Andrew G. Hamill (*pro hac vice*)
Email: ahamill@bchllp.com
**BLACK CHANG & HAMILL LLP**
4 Embarcadero Center, Suite 1400

San Francisco, CA 94111
Telephone: (415) 813-6210
Facsimile: (415) 813-6211

**Attorneys for Defendant Apple, Inc.**:

Danny L. Williams (Lead Attorney)
State Bar No. 21518050
E-mail: danny@wmalaw.com
Terry D. Morgan
State Bar No. 14452430
tmorgan@wmalaw.com
Ruben S. Bains
Texas Bar No. 24001678
E-mail: rbains@wmalaw.com
Chris Cravey
Texas Bar No. 24034398
E-mail: cravey@wmalaw.com
Matthew R. Rodgers
Texas State Bar No. 24041802
E-mail: mrodgers@wmalaw.com
Drew Kim
Texas Bar No. 24007482
E-mail: dkim@wmalaw.com
Scott Woloson
Texas Bar. No. 24066305
E-mail: swoloson@wmalaw.com
**WILLIAMS, MORGAN & AMERSON P.C.**
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen Edwards
Texas State Bar No. 00784008
see@emafirm.com
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

## II. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.*

Venue and personal jurisdiction are not disputed in this case.

## III. NATURE OF ACTION

- **VirnetX's Statement Regarding the Description of the Case[2]**

This is a patent infringement lawsuit. VirnetX alleges that Defendants Cisco and Apple directly and indirectly infringe U.S. Patent No. 6,502,135 B1 ("the '135 patent"), U.S. Patent No. 7,418,504 ("the '504 patent"), U.S. Patent No. 7,490,151 ("the '151 patent") and U.S. Patent No. 7,921,211 ("the '211 patent"). VirnetX further alleges that Cisco also directly and indirectly infringes U.S. Patent No. 6,839,759 ("the '759 patent") and U.S. Patent No. 7,188,180 ("the '180 patent"). VirnetX further alleges that Cisco's infringement is and has been willful. Additionally, VirnetX alleges that Cisco and Apple infringe either literally or, in the alternative, under the doctrine of equivalents. VirnetX seeks both pre-verdict and post-verdict damages up to the time of judgment to compensate VirnetX for Cisco's and Apple's alleged acts of infringement, but in no event less than a reasonable royalty, as well as injunctive relief against future acts of infringement by Cisco and Apple under 35 U.S.C. § 283. In the alternative, VirnetX contends that any denial of a permanent injunction should be conditioned on payment of reasonable

---

[2] VirnetX objects to any mention of SAIC as a "plaintiff" in this case. SAIC asserts no claims against Cisco and/or Apple for legal or equitable relief. Therefore, any reference to SAIC as a "plaintiff," involuntary or otherwise, is irrelevant and prejudicial to VirnetX. Defendants contend that, as the Court has already held, SAIC is a plaintiff and necessary party to this action because it retains substantial rights under the patents-in-suit. (See Dkt. No. 236.)

royalties for future litigation. VirnetX also seeks prejudgment and post judgment interests and costs, pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285, as well as treble damages against Cisco.

- **Defendants' Statement Regarding the Description of the Case**[3]

This is a patent infringement lawsuit. Plaintiff VirnetX alleges that Cisco and Apple infringe 136 claims of the patents-in-suit. Specifically, VirnetX alleges that Cisco and Apple infringe U.S. Patent Nos. 6,502,135, 7,418,504, 7,921,211, and 7,490,151, and that Cisco infringes U.S. Patent Nos. 6,839,759, and 7,188,180, either directly, or by inducing infringement or contributing to infringement by a third party. VirnetX alleges that it is entitled to damages for the alleged infringement. VirnetX's request for damages is limited to a reasonable royalty and does not include any claim that it is entitled to lost profits. VirnetX alleges that Cisco is liable as a willful infringer and seeks treble damages. VirnetX further alleges that Cisco and Apple are liable for prejudgment and post-judgment interest and cost, pursuant to 35 U.S.C. § 284, and attorneys' fees pursuant to 35 U.S.C. § 285. VirnetX seeks injunctive relief if Cisco or Apple is found to have infringed a valid and enforceable claim.

Defendants contend that neither they, nor their customers, have infringed the patents-in-suit. Defendants further contend that they have not induced or contributed to direct infringement of the asserted claims. Defendants contend that the asserted claims are invalid in light of the prior art, both based on anticipation and obviousness. Defendants further contend that the asserted claims are invalid because the claimed inventors derived the subject matter of the patents from another or omitted a necessary inventor from the patent. Defendants further contend the asserted claims of the '211 patent are invalid under the principle of double-patenting

---

[3] Cisco and Apple have moved to sever this action for individual trials. Cisco and Apple reserve the right to revise and/or omit references to defendant-specific issues should the motion be granted.

because they cover substantively identical subject matter to the claims of the '504 patent. Defendants further contend that certain claims of the '135, '151, and '759 patents are invalid for failing to meet the enablement and/or written description requirements. Apple contends that the claims of the '135 patent are unenforceable due to inequitable conduct. Defendants further contend that Plaintiffs are barred in whole or in part from recovering damages under the principles of marking, laches, or equitable estoppel. If one or more of the asserted claims are found to be valid and if Defendants are found to have infringed such claims, in addition to denying that Plaintiffs are entitled to any damages, Cisco denies that its alleged infringement was willful and that enhanced damages is appropriate. Defendants further deny that injunctive relief is appropriate or that any denial of a permanent injunction should be conditioned on payment of reasonable royalties for future litigation. Defendants seek their attorneys' fees pursuant to 35 U.S.C. § 285, as well as costs.

## IV.    CONTENTIONS OF THE PARTIES

- **VirnetX's Statement of Its Contentions**

By providing these Contentions, VirnetX does not concede that all of these issues are appropriate for trial. In addition, VirnetX does not waive any of its motions *in limine* or motions for summary judgment.

1.    In this case, VirnetX contends that Cisco directly infringes claims 1-5, 7-9, 10, 12, 13, and 18 of the '135 patent; claims 1, 2, 8-14, 16, 17, and 23-29 of the '759 patent; claims 1, 4, 10, 12, 14, 17, 20, 26, 28, 30, 33, and 35 of the '180 patent; claims 1, 6, 8, 14-17, 19-23, 26-36, 38-41, 43-47, and 50-60 of the '504 patent; claims 1, 6, 8, 14-17, 19-23, 26-36, 38-41, 43-47, and 50-60 of the '211 patent; and claims 1, 7, and 13 of the '151 patent under 35 U.S.C.

§§ 271 and 281-285, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling, importing into the United States certain accused Virtual Private Network ("VPN") and security-capable communications products and/or methods that practice the inventions of the '135, '759, '180, '504, '211, and '151, without authority or license from VirnetX. VirnetX further contends that Cisco indirectly infringes the claims of '135, '759, '180, '504, '211, and '151 patents literally and/or under the doctrine of equivalents.

2.      In this case, VirnetX contends that Apple directly infringes claims 1, 3, 7, 8, 10 and 12 of the '135 patent; claims 1-2, 5-6, 14-17, 19-21, 23, 26-28, 33-38, 41, 43-47, 50-52, and 57-60 of the '504 patent; claims 1-2, 5-6, 14-17, 19-21, 23, 26-28, 33-38, 41, 43-47, 50-52, and 57-60 of the '211 patent; and claims 1, 7 and 13 of the '151 patent under 35 U.S.C. §§ 271 and 281-285, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling, importing into the United States certain accused Virtual Private Network ("VPN") and security-capable communications products and/or methods that practice the inventions of the '135, '504, '211, and '151, without authority or license from VirnetX. VirnetX further contends that Apple indirectly infringes the claims of '135, '504, '211, and '151 patents literally and/or under the doctrine of equivalents.

3.      VirnetX contends that the inventions of the '135 patent were conceived at least as early as September 23, 1999, and thereafter diligently reduced to practice. On this basis, VirnetX contends that the '135 patent is entitled to a priority date of at least as early as September 23, 1999.

4.      VirnetX is the owner of all rights, title, and interest in and to the '135 patent by assignment at least as of November 2, 2006. VirnetX possesses all rights of recovery under the '135 patent.

5.     VirnetX contends that the inventions embodied by the asserted claims of the '759 patent are entitled to the effective filing date of April 26, 2000.

6.     VirnetX is the owner of all rights, title, and interest in and to the '759 patent by assignment at least as of November 2, 2006.  VirnetX possesses all rights of recovery under the '759 patent.

7.     VirnetX contends that the inventions embodied by the asserted claims of the '180 patent are entitled to the effective filing date of April 26, 2000.

8.     VirnetX is the owner of all rights, title, and interest in and to the '180 patent by assignment at least as of November 2, 2006.  VirnetX possesses all rights of recovery under the '180 patent.

9.     VirnetX contends that the inventions embodied by the asserted claims of the '504 patent are entitled to the effective filing date of April 26, 2000.

10.     VirnetX is the owner of all rights, title, and interest in and to the '504 patent by assignment at least as of November 2, 2006.  VirnetX possesses all rights of recovery under the '504 patent.

11.      VirnetX contends that the inventions embodied by the asserted claims of the '211 patent are entitled to the effective filing date of April 26, 2000.

12.     VirnetX is the owner of all rights, title, and interest in and to the '211 patent by assignment at least as of November 2, 2006.  VirnetX possesses all rights of recovery under the '211 patent.

13.     VirnetX contends that the inventions embodied by the asserted claims of the '151 patent are entitled to the effective filing date of February 15, 2000.

14.     VirnetX is the owner of all rights, title, and interest in and to the '151 patent by assignment at least as of November 2, 2006.  VirnetX possesses all rights of recovery under the '151 patent.

15.     VirnetX contends that it has been damaged by Defendants' conduct and seeks pre-verdict and post-verdict damages up to the time of judgment adequate to compensate for the infringement by Defendants, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as fixed by the Court.

16.     VirnetX contends that VirnetX and all predecessors in interest have complied with 35 U.S.C. § 287.

17.     VirnetX contends that this case is exceptional and that VirnetX is entitled to reasonable attorneys' fees and costs (and consultant fees and costs) pursuant to 35 U.S.C. § 285.

18.     VirnetX contends that Cisco's infringement is and has been willful and thus requests that the Court award to VirnetX enhanced damages pursuant to 35 U.S.C. § 284, as well as supplemental damages for any continuing post-verdict infringement up until entry of final judgment and an accounting for damages if necessary.

19.     VirnetX contends that it is entitled to an injunction against Defendants.  In the alternative, VirnetX contends that any denial of an injunction should be conditioned on payment of reasonable royalties for future infringement, including during any stay of an injunction pending appeal.

20.     VirnetX denies Defendants' defenses and declaratory judgment claims that the patents-in-suit are invalid, unenforceable, and not infringed by Defendants.

21. VirnetX denies that Defendants are entitled to their costs, a declaration that this case is exceptional and their attorneys' fees.

22. VirnetX contends that jurisdiction is proper in this Court.

23. VirnetX contends that venue is proper in the United States District Court for the Eastern District of Texas.

24. VirnetX contends that Cisco has sold, offered for sale, used and/or imported in the United States, various infringing products and methods of use including but not limited to:

(a) Cisco products that include or integrate Cisco Unified Communications Manager functionality, including Unified CallManager (versions 4.2.1 and later), Unified Communications Manager (including Unified Communications Manager 6.x, 7.x, and 8.x), Unified Communications Manager Business Edition versions 6, 7, and 8, and Unified Communications Manager Session Management Edition version 7.x and later. Cisco's accused UCM products include Cisco products into which the accused UCM system functionality is integrated or included, including Cisco servers and NM-HD Integrated Services Modules. Supported Cisco servers include the 7815, 7816, 7825, 7828, 7835, and 7845 Series Media Convergence Servers;

(b) Cisco products that include or integrate Cisco Unified Border Element functionality, including Cisco Unified Border Element Service Provider and Enterprise Editions, and Cisco IOS Software (version IOS 12.4T and later) and Cisco Routers and Media Gateways with integrated Cisco Unified Border Element functionality, including Cisco 800, 1800, 2600, 2800, 2900, 3200, 3700, 3800, 3900, 3900E, 7200, 7300, 7301, and ASR 1000 Series Routers, and Cisco AS5350XM and AS5400XM Universal Gateways;

(c) Cisco products that include or integrate Cisco Unified Communications Manager Express functionality, including Unified Communications Manager Express (versions 4.2 and later, formerly Unified CallManager Express). Cisco's accused Unified Communications Manager Express system products include Cisco products into which the accused system functionality is integrated or included, including Cisco routers or IOS Software (version IOS 12.4T and later). This includes Cisco 800, 1800, 2800, 2900, 3200, 3800, 3900, and 3900E Series Routers;

(d)      Cisco products that include or integrate Cisco Unified SIP Proxy Server functionality, including Cisco Unified SIP Proxy Software versions 1.x and 8.x, service/network modules NME-CUSP-522, SM-SRE-700-K9, and SM-SRE-900-K9, Cisco 2900, 3800, 3900, and 3900E Series Integrated Service Routers;

(e)      Cisco products that include or integrate Cisco TelePresence functionality, including Series EX, MXP, MX, Profile, Profile MXP, T, TX1300, TX9000, 500, 1000, 1100, 1300, 3000, 3200, 3010, 3210 Cisco TelePresence Systems, Telepresence software releases 1.1, 1.2, 1.3, 1.4, 1.5, 1.6, 1.7, and 1.8, the Cisco Cius,  Cisco IP Video Phone E20, Cisco TelePresence Multipoint Switch, and Cisco TelePresence Manager. Cisco's accused TelePresence system products include Cisco products into which the accused system functionality is integrated or included, including the following Cisco infrastructure:  Cisco TelePresence Conductor, Cisco TelePresence Video Communication Server (VCS), Cisco TelePresence Advanced Media Gateway Series, Cisco TelePresence IP Gateway Series, Cisco TelePresence ISDN Gateway, Cisco TelePresence MCU 5300 Series, Cisco TelePresence MCU 4501 Series, Cisco TelePresence MCU 4500 Series, Cisco TelePresence MCU 4200 Series, Cisco TelePresence MCU MSE Series, Cisco TelePresence MSE 8000 Series, Cisco TelePresence Multipoint Switch, Cisco TelePresence Serial Gateway Series, and Cisco TelePresence Server;

(f)      Cisco ASA 5500 series, including the Cisco ASA 5505, ASA 5510, ASA 5520, ASA 5540, ASA 5550, ASA 5580, ASA 5512-X, ASA 5515-X, ASA 5525-X, ASA 5545-X, ASA 5555-X, and ASA 5585, and ASA software versions 8.0(4) and later (including 8.2(x), 8.3(x), 8.4(x), 8.5(x), and 8.6(x)));

(g)      Cisco IP Phones, Cisco IP Communicator, and Cisco Cius,  including Cisco 3900, 6900, 7900, 8900, and 9900 Series IP phones, including IP phone models 3911, 6901, 6911, 6921, 6941, 6945, 6961, 6965, 7906G, 7911G, 7920, 7921G, 7925G, 7926G, 7931G, 7935, 7936, 7937G, 7985G; 7912G, 7905G, 7940G, 7941G, 7941G-GE, 7942G, 7945G, 7960G, 7961G, 7961G-GE, 7962G, 7965G, 7970G, 7971G, 7971G-GE, 7975G, 8941, 8945, 8961, 9951, and 9971, IP communicator 2.0, 2.1, 7.0, and 8.6, and Cisco ATA 187 Analog Phone Adaptor;

(h)      Cisco products that include or integrate Cisco AnyConnect for Apple iOS functionality, including Cisco's AnyConnect Secure Mobility Client (also called the "AnyConnect VPN Client") release versions 2.4, 2.4.4, and 2.5.x, configured to run on Apple iOS versions 4.1 or later.  Cisco's accused AnyConnect for Apple iOS products include any additional Cisco products or instrumentalities into which Cisco AnyConnect VPN system functionality is integrated or included, including the Cisco ASA 5500

series, including the Cisco ASA 5505, ASA 5510, ASA 5520, ASA 5540, ASA 5550, ASA 5580, ASA 5512-X, ASA 5515-X, ASA 5525-X, ASA 5545-X, ASA 5555-X, and ASA 5585, and ASA software versions 8.0(4) and later (including 8.2(x), 8.3(x), 8.4(x), 8.5(x), and 8.6(x))). Cisco's AnyConnect for Apple iOS accused products include supported instrumentalities into which the accused VPN functionality is integrated, supported, or included, including Apple's iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPod Touch, iPad, or iPad 2 devices running Apple iOS version 4.1 or later, when configured and operating in a system as intended by Cisco; third-party media that store Cisco AnyConnect Secure Mobility Client release versions 2.4, 2.4.4, and 2.5.x, such as the Apple App Store.

(i)     Cisco products that include or integrate Cisco Easy VPN functionality, including Cisco's Easy VPN Remote, Cisco's Easy VPN Server, and associated Cisco Easy VPN software including Cisco's Easy VPN Client. The Easy VPN accused systems include Cisco systems that include or integrate Cisco Easy VPN functionality, including Cisco's 800, 1700, 1800, 1900, 2800, 2900, 3800, 3900, 7200, 7300, UBR900, and ASR 1000 Series Routers, Cisco's 7301 router, Cisco Catalyst 6500/7600 Series Switches/Routers, Catalyst 6500 Series VPN Services Port Adapter, VPN Services Adapter, as well as certain Cisco IOS Software (version IOS 12.4T and later (including "Cisco IOS Easy VPN"));

(j)     Cisco products that include or integrate Cisco AnyConnect functionality, including Cisco AnyConnect VPN Client, including versions 2.0, 2.1, 2.2, 2.3, 2.4, 2.5 (also referred to as Cisco AnyConnect Secure Mobility Client 2.5), and 3.0 (also referred to as Cisco AnyConnect Secure Mobility Client 3.0), and Cisco's ASA (Adaptive Security Appliance) 5500 series, including at least Cisco's ASA 5505, ASA 5510, ASA 5520, ASA 5540, ASA 5550, ASA 5580, ASA 5512-X, ASA 5515-X, ASA 5525-X, ASA 5545-X, ASA 5555-X, and ASA 5585. Cisco's accused products include any additional Cisco products or instrumentalities into which Cisco AnyConnect VPN system functionality is integrated or included. This includes Cisco ASA software versions 8.0(2) and later (including 8.0(3), 8.0(4), 8.1(x), 8.2(x), 8.3(x), 8.4(x), 8.5(x), and 8.6(x)), and certain Cisco IOS Software (version IOS 12.4T and later), and Cisco routers including SR500, 800, 1800, 1900, 2800, 2900, 3700, 3800, 3900, 7200, 7301 Series Routers. Under various alternative and non-exclusive infringing scenarios, other Cisco products act in an infringing manner in conjunction with the instrumentalities above, including the Cisco Cius, and Cisco IP phones running Cisco IP phone firmware 9.x and later (including firmware upgrades) (with Cisco Unified Communications Manager 8.0.1 and later).

(k)     Cisco products that include or integrate Cisco IME functionality, including Cisco IME servers and software, Cisco Unified Communications Manager

(UCM) and software and Cisco Adaptive Security Appliances (ASA) and software. Accused Cisco IME software and servers include Cisco IME base version 8 and point releases 8.5 and 8.6, Cisco 7825 Media Convergence Servers and Cisco 7845 Media Convergence Servers. Accused Cisco UCM products include Cisco UCM version 8.0; Cisco UCM Session Management Edition 8.0 frontend with Cisco UCM 6.0, 7.0 or older PBX backend; Cisco 7825 Media Convergence Servers; Cisco 7828 Media Convergence Servers; Cisco 7835 Media Convergence Servers and Cisco 7845 Media Convergence Servers. Accused Cisco ASA products include Cisco ASA software versions 8.3(1) and later (including 8.3(x), 8.4(x), 8.5(x) and 8.6(x)) and Cisco's ASA 5500 series, including at least Cisco's 5505, 5510, 5520, 5540, 5550, 5580, 5585, 5512-X, 5515-X, 5525-X, 5545-X and 5555-X Adaptive Security Appliances;

(l)     Cisco products that include or integrate Cisco DMVPN functionality, including at least the following Cisco IOS software and Cisco routers, switches and other hardware platforms (including hardware acceleration modules): Cisco IOS release 12.2(18)SXE2 and subsequent releases; Cisco IOS release 15.0(1) and subsequent releases; Cisco IOS XE release 2.1.0 and subsequent releases; Cisco 800, 1700, 1800, 1900, 2800, 2900, 3700, 3800, 3900, 7200, 7300 and 7600 Series Integrated Service Routers; Cisco 2600XM Multiservice Platforms; Cisco Catalyst 6500 Series Switches and Cisco ASR 1000 Series Routers; and

products with similar functionality.

25.     VirnetX contends that Apple has sold, offered for sale, used and/or imported in the United States, various infringing products and methods of use including but not limited to, Apple products including Apple iPhone, iPhone 3G, iPhone 3GS, iPhone 4, and iPhone 4S running iPhone OS 3.1.x or later; Apple iPod Touch running OS 3.1.x or later; Apple iPad, iPad 2, the New iPad; Apple servers and computers configured to support the FaceTime functionality; Apple computers capable of using the FaceTime functionality (*e.g.*, running the FaceTime for Mac application), and products with similar functionality.

- **Cisco's Statement of Its Contentions**

By providing these Contentions, Cisco does not concede that all of these are appropriate for trial. In particular, Cisco does not waive any of its motions *in limine*, *Daubert* motions, or motion for summary judgment, which, if granted, would render some or all of these issues moot.

Cisco's contentions in this case are detailed in part in its pleadings, discovery responses, the expert reports and Cisco's pending and anticipated motions, including its motions for summary judgment, which are all incorporated by reference herein. Cisco also incorporates by reference the motions and expert reports submitted by Defendants where they contain contentions relevant to Cisco.

1. Cisco contends that it has not infringed, directly or indirectly, any asserted claim, which are: claims 1-5, 7-9, 10, 12, 13, and 18 of the '135 patent; claims 1, 2, 8-14, 16, 17, and 23-29 of the '759 patent; claims 1, 4, 10, 12, 14, 17, 20, 26, 28, 33, and 35 of the '180 patent; claims 1, 6, 8, 14-17, 19-23, 26-36, 38-41, 43-47, and 50-60 of the '504 patent; claims 1, 6, 8, 14-17, 19-23, 26-36, 38-41, 43-47, and 50-60 of the '211 patent; and claims 1, 7, and 13 of the '151 patent.[4]

2. Cisco contends that VirnetX cannot meet its burden of proving by a preponderance of the evidence direct infringement of any third party of any asserted claim.

3. Cisco contends that it has not induced infringement of any asserted claim, and that VirnetX cannot meet its burden of proving that Cisco induced infringement of any asserted claim.

---

[4] The claims asserted by VirnetX against Cisco are different than those asserted against Apple. The use of the term "asserted claims" in this section refers to claims asserted by VirnetX against Cisco.

4. Cisco contends that it has not contributed to infringement of any asserted claim, and that VirnetX cannot meet its burden of proving that Cisco contributed to infringement of any asserted claim.

5. Cisco contends that the accused functionalities in Cisco's accused products have substantial non-infringing uses.

6. Cisco contends that the accused functionalities are not present in a large number of Cisco's accused products.

7. Cisco contends that VirnetX cannot meet its burden of proving that accused Cisco products have been deployed, configured, and used in the manner that VirnetX alleges to infringe.

8. Cisco also contends that VirnetX cannot meet its burden of proving by a preponderance of the evidence that Cisco had the knowledge of infringement and the specific intent to cause direct infringement required for indirect infringement.

9. Cisco contends that VirnetX is barred from asserting its proposed application of the doctrine of equivalents because of the Court's claim construction, the disclosure-dedication rule, and/or the claim vitiation rule.

10. Cisco contends that the asserted claims are invalid because they are anticipated by the prior art under 35 U.S.C. § 102. This contention is based on numerous prior art references as disclosed in Defendants' expert reports and Defendants' invalidity contentions, both of which are incorporated by reference herein.

11. Cisco contends that the asserted claims are invalid because they are rendered obvious by the prior art under 35 U.S.C. § 103. This contention is based on numerous prior art

references as disclosed in Defendants' expert reports and Defendants' invalidity contentions, both of which are incorporated by reference herein.

12. Cisco contends that claims 1-9 and 13 of the '135 patent and all of the claims of the '151 and '759 patents are invalid for failing to contain a written description of the alleged inventions, in violation of 35 U.S.C. § 112, ¶1.

13. Cisco contends that claims 1-9 and 13 of the '135 patent and all of the claims of the '151 and '759 patents are invalid because the specification fails to enable the alleged inventions, in violation of 35 U.S.C. § 112, ¶1.

14. Cisco further contends that the claims of the '211 patent are invalid under the principles of double-patenting, because they cover substantively identical subject matter to the claims of the '504 patent.

15. Cisco further contends that the asserted claims are invalid because the claimed inventors derived the subject matter of the patents-in-suit from Dr. Henning Schulzrinne and/or omitted Dr. Henning Schulzrinne as an inventor from the patents-in-suit, in violation of 35 U.S.C. § 102(f).

16. Cisco contends that no objectively high likelihood exists that the patents-in-suit were valid or infringed by Cisco.

17. Cisco contends that VirnetX cannot meet its burden of proving by clear and convincing evidence that Cisco willfully infringed any asserted claim and that VirnetX is entitled to enhancement of damages under 35 U.S.C. § 284.

18. Cisco contends that VirnetX has not been damaged by Cisco's alleged conduct and is not entitled to damages (including any pre-judgment and/or post-judgment costs).

19. Cisco contends that VirnetX is not entitled to damages based on the entire market value of Cisco's accused products.

20. Cisco contends that VirnetX is not entitled to damages based on Cisco products that do not contain the accused functionalities, and/or that have not been proven to have been actually deployed, configured, and used in the manner that VirnetX alleges to infringe.

21. Cisco contends that VirnetX is not entitled to any supplemental damages, any accounting for damages or attorneys' fees, expenses or costs.

22. Cisco contends that, even if infringement of the asserted claims of the patents-in-suit is found, VirnetX's proposed damages award is excessive and unsupportable.

23. Cisco contends that, even if infringement of the asserted claims of the patents-in-suit is found, VirnetX is not entitled to injunctive relief.

24. Cisco contends that any denial of injunctive relief should not be conditioned on payment of reasonable royalties for future infringement.

25. Cisco contends that VirnetX cannot show that they would be irreparably harmed by Cisco's continued sale of the accused products.

26. Cisco contends that VirnetX cannot show that there is no remedy at law that would be adequate to compensate it for Cisco's continued sale of the accused products.

27. Cisco contends that VirnetX cannot show that the balance of equities indicates that an equitable remedy is warranted.

28. Cisco contends that VirnetX cannot show that the public interest would be served by a permanent injunction.

29. Cisco contends that in the event a jury awards a lump sum royalty to VirnetX covering the life of the patents-in-suit, VirnetX would be precluded from obtaining a permanent injunction.

30. Cisco contends that VirnetX's claims for relief and prayer for damages are limited by 28 U.S.C. § 1498(a) and because the government retains certain rights in one or more of the Patents-in-Suit.

31. Cisco contends that VirnetX claims are barred by laches because VirnetX knew or should have known of Cisco's alleged infringing activity for years prior to filing this lawsuit and delayed for an unreasonable and inexcusable time in filing suit against Cisco, which resulted in material prejudice to Cisco.

32. Cisco contends that VirnetX's claims are barred by equitable estoppel because VirnetX and SAIC misled Cisco into reasonably inferring that they did not intend to enforce their patents against Cisco, and Cisco was materially prejudiced by relying on VirnetX and SAIC's conduct.

33. Cisco contends that VirnetX's claims are barred in whole or in part from recovering damages by 35 U.S.C. § 287 for failing to mark products using the alleged inventions.

34. Cisco contends that this is an exceptional case entitling Cisco to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

- **Apple's Statement of Its Contentions**

1. Apple contends that it has not infringed, directly or indirectly, any of the asserted claims of the '135, '151, '504 and '211 patents , which are: claims 1, 3, 7, 8, 10, and 12 of the '135 patent; claims 1, 7,  and 13 of the '151 patent; claims 1, 2, 5, 6, 14, 15, 16, 17, 19, 20, 21, 23, 26, 27, 28, 33, 34, 35, 36, 37, 38, 41, 43, 44, 45, 46, 47, 50, 51, 52, 57, 58, 59, and 60 of

the '504 patent; and claims 1, 2, 5, 6, 14, 15, 16, 17, 19, 20, 21, 23, 26, 27, 28, 33, 34, 35, 36, 37, 38, 41, 43, 44, 45, 46, 47, 50, 51, 52, 57, 58, 59, and 60 of the '211 patent. ("the Asserted Claims")[5].

2.      Apple contends that VirnetX cannot meet its burden of proving by a preponderance of the evidence direct infringement by Apple of any Asserted Claim of the '135 patent, the '151 patent, the '504 patent, or the '211 patent.

3.      Apple contends that VirnetX cannot meet its burden of proving that Apple induced infringement of any Asserted Claim of the '135 patent, the '151 patent, the '504 patent, or the '211 patent.

4.      Apple contends that VirnetX cannot meet its burden of proving that Apple contributed to infringement of any Asserted Claim of the '135 patent, the '151 patent, the '504 patent, or the '211 patent.

5.      Apple contends that VirnetX is barred from asserting its proposed application of the doctrine of equivalents under the '151 patent because of the Court's claim construction, the disclosure-dedication rule and/or the all-elements / claim vitiation rule.

6.      Apple contends that VirnetX cannot meet its burden of proving by a preponderance of the evidence direct infringement by third parties of any Asserted Claim of the '135 patent, the '151 patent, the '504 patent, or the '211 patent.

7.      Apple contends that VirnetX cannot meet its burden of proving by a preponderance of the evidence that Apple had the knowledge of infringement and the specific intent to cause direct infringement required for indirect infringement.

---

[5] The claims asserted by VirnetX against Apple are not identical to those asserted against Cisco. The capitalized form of the term "Asserted Claims" is used herein to refer to the claims asserted against Apple.

8.     Apple contends that VirnetX cannot meet its burden of proving by a preponderance of the evidence that the accused functionalities in Apple's accused features (including On Demand and FaceTime) lack substantial noninfringing uses.

9.     Apple contends that VirnetX is estopped from asserting that Apple willfully infringed any Asserted Claims of the '135 patent, the '151 patent, the '504 patent, or the '211 patent, and thus is not entitled to enhanced damages under 35 U.S.C. § 284.

10.     Apple contends that the priority date for the '135 and '151 patents is February 15, 2000 and that the priority date for the '504 and '211 patents is April 26, 2000.

11.     Apple contends that the Asserted Claims of the '135 patent, the '151 patent, the '504 patent, and the '211 patent are invalid because they are anticipated by the prior art under 35 U.S.C. § 102.  This contention is based on numerous prior art references as disclosed in Apple's expert reports, and Apple's statement under 35 U.S.C. § 282, both of which are incorporated by reference herein.

12.     Apple contends that the Asserted Claims of the '135 patent, the '151 patent, the '504 patent, and the '211 patent are invalid because they are rendered obvious in light of the prior art under 35 U.S.C. § 103.  This contention is based on numerous prior art references as disclosed in Apple's expert reports, and Apple's statement under 35 U.S.C. § 282, both of which are incorporated by reference herein.

13.     Apple contends that claims 1, 3, 7, and 8 of the '135 patent and all of the claims of the '151 patent are invalid for failing to contain a written description of the inventions, in violation of 35 U.S.C. § 112, ¶1.

14. Apple contends that claims 1, 3, 7, and 8 of the '135 patent and all of the claims of the '151 patent are invalid because the specification fails to enable the inventions, in violation of 35 U.S.C. § 112, ¶1.

15. Apple contends that the asserted claims of the '211 patent are invalid under the principles of double-patenting, because they cover identical subject matter to the claims of the '504 patent, in violation of 35 U.S.C. § 101.

16. Apple contends that the Asserted Claims of the '135 patent, the '151 patent, the '504 patent, and the '211 patent are invalid because the claimed inventors derived the subject matter of the patents from Dr. Henning Schulzrinne and/or omitted Dr. Henning Schulzrinne as an inventor from the patents, in violation of 35 U.S.C. § 102(f).

17. Apple contends that Asserted Claims of the '135 patent are unenforceable by reason of VirnetX's inequitable conduct before the United States Patent and Trademark Office ("USPTO").

18. Apple contends that VirnetX has not been damaged by Apple's alleged conduct and is not entitled to any pre-verdict or post-verdict damages (including prejudgment and post-judgment interest or costs).

19. Apple contends that VirnetX is not entitled to damages based on the entire market value of Apple's accused products.

20. Apple contends that VirnetX is not entitled to any supplemental damages, any accounting for damages or attorneys' fees, expenses or costs.

21. Apple contends that, even if infringement of the Asserted Claims of the '135, '151, '504, and '211 patents is found, VirnetX's proposed damages award is excessive and unsupportable.

22.     Apple contends that, even if infringement of the Asserted Claims of the '135, '151, '504, and '211 patents is found, VirnetX is not entitled to injunctive relief.

23.     Apple contends that if VirnetX is denied injunctive relief, such denial should not be conditioned on payment of reasonable royalties for future infringement.

24.     Apple contends that VirnetX cannot show that it would be irreparably harmed by Apple's continued sale of the accused products.

25.     Apple contends that VirnetX cannot show that there is no remedy at law that would be adequate to compensate it for Apple's continued sale of the accused products.

26.     Apple contends that VirnetX cannot show that the balance of equities indicates that an equitable remedy is warranted.

27.     Apple contends that VirnetX cannot show that the public interest would be served by a permanent injunction.

28.     Apple contends that in the event a jury awards a lump sum royalty to VirnetX covering the life of the '135, '151, '504, and '211 patents, VirnetX would be precluded from obtaining a permanent injunction.

29.     Apple contends that this is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## V.     STIPULATIONS AND UNCONTESTED FACTS

The parties agree to the following stipulations and uncontested facts.

- **VirnetX's and Defendants' Statement of Uncontested Facts**

1.     A person of ordinary skill in the art would have a Master's degree in computer science or computer engineering, or in a related field, as well as about two years of

experience in computer networking and in some aspect of security with respect to computer networks. The parties also agree that such person would have actual experience with networking protocols as well as the security of those protocols.

2.      The '135 patent has an effective filing date of February 15, 2000, and was issued on December 31, 2002.

3.      The '135 patent is entitled "Agile Network Protocol for Secure Communications with Assured System Availability."

4.      Claims 1-5, 7-9, 10, 12, 13, and 18 of the '135 patent are at issue and asserted in this case against Cisco.

5.      Claims 1, 3, 7, 8, 10 and 12 of the '135 patent are at issue and asserted in this case against Apple.

6.      The '759 patent has an effective filing date of April 26, 2000, and was issued on January 4, 2005. The priority date of the '759 patent is April 26, 2000.

7.      The '759 patent is titled "Method for Establishing Secure Communication Link Between Computers of Virtual Private Network without User Entering any Cryptographic Information."

8.      Claims 1, 2, 8-14, 16, 17, and 23-29 of the '759 patent are at issue and asserted in this case against Cisco.

9.      The '180 patent has an effective filing date of April 26, 2000, and was issued on March 6, 2007. The priority date of the '180 patent is April 26, 2000.

10.     The '180 patent is entitled "Method for Establishing Secure Communication Link Between Computers of Virtual Private Network."

11.     Claims 1, 4, 10, 12, 14, 17, 20, 26, 28, 30, 33, and 35 of the '180 patent are at issue and asserted in this case against Cisco.

12.     The '504 patent has an effective filing date of April 26, 2000, and was issued on August 26, 2008. The priority date of the '504 patent is April 26, 2000.

13.     The '504 patent is titled "Agile Network Protocol for Secure Communications Using Secure Domain Names."

14.     Claims 1, 6, 8, 14-17, 19-23, 26-36, 38-41, 43-47, and 50-60 of the '504 patent are at issue and asserted in this case against Cisco.

15.     Claims 1-2, 5-6, 14-17, 19-21, 23, 26-28, 33-38, 41, 43-47, 50-52, and 57-60 of the '504 patent are at issue and asserted in this case against Apple.

16.     The '211 patent has an effective filing date of April 26, 2000, and was issued April 5, 2011. The priority date of the '211 patent is April 26, 2000.

17.     The '211 patent is titled "Agile Network Protocol for Secure Communications Using Secure Domain Names."

18.     Claims 1, 6, 8, 14-17, 19-23, 26-36, 38-41, 43-47, and 50-60 of the '211 patent are at issue and asserted in this case against Cisco.

19.     Claims 1-2, 5-6, 14-17, 19-21, 23, 26-28, 33-38, 41, 43-47, 50-52, and 57-60 of the '211 patent are at issue and asserted in this case against Apple.

20.     The '151 patent has an effective filing date of February 15, 2000, and was issued on February 10, 2009.

21.     The '151 patent is titled "Establishment of a Secure Communication Link Based on a Domain Name Service (DNS) Request."

22.     Claims 1, 7, and 13 of the '151 patent are at issue and asserted in this case against Cisco.

23.     Claims 1, 7 and 13 of the '151 patent are at issue and asserted in this case against Apple.

24.     Venue is proper in the United States District Court for the Eastern District of Texas, Tyler Division, in this case only.

- **VirnetX's Objections to Defendants' Statement of Their Contentions**

VirnetX objects to the Defendants' contentions that were not properly disclosed in this case. For example, various defenses related to invalidity are currently the subject of a motion to strike by VirnetX (See Dkt. No. 446).

- **Defendants' Objections to VirnetX's Statement of Its Contentions**

Apple objects to VirnetX's Contention 2, which states or implies that Apple "security-capable communications products" infringe, and Contention 25, which states or implies that "products with similar functionality" infringe, because VirnetX' s infringement contentions are limited to those products specifically disclosed in the contentions and its expert reports, and it is unclear what "security-capable communications products" and "similar functionality" refer to. Apple further objects to VirnetX's Contentions 2 and 25 to the extent they identify asserted claims and/or accused products not previously disclosed in VirnetX's infringement contentions and expert reports.

Cisco objects to VirnetX's Contention 1, which states or implies that Cisco "security-capable communications products" infringe the patents-in-suit, and further objects to Contention 24, which states that "products with similar functionality" allegedly infringe the patents-in-suit,

because VirnetX's infringement contentions are limited to those products specifically disclosed in their contentions and expert reports, and it is unclear what the terms "security-capable communications products" and "products with similar functionality" refer to. Cisco further objects to VirnetX's Contentions 1 and 24 to the extent they identify asserted claims and/or accused products not previously disclosed in VirnetX's infringement contentions and expert reports. Cisco further objects to VirnetX's contentions to the extent they rely on theories not properly disclosed in this case.

Defendants object to VirnetX's contentions that it is the "owner of all rights, title, and interest" in the patents-in-suit and that VirnetX "possess all rights of recovery" under the patents-in-suit. As this Court has held, SAIC retains substantial rights under the patents-in-suit, including an equity interest in the patents-in-suit. (See Dkt. No. 236.)

## VI. CONTESTED ISSUES OF FACT AND LAW

The Parties identify the following issues of fact that remain to be litigated. To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section. The Parties reserve the right to identify additional factual or legal issues that may arise, including issues raised in any motions *in limine*.

- **VirnetX's Statement of Contested Issues of Fact and Law**

By providing this Statement, VirnetX does not concede that all of these issues are appropriate for trial. In addition, VirnetX does not waive any of its pending motions.

1.      Whether Cisco directly and/or indirectly infringes claims 1-5, 7-9, 10, 12, 13, and 18 of the '135 patent.

2.      Whether Apple directly and/or indirectly infringes claims 1, 3, 7, 8, 10 and 12 of the '135 patent.

3.      Whether Cisco directly and/or indirectly infringes claims 1, 2, 8-14, 16, 17, and 23-29 of the '759 patent.

4.      Whether Cisco directly and/or indirectly infringes claims 1, 4, 10, 12, 14, 17, 20, 26, 28, 30, 33, and 35 of the '180 patent.

5.      Whether Cisco directly and/or indirectly infringes claims 1, 6, 8, 14-17, 19-23, 26-36, 38-41, 43-47, and 50-60 of the '504 patent.

6.      Whether Apple directly and/or indirectly infringes claims 1-2, 5-6, 14-17, 19-21, 23, 26-28, 33-38, 41, 43-47, 50-52, and 57-60 of the '504 patent.

7.      Whether Cisco directly and/or indirectly infringes claims 1, 6, 8, 14-17, 19-23, 26-36, 38-41, 43-47, and 50-60 of the '211 patent.

8.      Whether Apple directly and/or indirectly infringes claims 1-2, 5-6, 14-17, 19-21, 23, 26-28, 33-38, 41, 43-47, 50-52, and 57-60 of the '211 patent.

9.      Whether Cisco directly and/or indirectly infringes claims 1, 7, and 13 of the '151 patent.

10.     Whether Apple directly and/or indirectly infringes claims 1, 7, and 13 of the '151 patent.

11.     Whether Cisco's infringement is willful.

12.     Whether VirnetX is entitled to enhanced damages pursuant to 35 U.S.C. § 284, and if so, the dollar amount of the enhancement.

13.     Whether this case is an exceptional case pursuant to 35 U.S.C. § 285 and whether VirnetX is entitled to an award of attorneys' fees.

14.     Whether VirnetX is entitled to damages to compensate for Defendants' infringement, and, if so, the dollar amount of pre-verdict and post-verdict damages to the time of

judgment adequate to compensate for the infringement of the patent-in-suit, but in no event less than a reasonable royalty.

15.    Whether VirnetX is entitled to costs, and, if so, the dollar amount of their costs.

16.    Whether VirnetX is entitled to prejudgment and post-judgment interest, and, if so, the dollar amount of prejudgment and post-judgment interest.

17.    Whether VirnetX is entitled to an injunction against Defendants pursuant to 35 U.S.C. § 283, requiring Defendants to refrain from directly infringing, contributing to, or inducing the infringement of the patents-in-suit in the United States.

18.    Whether any denial of an injunction should be conditioned on payment of reasonable royalties for future infringement, and if so, the royalty amount set for future infringement and a means or mechanism to account for future royalty payments, including during any stay of an injunction pending appeal.

19.    Whether Defendants have proven by clear and convincing evidence that the claims of the patents-in-suit are invalid because they are anticipated by Defendants' prior art references under 35 U.S.C. § 102.

20.    Whether Defendants have proven by clear and convincing evidence that the claims of the patent-in-suit are obvious under 35 U.S.C. § 103 in view of Defendants' prior art references.

21.    Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa. VirnetX also incorporates by reference the contested issues raised in its pending motions. *See* Section X, *infra*.

- **Cisco's Statement of Its Contested Issues of Fact and Law**

  By providing this Statement, Cisco does not concede that all of these issues are

appropriate for trial. In particular, Cisco does not waive any of its pending or future filed motions, which, if granted, would render some or all of these issues moot.

1.        Whether Cisco has directly infringed the asserted claims of the patents-in-suit.

2.        Whether Cisco has induced infringement of the asserted claims of the patents-in-suit.

3.        Whether Cisco has contributed to infringement of the asserted claims of the patents-in-suit.

4.        Whether the asserted claims of the patents-in-suit are invalid because they are anticipated by the prior art under 35 U.S.C. § 102.

5.        Whether the asserted claims of the patents-in-suit are invalid because they are obvious in light of the prior art under 35 U.S.C. § 103.

6.        Whether claims 1-9 and 13 of the '135 patent and all claims of the '151 and '759 patents are invalid because the specification fails to enable the invention, in violation of 35 U.S.C. § 112, ¶1.

7.        Whether claims 1-9 and 13 of the '135 patent are invalid for failing to contain a written description of the invention, in violation of 35 U.S.C. § 112, ¶1.

8.        Whether the claims of the '211 patent are invalid under the principles of double-patenting because they cover substantively identical subject matter to the claims of the '504 patent.

9.        Whether the asserted claims of the patents-in-suit are invalid as a result of derivation and/or non-joinder.

10.     The amount of reasonable royalty damages to which VirnetX is entitled, if any, if Cisco is found to have infringed a valid and enforceable claim of patents-in-suit.

11.     Whether VirnetX's claims are barred by laches.

12.     Whether VirnetX's claims are barred by equitable estoppel.

13.     Whether an objectively high likelihood exists that the patents-in-suit were valid or infringed by Cisco.

14.     Whether Cisco willfully infringed any asserted claim of the patents-in-suit.

15.     If willfulness is found, whether VirnetX is entitled to enhanced damages, supplemental damages, any accounting for damages or attorneys' fees, expenses, or costs.

16.     Whether VirnetX is entitled to an injunction if infringement of a valid and enforceable claim is found.

17.     Whether this case is "exceptional," entitling Cisco to an award of its attorneys' fees.

- **Apple's Statement of Its Contested Issues of Fact and Law**

By providing this Statement, Apple does not concede that all of these issues are appropriate for trial.  In particular, Apple does not waive any of its pending or future filed motions, which, if granted, would render some or all of these issues moot.

1.     Whether Apple has directly infringed the Asserted Claims of the '135 patent, the '151 patent, the '504 patent, and the '211 patent.

2.     Whether Apple has induced infringement of the Asserted Claims of the '135 patent, the '151 patent, the '504 patent, and the '211 patent.

3.     Whether Apple has contributed to infringement of the Asserted Claims of the '135 patent, the '151 patent, the '504 patent, and the '211 patent.

4.     Whether the Asserted Claims of the '135 patent, the '151 patent, the '504 patent, and the '211 patent are invalid because they are anticipated by the prior art under 35 U.S.C. § 102.

5.     Whether the Asserted Claims of the '135 patent, the '151 patent, the '504 patent, and the '211 patent are invalid because they are obvious in light of the prior art under 35 U.S.C. § 103.

6.     Whether claims 1, 3, 7, and 8 of the '135 patent and all of the claims of the '151 patent are invalid because the specification fails to enable the invention, in violation of 35 U.S.C. § 112, ¶1.

7.     Whether claims 1, 3, 7, and 8 of the '135 patent and all of the claims of the '151 patent are invalid for failing to contain a written description of the invention, in violation of 35 U.S.C. § 112, ¶1.

8.     Whether the Asserted Claims of the '135 patent, the '151 patent, the '504 patent, and the '211 patent are invalid as a result of derivation and non-joinder.

9.     Whether the asserted claims of the '211 patent are invalid under the principles of double-patenting of identical subject matter, in violation of 35 U.S.C. § 101.

10.     Whether the Asserted Claims of the '135 patent are unenforceable by reason of VirnetX's inequitable conduct before the USPTO.

11.     The amount of reasonable royalty damages to which VirnetX is entitled, if any, if Apple is found to have infringed a valid and enforceable claim of the '135, '151, '504, and '211 patents.

12.     Whether VirnetX is entitled to an injunction if infringement of a valid and enforceable claim is found.

13.     Whether this case is "exceptional," entitling Apple to an award of its attorneys' fees.

14.     Whether Apple is entitled to interest, attorneys' fees, expenses or costs. Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa. Apple also incorporates by reference the contested issues raised in its pending motions. *See* Section I, *infra*.

- **VirnetX's Statement Regarding Issues to be Decided by the Court**

1.     VirnetX reserves the right to object to the language and substance of any proposed instructions and questions on the issues of obviousness.

2.     VirnetX contends that any limitations on claim scope under the doctrine of equivalents requires determination by the Court, should not be submitted to the jury, and the jury should not be advised of the defense.

3.     VirnetX contends that all issues related to VirnetX's claims for post trial issues such as injunctive relief, exceptional case, enhanced damages, attorney's fees, post and pre trial interest, and post trial damages as well as Defendants' defenses of laches, estoppel, inequitable conduct require determination by the Court, should not be submitted to the jury, and the jury should not be advised of the request for injunction or the defenses.

4.     VirnetX contends that if the defense of double patenting is allowed, then the issue of double patenting should be determined by the Court.

5.     VirnetX contends that the Court must determine whether or not Cisco has been objectively reckless in its infringement of the patents.

- **Defendants' Statement Regarding Issues to be Decided by the Court**

1. Defendants contend that the issue of whether VirnetX's proposed application of the doctrine of equivalents is barred by the Court's claim construction, the disclosure-dedication rule, and/or the claim vitiation rule is a question of law for the Court. *See, e.g., Pfizer Inc. v. Teva Pharmaceuticals USA, Inc.*, 429 F.3d 1364, 1379 (Fed. Cir. 2005).

2. Cisco contends that the objective determination of recklessness that is prerequisite to a showing of willful infringement requires determination by the Court, should not be submitted to the jury, and that evidence relating solely thereto should not be presented to the jury.. *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, 682 F.3d 1003, 1006-1007 (Fed. Cir. 2012).

3. Defendants contend that the claims of the '211 patent are invalid under the doctrine of statutory double-patenting for covering the same subject matter as the claims of the '504 patent.

4. Defendants contend that VirnetX is not entitled to damages based on the entire market value of Defendants' accused products.

5. Cisco contends that all issues related to VirnetX's claim for enhanced damages, if appropriate, require determination by the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence relating solely thereto.

6. Defendants contend that all issues related to VirnetX's claim for attorneys' fees, if appropriate, require determination by the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence relating solely thereto.

7.     Defendants contend that all issues related to VirnetX's claims for prejudgment interest, if appropriate, require determination by the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence relating solely thereto.

8.     Defendants further contend that injunctive relief is an equitable issue reserved for the Court's discretion, and should be determined solely by the Court.

9.     Apple contends that the issue of whether the Asserted Claims of the '135 patent are unenforceable by reason of VirnetX's inequitable conduct before the USPTO is a question of law for the Court, with submission of the ultimate question to the jury only for an advisory verdict.  *See Flex-Rest, LLC v. Steelcase, Inc.,* 455 F.3d 1351, 1357 (Fed. Cir. 2006) ("Inequitable conduct is an equitable issue committed to the discretion of the trial court and reviewed by [the Federal Circuit] under an abuse of discretion standard.")


## VII.   LIST OF WITNESSES

- VirnetX's Witness and Rebuttal Lists are attached as Exhibit A.

- Defendants' Witness and Rebuttal Lists are attached as Exhibit B.


## VIII.  DEPOSITION DESIGNATIONS

Pursuant to the Court's Docket Control Order (Dkt. No. 111) and Order Amending Docket Control Order (Dkt No. 269), the parties will exchange deposition designations on September 6, 2012.  Rebuttal designations and objections to deposition designations will be exchanged on September 18, 2012.  Objections to rebuttal deposition designations will be exchanged on September 24, 2012.  The parties will supplement this pre-trial order to include additional designations as described in Exhibit C, D, E, L, M, N, O, P, Q, R, S and T below:

- VirnetX's Deposition Designations will be supplemented as Exhibit C.

- Cisco's Deposition Designations will be supplemented as Exhibit D.

- Apple's Deposition Designations will be supplemented as Exhibit E.

- VirnetX's objections and rebuttal deposition designations will be supplemented as Exhibits L and M, respectively.

- Cisco's objections and rebuttal deposition designations will be supplemented as Exhibits N and O, respectively.

- Apple's objections and rebuttal deposition designations will be supplemented as Exhibits P and Q, respectively.

- VirnetX's objections to any rebuttal deposition designations will be supplemented as Exhibit R.

- Cisco's objections to any rebuttal deposition designations will be supplemented as Exhibit S.

- Apple's objections to any rebuttal deposition designations will be supplemented as Exhibit T.

The Parties will meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.

## IX.    LIST OF EXHIBITS

The parties will exchange exhibit lists at Exhibit F, G and H as described below on September 6, 2012.  The parties will exchange objections and rebuttal exhibit lists at Exhibit I, J, and K as described below on September 28, 2012.

- VirnetX's Trial Exhibit List will be supplemented as Exhibit F.

- Cisco's Trial Exhibit List will be supplemented as Exhibit G.

- Apple's Trial Exhibit List will be supplemented as Exhibit H.

- VirnetX's objections to Defendants' Exhibit Lists will be supplemented as Exhibit I.

- Cisco's objections to VirnetX's Exhibit List will be supplemented as Exhibit J.

- Apple's objections to VirnetX's Exhibit List will be supplemented as Exhibit K.

## X.     LIST OF PENDING MOTIONS

| Docket Number | Motion |
|---|---|
| 440 | VirnetX Inc.'s Motion for Partial Summary Judgment of No Invalidity Based on the Defendants' Derivation and Nonjoinder Theories |
| 441 | Apple Inc.'s Motion to Strike Portions of Dr. Mark Jones's May 22, 2012 Expert Report |
| 442 | Apple Inc.'s Motion for Summary Judgment of Non-Infringement of the '135 and '151 Patents |
| 443 | Defendant Cisco Systems, Inc.'s Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,188,180 by Cisco's Dynamic Multipoint VPN Systems |
| 444 | Cisco, Avaya, and Siemens' Common Motion to Strike Portions of Dr. Scott Nettles' Expert Reports |
| 445 | Defendants' Motion to Exclude the Expert Opinions of Mr. Roy Weinstein |
| 446 | Plaintiff VirnetX Inc.'s Motion to Strike Defendants' Untimely Disclosed P.R. 3-3 Invalidity Contentions and to Preclude Defendants from Offering Related Testimony at Trial |
| 447 | Defendants' Joint Motions for Summary Judgment of Non-Infringement Under the Doctrine of Equivalents of the Asserted Claims of the '135 Patent Containing the Term Web Site |
| 477 | Defendants' Motion For A Stay Pending Ongoing Reexamination Proceedings |
| 479 | Defendants' Motion For Separate Trials |

## XI.     PROBABLE LENGTH OF TRIAL

VirnetX estimates the probable length of trial will be 6 days.  VirnetX requests 15 hours per side for direct, cross, and rebuttal examination.  VirnetX further requests 30 minutes per side

for voir dire, and 45 minutes per side for an opening statement, and 45 minutes per side for closing arguments.[6]

Cisco requests 10 days for trial: 4 days for VirnetX, 3 days for Apple, and 3 days for Cisco. Specifically, due to the substantial number of accused products, Cisco requests that each party receive 30 minutes for voir dire, 1 hour for opening statements, and 90 minutes for closing arguments. For direct, cross, and rebuttal examination, Cisco requests 16 hours for VirnetX and 12 hours for each defendant (*i.e.*, 12 hours for Apple and 12 hours for Cisco).

Apple requests 8 days for trial. For direct, cross, and rebuttal examination, Apple requests VirnetX receive 20 hours and each defendant receive 14 hours. Apple requests that each party receive 30 minutes for voir dire. For opening statements, Apple requests that VirnetX receive 45 minutes and each defendant receive 30 minutes. For closing statements, Apple requests that VirnetX receive 1 hour and each defendant receive 45 minutes.[7]

## XII.  CERTIFICATIONS

The undersigned counsel for each of the parties to this action does hereby certify and acknowledge the following:

---

[6] VirnetX will respond to Cisco's and Apple's recently filed motion for individual trials on the scheduled due date. For a trial of VirnetX's claims against any individual defendant only, VirnetX estimates the probable length of trial will be 5 days. VirnetX requests 12 hours per side for direct, cross, and rebuttal examination. VirnetX further requests 30 minutes per side for voir dire, and 45 minutes per side for an opening statement, and 45 minutes per side for closing arguments.

[7] Cisco and Apple have moved to sever this action for individual trials. For the trial involving VirnetX's claims only against Cisco, Cisco requests 6 days for trial, to be divided equally between the parties. Specifically, for each of VirnetX and Cisco, Cisco requests 30 minutes for voir dire, 1 hour for opening statements, 12 hours for direct and cross examinations and rebuttal examinations, and 90 minutes for closing arguments. For the trial involving VirnetX's claims only against Apple, Apple requests 5 days for trial, to be divided equally between the parties. Apple requests that each party receive 30 minutes for voir dire, 30 minutes for opening statements, 14 hours for direct and cross examinations and rebuttal examinations, and 45 minutes for closing arguments.

1.      Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders;

2.      The parties have complied with discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.[8]

3.      Except as otherwise agreed or ordered, counsel for each party will provide the following certification when their respective exhibit lists are filed.  Each exhibit in the List of Exhibits (excluding demonstratives):

      (a)      is in existence;

      (b)      will be numbered; and

      (c)      will be disclosed and shown to opposing counsel on September 13, 2012.


DATED:  September 4, 2012                    Respectfully submitted,

                                                      **McKOOL SMITH, P.C.**

                                                      */s/  Douglas A. Cawley*
                                                      Douglas A. Cawley, ***Lead Attorney***
                                                      Texas State Bar No. 04035500
                                                    E-mail: dcawley@mckoolsmith.com
                                                      Bradley W. Caldwell
                                                      Texas State Bar No. 24040630
                                                      E-mail: bcaldwell@mckoolsmith.com
                                                      Rosemary T. Snider
                                                      Texas State Bar No. 18796500
                                                      Email:  rsnider@mckoolsmith.com
                                                      Jason D. Cassady
                                                      Texas State Bar No. 24045625
                                                      E-mail: jcassady@mckoolsmith.com
                                                      John Austin Curry
                                                      Texas State Bar No. 24059636

---

[8] This representation is subject to any matters addressed in motions and/or objections.

E-mail: acurry@mckoolsmith.com
Seth R. Hasenour
Texas State Bar No. 24059910
Email: shasenour@mckoolsmith.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@mckoolsmith.com
Stacie L. Greskowiak
Texas State Bar No. 24074311
E-mail: sgreskowiak@mckoolsmith.com
Mitchell R. Sibley
Texas State Bar No. 24073097
Email: msibley@mckoolsmith.com
Ryan Hargrave
Texas State Bar No. 24071516
Email: rhargrave@mckoolsmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
E-mail: sbaxter@mckoolsmith.com
**McKool Smith, P.C.**
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Ramzi R. Khazen
Texas State Bar No. 24040855
Email: rkhazen@mckoolsmith.com
Trent E. Campione
Texas State Bar No. 24049730
Email: tcampione@mckoolsmith.com
**McKool Smith, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com

R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
Andrew T. Gorham
Texas Bar No. 24012715
Email: tgorham@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF
VIRNETX INC.**


*/s/  John M. Desmarais*
John M. Desmarais (*pro hac vice*), ***Lead
Attorney***
jdesmarais@desmaraisllp.com
Michael P. Stadnick (*pro hac vice*)
mstadnick@desmaraisllp.com
Paul A. Bondor (*pro hac vice*)
pbondor@desmaraisllp.com
Tamir Packin (*pro hac vice*)
tpackin@desmaraisllp.com
Karim Z. Oussayef (*pro hac vice*)
koussayef@desmaraisllp.com
Ameet A. Modi (*pro hac vice*)
amodi@desmaraisllp.com
John Spaccarotella (*pro hac vice*)
jspaccarotella@desmaraisllp.com
Sean T. Doyle (*pro hac vice*)
sdoyle@desmaraisllp.com
Xiao Li (*pro hac vice*)
xli@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401


Eric H. Findlay
efindlay@findlaycraft.com
Texas Bar No. 00789886
Brian Craft

bcraft@findlaycraft.com
Texas Bar No. 04972020
Walter W. Lackey, Jr.
Texas State Bar No. 24050901
Email: wlackey@findlaycraft.com
**FINDLAY CRAFT, LLP**
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Michael E. Jones
Texas State Bar No. 10929400
Email: mikejones@potterminton.com
Allen F. Gardner
Texas State Bar No. 24043679
Email: allendgardner@potterminton.com
John F. Bufe
Texas State Bar No. 03316930
Email: johnbufe@potterminton.com
**POTTER MINTON P.C.**
110 N. College Ave., Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Bradford J. Black (*pro hac vice*)
E-mail: bblack@blackandchang.com
Peter H. Chang
Texas Bar No. 24040669
Email: pchang@blackandchang.com
Andrew G. Hamill (*pro hac vice*)
Email: ahamill@bchllp.com
**BLACK CHANG & HAMILL LLP**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 813-6210
Facsimile: (415) 813-6211

**ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.**

/s/ Danny L. Williams

Danny L. Williams, **_Lead Attorney_**
Texas State Bar No. 21518050
Email: danny@wmalaw.com
Ruben S. Bains
Texas Bar No. 24001678
Email: rbains@wmalaw.com
Kyung "Drew" Kim
Texas State Bar No. 24007482
Email: dkim@wmalaw.com
Terry D. Morgan
Texas State Bar No. 14452430
Email: tmorgan@wmalaw.com
Matthew R. Rodgers
Texas State Bar no. 24041802
Email: mrodgers@wmalaw.com
Chris N. Cravey
Texas State Bar No. 24034398
Email: ccravey@wmalaw.com
Leisa Talbert Peschel
Texas State Bar No. 24060414
Email: lpeschel@wmalaw.com
Scott E. Woloson
Texas State Bar No. 24066305
Email: swoloson@wmalaw.com
**WILLIAMS, MORGAN & AMERSON, P.C.**
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

Brian Craft
Texas Bar No. 04972020
Email: bcraft@findlaycraft.com
Eric H. Findlay
Texas Bar No. 00789886
Email: efindlay@findlaycraft.com
**FINDLAY CRAFT, LLP**
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Eric M. Albritton
Texas State Bar No. 00790215
Email:  ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
Email:  see@emafirm.com
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas  75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

Marcia Sundeen (*pro hac vice*)
Email:  msundeen@kenyon.com
**KENYON & KENYON LLP**
1500 K Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 220-4200
Facsimile:  (202) 220-4201

Megan Whyman Olesek (*pro hac vice*)
Email:  molesek@kenyon.com
**KENYON & KENYON LLP**
1801 Page Mill Road, Suite 210
Palo Alto, CA  94304-1216
Telephone:  (650) 384-4701
Facsimile:  (650) 384-4701

**ATTORNEYS FOR DEFENDANT
APPLE, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on this 4th day of September, 2012.  Local Rule CV-53(a)(3)(A).

_/s/  Jason D. Cassady_
Jason D. Cassady