IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:10-cv-417 |
| | § | |
| CISCO SYSTEMS, INC., et al. | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |
| | § | |

# VIRNETX INC.'S SURREPLY IN OPPOSITION TO THE DEFENDANTS' MOTION FOR A STAY PENDING ONGOING REEXAMINATION PROCEEDINGS [DKT. NO. 470]

## I. ARGUMENT IN SURREPLY

### A. There Has Been No Prosecution History Disclaimer.

In their Opening Motion for a Stay, Apple and Cisco falsely accused VirnetX of:

- advancing "interpretations of its claims that are narrower than this Court's constructions to avoid invalidation" that resulted in "ever-shifting patent claims," *see* Dkt. No. 470 at 1;
- making "inconsistent statements to the Patent Office and to this Court," *see id*. at 5; and
- having "frustrated this Court's prior efforts to properly construe the claims by altering claim scope," *see id*. at 4.

Tellingly, these accusations were made with no support other than the Defendants' *ipse dixit*, and in its Response, VirnetX specifically challenged Apple and Cisco to substantiate these allegations. *See* Dkt. No. 505 at 2. In their Reply, Apple and Cisco substantiated nothing. Instead, they argued: "[E]ven if VirnetX's statements to the PTO do not rise to the level of ***express*** disclaimer of claim scope, prosecution history is still intrinsic evidence and informs claim meaning." *See* Dkt. No. 535 at 3 (emphasis added). But of course, the re-examination can only affect claim scope via actual claim amendments (which there have been none) or "clear and unmistakable" prosecution history disclaimer (which would have to be express). *See Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003) (reversing a claim construction ruling where a construction included a limitation absent "any ***express*** disclaimer" that would justify adding the limitation) (emphasis added).

-1-

### B. A Stay Would Simplify Nothing.

Also in their Motion, Apple and Cisco argued that a stay would somehow "simplify" the case. But as VirnetX demonstrated in its Response, a stay would simply nothing.[1] At a minimum, the Defendants have telegraphed that, when the stay would lift, they would raise disputes related to the appropriate scope of collateral estoppel and claim construction. And given that the stay the Defendants are seeking would likely lift in mid-2014 (see Dkt. No. 505-3 at 2), the parties would inevitably have to reopen discovery and rewrite expert reports to account for the intervening two years. In their Reply, Apple and Cisco nonetheless argue that a stay will simplify the case by reducing the number of asserted claims. *See* Dkt. No. 535 at 3. This ignores, of course, that VirnetX will reduce the number of claims **without a stay** in order to streamline its trial presentation and also to provide a hedge so that an adverse verdict against one defendant has no impact on the other.

### C. The Re-Exam Is Not "Relatively Advanced."

Apple and Cisco repeatedly assert that the re-examination is "***relatively*** advanced." This may be true relative to a hypothetical newly initiated re-exam, but it is certainly not true relative to the litigation. VirnetX's trial against Apple will conclude in early November, and the case will be ripe for appeal to the Federal Circuit once the Court enters judgment. In contrast, if VirnetX or the Defendants appeal the re-examiner's decisions to the Board of Patent Appeals and

---

[1] As VirnetX stated in its Response, Apple neither met and conferred with VirnetX before filing the Motion for a Stay nor answered VirnetX's questions asking how a stay would simplify the case. Instead, Apple tried to whitewash its failure to comply with the meet and confer requirement by asking whether VirnetX was "*still* opposed to staying the case" in an email sent two days after Apple filed its Motion. *See* Dkt. No. 535-2 at 1 (emphasis added). In other words, the email was simply Apple's attempt to create a paper trail that falsely implied that Apple secured VirnetX's opposition before Apple filed its Motion, and in any event, Apple provided no answers to VirnetX's questions.

-2-

Interferences ("BPAI"), the BPAI would likely issue its decision in 2-3 years. Only after this would VirnetX or the Defendants be able to appeal to the Federal Circuit.

## II. CONCLUSION

VirnetX will be ready for trial on October 31, 2012, and there is no reason to stay the upcoming trial. VirnetX therefore respectfully requests the Court deny the Defendants' motion for a stay.

-3-
McKool 830563v1

DATED:  October 12, 2012	Respectfully submitted,

**McKOOL SMITH, P.C.**
/s/  *Douglas A. Cawley*
Douglas A. Cawley, ***Lead Attorney***
Texas State Bar No. 04035500
E-mail: dcawley@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
E-mail: bcaldwell@mckoolsmith.com
Jason D. Cassady
Texas State Bar No. 24045625
E-mail: jcassady@mckoolsmith.com
John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@mckoolsmith.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@mckoolsmith.com
Stacie L. Greskowiak
Texas State Bar No. 24074311
E-mail: sgreskowiak@mckoolsmith.com
Mitchell R. Sibley
Texas State Bar No. 24073097
Email:  msibley@mckoolsmith.com
Rosemary T. Snider
Texas State Bar No. 18796500
Email:  rsnider@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044
Sam F. Baxter
Texas State Bar No. 01938000
E-mail: sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Ramzi R. Khazen
Texas State Bar No. 24040855
Email: rkhazen@mckoolsmith.com
Trent E. Campione
Texas State Bar No. 24049730
Email: tcampione@mckoolsmith.com
Seth R. Hasenour
Texas State Bar No. 24059910
Email: shasenour@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
Andrew T. Gorham
Texas Bar No. 24012715
Email: tgorham@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
**ATTORNEYS FOR PLAINTIFF VIRNETX INC.**

## CERTIFICATE OF SERVICE

       The undersigned certifies that, on October 12, 2012, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

                                    */s/ Austin Curry*
                                    John Austin Curry