IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

OCTOBER 18, 2012

**LEONARD DAVIS, Judge Presiding**

Law Clerk(s):  Gabrielle LaHatte  
Chief Staff Attorney:  Nicole Mitchell

Court Reporter:  Shea Sloan  
Judicial Assistant:  Carrie King

| VIRNETX INC. V. APPLE INC. | CIVIL ACTION NO: 6:10-CV-417 PRETRIAL CONFERENCE |
|---|---|
| ATTORNEYS FOR PLAINTIFF See Sign-In Sheet | ATTORNEYS FOR DEFENDANTS See Sign-In Sheet |

On this day, came the parties by their attorneys and the following proceedings were had:

| OPEN:   9:00 AM | ADJOURN:   3:45 PM |
|---|---|

| TIME: | MINUTES: |
|---|---|
| 9:00 AM | Case called.  PARTIES ANNOUNCED READY.  (SEE SIGN-IN SHEETS) |
| | Court addressed the parties regarding the *Joint Motion to Exceed Limits on Exhibit and Deposition Designations for Trial* (Docket #550). |
| | Court GRANTED the *Joint Motion to Exceed Limits on Exhibit and Deposition Designations for Trial* (Docket #550). |
| | Court requested arguments from the parties on Defendants' *Motion to Stay Pending Ongoing Reexamination Proceedings* (Docket #477). |
| | Michael Stadnick for Cisco presented arguments.  Discussed proceedings at USPTO.  Discussed prior case against Microsoft.  Discussed claim status for each patent at the USPTO.  Discussed legal standards.  Discussed prejudice issues. Discussed simplification of case and current litigation status. |
| | Danny Williams for Apple presented additional arguments.  Discussed status of patents asserted against Apple at USPTO. |
| | Doug Cawley presented arguments for Plaintiff.  Discussed examples of cases litigated while USPTO proceedings pending and unpredictability of final USPTO actions.  Discussed *Soverain* factors.  Discussed prejudice issues.  Court inquired regarding litigation timeframe as opposed to USPTO proceedings.  Mr. Cawley responded.  Discussed simplification issues.  Court inquired regarding claim scope in reexamination proceedings.  Mr. Cawley responded. |
| | Mr. Stadnick responded for Cisco.  Discussed examples provided by Plaintiff and differences in this case.  Discussed priority of litigation and USPTO actions. |

| TIME: | MINUTES: |
|---|---|
|  | Mr. Williams responded for Apple. Discussed example of reexamination in prior Microsoft case. Discussed current status at USPTO. |
|  | Mr. Cawley replied for Plaintiff. Discussed reexamination status and lack of outcome predictability. |
|  | Court DENIED Defendants' *Motion to Stay Pending Ongoing Reexamination Proceedings* (Docket #477). |
|  | Court addressed the parties and requested arguments on Plaintiff's *Motion to Strike Defendants' Untimely Disclosed P.R. 3-3 Invalidity Contentions and to Exclude Related Testimony at Trial* (Docket #446). |
|  | Jason Cassady presented arguments for Plaintiff. Requested to include arguments on Plaintiff's *Motion for Partial Summary Judgment of No Invalidity Based on the Defendants' Derivation and Nonjoinder Theories* (Docket #440) as well. Defendants did not object. Mr. Cassady continued with presentation. Discussed procedural issues and reargument of issue. Court and Mr. Cassady discussed. Mr. Cassady continued presentation. Discussed P.R. 3-6(a). Discussed prior proceedings and depositions. Discussed deposition testimony of H. Schulzrinne. Discussed report of Defendants' expert P. Alexander. Discussed conception ideas from *Jolly*. Presented handout of *Bosies* case and discussed case. |
|  | John Desmarais responded for Cisco. Discussed Plaintiff's contentions. Discussed legal test – derivation and non-joinder. Discussed deposition testimony of R. Short. Discussed report and deposition testimony of H. Schulzrinne. Discussed deposition testimony of E. Munger. Court inquired regarding Schulzrinne report. Mr. Desmarais responded. Court inquired as to use of report in invalidity contentions. Mr. Desmarais responded. Court and Mr. Desmarais discussed. |
|  | Mr. Desmarais continued discussion of Schulzrinne report and deposition testimony. Discussed expert Alexander report. Discussed summary judgment arguments on derivation. Discussed inventor access to Schulzrinne ideas. Discussed deposition testimony of R. Short. Discussed deposition testimony of K. Larsen. Discussed prongs of derivation test. Court inquired regarding expert Alexander. Mr. Desmarais responded. Court and Mr. Desmarais discussed. Mr. Desmarais continued discussion. Discussed inventorship and non-joinder. Court inquired regarding standing issue. Mr. Desmarais responded. |
|  | Mr. Cassady responded for Plaintiff. Discussed Schulzrinne testimony and Alexander report. Discussed *Bosies* case. Discussed timing of Schulzrinne deposition. Discussed inventorship and non-joinder issues. Further discussed Alexander report. |
|  | Mr. Desmarais replied for Cisco. Discussed contract between Schulzrinne and Columbia and ownership of inventions. Discussed *Bosies* case. Court inquired regarding similar cases. Mr. Desmarais responded. |
| 10:45 AM | Court in recess 15 minutes. |
| 11:00 AM | Hearing resumed. Mr. Desmarais presented handout of *Price* case. Presented arguments and discussed case. Discussed purpose of Alexander testimony. Court requested copy of Schulzrinne report. Mr. Desmarais tendered copy to Court. |

| TIME: | MINUTES: |
|---|---|
| | Mr. Cassady responded for Plaintiff. Discussed *Price* case. Discussed *Bosies* case. Further discussed *Price* case. Court inquired regarding portion of *Price* quoted. Brad Caldwell for Plaintiff responded. Mr. Cassady continued presentation. |
| | Mr. Desmarais responded and discussed *Price* case. |
| | Mr. Cassady responded and explained there are two persons named Price in the *Price* case. Further discussed case. Court inquired as to what *Price* case is about. Mr. Cassady replied. |
| | Court inquired of Mr. Desmarais regarding documents corroborating testimony. Mr. Desmarais replied. Court requested response from Mr. Cassady. Mr. Cassady responded. Mr. Desmarais responded. |
| | Court inquired of Mr. Cassady regarding prior art and testimony. Mr. Cassady responded. Mr. Desmarais responded and discussed derivation. Mr. Cassady responded and discussed conception. Mr. Desmarais responded. |
| | Court requested final arguments from Mr. Cassady. Mr. Cassady discussed *Price* case. Court inquired regarding corroborating testimony as to date. Brad Caldwell responded. Court and Mr. Caldwell discussed. |
| | Court requested response from Mr. Desmarais. Mr. Desmarais responded. Court inquired regarding anticipation and derivation. Mr. Desmarais responded. Court and Mr. Desmarais discussed. |
| | Mr. Cassady responded. Discussed standards. Discussed anticipation and derivation. Discussed non-joinder. Discussed Alexander report. Discussed potential bifurcation of anticipation and derivation issues. Mr. Desmarais responded and discussed prior Microsoft case. Mr. Cassady responded and discussed Schulzrinne testimony and conception. |
| | Court requested arguments on Plaintiff's *Motion to Strike Defendants' Untimely Disclosed P.R. 3-3 Invalidity Contentions and to Exclude Related Testimony at Trial* (Docket #446). |
| | Mr. Stadnick presented arguments for Cisco. Discussed P.R. 3-6(b). Discussed timeframe. Court inquired regarding procedural timeframe. Mr. Stadnick responded. Court and Mr. Stadnick discussed. Mr. Stadnick continued presentation. Discussed 3-6(a) standard. Court inquired regarding amendment. Mr. Stadnick responded. Discussed Schulzrinne report. Court inquired regarding doctrine of equivalents and prior art. Mr. Stadnick responded. Court and Mr. Stadnick discussed. Mr. Stadnick continued presentation. |
| | Mr. Cassady responded for Plaintiff. Mr. Stadnick responded. Mr. Cassady responded and discussed 3-6(a). Mr. Stadnick responded. Mr. Cassady responded. |
| 11:45 AM | Court in recess for lunch. |
| 1:00 PM | Hearing resumed. Court requested arguments on Apple's *Motion to Strike Portions of Dr. Mark Jones's May 22, 2012 Expert Report* (Docket #441). |
| | Scott Woloson for Apple presented arguments and issues. Discussed doctrine of equivalents. |

| TIME: | MINUTES: |
|---|---|
| | Austin Curry presented arguments for Plaintiff. Discussed construction of "between A and B". Court inquired regarding Defendants' proposed construction. Mr. Curry responded. Continued presentation. |
| | Mr. Woloson responded for Apple. Discussed timeframe of disclosure of construction and Court's prior rulings. Discussed good cause. Court inquired regarding prejudice to Apple. Mr. Woloson responded. Court inquired regarding doctrine of equivalents. Mr. Woloson responded. Court inquired regarding comparison of proposed constructions. Mr. Woloson responded. Mr. Curry responded for Plaintiff. |
| | Mr. Woloson further responded for Apple. Mr. Curry responded. |
| | Court requested final arguments on the motion. Mr. Woloson responded and presented arguments for Apple. Discussed Plaintiff's lack of diligence. Mr. Curry responded for Plaintiff. Mr. Woloson responded. |
| | Court requested arguments on Apple's *Motion for Summary Judgment of Non-Infringement of the 135 and 151 Patents* (Docket #442). Danny Williams presented arguments for Apple. Court inquired regarding on demand feature. Mr. Williams responded. Court inquired regarding secure and unsecure websites. Mr. Williams responded. Court and Mr. Williams discussed. Mr. Williams continued presentation. |
| | Brad Caldwell responded for Plaintiff. Court inquired regarding report of Apple's expert report J. Kelly. Mr. Caldwell responded. Discussed Microsoft case. Discussed Alexander report. Discussed testimony of S. Stubblebine. Court requested response to Mr. Williams' chocolate metaphor. Mr. Caldwell responded. Discussed Kelly testimony. |
| | Court requested response from Mr. Caldwell regarding Microsoft case and prior art. Mr. Caldwell and Mr. Curry responded. Mr. Caldwell further responded. |
| | Mr. Williams responded for Apple. Discussed Microsoft case and Kelly testimony. Mr. Caldwell responded regarding Microsoft case and Kelly testimony. Mr. Williams responded and continued to discuss Kelly testimony. Mr. Caldwell responded. Mr. Williams responded. |
| | Court requested arguments on Cisco's *Motion to Exclude the Expert Opinions of Mr. Roy Weinstein* (Docket #445). Matt Rodgers presented arguments for Apple. Discussed Weinstein theories. Court inquired regarding Mac OS devices and FaceTime upgrades. Mr. Rodgers responded. Court and Mr. Rodgers discussed. Mr. Rodgers continued presentation. Discussed Nash Bargaining Solution Theory. |
| 2:40 PM | Court in recess for 10 minutes. |

| TIME: | MINUTES: |
|---|---|
| 2:50 PM | Hearing resumed. Paul Bondor for Cisco requested to make additional arguments. Discussed royalty calculations. Discussed Weinstein analysis. T. John Ward, Jr. (counsel in Mitel case) made brief statement. Mr. Cassady responded. Discussed Weinstein analysis. Court inquired regarding formula used. Mr. Cassady responded. Court and Mr. Cassady discussed. Mr. Cassady continued response. Discussed damages models. Discussed Apple customer surveys and FaceTime. Court inquired regarding Weinstein damage chart. Mr. Cassady responded. Court and Mr. Cassady discussed. |
| | Mr. Rodgers responded for Apple. Court inquired of Mr. Cassady regarding royalties. Mr. Cassady responded. Court and Mr. Cassady discussed. Mr. Rodgers responded. Discussed market value. Mr. Cassady responded. Discussed *Lucent* case. Discussed conservative approach. Court inquired regarding value of products. Mr. Rodgers responded. Mr. Cassady responded. Court inquired regarding alternatives. Mr. Rodgers responded. Discussed value of FaceTime. Mr. Cassady responded and discussed FaceTime. |
| | Court inquired regarding additional matters to be discussed. Mr. Cawley responded regarding Motions in Limine. Mr. Cassady further responded that Plaintiff has issues to address regarding its Motion in Limine. Mr. Caldwell presented arguments on Plaintiff's *Motion in Limine* (Docket #538) Section E. Discussed prior sanctions against Apple. Court inquired regarding outcome. Mr. Caldwell responded. Discussed "transmitting" non-infringement term. Mr. Williams responded. Discussed code. Court inquired regarding agreement on Motion in Limine. Mr. Williams responded. Court inquired regarding code. Mr. Williams responded. Mr. Caldwell responded. Mr. Williams responded. Court Orders the parties to meet and confer on Motions in Limine. |
| 3:45 PM | There being nothing further, Court adjourned. |