**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **VIRNETX INC.,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:10-CV-417** |
| | § | |
| **CISCO SYSTEMS, INC. et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**ORDER**

Before the Court are the following motions:

- Apple's Motion to Strike Portions of Dr. Mark Jones's May 22, 2012 Expert Report (Docket No. 441);

- VirnetX's Motion to Strike Defendants' Untimely Disclosed P.R. 3–3 Invalidity Contentions and to Exclude Related Testimony at Trial (Docket No. 446); and

- Virnetx's Motion for Partial Summary Judgment of No Invalidity Based on Defendants' Derivation and Non-Joinder Theories (Docket No. 440).

The Court heard arguments regarding these motions at the October 18, 2012 pretrial hearing. Having considered the parties' written submissions and oral arguments, the Court **DENIES** Apple's Motion to Strike Portions of Dr. Mark Jones's May 22, 2012 Expert Report. The Court **GRANTS** VirnetX's Motion to Strike Defendants' Untimely Disclosed P.R. 3–3 Invalidity Contentions and Exclude Related Testimony at Trial, and **GRANTS** VirnetX's Motion for Partial Summary Judgment of No Invalidity Based on Defendants' Derivation and Non–Joinder Theories.

**BACKGROUND**

On August 11, 2010, VirnetX brought suit against Cisco Systems, Inc., NEC Corporation, NEC Corporation of America, Aastra USA Inc., Aastra Technologies Ltd., and Apple Inc. alleging the infringement of U.S. Patent Nos. 6,502,135 ("the '135 Patent"), 6,839,759 ("the '759 Patent"), 7,188,180 ("the '180 Patent"), 7,418,504 ("the '504 Patent"), 7,490,151 ("the '151 Patent"), and 7,921,211 ("the '211 Patent").

As required by the Local Patent Rules ("P.R."), the parties exchanged infringement and invalidity contentions.  On January 31, 2012, VirnetX filed a motion for leave to amend its infringement contentions to include Doctrine of Equivalents infringement theories under P.R. 3–6(b). Docket No. 214.  The Court denied VirnetX's request, however it noted the order was without prejudice to VirnetX's right to amend pursuant to P.R. 3–6, to the extent VirnetX believed in good faith that the Court's Claim Construction Ruling required it. Docket No. 287. The Court issued its Claim Construction Ruling on April 25, 2012. Docket No. 266.

Additionally, on May 5, 2012, Defendants requested leave to supplement their invalidity contentions under P.R. 3–6(b), in order to include additional references, in particular a presentation created by Dr. Henning Schulzrinne ("the Schulzrinne presentation"). *See* Docket No. 277.  At the July 12, 2012 hearing, the Court denied the Defendants' Motion to Supplement under P.R. 3–6(b). *See* Docket No. 433 at 93.

On May 25, 2012, VirnetX informed Defendants it was incorporating its expert reports, including Dr. Jones's expert report, as its P.R. 3–6 Disclosure on Doctrine of Equivalents. *See* Docket No. 441 at 4; Docket No. 441–9 at 6. In response to VirnetX's infringement amendments, on June 14, 2012, Defendants informed VirnetX they were incorporating Dr.

Alexander's expert report into their invalidity contentions pursuant to P.R. 3–6(a)(2)(A).[1]  *See*

Docket No. 458–5 at 2.   There is no dispute as to whether the parties submitted their

amendments within the time period allotted in P.R. 3–6(a).

The parties now dispute whether these amendments are proper under the local patent

rules, and if so, whether the Schulzrinne presentation without Dr. Schulzrinne's testimony is

sufficient to support Defendants' invalidity theories of derivation and non–joinder.

## I.   MOTIONS REGARDING LOCAL PATENT RULE 3–6

### APPLICABLE LAW

P.R. 3–6(a) allows a party to amend infringement contentions or invalidity contentions

without leave of the Court if: (1) "a party claiming patent infringement believes in good faith that

the Court's Claim Construction Ruling so requires"; (2) a party opposing patent infringement

was "served infringement contentions pursuant to P.R. 3–6(a)"; or (3) a party opposing "patent

infringement believes in good faith that the Court's Claim Construction Ruling so requires."

The Local Patent Rules were created "to further the goal of full, timely discovery and

provide all parties with adequate notice and information with which to litigate their cases."

*Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007)

(quoting *IXYS Corp. v. Advanced Power Tech., Inc.,* 2004 U.S. Dist. LEXIS 10934, *3 (N.D.

Cal. June 16, 2004).   Of course, amendments to infringement and invalidity contentions are

permissible under the rules, however amendments cannot leave a party high and dry on the eve

of trial.   Accordingly, "the right to amend under P.R. 3–6 is subject to the court's . . . duty to

avoid unduly prejudicing [a party] through eleventh hour alterations." *Computer Acceleration*

---

[1] Dr. Alexander's report addresses the invalidity of the '135, '504, '211, '151, '180, and '759 Patents.  In particular, it analyzes the Schulzrinne Presentation and how the presentation renders the patents–in–suit anticipated and/or obvious.  Additionally, Dr. Alexander's report discusses invalidity defenses based on the Schulzrinne Presentation including derivation and non–joinder.  *See* Docket No. 440 at 1–2; Docket No. 458 at 4.

*Corp.*, 503 F. Supp. 2d 819 at 824, n.2 (citing *IXYS Corp. v. Advanced Power Tech., Inc.,* 2004 U.S. Dist. LEXIS 10934, *1).

## ANALYSIS

### *Apple's Motion to Strike Portions of Dr. Mark Jones's May 22, 2012 Expert Report*

In his report, Dr. Jones discusses Apple's products and how they may potentially infringe VirnetX's patents.  *See* Docket No. 441–8 at 2.  His report analyzes Apple's servers and addresses whether Apple's products infringe VirnetX's patents under the Doctrine of Equivalents. On May 22, 2012, VirnetX amended its infringement contentions to include this report.  Apple asserts this amendment is impermissible under P.R. 3–6, because VirnetX lacks a good faith basis for its amendments and the amendments are untimely.

Regarding the doctrine of equivalents theory, Apple contends the Court's Claim Construction Ruling did not necessitate the amendment. Docket No. 441 at 6.  Specifically, Apple argues VirnetX was aware as early as September 2011 of Defendants' proposed claim construction, and VirnetX cannot merely allege it was surprised by the Court's Claim Construction ruling to support its good faith belief that the ruling necessitated the amendment. *Id.* at 6–7.

VirnetX counters that it had previously disclosed the doctrine of equivalents theory to Defendants on January 4, 2012 to account for the possibility that the Court would adopt Defendants' construction.  Docket No. 463 at 4.  While the Court later denied VirnetX's motion for leave to amend its infringement contentions, the Court specifically stated VirnetX could amend its infringement contentions pursuant to P.R. 3–6(a) if necessary following the Court's Claim Construction Opinion.  VirnetX argues the Court's ruling necessitated the amendment, because the Court construed "between [A] and [B]" as "extending from [A] to [B]."  VirnetX argues the term "extending" is not the plain meaning of the word "between" and in its opinion,

the patents do not support limiting the claim language in this manner.  Docket No. 463 at 5.

Lastly, at the hearing, VirnetX explained that the Court's construction of the term "extending"

could exclude an embodiment where the connection between the VPN server and the secure

server was a secure link but not necessarily encrypted.  Therefore, it was necessary to include

that this type of connection is infringing under the doctrine of equivalents.

P.R. 3–6(a)(1) allows a party alleging patent infringement to amend its contentions in

light of an unexpected claim construction by the Court.  *Nike, Inc. v. Adidas Am., Inc.,* 479 F.

Supp.2d 664, 667 (E.D. Tex 2007).   Traditionally, the Court's adoption of another's party

construction alone is not sufficient to support a party's good faith belief it was surprised by the

Court's ruling.  *Id.* at 668.  However, in this case, VirnetX originally disclosed its doctrine of

equivalents theory to Defendants after both sides could not agree upon a claim construction for

"between [A] and [B]", but before the Court's *Markman* hearing on January 5, 2012.[2]

Additionally, unlike prior parties seeking amendments under P.R. 3–6(a), VirnetX has previously

attempted to amend its contentions after it learned of the Defendants' proposed construction.  *See*

*id.* at 670; *Saffran v. Boston Sci. Corp.*, No. 2:05-cv-547, Docket No. 143 at 6 (E.D. Tex. Jan 28,

2008). Also, VirnetX has raised concerns that its literal infringement allegations against

Defendants were disposed of in light of the Court's Construction Ruling.  *See Nike, Inc.*, 479 F.

Supp. 2d at 670 (noting Nike did not raise the possibility that Nike's literal infringement theory

was foreclosed by the Court's claim construction)  Accordingly, VirnetX has established a good

faith basis for its amendments pursuant to P.R. 3–6(a)(1).

---

[2] Apple asserts VirnetX should have been aware of Defendants' construction as early as September 2011.  However the parties did not narrow the disputed claim terms until November 7, 2011.  Within 2 months, VirnetX served its doctrine of equivalents theory to account for the possibility that the Court adopted Defendants' construction.  *See* Docket No. 463 at 4.

Furthermore, Apple will not be unduly prejudiced by VirnetX's amended infringement contentions.  The spirit of the local patent rules is to prevent surprises at the "eleventh hour". *SSL Servs., LLC v. Citrix Sys.,* 2012 U.S. Dist. LEXIS 35788, *6–*7 (E.D. Tex 2012).  Here, VirnetX initially disclosed its doctrine of equivalents theory over ten months ago in response to Defendants' proposed claim construction.  While the amendment was not formally adopted until May, Apple was well aware VirnetX was pursuing a doctrine of equivalents theory if the phrase "between [A] and [B]" was construed in favor of the Defendants and thus cannot claim surprise at this juncture.

Apple also moves to strike the portions of Dr. Jones's Report which discuss Apple's FaceTime registration servers.  According to Apple, VirnetX never identified Apple's FaceTime registration servers as accused instrumentalities until Dr. Jones's Report.  Docket No. 441 at 10. Apple argues this is a new infringement theory that should be struck for its untimeliness. *Id.* VirnetX counters it was merely adding details to its infringement contentions after learning the internal name of Apple's servers, since previously VirnetX was only able to describe the servers as Apple servers that store "a plurality of domain names (e.g., e-mail addresses or phone numbers)" as part of the Accused Instrumentality.  Docket No. 463 at 3.  Therefore, Dr. Jones's report does not assert a new theory but merely fleshes out its prior contentions.

While Apple alleges VirnetX was required to supplement its infringement contentions to include this new information, Apple's conduct suggests Apple knew the registration servers were at issue here.  Indeed Apple's expert studied Apple's registration servers prior to the disclosure of Dr. Jones's report. *See* Docket No. 463 at 7.  Additionally, while VirnetX's infringement contentions include the internal names of some Apple servers, its contentions do not state they are limited to only those servers.  Rather the contentions are limited to those instrumentalities

6

that comprise "a domain name service configured to be connected to a communication network, to store a plurality of domain names (*e.g.,* e-mail addresses or phone numbers) and corresponding network addresses (*e.g.,* IP addresses and, in some cases, NAT information)." *See* Docket 441–11 at 3.  Since Apple's registration servers fall within this definition, Dr. Jones's use of the internal name for an accused Apple server in his report does not amount to a new infringement theory.

Accordingly, Apple's Motion to Strike Portions of Dr. Mark Jones's May 22, 2012 Expert Report is **DENIED.**

### *VirnetX's Motion to Strike Defendants' Untimely Disclosed P.R. 3-3 Invalidity Contentions and to Exclude Related Testimony at Trial*

VirnetX moves to strike Defendants' amended invalidity contentions, arguing Defendants' proposed amendments are not permitted under the Local Rules.  As discussed above, VirnetX amended its infringement contentions in light of the Court's Claim Construction ruling.  In response to VirnetX's amendments, Defendants gave VirnetX notice they were amending their invalidity contentions pursuant to P.R. 3–6(a)(2)(A), which permits a party to serve amended invalidity contentions if a party has served infringement contentions pursuant to P.R. 3–6(a). Specifically, Defendants are seeking to include the Schulzrinne presentation in their invalidity contentions.

P.R. 3–6(a) allows Defendants to amend their invalidity contentions in response to Plaintiff's amended infringement contentions; however, the rules do not give Defendants free rein to assert new defenses completely unrelated to Plaintiff's amendments. *Pozen v. Par Pharm., Inc.*, No: 6:08-cv-437-LED (Docket No. 245 at 6–7) (E.D. Tex. June 8, 2012).  There must be a nexus between Defendants' proposed amendments and Plaintiff's amendments. *Id.* VirnetX argues Defendants' amendments were not made in response to its amended infringement

contentions, therefore Defendants' amendments should be stricken. Docket No. 446 at 5. Defendants disagree and contend their amendments were in response to VirnetX's amended infringement contentions concerning IP telephony products, because the Schulzrinne presentation discusses the same technology. Docket No. 458 at 5; Docket No. 518 at 2.

Defendants have not demonstrated that their amendments were tailored to VirnetX's infringement amendments, specifically the amendment in response to the Court's claim construction of "between [A] and [B]." Defendants have not shown that the Schulzrinne presentation discusses a secure connection, wherein the connection between the VPN server and the secure server is a secure link but is not necessarily encrypted. *Supra* at 4–5. Instead, the Defendants appear to be using the local rules to shoehorn their new invalidity theories into the present case at the last minute. Indeed, at the October 18, 2012 hearing, Defendants acknowledged that the Schulzrinne presentation was relevant to the Defendants' invalidity defenses even before VirnetX amended their infringement contentions pursuant to P.R. 3–3(a). VirnetX initially disclosed the Schulzrinne presentation to Defendants on February 22, 2011. Docket No. 433 at 84. However Defendants waited until May 5, 2012 — after the close of fact discovery[3] — before attempting to include the Schulzrinne presentation in their invalidity contentions. Unlike Defendants, who had the opportunity during discovery to investigate VirnetX's previously disclosed doctrine of equivalents theory, VirnetX was unable to investigate Defendants' new invalidity theories during discovery.[4]

The purpose of the local rules is to prevent such last minute surprises. "Allowing *carte blanche* amendment[s] of Invalidity Contentions simply because a plaintiff amended its

---

[3] Fact discovery closed April 13, 2012. Docket No. 111.
[4] As discussed previously, VirnetX first attempted to disclose its doctrine of equivalents theory to Defendants on January 4, 2012. Accordingly, Defendants had over four months to depose witnesses and make fact inquiries about VirnetX's doctrine of equivalents theory. *See* Docket No. 463 at 4–5.

contentions pursuant to the Claim Construction Order would eviscerate the purpose and function of the Patent Rules." *Pozen v. Par Pharm.*, *Inc.*, No: 6:08-cv-437-LED (Docket No. 245 at 6) (E.D. Tex. June 8, 2012). Here, Defendants have not demonstrated their amendments, in particular the inclusion of the Schulzrinne presentation, are tailored in response to VirnetX's amended infringement contentions.  Since Defendants' amendments were not in response to VirnetX's amendments, Defendants could have only amended if there was good cause to do so. Here, Defendants had previously requested leave to supplement their invalidity contentions under P.R. 3–6(b), but the Court denied this motion at the July 17, 2012 hearing.  Accordingly, VirnetX's Motion to Strike Defendants' Untimely Disclosed P.R. 3–3 Invalidity Contentions and to Exclude Related Testimony at Trial is **GRANTED.**

## II.   VIRNETX'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY BASED ON THE DEFENDANTS' DERIVATION AND NON–JOINDER THEORIES

### APPLICABLE LAW

The Court renders summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Under 35 U.S.C. § 102(f), a person is not entitled to a patent if the patentee himself did not "invent the subject matter sought to be patented."  A party opposing patent infringement may assert this section as an invalidity defense if the party can establish by clear and convincing evidence that the patentee did not in fact conceive the patented subject matter, but rather the invention was previously conceived by another and communicated to the patentee.  *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576 (Fed. Cir. 1997)(citing *Price v.*

*Symsek*, 988 F.2d 1187, 1190 (Fed. Cir. 1993).   Additionally, a party opposing patent

infringement can assert a patent is invalid under 35 U.S.C. § 102(f) for failure to name all the

true inventors, a defense known as non–joinder.  *See Pannu v. Iolab Corp.*, 155 F.3d 1344,

1348–49.   A party asserting non–joinder must establish that the individual omitted from the

patent was in fact an inventor, i.e. the person must have contributed to the conception of

invention.  *Fiers v. Revel*, 984 F.2d 1164, 1168 (Fed. Cir. 1993).

Conception is the "formation in the inventor's mind of a definite and permanent idea of

the complete and operative invention, as it is hereafter to be applied in practice."  *Hybritech, Inc.

v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376 (Fed. Cir. 1986).   Conception can be

established, for example, with prior inventor's testimony in addition to corroborating evidence,

such as "[p]hysical, documentary, or circumstantial evidence, or reliable testimony from

individuals other than the alleged inventor or an interested party."  *Checkpoint Sys., Inc. v. All-

Tag Sec. S.A.*, 412 F.3d 1331, 1339 (Fed. Cir. 2005).

### ANALYSIS

Defendants' derivation and non–joinder defenses are based primarily on the Schulzrinne

presentation, since Dr. Schulzrinne himself has refused to testify that he had previously

conceived the patented inventions.[5]  Docket No. 440 at 4; Docket No. 457 at 7–8.  Defendants

contend the Schulzrinne presentation itself establishes that Dr. Schulzrinne previously conceived

---

[5] When questioned about his potential inventorship, Dr. Schulzrinne stated he could not say whether or not VirnetX stole his ideas. "Q. So let me ask you this.  Do you have any reason to believe that anyone at SAIC or VirnetX stole one of your ideas and patented it? A. I don't speculate on motives.  I wasn't party of conversation that took place outside of Columbia. Q. It's a little bit different than the question I asked, okay.  Do you have any reason to believe that anyone at SAIC or VirnetX stole one of your ideas and patented it?  A. I have not reviewed the patent, so I don't see how I can make a determination on that." Docket No. 440, Schulzrinne Dep. Exhibit B, at p.206, L:20–p.207, L:9.

the subject matter of the claimed inventions or at least conceived part of the patented inventions, therefore Dr. Schulzrinne's testimony is not required to prove prior conception.[6] *Id.*

As previously discussed, the Schulzrinne presentation cannot be added to Defendants' Invalidity Contentions at this late stage.  Without the Schulzrinne presentation, Defendants lack sufficient evidence to create a genuine issue of material fact as to whether or not Dr. Schulzrinne conceived the claimed subject matter or contributed to the patented invention.  Accordingly, VirnetX's Motion for Partial Summary Judgment is **GRANTED.**

### CONCLUSION

Accordingly, the Court **DENIES** Apple's Motion to Strike Portions of Dr. Mark Jones's May 22, 2012 Expert Report (Docket No. 441).  The Court **GRANTS** Plaintiff VirnetX's Motion to Strike Defendants' Untimely Disclosed P.R. 3–3 Invalidity Contentions and to Preclude Defendants from Offering Related Testimony at Trial (Docket No. 446), and the Court **GRANTS** VirnetX's Motion for Partial Summary Judgment of No Invalidity based on the Defendants' Derivation and Non–Joinder Theories (Docket No. 440).

**So ORDERED and SIGNED this 22nd day of October, 2012.**



       **LEONARD DAVIS**
       **UNITED STATES DISTRICT JUDGE**

---

[6] Defendants support their conclusion that the Schulzrinne presentation proves prior conception with Dr. Alexander's report, which compares the Schulzrinne presentation to the patents–in–suit, and Dr. Schulzrinne's own deposition testimony where he explains the contents of his presentation.  *See* Docket No. 457 at 7–8; Docket No. 457–6 at 3, 8–9, 15–16.