**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| VirnetX Inc.,<br><br>                Plaintiff,<br><br>v.<br><br>Cisco Systems, Inc., *et al.*,<br><br>                Defendants. | Civil Action No. 6:10-cv-00417-LED<br><br>**JURY TRIAL DEMANDED** |

**CISCO'S MOTION TO DISMISS WITHOUT PREJUDICE CISCO'S DECLARATORY JUDGMENT COUNTERCLAIMS CONCERNING THE UNASSERTED CLAIMS OF THE PATENTS-IN-SUIT BASED ON LACK OF SUBJECT MATTER JURISDICTION**

## INTRODUCTION

VirnetX's recent election of specific patent claims for presentation at trial—and corresponding abandonment of its infringement contentions concerning the other 106 previously asserted claims—eliminates jurisdiction over Cisco's declaratory judgment counterclaims against the unasserted claims of the patents-in-suit.  In early January, the parties reached an agreement to focus the issues for trial.  Pursuant to that agreement, VirnetX narrowed its infringement theories to 25 claims and Cisco narrowed its invalidity case to four primary theories.  Ex. A; Ex. B.  By electing 25 claims—and only 25 claims—to pursue at trial, VirnetX removed any case or controversy over the remaining claims of the patents-in-suit.  Accordingly, Cisco's declaratory judgment counterclaims against those unasserted claims should be dismissed for lack of subject matter jurisdiction.

## ARGUMENT

In patent cases, subject matter jurisdiction over a declaratory judgment action for invalidity requires that a case or controversy exist on a claim-by-claim basis throughout the course of litigation.  *See Streck, Inc. v. Research & Diagnostic Sys.*, 665 F.3d 1269, 1281-82 (Fed. Cir. 2012); *Fox Group, Inc. v. Cree, Inc.*, 700 F.3d 1300, 1307 (Fed. Cir. 2012).  A patentee's decision not to pursue certain claims generally eliminates any case or controversy as to the withdrawn claims and divests the trial court of subject matter jurisdiction.  *See Streck*, 665 F.3d at 1284; *Fox Group*, 700 F.3d at 1308.  Even an accused infringer's contention that non-asserted claims of the patents-in-suit are invalid will not preserve a case or controversy over patent claims that are no longer asserted by the patentee.  *Jervis B. Webb Co. v. S. Sys., Inc.,* 742 F.2d 1388, 1398 (Fed. Cir. 1984) ("Although [the accused infringer] did file a declaratory judgment counterclaim that asserted the invalidity of all of the [patent] claims, . . . the evidence

in the record is inadequate to indicate that there was a case or controversy in relation to claims 2, 5-7, 10 and 12.").

In January, VirnetX and Cisco reached an agreement to focus the issues for trial. VirnetX agreed to narrow its infringement theories from 131 claims to 25 claims, and Cisco agreed to narrow its invalidity case to four primary theories one week later. On January 11, 2013, pursuant to the agreement, VirnetX narrowed its infringement theories to 25 claims: claims 10, 12, and 13 of the '135 patent; claims 2, 16, 17, 24, 26, 27, and 29 of the '759 patent; claims 17, 28, and 33 of the '180 patent; claims 36, 47, 51, 53 of the '504 patent; claims 1, 8, 16, 17, 23, 27, and 31 of the '211 patent; and claim 7 of the '151 patent. Ex. A. On January 18, 2013, pursuant to the agreed-upon schedule, Cisco selected four primary invalidity theories to pursue at trial. Ex. B.

By abandoning its infringement contentions as to certain patent claims, VirnetX eliminated any case or controversy over the claims that are no longer asserted against Cisco. Both parties are now on notice as to exactly which claims VirnetX intends to pursue and which claims are no longer at issue. *See Streck*, 665 F.3d at 1284 (finding no jurisdiction over unasserted claims where "the parties knew precisely which claims were at issue well before the court ruled on the parties' summary judgment motions or conducted trial"); *Fox Group*, 700 F.3d at 1308 (*quoting Streck*, 665 F.3d at 1284). The impact of VirnetX's bargained-for agreement—coupled with the claim preclusive effect of VirnetX's election not to pursue 106 patent claims at trial—is tantamount to a covenant not to sue Cisco. *See Kingspan Insulated Panels v. Centria, Inc.*, 2012 U.S. Dist. LEXIS 76892 at *4 (M.D. Fla. June 4, 2012) (rejecting the argument that a party is required to "provide a covenant not to sue in order for those claims not to be at issue"); *see also Dow Jones & Co., Inc. v. Ablaise Ltd.,* 606 F.3d 1338, 1348 n.6 (Fed. Cir. 2010)

(holding that a covenant not to sue "extinguished any current or future case or controversy between the parties, and divested the district court of subject matter jurisdiction").

The jurisdictional question here parallels that addressed by the Federal Circuit in *Fox Group*. In *Fox Group*, the plaintiff brought suit for patent infringement in the Eastern District of Virginia and alleged infringement of "one of more claims." *Id.* at 1308. The defendant counterclaimed, seeking declaratory judgment of all claims of the patents-in-suit. *Id.* at 1307. As the case progressed, the plaintiff only pursued claims 1 and 19 of the '130 patent. *Id.* at 1308. Thereafter, the defendant sought and obtained summary judgment from the district court as to all claims of the '130 patent. *Id.* at 1307. On appeal, the Federal Circuit vacated the finding of invalidity with respect to the unasserted patent claims, finding that:

> "both parties were on notice that only claims 1 and 19 were at issue, and they knew which claims were at issue before the district court ruled on the parties' summary judgment motions. There was no case or controversy with respect to the unasserted claims at the time of the summary judgment motions; therefore the district court did not have jurisdiction over the unasserted claims."

*Id.* at 1308. Here, as in *Fox Group*, VirnetX has elected to focus its infringement theories. But VirnetX has provided even greater certainty as to what claims are no longer at issue by electing, in writing, to pursue only identified claims pursuant to a formal agreement. Ex. A. Because no case or controversy, and therefore no subject matter jurisdiction, exists concerning the patent claims that VirnetX has abandoned, Cisco's counterclaims against VirnetX's unasserted claims should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Cisco respectfully requests that this Court grant Cisco's motion to dismiss without prejudice Cisco's declaratory judgment counterclaims concerning the unasserted claims of the patents-in-suit—claims 1-9, 11, and 14-18 of the '135 patent; claims 1, 3-15, 18-23, 25, 28, and 30 of the '759 patent; claims 1-16, 18-27, 29-32, and 34-41 of the '180

3

patent; claims 1-35, 37-46, 48-50, 52, 54-60 of the '504 patent; claims 2-7, 9-15, 18-22, 24-26, 28-30, 32-60 of the '211 patent; and claims 1-6, 8-16 of the '151 patent—based on lack of subject matter jurisdiction.

Dated: January 23, 2013

By: */s/ John M. Desmarais, with permission by Michael E. Jones*
Michael E. Jones
Texas State Bar No. 10929400
John F. Bufe
Texas State Bar 03316930
**POTTER MINTON PC**
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email: mikejones@potterminton.com
        johnbufe@potterminton.com

OF COUNSEL:

John M. Desmarais (*pro hac vice*)
jdesmarais@desmaraisllp.com
Michael P. Stadnick (*pro hac vice*)
mstadnick@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

**Attorneys for Defendant Cisco Systems, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 25, 2013.

*/s/ Michael E. Jones*