# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| VirnetX Inc. *et al.*, <br>                 *Plaintiffs*, <br><br> v. <br><br> Cisco Systems, Inc., <br><br>                 *Defendant*. | Civil Action No. 6:10-cv-00417-LED <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO STAY VIRNETX'S CLAIMS OF INFRINGEMENT INVOLVING THE USE OF ANYCONNECT FOR APPLE iOS IN APPLE PRODUCTS

## INTRODUCTION

In addition to 21 claims from four other patents, VirnetX accuses Cisco of infringing claim 7 of U.S. Patent No. 7,490,151 ("the '151 patent") and claims 10 and 12 of U.S. Patent No. 6,501,135 ("the '135 patent") based on functionality found in certain **Apple** iPhone, iPad, and iPod products—in fact, the very same Apple products and functionality that VirnetX successfully targeted during the *VirnetX v. Apple* trial.  More specifically, VirnetX alleges that Cisco's AnyConnect Secure Mobility Client for Apple iOS ("AnyConnect for Apple iOS") ***as used in Apple's products*** along with Apple's accused VPN-on-Demand functionality infringe.  During the *Apple* trial, VirnetX likewise accused Apple of infringing claims of the '151 and '135 patents based on Apple's integration of VPN-on-Demand functionality into Apple's iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPod Touch, iPad, and iPad 2 devices.  On November 6, 2012 VirnetX received a jury finding that Apple infringed those claims.

Because the damages award in the *Apple* trial already compensates VirnetX for any infringement of the same accused products by the same asserted patents that would be at issue in the *Cisco* trial (*i.e.*, Apple iPhone, iPad, and iPod products with VPN-on-Demand and AnyConnect for Apple iOS), allowing VirnetX to proceed with its duplicative '151 and '135 patent infringement claims against Cisco could potentially result in a double recovery for VirnetX as it relates to AnyConnect for Apple iOS.[1]  Indeed, the expert report of VirnetX's technical expert for the *Cisco* trial, Mr. Nettles, simply incorporates by reference the analysis of VirnetX's expert in the *Apple* trial, Dr. Jones, concerning the very same Apple VPN-on-Demand functionality of the Apple products accused again here.  Cisco respectfully requests that the Court stay the trial of the '151 and '135 patents pertaining to any and all Apple iOS products until final conclusion of all appeals of the *Apple* case.

---

[1] Cisco disputes all of Plaintiff's allegations of infringement and alleged damages in this case.

## ARGUMENT

Parties that make and sell an allegedly infringing product are considered joint tort-feasors with parties that purchase the allegedly infringing product for use or resale. *See Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1364 (Fed. Cir. 2001) (citing *Birdsell v. Shaliol*, 112 U.S. 485, 488-89 (1884) and *Dowagiac Mfg. Co. v. Deere & Webber Co.*, 284 F. 331, 337 (8th Cir.1922)). In such cases, each joint tort-feasor is liable for the full amount of damages, <u>up to a full single recovery</u>, suffered by the patentee. *Id.* (emphasis added). The notion that a tort victim is only entitled to one recovery is often referred to as the "one satisfaction rule." *See, e.g., GE Capital Commercial, Inc. v. Worthington Nat. Bank*, No. 3:09-CV-572-L, 2012 WL 2159185, at *8 (N.D. Tex. June 13, 2012) ("[u]nder the one satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered") (citing *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000)). It is somewhat related to, but distinct from, patent exhaustion; however, both patent exhaustion and the one satisfaction rule seek to prevent a patent holder from extracting double recoveries from related patent defendants. *See Semiconductor Energy Lab. Co. Ltd. v. Chi Mei Optoelectronics Corp.*, 531 F. Supp. 2d 1084, n.7 (N.D. Cal. 2007) (distinguishing the "general legal principle preventing a tort victim from recovery twice for the same tort" from patent exhaustion); *see also Cyrix Corp. v. Intel Corp.*, 846 F. Supp. 522, 539 (E.D. Tex. 1994) ("[t]he purpose of the patent exhaustion doctrine [is] preventing patentees from extracting double recoveries for an invention").

Simply put, double recovery for the same infringement is not allowed. *Glenayre Electronics, Inc. v. Jackson*, 443 F.3d 851 (Fed. Cir. 2006). In *Glenayre*, the counterclaim plaintiff ("plaintiff") sought a second trial on indirect infringement against the counterclaim defendant ("defendant") after having already been awarded a remitted damages amount on his

claim of direct infringement against defendant. *Id*. at 853-54. The plaintiff's allegations of indirect infringement were based on the same "sales of infringing products to [defendant's] customers followed by those customers' use of the same products," that were at issue in the first trial. *Id*. at 856. In other words, plaintiff had already been compensated in the first trial for direct infringement for the same conduct he now sought to be compensated for in the second trial. *See id*. Ultimately, the Federal Circuit held that plaintiff was not entitled to double dip, and his second trial on the issue of indirect infringement was barred. *See id*. at 872 ("[T]his court [does] not authorize patentees to sue joint-tortfeasors (as an indirect infringement suit against [defendant] amounts to here) once damages accounting for their use has already been accepted."). As in *Glenayre*, VirnetX has already been awarded damages (based on the use of VPN-on-Demand in Apple products), and these same products will be at issue again in the trial against Cisco. Any recovery against Cisco arising out of these claims will be a double recovery if VirnetX ultimately recovers from Apple, and will therefore be barred.

Ultimately, Plaintiff cannot possibly recover from Cisco for any infringement by the accused Apple products with VPN-on-Demand and AnyConnect for Apple iOS without violating the double recovery rule. In *Semiconductor Energy Lab. Co. Ltd. v. Chi Mei Optoelectronics Corp.*, plaintiff sued defendant for patent infringement, but plaintiff already had license agreements with a number of defendant's customers. *Id*. at 1091, 1115. Defendant argued (via motion for summary judgment) that allowing the plaintiff to recover from defendant would result in a double recovery in light of the fact that plaintiff had already received payment for products via royalties from defendant's customers. *Id*. The court stated:

> Where a patentee 'has already received actual damages for the manufacture and sale of infringing devices which explicitly were a measure of the royalty for full rights in the patent,' the patentee may not collect again from an additional defendant.

*Id.* at 1116 (citing *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 866 (Fed. Cir. 2006), *cert denied*, 549 U.S. 1030 (2006)). The same concerns at issue in *Semiconductor Energy* would bar VirnetX from recovery against Cisco here. VirnetX has already received a jury finding that Apple infringed the '151 patent and an award of damages that "cover[s] the accused products" (*i.e.,* Apple iPhones, iPads, and iPods with VPN-on-Demand and AnyConnect for Apple iOS).[2] If VirnetX is able to sustain that damages award on appeal and recover from Apple, VirnetX will be barred from recovery against Cisco on the same products and patents. Judicial economy therefore weighs strongly against holding a duplicative trial now.

Furthermore, removal of the Apple products from the *Cisco* trial will simplify the issues to be presented to the jury in this case. AnyConnect for Apple iOS serves as the only basis for VirnetX's assertion of the '151 patent against Cisco. Therefore, removal of the Apple products from the *Cisco* trial will result in the removal of the '151 patent from the case entirely, thus simplifying an incredibly complicated six-patent trial to a less complicated five-patent trial involving more homogenous Cisco products (*i.e.*, IP Phones, routers, switches, etc.). There is no need for added complexity in this case, especially given VirnetX's inability to achieve a double recovery.

Finally, as argued in Cisco's Motion in Limine No. 2 (*see* Dkt. 692), VirnetX should be precluded from making any reference to the jury verdict from the *Apple* trial in the upcoming *Cisco* trial under Rules 402 and 403 of the Federal Rules of Evidence. VirnetX has admitted its intent to try to introduce that verdict. A stay of all claims of infringement involving the use of

---

[2] VirnetX may argue that no risk of double recovery occurs unless and until Apple actually pays VirnetX on any judgment ultimately entered and affirmed. But even if this Court concludes that the one satisfaction rule does not formally apply based on the current procedural posture, significant efficiency and fairness concerns nevertheless favor a stay pending final resolution of the identical issues in the *Apple* case. Indeed, VirnetX cannot credibly suggest that—should the Federal Circuit ultimately uphold the jury verdict and damages award—Apple will be financially unable to satisfy any final judgment. And if the Federal Circuit reverses the liability or damages award against Apple, collateral estoppel may well bar VirnetX from pursuing claims against Cisco on the same products.

AnyConnect for Apple iOS in Apple products would eliminate any need to deal with VirnetX's improper attempts to prejudice a fair adjudication of the infringement issues concerning Cisco through reference to the *Apple* verdict.

## CONCLUSION

For the foregoing reasons, Cisco respectfully requests that Cisco's Motion to Stay be granted and that the trial on all claims of infringement involving the use of AnyConnect for Apple iOS in Apple products be stayed pending all final appeals of the *VirnetX v. Apple* case.

Dated: February 11, 2013

Respectfully submitted,

By: */s/ Michael E. Jones*
Michael E. Jones
Texas State Bar No. 10929400
John F. Bufe
Texas State Bar 03316930
**POTTER MINTON PC**
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email: mikejones@potterminton.com
johnbufe@potterminton.com

OF COUNSEL:

John M. Desmarais (*pro hac vice*)
jdesmarais@desmaraisllp.com
Michael P. Stadnick (*pro hac vice*)
mstadnick@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

**Attorneys for Defendant
CISCO SYSTEMS, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on February 11, 2013, with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Michael E. Jones*
Michael E. Jones

## CERTIFICATE OF CONFERENCE

      The undersigned hereby certifies that counsel for Defendant has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. A conference was held on January 31, 2013 between counsel for Defendant Cisco, John Desmarais, Michael Stadnick, Tamir Packin, Karim Oussayef, Ameet Modi, Mike Jones and Eric Findlay and counsel for Plaintiffs Jason Cassady and Daniel Pearson. No agreement could be reached on the issues brought by this motion and discussions have conclusively ended in an impasse, leaving open issues for the court to resolve.

                                                              */s/ Michael E. Jones*
                                                             Michael E. Jones