IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

VIRNETX INC.,                        §
                                     §
              Plaintiff,             §
                                     §
vs.                                  §        Civil Action No. 6:10-cv-417
                                     §
CISCO SYSTEMS, INC..,                §
                                     §
              Defendant.             §

**FINAL JURY INSTRUCTIONS**

## 1.    Introduction

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made during the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and argument of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist you in understanding the evidence and the parties' contentions.

## 1.1    General Instruction

A verdict form has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form.

Answer each question on the verdict form from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. With respect to each question asked, your answers and your verdict must be unanimous.

In determining whether any fact has been proved in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**1.2      Considering witness testimony**

You the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.  By the Court allowing testimony or other evidence to be introduced over the objection of an attorney, the Court did not indicate any opinion as to the weight or effect of such evidence.

When the Court sustained an objection to a question addressed to a witness, you must disregard the question entirely, and may draw no inference from the wording of it or speculate as to what the witness would have testified to, if he or she had been permitted to answer the question.

At times during the trial it was necessary for the Court to talk with the lawyers here at the bench out of your hearing, or by calling a recess.  We met because often during a trial something comes up that does not involve the jury.  You should not speculate on what was discussed during such times.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did

something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### 1.3    How to examine the evidence

Certain testimony in this case has been presented to you through a deposition.  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, the witness testimony may be presented, under oath, in the form of a deposition.  Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weight and otherwise considered by you insofar as possible the same as if the witness had been present and had testified from the witness stand in court.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence such as testimony of an eyewitness.  The other is indirect or circumstantial evidence--the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The parties have stipulated, or agreed, to some facts in this case.  When the lawyers on both sides stipulate to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard the fact as proved.

## 1.4    Objections to Evidence

Attorneys representing clients in Courts such as this one have an obligation in the course of trial to assert objections when they believe testimony or evidence is being offered that is contrary to the rules of evidence.  The essence of a fair trial is that it be conducted pursuant to the rules of evidence and that your verdict be based only on legally admissible evidence.

So, you should not be influenced by the objection or by the Court's ruling on it.  If the objection is sustained, then ignore the question.  If the objection is overruled, then you may trust the answer to that question just as you would treat the answer to any other question.

## 1.5    Expert witnesses

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field he or she is called an expert witness is

permitted to state his or her opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether the witness' testimony is believable or not, whether it is supported by the evidence and whether to rely upon it.  In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness.

## 2.      Summary of Contentions

I will first give you a summary of each side's contentions in this case.  I will then tell you what each side must prove to win on these issues.

Plaintiff VirnetX contends that the Defendant Cisco ("Cisco") makes, uses, sells, offers, to sell and/or imports into the United States accused Virtual Private Networks ("VPN") and security-capable communication products and/or methods that infringe claims 10 and 12 of United States Patent No. 6,502,135 ("the '135 patent"); claims 36, 47, and 51 of United States Patent No. 7,418,504 ("the '504 patent"); claims 1, 8, 23, 27 and 31 of United States Patent No. 7,921,211 ("the '211 patent"); claims 2 and 17 of United States Patent No. 6,839,759 ("the '759 patent").

These claims have been referred to as the "Asserted Claims" and these patents have been referred to as the "patents-in-suit."

VirnetX also contends that Cisco is inducing its customers and/or end-users to directly infringe the claims of the patents-in-suit.  VirnetX also claims that Cisco has infringed the patents-in-suit willfully.  VirnetX is seeking damages for the alleged infringement of Cisco.

In response to VirnetX's contentions, Cisco contends that neither they nor their customers have infringed the patents-in-suit.  Cisco further contends that they have not induced the direct infringement of the Asserted Claims.  Cisco also contends that the Asserted Claims of

the '135, '504, and '211 patents are invalid as being anticipated by the prior art.  Cisco also contends that VirnetX is not entitled to damages for any infringement.

**3.      Burdens of Proof**

In any legal action, facts must be proved by a required amount of evidence known as the "burden of proof."  The burden of proof in this case is on VirnetX for some issues and on Cisco for other issues.

VirnetX has the burden of proving infringement and damages by a preponderance of the evidence.  Preponderance of the evidence means the evidence that persuades you that a claim is more likely true than not true.  If the proof establishes that all parts of VirnetX's infringement claims are more likely true than not true, then you should find for VirnetX as to that claim.

Cisco has the burden of proving invalidity by clear and convincing evidence, and VirnetX has the burden of proving willfulness by clear and convincing evidence. Clear and convincing evidence means evidence that produces in your mind a firm belief or conviction as to the matter at issue.   Although proof to an absolute certainty is not required, the clear and convincing evidence standard requires a greater degree of persuasion than is necessary for the preponderance of the evidence standard.  If the proof establishes in your mind a firm belief or conviction, then the standard has been met.

In determining whether any fact has been proved by the preponderance of the evidence or by clear and convincing evidence, you may, unless otherwise instructed, consider the stipulations, the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**4.      Glossary of Patent Terms**

A glossary of patent terms is contained in Appendix B of your juror notebook.

5.      **Claims of the Patents-in-Suit**

The claims of a patent are the numbered sentences at the end of the patent.  The claims describe the invention made by the inventor and describe what the patent owner owns and what the patent owner may prevent others from doing.  Claims may describe products such as machines or chemical compounds, methods, apparatuses, or process for making or using a product.

Claims are usually divided into parts or steps, called limitations or elements.  For example, a claim that covers the invention of a table may recite the tabletop, four legs and the glue that secures the legs on the tabletop.  The tabletop, legs and glue are each a separate limitation of the claim.

5.1     **Independent and Dependent Claims**

This case involves two types of patent claims: independent claims and dependent claims.  An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim.  Thus, it is not necessary to look at any other claim to determine what an independent claim covers.  In this case, for example, claim 10 of the '135 patent, claim 36 of the '504 patent, and claim 1 of the '211 patent are each independent claims.

The rest of the claims being asserted in this case are "dependent claims."  A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements.  In this way the claim "depends" on another claim.  The law considers a dependent claim to incorporate all of the requirements of the claims to which it refers.  The dependent claim then adds its own, additional requirements.  To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claims to which it

refers. A product or method that meets all of the requirements of both the dependent claim and the claims to which it refers is covered by that dependent claim.

## 5.2     Construction of the Claims

In deciding whether or not the accused products and methods infringe an Asserted Claim and whether or not the claim is invalid, the first step is to understand the meaning of the words used in the patent claims.

It is my job as Judge to determine what the patent claims mean and to instruct you about that meaning.  You must accept the meanings I give you and use those meanings when you decide whether or not the patent claims are infringed, and whether or not they are invalid.  In accordance with my duty, I have interpreted the meaning of some of the language in the patent claims involved in this case.  My interpretation of those claims appears in Appendix A in your juror notebook.  The claim language I have not interpreted for you in Appendix A is to be given its ordinary and accustomed meaning as understood by one of ordinary skill in the art.

One of the terms construed in Appendix A of your juror notebook is virtual private network or VPN, and you are to be governed by my construction in determining the issues of infringement and invalidity.  For clarification, I want to further instruct you, as I did during the trial, that the Court's construction of VPN does not necessarily exclude prior art VPNs, nor is it limited to only VPNs described in the preferred embodiments of the patents.  While VPN does require some degree of anonymity, it does not require complete anonymity and can be met by any technique known to persons of ordinary skill in the art.

## 5.3     Open-Ended or "Comprising" Claims

The beginning portion, or preamble, to some of the Asserted Claims use the word "comprising."    "Comprising" and "comprises" mean "including but not limited to" or

"containing but not limited to."  Thus if you decide that an accused product includes all the requirements in that claim, the claim is infringed.  This is true even if the accused instrumentality includes components in addition to those requirements.

For example, a claim to a table comprising a tabletop, legs, and glue would be infringed by a table that includes a tabletop, legs and glue, even if the table also includes wheels on the table's legs.

**6.      Infringement**

Any person or business entity who makes, uses, sells, offers to sell or imports into the United States a product or practices a method that is covered by at least one claim of a patent infringes the patent.

A patent owner has the right to stop others from making, using, selling and offering for sale, and importing into the United States the invention covered by the patent claims during the life of the patent.

In this case, there are two possible ways that a claim may be infringed.  I will explain the requirements for each of these types of infringement to you.  The two types of infringement are called: (1) direct infringement; and (2) active inducement.

In this case, VirnetX has alleged that Cisco directly infringes the '135, '504, '211, and '759 patents.  In addition, VirnetX has alleged that customers and end-users of Cisco are directly infringing the patents and that Cisco is liable for actively inducing their customers' and end-users' direct infringement.

Only the claims of a patent can be infringed.  You must compare each of the Asserted Claims, as I have defined them, to the accused acts of infringement and determine whether or not there is infringement of that specific claim.  You must not compare the accused products or

methods with any specific example set out in the patents.  The only correct comparison is with the language of the claim itself, with the meanings I have given you.

In order to prove infringement, VirnetX must prove that the requirements for one or more of these types of infringement are met by a preponderance of the evidence, i.e., that it is more likely true than not that all of the requirements of one or more of each of these types of infringement have been proved.

You must consider each asserted claim of the Patents-in-Suit individually and must reach your decision as to each assertion of infringement based on my instructions about the meaning and scope of the claims, the legal requirements for infringement, and the evidence presented to you by the parties.

I will now explain each of the types of infringement in more detail.

**6.1     Direct Infringement**

If any person makes, uses, or offers to sell, sells in the United States or imports into the United States what is covered by the claims of a patent without the patent owner's permission, that person is said to infringe the patent.  This type of infringement is called direct infringement. To determine direct infringement, you must compare the accused products or methods with each of the Asserted Claims of the Asserted Patents, using my instructions as to the meaning of the patent claims.

A patent claim is directly infringed only if the accused product or method includes each and every element in that patent claim.  If the accused product or method does not contain one or more of the limitations recited in a claim, then that product or method does not directly infringe that claim.  If you find that the accused product or method includes each element or step of the claim, then that product or method infringes the claim even if such product or use contains

additional elements or steps that are not recited in the claim.  An accused system or product may be capable of non-infringing modes of operation and still infringe.

A person may directly infringe a patent even though in good faith the person believes that what it is doing is not an infringement of any patent and even if it did not know of the patent. Direct infringement does not require proof that the person copied a product or the patent.

You must consider each of the asserted claims of the patents-in-suit individually.  You must be certain to compare the accused product or method with each claim that such product or method is alleged to infringe.  Such accused product or method should be compared to the limitations recited in the patent claims, not to any preferred or commercial embodiment of the claimed invention.

Taking each asserted claim of the Asserted Patents separately, if you find that VirnetX has proved by a preponderance of the evidence that each and every limitation of that claim is present in the accused product or method then you must find that such product or method infringes that claim.

**6.2     Active Inducement of Infringement**

VirnetX alleges that Cisco also is liable for infringement by actively inducing others to directly infringe the Asserted Claims.  As with direct infringement, you must determine whether there has been active inducement on a claim-by-claim basis.

To show induced infringement, VirnetX must prove by a preponderance of the evidence (1) that customers or end-users of Cisco have directly infringed the asserted patent claims; and (2) that Cisco has actively and knowingly aided and abetted that direct infringement.

Cisco is liable for active inducement of infringement of a patent claim if:

(1)     Cisco takes action during the time the patent is in force which encourages acts by someone else;

(2)     the encouraged acts constitute direct infringement of that claim;

(3)     Cisco (a) is aware of the patent, and knows that the encouraged acts constitute infringement of the patent; or (b) is willfully blind to the infringement of the patent.  Willful blindness requires that Cisco subjectively believed there was a high probability that the encouraged acts constituted infringement of the patent and Cisco took deliberate actions to avoid learning of the infringement;

(4)     Cisco has the intent to encourage infringement by someone else; and

(5)     the encouraged acts are actually carried out by someone else.

In order to prove active inducement, VirnetX must prove that each of the above requirements is met.  Further, proof of each element must be by a preponderance of the evidence, i.e., that it is more likely than not that each of the above requirements has been met.

In considering whether Cisco has induced infringement by others, you may consider all the circumstances, including whether or not it obtained the advice of a competent lawyer, whether or not it knew of the patents when designing and manufacturing its products and whether or not it removed or diminished the allegedly infringing features.  You may not assume that merely because they did not obtain an opinion of counsel, the opinion would have been unfavorable.

Intent to cause a third party to perform acts which result in direct infringement may be demonstrated by evidence of active steps taken to encourage the third party to do so, such as advertising an infringing use or instructing how to engage in an infringing use. In order to establish active inducement of infringement, it is not sufficient that Cisco was aware of the act(s)

that allegedly result in direct infringement of the patent claim.  Rather, you must find that Cisco specifically intended to cause its customers to engage in the acts that constitute direct infringement and Cisco knew or was willfully blind that the action would cause direct infringement.

If you do not find that the accused infringer specifically meets these intent requirements by a preponderance of the evidence, then you must find that the accused infringer has not actively induced the alleged infringement.

**6.3     Multiple Alleged Infringers**

Direct infringement requires that a party perform or use every step of a claimed method. Where no single party performs all of the steps of a claimed method but more than one party performs steps of the method, the claim is directly infringed only if the accused party has control over the other entities performing the steps so that the actions of the other entities are legally attributable to the accused party.  Mere arms-length cooperation between parties is insufficient to prove direct infringement.

**6.4     Willful Infringement**

VirnetX contends that Cisco has willfully infringed the patents asserted against Cisco.  If you find, on the basis of the evidence and the law as I have explained it, that Cisco directly or indirectly infringes at least one of the asserted claims of the patents-in-suit, then you must decide whether or not that infringement was willful.

Willfulness requires you to determine by clear and convincing evidence that Cisco acted with reckless disregard to the Asserted Patent Claims.  To prove that Cisco acted willfully, VirnetX must prove by clear and convincing evidence that Cisco actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid patent.  To

determine whether Cisco had this state of mind, consider all the facts which may include, but are not limited to:

(1)     Whether or not Cisco acted in accordance with the standards of commerce for its industry;

(2)     Whether or not there is a reasonable basis to believe that Cisco did not infringe or had a reasonable defense, such as invalidity;

(3)     Whether or not Cisco made a good-faith effort to avoid infringing the patents, for example, whether Cisco attempted to design around the patents; and

(4)     Whether or not Cisco tried to cover up its infringement.

None of these factors are determinative, and this list of factors is not an exhaustive list of things you should consider.  Your determination of willfulness should incorporate the totality of the circumstances based on the evidence presented during the trial.

**7.     Invalidity**

Cisco has challenged the validity of some of the Asserted Patent Claims on one ground — anticipation.   Cisco must prove that a patent claim is invalid by clear and convincing evidence. Evidence of prior art which was not reviewed by the PTO may be more probative of meeting this standard, than prior art which was reviewed by the PTO.   An issued patent is accorded a presumption of validity based on the presumption that the United States Patent and Trademark Office acted correctly in issuing a patent. From the issuance of the patent, it is presumed that a claimed invention is new, useful and not obvious and satisfies the other legal requirements for a valid U.S. patent.  Each claim of a patent is presumed valid independently of the validity of the other claims.

The presumption of validity remains intact and the clear and convincing burden of proof remains on the party, Cisco, who is challenging validity throughout this litigation.   In other words, the burden never shifts to VirnetX to prove that its patents are valid.

Even though the United States Patent and Trademark Office has allowed the claims of a patent, you have the ultimate responsibility for deciding whether the claims of the patent are valid.

For a patent to be valid, the invention claimed in the patent must be new, useful, and not obvious.   A patent cannot take away from people their right to use what was known or what would have been obvious when the invention was made.   In addition, the patent must comply with certain statutory requirements of disclosure.

I will now explain to you Cisco's grounds for invalidity in detail.   In making your determination as to invalidity, you should consider each claim and each ground for invalidity separately.

## 7.1     Anticipation

Cisco contends that all of the Asserted Claims of the '135, '504 and '211 patents are invalid for being anticipated by prior art.   Cisco bears the burden of establishing anticipation by clear and convincing evidence.

A patent claim is invalid if the claimed invention is not new.   For a claim to be invalid on the basis of anticipation because it is not new, all of its requirements must be present in a single previous device or method, or described in a single previous publication or patent.   We call these things prior art.   Cisco must prove by clear and convincing evidence that these items are prior art.

The description in a reference does not have to be in the same words as the claim, but all the requirements of the claim must be there, either stated expressly or necessarily implied or inherent in the level of ordinary skill in the field of technology of the patent at the time of the invention, so that someone of ordinary skill in the field of technology of the patent looking at that one reference would be able to make and use the claimed invention.

Something is inherent in an item of prior art if it is always present in the prior art or always results from the practice of the prior art and if a skilled person would understand that to be the case. Inherency may not be established by probabilities or possibilities.  The mere fact that a certain thing may coincidentally result from a given set of circumstances is not sufficient.  A party claiming anticipation by inherency must show that the elements of the claim are always present in the prior art or always result from the practice of the prior art.  You may not combine two or more items of prior art to make out an anticipation.

Before explaining one way in which Cisco can show that the inventions are not new**,** let me now instruct you on two basic concepts pertaining to the making of an invention by conception and reduction to practice.

First, I will address the concept of conception.  Conception is the mental part of an inventive act, i.e., the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention as it is thereafter to be applied in practice.  Conception of an invention is complete when the idea is so clearly defined in the inventor's mind that a person of ordinary skill in the field of the technology would be able to reduce the invention to practice without extensive research or experimentation. This requirement does not mean that the inventor has to have a prototype built or actually explain her or his invention to another person.  But there must be some evidence beyond the inventor's own testimony that confirms the date on which the

inventor had the complete idea.  Conception may be proven when the invention is shown in its complete form by drawings, disclosure to another person, or other forms of evidence presented at trial.

Second, a claimed invention is reduced to practice when it has been constructed/used/tested sufficiently to show that it will work for its intended purpose or when the inventor files a patent.  An invention may also be reduced to practice even if the inventor has not made or tested a prototype of the invention, if it has been described in a filed patent application.

## 7.2   Anticipation by a Printed Publication

A patent claim is invalid if the invention defined by that claim was described in a printed publication anywhere in the world before it was invented by the patent applicant, or more than one year prior to the filing date of the United States patent application. VirnetX contends that the priority date for the '135 patent is the alleged invention date, September 23, 1999, rather than the effective filing date of February 15, 2000 and Cisco contends that the effective filing date is February 15, 2000.  The effective filing date of the '759, '504, and '211 Patents is April 26, 2000.

Printed publications may include issued patents as well as articles, treatises, and other written materials.  A printed publication or patent will not anticipate unless it contains a description of the invention covered by the patent claims that is sufficiently detailed to teach a skilled person how to make and use the invention without undue experimentation.  Factors to be considered in determining whether a disclosure would require undue experimentation include: (1) the quantity of experimentation necessary; (2) the amount of direction or guidance disclosed in the printed publication or patent; (3) the presence or absence of working examples in the

printed publication or patent; (4) the nature of the invention; (5) the state of the prior art; (6) the relative skill of those in the art; (7) the predictability of the art; and (8) the breadth of the claims.

A printed publication must be reasonably accessible to those members of the public who would be interested in its contents.  It is not necessary that the printed publication be available to every member of the public.  The date that a printed publication becomes prior art is the date that it becomes available to the public.

So long as the printed publication was available to the public, the form in which the information was recorded is unimportant.  The information must, however, have been maintained in some permanent form, such as printed or typewritten pages, magnetic tape, microfilm, photographs, or photocopies.

## 7.3     Level of Ordinary Skill

Several times in my instructions I have referred to a person of ordinary skill in the field of the invention.

The parties agree that a person of ordinary skill in the art would have a Master's degree in computer science or computer engineering, or in a related field, as well as approximately two years of experience in computer networking and in security with respect to computer networks, including actual experience with networking protocols as well as the security of those protocols.

## 8.     Damages

I will now instruct you about the measure of damages.  By instructing you on damages, I am not suggesting which party should win this case, on any issue.  If you find that Cisco infringed any valid claim of the Asserted Patents, you must then determine the amount of money damage to be awarded to VirnetX to compensate it for that infringement.

VirnetX seeks patent damages in the form of a reasonable royalty. Generally, a reasonable royalty is defined by the patent laws as the reasonable amount that someone wanting to use the patented invention should expect to pay to the patent owner and the owner should expect to receive.

A damages award should put the patent owner in approximately the financial position it would have been in had the infringement not occurred. You may not add anything to the amount of damages to punish the infringer, or to set an example.

VirnetX has the burden to persuade you by a preponderance of the evidence that it sustained the damages it seeks. While VirnetX is not required to prove damages with mathematical precision, it must prove them with reasonable certainty. The patent owner is not entitled to damages that are remote or speculative.

## 8.1    Reasonable Royalty Definition

A royalty is the amount of money a licensee pays to a patent owner to make, use or sell the patented invention. A reasonable royalty is the amount of money a willing patent owner and a willing prospective licensee would have agreed upon at the time of the infringement for a license to make the invention. It is the royalty that would have resulted from an arms-length negotiation between a willing licensor and a willing licensee. Unlike a real world negotiation, in the hypothetical negotiation, all parties are presumed to know that the patent is infringed and valid. The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred. Evidence of things that happened after the infringement first began may be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation.

The parties agree that the date of the hypothetical negotiation would have been June of 2005.

In making your determination of the amount of a reasonable royalty, it is important that you focus on the time period when the infringer first infringed the patent and the facts that existed at that time.  Your determination does not depend on the actual willingness of the parties to this lawsuit to engage in such negotiations.   Your focus should be on what the parties' expectations would have been had they entered negotiations for royalties at the time of the infringing activity.

## 8.2     Reasonable Royalty Factors

In deciding what is a reasonable royalty that would have resulted from the hypothetical negotiation, you may consider the factors that the patent owner and the alleged infringer would consider in setting the amount the alleged infringer should pay. I will list for you a number of factors you may consider. This is not every possible factor, but it will give you an idea of the kinds of things to consider in setting a reasonable royalty.

1. The royalties received by the patentee for licensing of the patents-in-suit, proving or tending to prove an established royalty.

2. Royalties paid for other patents comparable to the asserted patents.

3. The nature and scope of the license, as exclusive or nonexclusive; or as restricted or nonrestricted in terms of territory, or with respect to the parties to whom the product may be sold.

4. Whether or not the licensor had an established policy and marketing program to maintain its patent exclusivity by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that exclusivity.

5. The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory and the same line of business, or whether they are inventor and promoter.

6. Whether being able to use the patented invention helps in making sales of other products or services.

7. The duration of the patent and the term of the license.

8. The profitability of the patented invention, and whether or not it is commercially successful or popular.

9. The utility and advantages of the patented invention over the old modes or devices, if any, that had been used for achieving similar results.

10. The nature of the patented invention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention.

11. The extent of the licensee's use of the patented invention and any evidence probative of that use.

12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13. The portion of the profits that is due to the patented invention, as compared to the portion of the profit due to other factors, such as unpatented elements or unpatented manufacturing processes, or features or improvements developed by the licensee.

14. Expert opinions as to what would be a reasonable royalty.

15. The amount that a licensor and a licensee would have agreed upon if both sides had been reasonably and voluntarily trying to reach an agreement; that is, the amount which an accused infringer would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable to a patent owner if it would have been willing to create a license.

No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors. The framework which you should use in determining a reasonable royalty is a hypothetical negotiation between normally prudent business people.

## 9.      Instructions for Deliberations

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, and other organizations stand equal before the law, regardless of size or who owns them, and are to be treated as equals.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during trial.  After you have

22

reached your verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

If you want to communicate with me at any time, please give a written message or question to the Court Security Officer, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to deliberate.