# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| VirnetX Inc. *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>Cisco Systems, Inc.,<br><br>      Defendant. | Civil Action No. 6:10-cv-00417-LED<br><br>**JURY TRIAL DEMANDED** |

**CISCO SYSTEMS, INC.'S SUR-REPLY
IN OPPOSITION TO VIRNETX'S MOTION FOR A NEW TRIAL AND FOR
JUDGMENT AS A MATTER OF LAW**

## TABLE OF CONTENTS

**Pages**

I. VirnetX Is Not Entitled To A New Trial ............................................................................. 1

    A. A New Trial Should Not Be Granted Where The Movant Failed To Object, Much Less Seek A Mistrial ................................................................... 1

    B. Absent Legal Error By The Court, New Trials Are Not Granted Lightly .............. 3

    C. Cisco Did Not Commit Misconduct, Much Less Misconduct Warranting A New Trial ............................................................................................................... 5

        1. Cisco Properly Presented Its "Bedrock Facts" To The Jury ...................... 5

        2. Cisco Properly Applied The Court's Construction Of VPN ...................... 6

        3. Cisco Properly Applied The Court's Instructions ...................................... 7

        4. Cisco Did Not "Graft Extraneous Limitations" Onto The Claims ............ 7

        5. VirnetX's Other Assertions Of "Misconduct" Are Baseless And VirnetX Gives No Reason To Believe They Would Have Affected The Outcome ................................................................................................ 8

II. VirnetX Is Not Entitled To JMOL Of Infringement Of The '759 Patent .......................... 9

CONCLUSION ............................................................................................................................ 10

**TABLE OF AUTHORITIES**

**Pages**

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307 (Fed. Cir. 2007) .............................. 10

*Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272 (Fed. Cir. 2000) ......................... 1

*Alaniz v. Zamora-Quezada*, 591 F.3d 761 (5th Cir. 2009) .............................................................. 2

*DeCorte v. Jordan*, 497 F.3d 433 (5th Cir. 2007) ........................................................................... 4

*DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421 (5th Cir. 2003) .................................................... 4

*Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010) .................................................... 5, 10

*Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d 368 (1st Cir. 2004) ......................................... 4

*Park West Galleries, Inc. v. Hochman*, 692 F.3d 539 (6th Cir. 2012) ............................................ 4

*Scott v. Monsanto Co.*, 868 F.2d 786 (5th Cir. 1989) .................................................................. 3, 4

*Smith v. Transworld Drilling Co.*, 773 F.2d 610 (5th Cir. 1985) .................................................... 4

*Union Pacific R.R. Co. v. Field*, 137 F. 14 (8th Cir. 1905) ......................................................... 4, 5

*United States v. Diaz-Carreon*, 915 F.2d 951 (5th Cir. 2000) ....................................................... 3

*United States v. Logan*, 861 F.2d 859 (5th Cir. 1988) .................................................................... 3

*Winter v. Brenner Tank, Inc.*, 926 F.2d 468 (5th Cir. 1991) ........................................................... 3

*Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563 (Fed. Cir. 1996) ........................................................... 10

**Rule**

Fed. R. Civ. P. 50(a) ........................................................................................................................ 9

VirnetX has nothing new to say in its reply, instead repeating the same unsubstantiated complaints of "misconduct" from its opening motion. Notwithstanding its invective, VirnetX's accusations bear little resemblance to the trial this Court actively presided over. Tellingly, VirnetX does not dispute that the evidence supports the verdict, nor does it assert any legal errors by the Court—the normal grounds for a new trial motion. Instead, VirnetX asks for a new trial by reciting a litany of unrelated grievances— cobbled together in hindsight after getting an adverse verdict—which amount to nothing more than VirnetX's disagreement with the competing view of the *facts* Cisco presented to the jury. As Cisco's opposition explained, Cisco committed no misconduct at all, much less "egregious" misconduct required for a new trial. *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1284 (Fed. Cir. 2000). Indeed, VirnetX cannot identify a single case granting a new trial to a party that sought an *Allen* charge than asked for a mistrial after getting the verdict it sought through that charge, or granting a mistrial on facts remotely resembling those here. VirnetX's litany of complaints about various unobjected-to, unobjectionable, and out-of-context statements comes nowhere close to meeting the standard for a new trial based on misconduct, and VirnetX's motion should be denied.

Likewise, VirnetX's motion for judgment as a matter of law of infringement of the '759 patent should be denied for at least two independently sufficient reasons: (1) VirnetX's motion says **nothing** about the claim elements added by the only two dependent claims asserted in this case; and (2) substantial evidence at trial established that Cisco does not infringe those claims. VirnetX's reply neither cures nor explains either of those defects in its motion.

I. **VirnetX Is Not Entitled To A New Trial**

   A. **A New Trial Should Not Be Granted Where The Movant Failed To Object, Much Less Seek A Mistrial**

   In stark contrast to the handful of cases granting new trials cited in its reply, **VirnetX**

*failed to object* to most of what it now pejoratively labels "misconduct." Specifically, VirnetX:

- never objected to Cisco's presentation of its "bedrock facts" to the jury, much less in opening or closing—nor could it when Cisco properly argued, ***based on the facts***, that its products did not meet all the limitations of the asserted claims;

- never objected to Cisco's arguments relating to prior art, much less suggested that Cisco had "adulterated" the Court's instructions—nor could it when Cisco directly quoted the Court's instructions and advanced *invalidity* arguments;

- did not object that Cisco was asking the jury to rely on a "lay understanding" rather than the claim terms and constructions—nor could it when Cisco was properly arguing how, *as a factual matter*, its IP telephone systems use phone numbers to make a call;

- did not object that Cisco was offering a competing construction of "cryptographic information"—nor could it because Cisco was simply arguing that, *as a factual matter*, in Cisco's systems user names and passwords provide cryptographic information;

- did not object that Cisco had "grafted limitations onto the claims"—nor could it when Cisco was making arguments why, *as a factual matter,* Cisco did not meet the limitations of the dependant claims asserted by VirnetX;

- did not object to any of the statements made during opening and closing that it now contends were "inexcusable" misconduct—nor could it when they are viewed in context.

Tellingly, while VirnetX asserts that "the record is replete with VirnetX's objections," it does not identify *any* objections on these particular issues. Reply at 2 n.1  VirnetX was hardly timid in objecting at trial,[1] and the Court addressed each party's objections as appropriate. VirnetX's suggestion that the Court had a responsibility to supplement VirnetX's objections *sua sponte*, Reply at 2 n.1, is unsound. Even if there were any improper statements—and there were not—it is settled that "[a]bsent a timely objection, reversal is generally not warranted based on counsel's improper statements alone." *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 778 (5th Cir. 2009).

More fundamentally, the failure to request a mistrial over what VirnetX now claims is "misconduct" is not merely a "significant" factor—though it certainly belies the notion that there

---

[1] VirnetX's bald assertion that "Cisco cannot expect to infect the trial with continuous improper argument and then perversely benefit if the number of objections is not numerically equal to every instance of improper argument" is an empty shell. Reply at 2 n1. In addition to assuming the conclusion that Cisco engaged in misconduct, it does not address VirnetX's failure to object to most of what it now claims was "misconduct."

2

was actually any misconduct, *see United States v. Diaz-Carreon*, 915 F.2d 951, 958-59 (5th Cir. 2000)—it is usually dispositive. Where "counsel made a strategic determination not to request a mistrial at the time the [allegedly] improper comments were made," the Fifth Circuit "***will not allow him to challenge the verdict*** based on those same comments after having had a chance to see the verdict." *Winter v. Brenner Tank, Inc.*, 926 F.2d 468, 473 (5th Cir. 1991) (emphasis added). Here, VirnetX not only never sought a mistrial and acquiesced in a curative instruction for the one issue on which it objected, VirnetX specifically asked for the *Allen* instruction to obtain a verdict from the jury—a point VirnetX does not address in its reply. Cisco is not aware of ***any*** case in which a party was granted the *Allen* instruction it requested, obtained a verdict, and was subsequently granted a new trial. Indeed, the fact VirnetX did not ask for a mistrial, but instead asked for an *Allen* instruction, belies the notion that it believed there was any "misconduct" that prejudiced the jury. VirnetX's motion is buyer's remorse. If it believed the trial had been somehow fundamentally tainted by Cisco's arguments, VirnetX was required to say so and seek a mistrial, not a verdict. Fifth Circuit law prohibits such gamesmanship, and Cisco's Seventh Amendment right would be meaningless if VirnetX were permitted to keep rolling the dice until it gets the outcome it wants.

### B. Absent Legal Error By The Court, New Trials Are Not Granted Lightly

Even if VirnetX had preserved the issues it now seeks belatedly to raise, it cannot meet the standard for a new trial. Recognizing as much, VirnetX instead takes issue with settled precedent instructing that the authority to grant a new trial "should be exercised sparingly and with caution," *United States v. Logan*, 861 F.2d 859, 867 n.6 (5th Cir. 1988), and is "tempered by the deference due to a jury." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989). As Cisco's opposition explained, the decision to cast aside the result of a jury trial is strong medicine, and for that reason a "greater degree of scrutiny … is given to the grant of a new trial."

3

*Id.* at 789; *see also DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 431 (5th Cir. 2003). Thus, the new trial "remedy is sparingly used," and granted only if "upholding the verdict will result in a miscarriage of justice." *Johnson v. Spencer Press of Maine*, 364 F.3d 368, 375 (1st Cir. 2004); *see also DeCorte v. Jordan*, 497 F.3d 433, 443 (5th Cir. 2007).

The cases VirnetX cites are not to the contrary. In both its motion and its reply, VirnetX truncates a quotation from *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985) to misstate its holding. Mot. at 1; Reply at 2-3 (quoting *Smith* for the proposition that granting new trials has "long been regarded as an integral part of trial by jury."). The full quotation is that a "trial court's power to grant a new trial ***on the basis of the court's firm belief that the verdict is clearly contrary to the weight of the evidence*** has, as Professor Charles Wright observes, 'long been regarded as an integral part of trial by jury.'" 773 F.2d at 613 (emphasis added). But VirnetX does not even argue that the verdict here is against the weight of the evidence. Indeed, VirnetX criticizes Cisco for pointing out that the verdict of noninfringement is, in fact, amply ***supported*** by the weight of the evidence. Reply at 2 n.2. VirnetX, instead, relies solely on purported "misconduct" and "confusion," but does not attempt to show that the trial was fundamentally unfair, much less that it was a "miscarriage of justice." The cases VirnetX cites are inapposite. In *Park West Galleries, Inc. v. Hochman*, the Sixth Circuit affirmed the grant of a new trial where the plaintiff had repeatedly objected to the challenged conduct during trial, and "[t]he district court gave several warnings to defense counsel regarding the misconduct and sanctioned … defense counsel … for his failure to honor the court's rulings regarding improper lines of questioning." 692 F.3d 539, 542 (6th Cir. 2012). Nothing of the sort occurred here. In *Union Pacific R.R. Co. v. Field*, a 108-year-old Eighth Circuit case that unremarkably states the obligations of the judge and counsel as officers of the

4

court, the appellant similarly objected repeatedly to the specific statements at issue. 137 F. 14, 17 (8th Cir. 1905). While courts must "guard … against the influence of passion and prejudice," *Id.* at 15-16, VirnetX makes no effort to carry its heavy burden of showing that the jury's verdict was the result of such extremes. Lastly, VirnetX offers no response to the binding authority cited in Cisco's opposition explaining the conditions required for a new trial based on jury "confusion."[2] *See* Opp'n at 6-7.

### C. Cisco Did Not Commit Misconduct, Much Less Misconduct Warranting A New Trial

Much like its opening brief, VirnetX's reply distorts what Cisco did and said at trial. The record does not support VirnetX, and much of what it now calls "misconduct" is nothing more than Cisco's proper presentation of its competing view of the *facts* to the jury. Cisco properly argued its products did not, *as a factual matter*, satisfy the Court's claim construction. That was the question for the jury to decide, and VirnetX simply does not like the jury's decision.

#### 1. Cisco Properly Presented Its "Bedrock Facts" To The Jury

VirnetX has no response to the basic fact that Cisco's presentation of its "bedrock facts" in opening and closing, was about *the facts*, not the law. Nothing VirnetX cites supports its argument that Cisco told the jury to substitute its facts for the Court's instructions. *See* Reply at 3. Had Cisco done any such thing, VirnetX presumably would have objected.

As for the "bedrock facts" themselves, *first*, VirnetX persists in arguing that it was improper for Cisco to point out, truthfully, that VirnetX did not invent VPNs. VirnetX continues

---

[2] Cisco's opposition explains at length why the jury's verdict is amply supported by the evidence, and thus any purported "misconduct" was harmless error that did not affect VirnetX's "substantial rights." *See* Opp'n at 20-24. Indeed, VirnetX's failure to produce any evidence of *actual* infringement was fatal to its claims. VirnetX apparently now hangs its hat on the notion that the accused products were "capable" of infringing. Reply at 10. However, that is legally insufficient where, as here, the claims do not merely require "capability." *See* Opp'n at 20-21. As the Federal Circuit has made clear, "[u]nless the claim language only requires the capacity to perform a particular claim element, we have held that it is not enough to simply show that a product is capable of infringement; the patent owner must show evidence of specific instances of direct infringement." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1329 (Fed. Cir. 2010). VirnetX has no response.

to ignore that Cisco had an invalidity defense, and it was thus critical for the jury to know what was prior art. Moreover, as to infringement, Cisco was entitled to make the truthful factual observation that VPNs standing alone could not infringe—they were not what was claimed. *Second*, VirnetX asserts that "the scope of the claims is never a 'factual matter' for the jury to decide." Reply at 4. But Cisco never argued that it was, and the passage VirnetX cites does not support its argument. Rather, as VirnetX quotes, Cisco argued over "[w]hether, *as a factual matter*, Cisco's products met the claim limitations" as construed by the Court—that is the question every jury must decide in an infringement case. *Compare* Reply at 4, *with* Opp'n at 9. *Third*, VirnetX's assertion that Cisco argued it "cannot infringe if the accused functionality is built on top of prior art" is not even supported by the snippets from the record that it takes out of context. Reply 4. Rather, Cisco argued that it *only* used prior art systems, which either were not infringing or rendered the patents invalid. That is entirely proper.

### 2. Cisco Properly Applied The Court's Construction Of VPN

VirnetX has no answer for the fact that, at the *Markman* hearing, Cisco specifically and repeatedly argued that "[t]he entire invention" was "a new way of anonymity," and that "[t]he only thing this invention brought to the table was the anonymity protocol." 1/5/12 *Markman* Hr'g Tr. 29, 33. To turn around and say, as VirnetX does, that Cisco argued that "the ordinary meaning of VPN requires anonymity," is not credible. Reply at 4. If Cisco's position was that *all* prior art VPNs provided the patented anonymity, then (1) it would have been nonsense for Cisco to argue that the invention was "a new way of anonymity," and (2) *VirnetX would not have opposed including anonymity in the claim construction*. VirnetX continues to take the same quotes out of context, and does not even attempt to address the inconsistency in its position and arguments. *See* Opp'n at 13. To be sure, *some* prior art VPNs provided anonymity, but Cisco never argued that all prior art VPNs did, and it was VirnetX's burden to prove to the jury

6

as a *factual* matter that Cisco's VPNs provided some anonymity—it failed to do so. Regardless, Cisco ultimately "did not win its construction for VPN," because the Court amended the construction at trial over Cisco's objection. 3/11/13 PM Tr. 12-15. Finally, VirnetX has no response for the fact that Cisco's arguments at trial were *the same* as at the *Markman* hearing— VirnetX utterly ignores the record, the testimony, *see* Opp'n 11-12, and its own unprecedented opportunity to examine and cross-examine witnesses at length over that issue. *Id.* at 14.

### 3. Cisco Properly Applied The Court's Instructions

In Reply, VirnetX insists that Cisco "adulterated" the Court's preliminary instructions about prior art and cites a quote that does not even support its contention that Cisco argued "it is not enough to show infringement by demonstrating that an accused product meets every claim." Mot. 10; Reply 6. The cited passages say nothing of the sort and VirnetX's argument makes no sense. Cisco's witness was merely testifying as to *facts*, applying the Court's claim construction and explaining that if Cisco was doing nothing more than using a prior art VPN in a manner wholly disclosed in the prior art, that would not infringe under that construction. Indeed, if it somehow did, then the asserted claims would necessarily be invalid as anticipated.

### 4. Cisco Did Not "Graft Extraneous Limitations" Onto The Claims

VirnetX's reply brief ignores that the Court gave the jury the claim constructions and instructed the jury on the law. The jury is presumed to follow the Court's instructions, and VirnetX offers no reason to believe it did not do so here. Instead, VirnetX's reply recites the same isolated statements cited in its opening brief, which were never objected to and when read in context are wholly unobjectionable.

Cisco did not tell the jury to disregard the constructions of "domain name" or "cryptographic information." *See* Reply at 7. Rather, it explained why the "domain name" limitation could not be met by Cisco's IP telephony products, because Cisco's systems dial one

7

number at a time—they do not use phone numbers as a whole domain name akin to "yahoo.com" or "amazon.com." Cisco also explained that, in the context of its system, usernames and passwords supplied "cryptographic information." Cisco was entitled to show the jury that, as the patent itself demonstrated, usernames and passwords could sometimes be "cryptographic information" as construed by the Court and as it was in Cisco's products. VirnetX failed to meet its burden to prove *factually* that, as used in Cisco's systems, usernames and passwords were not "cryptographic information."

Likewise, Cisco did not "graft extraneous limitations" onto the claims of the '759 Patent, when it argued that its products do not meet the "software module" and "response to the step of enabling" limitations. Opp'n 17. Cisco did nothing more than what every defendant in every patent case must do—explain *factually* why its products do not meet all of the limitations of the asserted claims. VirnetX's arguments would take that issue out of the hands of the jury by conflating the *application* of claim limitations with the *construction* of claim limitations. *See* Reply at 7-8 & n.8. VirnetX failed to meet its burden to prove *factually* that Cisco's products meet these claim limitations, and its motion for a new trial on these patents should be denied.[3]

### 5. VirnetX's Other Assertions Of "Misconduct" Are Baseless And VirnetX Gives No Reason To Believe They Would Have Affected The Outcome

As noted in Cisco's opposition, VirnetX's remaining assertions of misconduct were unobjected to and unobjectionable, *see* Opp'n 18-19, and in its reply VirnetX gives no reason to believe any of them would have affected the trial. Indeed, the pettiness of VirnetX's lingering complaints demonstrates how meritless its motion is. *First*, Mr. Larsen "branded" himself as a

---

[3] VirnetX continues to misrepresent the record and assert that Cisco argued "to the jury that the '504 and '211 patents require anonymity." Reply 8 n.3. That is blatantly false. Cisco's Opposition explains that Cisco was establishing that it did not have any anonymity in its telephone products. Opp'n. Astonishingly, VirnetX argues that this served no purpose "other than to confuse the jury." Reply 8 n.3. But, once again, VirnetX seems to have forgotten that it asserted claim 8 of the '211 patent against Cisco's IP telephone products, and that claim requires a VPN, and thus, *some anonymity*, given the Court's claim construction.

8

venture capitalist (*compare* Reply at 8, *with* 3/5/2013 PM Tr. 3), and Cisco was entitled to explain that to the jury. *Second*, VirnetX has no response whatsoever for its improper closing argument that Dr. Jennings did not opine on infringement, when VirnetX had successfully objected to such testimony. Instead, it asserts it was improper for Cisco to respond that VirnetX's fact witnesses also left that issue for the experts. But there was nothing improper about Cisco's response, nor did Cisco say that VirnetX's witnesses should have reviewed information covered by the protective order. *Third*, Dr. Nettles testified he frequently works at McKool Smith's offices, and at closing Cisco merely used that fact to highlight that, despite his familiarity with the phone systems in those offices, he could not tell whether they infringed. *Fourth*, the law is clear that the Golden Rule prohibition applies only to arguments about *damages* sought by *plaintiffs*, and Cisco's closing argument did not remotely approach the kind of "Golden Rule" argument that courts have found impermissible in some emotionally-charged cases. *See* Opp'n 19. Cisco, the defendant, was not arguing about the quantity of damages. It was arguing—properly—about liability and the lack of credibility of VirnetX's position.

**II. VirnetX Is Not Entitled To JMOL Of Infringement Of The '759 Patent**

VirnetX has no response to *any* of the independent reasons its request for JMOL must be denied. *First*, VirnetX ignores the record, which demonstrates that there was no inconsistency in Cisco's positions, and certainly nothing over which judicial estoppel could be invoked, particularly since the Court simply relied on its previous *Microsoft* ruling. *See* Opp'n 24 & n.17. Likewise, it ignores the fact that the Court granted an amended construction, over Cisco's objection. *Id*. And if VirnetX wanted to rely on judicial estoppel to take an issue out of the jury's hands, it was required to raise it in its Rule 50(a) motion, which it admittedly did not do.

*Second*, VirnetX seeks to take away from the jury whether usernames and passwords in Cisco's products act as "cryptographic information." But that is quintessentially a fact question.

9

It does not become a legal question merely because Cisco's expert (properly) pointed out that, as the patent itself demonstrated, usernames and passwords could sometimes be "cryptographic information" as construed by the Court.

*Third*, VirnetX asserts the Court can take away from the jury the question of whether the limitations added by dependent claims 2 and 17 are infringed. But VirnetX *says not a single word about the actual evidence*. The parties vigorously contested how Cisco's products worked, including whether software was downloaded "in response to the step of enabling" the secure communication mode, or whether it was only downloaded *after* a secure mode was established.

*Fourth*, VirnetX has no response to the fact that it failed to present *any evidence* of direct infringement—*i.e.*, that a single Cisco customer had actually configured its system in a manner that practiced claims 2 and 17. *See* 3/6/2013 AM Tr. 23-24, 108-09. In response, VirnetX asserts only that it was enough that the accused products were "capable" of infringing. That is wrong as a matter of law. By their terms, claims 2 and 17 do not claim products merely capable of infringing, but only products that *actually* infringe. *Accord Fujitsu*, 620 F.3d at 1328-29; *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007); *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1570 (Fed. Cir. 1996) (rejecting argument "a device which is CAPABLE of infringing use does not escape infringement although not actually used in an infringing manner," where the claims cover actual use) (original emphasis).

*Finally*, VirnetX makes no attempt to respond to Cisco's showing that substantial evidence supported the jury's finding that Cisco did not *induce* infringement. VirnetX effectively concedes that substantial evidence supports the jury's finding that Cisco lacked the requisite knowledge and intent, and has waived any contrary argument.

## CONCLUSION

VirnetX's motion should be denied.


Dated:  May 13, 2013

By: */s/ John M. Desmarais, with permission by Michael E. Jones*
Michael E. Jones
Texas State Bar No. 10929400
John F. Bufe
Texas State Bar 03316930
**POTTER MINTON PC**
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone:  (903) 597-8311
Facsimile:   (903) 593-0846
Email:   mikejones@potterminton.com
         johnbufe@potterminton.com

OF COUNSEL:

John M. Desmarais (*pro hac vice*)
jdesmarais@desmaraisllp.com
Michael P. Stadnick (*pro hac vice*)
mstadnick@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile:  (212) 351-3401

John C. O'Quinn (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
655 15th St., NW
Washington, DC  20005
Telephone:  (202) 879-5000
Facsimile:   (202) 879-5200

**Attorneys for Defendant Cisco Systems, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 13, 2013.

*/s/ Michael E. Jones*