IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **VIRNETX INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CASE NO. 6:10-CV-417 |
| § | |
| **CISCO SYSTEMS, INC. et al.,** § | |
| § | |
| Defendants. § | |
| § | |

## ORDER

Before the Court is Apple Inc.'s Motion to Alter or Amend the Judgment (Docket No. 793). For the reasons stated below, the Motion is **DENIED.**

### BACKGROUND

On August 11, 2010, VirnetX, Inc. ("VirnetX") filed this action against Apple Inc. ("Apple") alleging that Apple infringed U.S. Patent Nos. 6,502,135 ("the '135 Patent"), 7,418,504 ("the '504 Patent), 7,490,151 ("the '151 Patent), and 7,921,211 ("the '211 Patent) (collectively, "the patents-in-suit"). The '135 and '151 Patents generally describe a method of transparently creating a virtual private network ("VPN") between a client computer and a target computer, while the '504 and '211 Patents disclose a secure domain name service.

A jury trial regarding the instant suit commenced on October 31, 2012. Following a five-day trial, the jury returned a verdict that the '135, '151, '211, and '504 Patents were not invalid and Apple infringed the asserted claims.[1] Docket No. 598. After addressing the parties' post-trial motions, the Court entered a final judgment against Apple on February 28, 2013. Docket

---

[1] At trial, VirnetX contended Apple infringed claims 1, 3, 7, 8 of the '135 Patent; claims 1 and 13 of the '151 Patent; claims 1, 2, 5, 16, 21, and 27 of the '504 Patent; and claims 36, 37, 47 and 51 of the '211 Patent.


Nos. 732, 742. The Court also severed VirnetX's claim for an ongoing royalty into a separate action and ordered the parties to attempt to negotiate a license for a post-verdict royalty without the Court's intervention. *See* Docket No. 732 at 42.

## APPLICABLE LAW

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) "serve[s] the narrow purpose of allowing a party to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). This legal standard "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993).

## ANALYSIS

Apple asks the Court to amend or alter the final judgment. Docket No. 793. Specifically, Apple requests that the Court vacate the portion of the judgment severing VirnetX's request for an ongoing royalty into a new case, reclassify the judgment as non-final, and amend the judgment after the disposition of VirnetX's ongoing royalty request. *Id.* at 1. Apple argues it was improper for the Court to sever the claim for an ongoing royalty, because an ongoing royalty is not a separate cause of action but rather merely a remedy. *Id.* Since the severance was improper, Apple contends the ongoing royalty issue is still pending in the original case, therefore the judgment is not final.

VirnetX counters that the judgment should not be amended, because there are no outstanding issues in the instant case – liability and damages have been determined. Docket No.

802 at 7–8. VirnetX argues Apple misconstrues the purpose of an ongoing royalty as merely a remedy and not a separate cause of action. *Id.* at 2–7. An ongoing royalty addresses ongoing infringement. Since ongoing infringement is different from past infringement, VirnetX contends it was proper for the Court to sever the ongoing royalty from the instant case, thus the judgment should not be amended. *Id.*

Essentially, Apple argues that because there is only one claim of patent infringement at issue, there is no second claim that can be severed from the case. However, Apple fails to acknowledge that patent infringement is not a singular injury felt by the patentee, but may be an ongoing harm, if the infringer continues to make, use, offer to sell, or sells the patented invention during the term of the patent. 35 U.S.C. § 271 (2011). When VirnetX originally filed this action, it not only alleged past infringement but also ongoing infringement.[2] While Apple is correct that an ongoing royalty is a remedy, it is a remedy for ongoing infringement post-judgment, which is distinct from past infringement. Due to the realities of litigation, there can be separate claims for infringement: pre-judgment and post-judgment infringement. *See Paice LLC v. Toyota Motor Corp.*, 504 F. 3d 1293, 1316–17 (Fed. Cir. 2007) (Rader, R., concurring) ("Evidence and argument on royalty rates were, of course, presented during the course of the trial, for the purposes of assessing damages for Toyota's *past* infringement. But pre-suit and post-judgment acts of infringement are distinct, and may warrant different royalty rates given the change in the parties' legal relationship and other factors.") Thus, there were multiple claims present in this case which could be severed.

---

[2] *See* Docket No. 1 at 7 ("Apple has infringed and/or continues to infringe the '135 and '151 patents); Docket No. 75 at 9 ("Apple has infringed and/or continues to infringe the '135, '151 and '504 patents); Docket No. 107 at 11 ("Apple has infringed and/or continues to infringe the '135, '151, '504 and '211 patents); Docket No. 238 at 12 ("Apple has infringed and/or continues to infringe the '135, '151, '504 and '211 patents).

Rule 21 states "[t]he court may sever any claim against a party." FED. R. CIV. P. 21. "Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). "If a severed claim is one of multiple claims asserted by a single plaintiff against a single defendant (or vice versa), neither party is severed from the original action. Rather, both parties are involved in two separate actions." 4 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 21.06 (3d ed. 2013).

A trial court has great discretion to sever the issues "to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); *see* FED. R. CIV. P. 21. When a party requests an ongoing royalty, the Court believes severing the action for ongoing infringement is the most efficient way to handle the ongoing dispute. *See z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 444 (E.D. Tex. 2006) (severing z4's continuing causes of action regarding Microsoft's post-verdict infringement into a separate action); *see also Mondis Tech. Ltd. v. Chimei Innolux Corp.*, 822 F. Supp. 2d 639, 642 (E.D. Tex. 2011); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, No. 2:06-cv-348, Docket No. 825 (E.D. Tex. June 3, 2011); *Avid Identification Sys., Inc. v. Phillips Elecs. N. Am. Corp.*, No. 2:04-cv-183, 2008 WL 819962, at *4 (E.D. Tex. March 25, 2008); *Saffran v. Boston Scientific Corp.*, No. 2:05-cv-547, 2008 U.S. LEXIS 106711, at *2 (E.D. Tex. Feb. 14, 2008); *Alexsam Inc. v. IDT Corp.*, No. 2:07-cv-420, Docket No. 367 (E.D. Tex. Aug. 18, 2011). Prior to the Court deciding whether to impose a royalty for the future use of a patented technology, parties are afforded an opportunity to negotiate a license themselves. *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1315

(Fed. Cir. 2007); *Telecordia Techs., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1378–79 (Fed. Cir. 2010) ("If the district court determines that a permanent injunction is not warranted, the district court may, and is encouraged, to allow the parties to negotiate a license."). It is only when these negotiations fail and the patentee files the appropriate motion asking the Court to set an ongoing royalty rate that the Court considers whether a royalty should be imposed. *See Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 35 (Fed. Cir. 2012) (noting there are several types of relief for ongoing infringement that a court can consider but that a court may also decide that "no forward-looking relief is appropriate."). Inherently, this procedure is time consuming.[3] Therefore, whenever the Court wishes to bring finality to the original action as quickly as possible, the Court severs the issue of ongoing infringement into a new cause of action. *See Advanced Neuromodulation Sys, Inc. v. Advanced Bionics Corp.,* 2005 U.S. Dist. LEXIS 47695, at *2 (E.D. Tex. 2005) ("A claim may be severed if it will serve the ends of justice and further the prompt and efficient disposition of litigation.").

Additionally, severing the issues of ongoing infringement and royalty allows the original judgment to become final and proceed on its appellate course. Since determination of post-judgment issues of ongoing infringement and royalty may be time consuming and a moving target, awaiting determination of these issues would substantially delay appeal and final resolution of the case. Here, the Court exercised its discretion and severed the cause of action for ongoing infringement and the request for an ongoing royalty into a separate action. Since VirnetX's continuing cause of action for damages due to Apple's continuing post-judgment

---

[3] The Court notes that a request for an ongoing royalty goes beyond simply performing a mathematical calculation to determine future damages. Post-judgment damages are analyzed differently than pre-judgment damages. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1361– 62 (Fed. Cir. 2008). Additionally, an ongoing royalty applies to accused products and modified versions of those products, so long as those modified versions are not "colorably different" from the adjudicated products. *Creative Internet Advertising Corp. v. Yahoo! Inc.*, 674 F. Supp. 2d 847, 854 (E.D. Tex. 2009). Therefore, the trial court must also determine the issue of whether modified versions are or are not "colorably different" from the adjudicated products when resolving a request for an ongoing royalty.

infringement of the patents-in-suit was properly severed from the original case, Apple's motion is denied.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Apple's Motion to Amend or Alter the Final Judgment.

**So ORDERED and SIGNED this 4th day of June, 2013.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**