# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| **VIRNETX, INC. AND** § | |
| **SCIENCE APPLICATIONS** § | |
| **INTERNATIONAL CORPORATION**, § | Civil Action No. 6:10-CV-417 |
| § | |
| **Plaintiffs**, § | |
| § | |
| v. § | |
| § | |
| **APPLE INC.** § | |
| § | |
| **Defendant**. § | |

## JOINT STATUS REPORT

The parties respectfully submit this Joint Status Report in advance of the upcoming March 10, 2015 Status Conference. (Dkt. No. 855.)

**A.    Procedural History**

    1.    **417 Action**

VirnetX, Inc. ("VirnetX") filed this patent infringement litigation against Apple Inc. ("Apple") and other defendants[1] on August 11, 2010, and alleges infringement of U.S. Patent No. 6,502,135 ("the '135 patent"), U.S. Patent No. 7,490,151 ("the '151 patent"), U.S. Patent No. 7,921,211 ("the '211 patent"), and U.S. Patent No. 7,418,504 ("the '504 patent"). Leidos, Inc., formerly known as Science Applications International Corporation, was joined as a plaintiff on March 28, 2012.

On November 6, 2012, after a five-day trial, a jury found that (1) VPN On Demand infringed certain claims of the '135 and '151 patents; (2) FaceTime infringed certain claims of the '211 and '504 patents; and (3) none of the claims are invalid over the Kiuchi prior art

---

[1]    Apple is the sole remaining defendant.

reference. The jury awarded VirnetX reasonable royalty damages in the amount of $368,160,000. (Dkt. No. 598.) Following the verdict, the Court denied Apple's motions for judgment as a matter of law, for a new trial, or for a remittitur, denied VirnetX's request for a permanent injunction, and severed VirnetX's request for an ongoing royalty into a separate action. (Dkt. No. 732.) The Court subsequently entered judgment, awarding VirnetX reasonable royalty damages, pre-judgment interest, post-judgment interest, and post-verdict damages. (Dkt. No. 742.) Apple appealed ("417 Action Appeal"). (Dkt. No. 844.)

While the appeal was pending, the District Court awarded VirnetX an ongoing royalty on adjudicated products and products not colorably different from those adjudicated at trial that incorporated the FaceTime or VPN On Demand features found to infringe.[2] (6:13-cv-00211-LED, Dkt. No. 48.) Apple filed a second appeal to challenge this ongoing royalty award, and the Federal Circuit stayed the appellate proceedings pending issuance of its mandate in the 417 Action Appeal.

On September 16, 2014, the Federal Circuit issued an opinion in the 417 Action Appeal affirming-in-part, reversing-in-part, vacating-in-part, and remanding for further proceedings. *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014). Specifically, the Federal Circuit affirmed the finding that VPN On Demand infringed claims 1, 3, 7, and 8 of the '135 patent and claim 13 of the '151 patent, but reversed the infringement finding as to claim 1 of the '151 patent. *Id.* at 1320–23. With respect to FaceTime, the Federal Circuit reversed the District Court's construction of the term "secure communication link," and concluded that the term as used in the '211 and '504 patents requires anonymity. *Id.* at 1317–19. The Federal Circuit remanded for further proceedings to determine whether Apple's FaceTime feature infringes the

---

[2] As discussed *infra*, the Court's August 8, 2014 Order in the 855 Action (Dkt. No. 181) determined that iOS 7/OS X 10.9 FaceTime, iOS 7 VPN On Demand, and iMessage were not the same products as those adjudicated in the 417 Action.

'211 and '504 patents under the correct claim construction—that is, to determine whether Apple's FaceTime servers provide anonymity. *Id.* In addition, the Federal Circuit vacated the entire damages award. *Id.* at 1331–34.

VirnetX moved for rehearing and rehearing en banc, which the Federal Circuit denied on December 16, 2014. On February 24, 2015, the Federal Circuit vacated the District Court's ongoing royalty award because it was based on an implied royalty rate derived from the damages award that was vacated in the 417 Action Appeal. (6:13-cv-00211-LED, Dkt. No. 68.)

On February 13, 2015, this Court set a status conference for March 10, 2015, to discuss the status of the remand proceedings and address the issues set forth in this Joint Status Report. (Dkt. No. 855.)

          a.    **Issues Remaining on Remand in 417 Action**

The parties dispute the precise scope of the issues that remain to be decided on remand, and will address those issues in their competing scheduling proposals below.

        2.    **855 Action**

During the pendency of the 417 Action, in November 2011, VirnetX filed Case No. 6:11-cv-563 (E.D. Tex.), and in November 2012, VirnetX and SAIC filed Case No. 6:12-cv-855 (collectively, the "855 Action"). These cases were consolidated on June 18, 2013. In the 855 Action, VirnetX asserts that VPN On Demand infringes the '135 and '151 patents; and that FaceTime and iMessage infringe the '211 and '504 patents and U.S. Patent Nos. 8,151,181 ("the '181 patent") and 8,504,697 ("the '697 patent").[3] Plaintiffs have not asserted the '181 or '697 patents in the 417 Action. Expert discovery in the 855 Action is set to close on March 13, 2015,

---

[3] The parties appear to dispute the scope of accused products covered by the 855 Action, and address that scope in their competing proposals, below.

and the deadline to file dispositive and *Daubert* motions is May 1, 2015. Trial in the 855 Action is presently scheduled for October 13, 2015.

### B. Proposed Schedule for Resuming Proceedings

#### 1. VirnetX's Proposal

VirnetX believes the following issues remain on remand of the 447 action:

- Whether calls using Apple's FaceTime feature are "anonymous";

- If calls using Apple's Facetime feature are "anonymous," the appropriate amount of reasonable royalty damages for infringement by that feature prior to November 6, 2012; and

- The appropriate amount of reasonable royalty damages for adjudicated infringing products and media running the VPN On Demand feature prior to November 6, 2012.

Contrary to Apple's proposal, the Federal Circuit did not remand for a completely new determination of infringement by Facetime. Rather, the Federal Circuit expressly affirmed the district court's denial of JMOL with respect to Apple's non-infringement arguments other than those related to anonymity. *See* 767 F.3d at 1320 ("Thus, we do not think the district court erred in finding that there was substantial evidence on which the jury could have relied to reach its finding of infringement on this ['direct'] element."). And in fact, in remanding in light of its revised claim construction of "secure communication link," the Federal Circuit expressly stated the limited scope of the remand: "Thus, we remand for further proceedings to determine *whether Apple's Facetime servers provide anonymity*." *Id.* at 1319 (emphasis added). VirnetX's proposed issues track this express guidance, while Apple's proposal appears designed to give Apple a second bite at the entire non-infringement apple.

VirnetX proposes that these remaining issues in the 417 Action be consolidated with and resolved in the currently scheduled trial in the 855 Action.

4

The litigation between VirnetX and Apple has been ongoing since 2010. During this time, Apple has reaped all of the benefits of its unauthorized use of VirnetX's technology—generating huge revenues for itself and destroying much of the market that rightfully belongs solely to VirnetX and its authorized licensees. And because Apple refuses to take responsibility for its infringement, VirnetX must pursue royalties via the judicial system. Because litigation is very expensive, VirnetX requests a consolidated trial to address all of Apple's infringement and finally, five years later, have some repose. As discussed below, Apple's request for separate proceedings is simply a ploy to amplify the amount of money VirnetX must spend to get a full accounting for Apple's infringement—and perversely, Apple is equipped to make such a proposal because it has not yet paid VirnetX anything for its use of VirnetX's technology.

Apple suggests that its alleged redesigns of Facetime and VPN On Demand warrant separate trials, but they in fact warrant the opposite. Though Apple attempts to paint the 855 and 417 cases as neatly divided between "iOS 7" and "pre-iOS 7" functionalities, the fact is that iOS 7 (and Apple's alleged redesigns contained therein) was not released until September of 2013—nearly a year after the conclusion of the 417 trial.[4] Thus, there are acts of infringement at issue in the 855 Action—Apple's selling accused iOS devices between the conclusion of the prior trial and the September 2013 release of the allegedly redesigned versions of Facetime and VPN On Demand—that require the parties to address, in the 855 case, infringement by both pre- and post-iOS 7 functionalities, regardless of whether the Court adopts Apple's inefficient proposal to have two separate trials. Further, certain Apple devices that were sold prior to the previous trial and that were part of the prior trial are nonetheless at issue in the 855 Action because they contain

---

[4] In fact, VirnetX counsel expressly noted on the trial record that the iPhone 5 and similar products were not part of the 417 trial, because Apple had not provided discovery on those products. Oct. 29, 2012 Voir Dire Tr. 181:13-23. The iPhone 5 was released with iOS 6 (meaning even iOS 6 was not part of the 417 trial), making Apple's iOS 7 distinction here all the more confusing.

5

iMessage, an accused feature released during the 417 Action. Apple refused to produce discovery during the 417 Action related to iMessage, forcing VirnetX to inefficiently establish Apple's infringement of that feature in the follow-on 855 Action. In sum, VirnetX asserts that all acts of infringement by any version of iMessage, and all acts of infringement at a minimum after November 6, 2012 by any version of Facetime and VPN On Demand, are encompassed by the 855 Action allegations, and that the dividing line between the cases is a date—November 6, 2012—rather than a clear demarcation of software versions. Thus, there is simply no neat way to evenly separate these allegations from those in the remanded 417 case, as Apple appears to suggest.

      Apple also suggests that the fact that the 855 case involves a new accused functionality (iMessage) cautions against consolidation. But a new accused product should not bar consolidation in this case, just as accusing multiple features never requires separate feature-by-feature trials in the normal course. This is especially true here, where the patents infringed by iMessage overlap with those infringed by Facetime. Indeed, the original 417 action involved both VPN On Demand and Facetime (with no overlap between the patents infringed by each feature), yet the parties addressed both features in the same trial.

      Apple's true intention is delay. This is evident from its proposal of separate trials, with the first trial to occur even later than the trial already scheduled for the 855 case, and following unnecessary expert reports. To date, Apple has filed twenty-four review proceedings in the Patent and Trademark Office against VirnetX's patents (on top of the seven proceedings filed by RPX on Apple's behalf), and each day trial is delayed contributes to VirnetX's rapidly mounting costs. Apple's inexplicable expert report schedule proposal below highlights its dilatory purpose. VirnetX's expert reports already filed in the 855 Action include expert opinions regarding all Facetime, VPN On Demand, and iMessage functionality, including the

6

functionality covered by the 417 case. Apple has responded in kind—for example in the rebuttal report of Dr. Bakewell—with a damages opinion for all infringing time periods and devices. Further, though VirnetX has requested repeatedly that Apple identify any additional discovery it needs in light of the remanded 417 proceedings, Apple has not identified any. In its proposal below, Apple has provided no justification as to why its existing expert reports and discovery in the 855 Action are insufficient for a consolidated trial in October. Proposing additional and needless expert discovery and reports is just one more attempt at increasing VirnetX's ever-mounting expenses, while delaying indefinitely a final resolution of all outstanding issues.

Accordingly, VirnetX respectfully requests that the Court consolidate the 417 Action for trial with the 855 Action, and keep the schedule consistent with the existing schedule for the 855 Action. Importantly, consolidating the two Actions is the most efficient solution, resulting in the greatest conservation of judicial resources by eliminating the necessary redundancy that would exist in two separate trials. Moreover, the October 2015 date for the 855 trial has been in place since May 16, 2013. Thus, trial conflicts disclosed nearly two years after the trial setting should not govern the timing of these cases.[5]

    2.    Apple's Proposal

        a.    **Issues Remaining on Remand in 417 Action**

On pages 4-5, "VirnetX asserts that all acts of infringement by any version of iMessage, and all acts of infringement *at minimum* after November 6, 2012 by any version of FaceTime and VPN On Demand, are encompassed by the 855 Action allegations." VirnetX's choice of November 6, 2012 is illogical. VirnetX's purpose for such a proposal is solely an attempt to prejudice Apple's case by injecting jury confusion through overly complicating the 417 Action.

---

[5] This is especially true with respect to conflicts involving counsel who have only appeared in the case in the last two weeks.

In the 417 Action, VirnetX accused VPN On Demand in iOS 3 and higher of infringing the '135 and '151 patents and FaceTime in iOS 4/OS X 10.6.6 and higher of infringing the '504 and '211 patents.  After the jury verdict in the 417 Action, Apple redesigned FaceTime and VPN On Demand based on the findings in the 417 Action and, specifically, on the statements and allegations made by VirnetX during the 417 Action. .  These redesigned features were included in the very next operating system releases post-verdict: iOS 7 (September 18, 2013) and OS X 10.9 (October 2013).  In the 855 Action, the Court determined that

> The accused devices in this case are … iMessage, FaceTime, and VPN on Demand.  … iMessage [was] not at issue in *Apple I* [the 417 Action].  FaceTime and VPN on Demand have been re-designed since the prior case.  Thus, the accused features in this and the prior case are not "essentially the same."  Therefore, this case does not present the same "claim" as in *Apple I*.

(855 Action August 8, 2014 Order (Dkt. No. 181)).  The Court has thus already determined that the 417 and 855 Actions are about different accused features and, in so doing, provided a logical division of the accused features.

VirnetX claims that "Apple's selling accused iOS devices between the conclusion of the prior trial and the September 2013 release of the allegedly redesigned versions of FaceTime and VPN On Demand" means that such units must be included in the 855 Action.  Not so.  VirnetX ignores the fact that, after the court denied VirnetX's request for a permanent injunction, the pre-iOS 7 units it mentions were subject to and thus accounted for in the Court's now-vacated on-going royalty order.  Accordingly, those same pre-iOS 7 units would now be subject to the 417 Action, leaving the redesigned products for the 855 Action.

Thus, Apple asserts that the following issues remain to be decided on remand:

8

- Whether the accused products and media running Apple's FaceTime feature in pre-iOS 7.0 and pre-OS X 10.9 operating system environments infringe the '211 and '504 patents under the correct claim construction of the term "secure communication link";

- If the pre-iOS 7.0 and pre-OS X 10.9 FaceTime feature is found to infringe, the appropriate amount of reasonable royalty damages; and

- The appropriate amount of reasonable royalty damages for accused products and media running the VPN On Demand feature in pre-iOS 7.0 operating system environments.

Apple respectfully requests that, to develop an appropriate record during remand proceedings consistent with the Federal Circuit's opinion, the Court provide for the disclosure of expert witness reports and rebuttal expert witness reports in the 417 Action, and the depositions of expert witnesses and rebuttal expert witnesses.

b. **Apple's Proposed Schedule**

Apple proposes that trial in the instant remand proceedings (417 Action) proceeds before trial in the 855 Action for compelling reasons of judicial efficiency. First, an early resolution in the 417 remand proceedings will simplify the complex set of disputed issues in the 855 Action. The iOS 7/OS X 10.9 FaceTime and iOS 7 VPN On Demand features accused in the 855 Action have been redesigned since the 417 Action. Indeed, as explained in the Court's August 8, 2014 Order in the 855 Action (Dkt. No. 181 at 5), "the accused features in [the 855 Action] and the prior [417 Action] are not 'essentially the same' [and t]herefore, this case does not present the same 'claim' as [the 417 Action]." In addition, the 855 Action includes two patents and an accused feature (iMessage) that are not part of the 417 Action.

Second, trying the 417 Action first may streamline the 855 Action, but the converse— trying the 855 Action first—is not true. In the 417 Action, Apple asserts that FaceTime does not infringe because the term "secure communication link" requires anonymity. Should the Court or jury determine that pre-iOS 7/pre-OS X 10.9 FaceTime is not anonymous and thus does not

9

infringe, then iOS 7/OS X 10.9 FaceTime would not infringe for the same reason. Whether FaceTime infringes could therefore be resolved in the 417 Action, drastically simplifying the issues to be tried in the 855 Action. By contrast, in the 855 Action, Apple has numerous non-infringement defenses in addition to anonymity due to the redesign that took place between the two cases. As a result, a jury verdict that FaceTime does not infringe in the 855 Action would not necessarily be dispositive of Apple's anonymity-based argument. Third, the reasonable royalty damages amount to be determined in the remand proceedings may provide a damages framework to guide the parties in the consolidated action and may assist the parties as they continue mediation and negotiations toward potential settlement.

Contrary to VirnetX's claim, consolidating the 417 and 855 Actions for trial will be inefficient. The 855 Action is already an extraordinarily complex case. VirnetX is asserting infringement of six patents across three different features (VPN On Demand, FaceTime, and iMessage). iMessage was never part of the 417 Action. VPN On Demand and FaceTime have been redesigned since the 417 Action and thus require new analyses of non-infringement. Apple has a host of non-infringement defenses applicable only to iMessage and the redesigned VPN On Demand and FaceTime features, which cannot be asserted in the 417 Action. In addition, Apple can present invalidity defenses in the 855 Action for any previously untried claims of the '135, '151, '504, and '211 patents and for any asserted claims of the '181 and '697 patent, including claims of inequitable conduct which were not tried in the 417 Action. In contrast, Apple is precluded from asserting invalidity in the 417 Action.[6] Moreover, including the 417 Action with the 855 Action runs the risk of juror confusion and possible prejudice to Apple, particularly because the jury may not properly consider the effects of Apple's redesigns. Apple's proposal to

---

[6] *See* August 8, 2014 Order in the 855 Action (Dkt. No. 181).

keep the cases separate mitigates that risk and is the only proposal that presents an opportunity for simplification.

Accordingly, Apple proposes the following schedule for resuming proceedings in this 417 Action, which provides for early resolution of the remanded issues this Fall:

| Date | Event |
| --- | --- |
| April 30, 2015 | Deadline by which to complete limited supplemental fact discovery |
| May 21, 2015 | Parties with burden of proof designate expert witnesses; expert witness reports due |
| June 11, 2015 | Parties designate rebuttal expert witnesses; rebuttal expert witness reports due |
| June 25, 2015 | Expert Discovery Deadline |
| July 9, 2015 | Deadline to file letter briefs for summary judgment motions and *Daubert* motions |
| July 23, 2015 | Parties to Identify Trial Witnesses |
| August 6, 2015 | Parties to Identify Rebuttal Trial Witnesses |
| August 13, 2015 | Deadline to file dispositive motions and *Daubert* motions |
| September 3, 2015 | Deadline to respond to dispositive motions and *Daubert* motions |
| September 10, 2015 | Joint Pretrial Order, Joint Proposed Jury Instructions, and Form of the Verdict due |
| September 17, 2015 | Pretrial Disclosures due; Deposition Designations due |
| September 24, 2015 | Rebuttal Designations and Objections to Deposition Testimony due |
| October 1, 2015 | Objections to Rebuttal Deposition Testimony due |
| October 15, 2015 | Motions *in limine* due; Pretrial Objections due |
| October 29, 2015 | Responses to motions *in limine* due |

| Date | Event |
|---|---|
| November 16, 2015 | Trial-Ready Date (Jury Trial) |

Additionally, the 855 Action is scheduled for trial in October 2015. Apple proposes that trial in the 855 Action be rescheduled for 2016 to allow time to resolve post-trial motions in the 417 Action and gain the benefit of the expected streamlining and efficiencies created by resolution of the 417 Action.[7] Apple further proposes that interim deadlines in the 855 Action (except for the completion of expert discovery, which is already underway) be stayed until the Court has ruled on post-trial motions and issued a final judgment in the 417 Action, as letter briefing, *Daubert* motions, and summary judgment motions in the 855 Action will likely be impacted by the Court's rulings in the 417 Action.

C. **Conclusion**

The parties are available to discuss these proposals at the forthcoming March 10th status conference.

---

[7] Apple's proposed schedules for the two actions will also accommodate the availability of Apple's trial counsel Gregory Arovas, Michael Jones, and William Lee, who each currently have scheduling conflicts in October 2015. Mr. Arovas is lead counsel for Apple, and Mr. Jones for Samsung, in *ZiiLabs, Inc. v. Samsung Elecs. Co., et al.*, Case No. 2:14-cv-203-JRG-RSP (E.D. Tex.), in which trial is set for October 13, 2015. Mr. Lee is lead counsel for Apple in *Wisconsin Alumni Research Found. v. Apple Inc.*, Case No. 14-cv-62-bbc (W.D. Wis.), in which trial is set for October 5, 2015.

Dated: March 5, 2015

*/s/ Jason D. Cassady*
Bradley W. Caldwell
Texas State Bar No. 24040630
E-mail: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
E-mail: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
E-mail: hhamad@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
1717 McKinney Ave., Suite 700
Dallas, Texas 75202
Telephone: (214) 810-4705
Telecopier: (214) 481-1757

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
Charles Ainsworth
Texas State Bar No. 00783521
Email: charley@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF VIRNETX INC.**

*/s/ Andy Tindel*
Andy Tindel
State Bar No. 20054500
E-mail: atindel@andytindel.com
**MANN, TINDEL & THOMPSON - ATTORNEYS AT LAW**
112 E. Line, Ste. 304

Respectfully submitted,

*/s/ Gregory S. .Arovas*
Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile: (212) 446-4900

William F. Lee
william.lee@wilmerhale.com
Rebecca A. Bact
rebecca.bact@wilmerhale.com
**WILMER CUTLER PICKERING HALE & DORR LLP**
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Facsimile: (617) 526-5000

Danny L. Williams
State Bar No. 21518050
E-mail:  danny@wmalaw.com
Drew Kim
State  Bar No. 24007482
E-mail:  dkim@wmalaw.com
**WILLIAMS MORGAN P.C.**
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone:  (713) 934-7000
Facsimile: (713) 934-7011

Michael E. Jones
Texas Bar No. 10969400
mikejones@potterminton.com
Allen F. Gardner
Texas Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702

Tyler, TX 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

*Of Counsel:*

Donald Urrbazo (*Pro Hac Vice*)
California State Bar No. 489509
Email: donaldu@ulawpc.com
Arturo Padilla (Pro Hac Vice)
California State bar No. 188902
Email: apadilla@ulawpc.com
Ronald Wielkopolski (*Pro Hac Vice*)
District of Columbia Bar No. 1013586
Email: rwielkopolski@ulawpc.com
**URRABAZO LAW, P.C.**
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
Telephone: (310) 388-9099
Facsimile: (310) 388-9088

**ATTORNEYS FOR PLAINTIFF LEIDOS, INC.**

Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**ATTORNEYS FOR APPLE INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on this the 5th day of March, 2015.

*/s/ Jason D. Cassady*
Jason D. Cassady