IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX, INC. AND<br>SCIENCE APPLICATIONS<br>INTERNATIONAL CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:10-CV-417 |

**APPLE'S STATUS REPORT FOLLOWING MARCH 10 HEARING**
**REGARDING TRIAL SCHEDULING**

Apple Inc. respectfully submits this Status Report following the March 10, 2015 Status Conference at which the Court and the parties discussed trial scheduling for this action. (Dkt. Nos. 864, 866.) At the conclusion of the status conference, the Court requested that the parties meet and confer regarding the following two potential alternatives: 1) that the Court consolidate this action (the 417 Action) with the 855 Action,[1] with trial in a consolidated 417/855 Action set for Spring 2016 to provide the parties sufficient time to adequately prepare for a consolidated trial; or 2) that the 855 Action proceed to trial as scheduled on October 13, 2015, followed by a subsequent trial in this remanded 417 Action.

Following the status conference, Apple considered the options presented by the Court, assessed its witnesses' and counsel's schedules, and met and conferred with opposing counsel. As stated at the hearing, Apple continues to prefer separate trials in which trial in the earlier-filed, remanded 417 Action would precede trial in the later-filed 855 Action. If the Court is not

---

[1] *VirnetX, Inc. et al. v. Apple Inc.*, Case No. 6:12-cv-855.

inclined to schedule the trials in this way, however, Apple is amenable to consolidation of the 417 and 855 Actions with adjustment of the schedule as the Court proposed.

The parties met and conferred telephonically on March 11th and subsequently corresponded in an attempt to reach agreement on how to try the cases. Each side agreed to consult its respective counsel's and clients' schedules to determine whether the parties could agree to a consolidated trial date at a time that did not conflict with counsel's and witnesses' prior commitments. Following that investigation, Apple was able to clear six full weeks in the Winter and Spring of 2016 between March 7 to 31 and between May 9 to 20, when Apple can be prepared to try both actions together. Apple's proposal is also consistent with the Court's inquiry at the March 10, 2015 Status Conference:

> If the Court were inclined to consolidate the cases for trial, why would it not make some sense to move the trial setting by three or four or five months, perhaps to the spring of next year, to give the parties time to work through some of these issues and perhaps streamline it so that it could be tried in one case?

(Transcript of Status Conference (March 10, 2015), at 21:14-20.)

Despite Apple's requests, VirnetX failed to respond with its own availability, and did not indicate that it had any conflicts during these time periods. Rather, VirnetX emphasized that it "has an issue with being prejudiced by delaying the trial" and for that reason alone wished to proceed with the 855 trial only in October 2015. Given that VirnetX has not communicated to Apple any direct conflicts within the ranges that Apple proposed for a consolidated trial, or substantiated the alleged prejudice to VirnetX that a consolidated trial just months later could pose, Apple respectfully requests that the Court set a consolidated trial at a time within one of these proposed ranges: March 7-31, 2016, or May 9-20, 2016.

As mentioned above, Apple understands that VirnetX intends to urge the Court to retain the current October 13, 2015 trial date for the later-filed 855 Action and to set the earlier-filed 417 action for trial at some unspecified later date. Multiple reasons exist why such a schedule

makes no logical sense and would waste judicial resources. First, as noted in the parties' Joint Status Report, although trying the 417 Action first or consolidating the two actions would conserve judicial and party resources, trying the 855 Action first will not have the same beneficial effect. For example, in the 417 Action, the key issue in dispute between the parties regarding alleged infringement is whether FaceTime meets the claim limitation "secure communication link," which requires anonymity. Should the Court or jury determine that the FaceTime units in the 417 Action do not infringe because the anonymity requirement is not met, then the FaceTime units in the 855 Action would not infringe for the same reason. It is, in part, for this reason that Apple urged trial of the 417 Action first: whether FaceTime infringes could be resolved in the 417 Action, considerably simplifying the issues to be tried in the 855 Action. No such efficiencies could be achieved by first conducting a trial on the later, redesigned products in the 855 Action first. Apple has additional non-infringement defenses given the nature of the redesigns. As a result, a jury verdict that FaceTime does not infringe in the 855 Action would not resolve the question of infringement of the earlier products at issue in the 417 Action. Considering the parties have already been to trial once, it is incumbent on both sides to conserve judicial and client resources.

Moreover, as noted in the parties' Joint Status Report, Apple's trial counsel Gregory Arovas, Michael Jones, and William Lee, each currently have scheduling conflicts in October 2015. Mr. Arovas is lead counsel for Apple, and Mr. Jones for Samsung, in *ZiiLabs, Inc. v. Samsung Electronics Co., et al.*, Case No. 2:14-cv-203-JRG-RSP (E.D. Tex.), in which trial is set for October 13, 2015. Mr. Lee is lead counsel for Apple in *Wisconsin Alumni Research Foundation v. Apple Inc.*, Case No. 14-cv-62-bbc (W.D. Wis.), in which trial is set for October 5, 2015. A trial during the time periods suggested by Apple would resolve these scheduling conflicts.

Accordingly, having considered the options provided by the Court, Apple respectfully requests that the Court set a consolidated trial at a time within one of Apple's proposed ranges—March 7-31, 2016, and May 9-20, 2016—and that the parties jointly submit, following issuance of the Court-ordered trial date, a proposed pretrial schedule for these consolidated actions.

Apple is available to further discuss the parties' competing proposals should the Court so desire.

Dated: March 13, 2015

Respectfully submitted,

*/s/ Joseph A. Loy*

Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

William F. Lee
william.lee@wilmerhale.com
Rebecca A. Bact
rebecca.bact@wilmerhale.com
**WILMER CUTLER PICKERING HALE & DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Danny L. Williams
State Bar No. 21518050
E-mail: danny@wmalaw.com
Drew Kim
State Bar No. 24007482
E-mail: dkim@wmalaw.com
**WILLIAMS MORGAN P.C.**
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000

Facsimile: (713) 934-7011

Michael E. Jones
Texas Bar No. 10969400
mikejones@potterminton.com
Allen F. Gardner
Texas Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**ATTORNEYS FOR APPLE INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 13, 2015.

>　　　　　　　　　　　　　　　　　　*/s/ Wendy K. Adams*
>　　　　　　　　　　　　　　　　　　Wendy K. Adams