**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **VIRNETX INC., and SCIENCE APPLICATIONS INTERNATIONAL CORPORATION,** | § | |
| **Plaintiffs,** | § | **Civil Action No. 6:10-cv-00417-RWS** |
| **v.** | § | **JURY TRIAL DEMANDED** |
| **APPLE INC.,** | § | |
| **Defendant.** | § | |

**PLAINTIFF VIRNETX'S STATUS REPORT REGARDING PROPOSED TRIAL SCENARIOS**

Following the parties' submission of a Joint Status Report (Dkt. No. 855) and participation in the March 10, 2015 Status Conference, VirnetX respectfully submits this additional status report addressing issues raised in the Status Conference, and reiterating its request for a consolidated trial in October of 2015.

**A. Background**

In the parties' Joint Status Report (Dkt. No. 864) and at the March 10, 2015 Status Conference, the parties offered competing proposals regarding how trial should proceed in remanded case No. 6:10-cv-417 ("417 Case") and its follow-on case No. 6:12-cv-855 ("855 Case"). At the conclusion of the status conference, the Court indicated its inclination to follow one of two courses:

1) Consolidate the two cases for trial on a schedule slightly modified from that currently set in the 855 Case; or

2) Conduct separate trials, proceeding with the 855 Case as scheduled in October, with trial in the 417 Case to occur at a time to be scheduled later.

The parties met and conferred regarding these options, and Apple revealed that it would seek to postpone the currently scheduled October trial regardless of whether the cases are consolidated.[1] Apple further revealed that it could not agree to a consolidated trial unless such trial was postponed until February of 2016. Then, three days later, Apple clarified that its only availability for a consolidated trial is in fact not until March or May of 2016. Throughout these discussions, Apple has cited trial conflicts in October and January, but it could not give a specific reason for its unavailability in other months, including November or December of 2015.[2] And most importantly, Apple could still not identify any specific discovery or investigation it needed to complete that would require a consolidated trial to occur after October.

**B. VirnetX's Proposal**

As set forth at the Status Conference, VirnetX has always favored a consolidated trial in October as the most practical, efficient, and just solution. This case was originally filed in 2010, and VirnetX has yet to receive any accounting for Apple's infringement—despite the fact that, at least with respect to VPN On Demand, infringement has already been found and affirmed. Every day trial is delayed, Apple continues to reap the benefits of its *adjudicated* infringement without consequence. Further, VirnetX has continued, since the last trial, to accelerate its own product development efforts, and is poised to request a permanent injunction at the conclusion of any upcoming trial. Thus, every day trial is postponed also delays VirnetX's ability to meaningfully enter the market void to be created when Apple's infringement ends. VirnetX has

[1] VirnetX notes that, if trial conflicts in October truly pose a problem, VirnetX would welcome an earlier trial in September. In other words, Apple's insistence that trial must be postponed in any scenario seems more designed to manufacture delay, rather than purely aimed at avoiding October conflicts.

[2] This is particularly troubling, considering that Apple's own proposed schedule for the 417 case in the prior filing set a trial date of November 16, 2015. *See* Dkt. No. 864, at 12.

already waited five years to receive compensation for and freedom from Apple's infringement, and any further delay would be extremely prejudicial.

VirnetX continues to believe that Apple has failed to identify any specific, justifiable hindrances to a consolidated trial in October. As explained in the prior filing, Apple's expert reports already address all issues to be decided in a consolidated case, and Apple has declined to specify any new discovery it would seek from VirnetX during an extended pre-trial period. [redacted]

Further, Apple's alleged conflicts with the current October date ring hollow given that the conflicting cases were filed nearly two years after even the 855 Case, and that at least one of Apple's attorneys with such a conflict—Mr. Lee—only first appeared in this case two weeks ago. *See* Dkt. No. 862. Finally, even if Apple had identified any specific discovery or investigation it needed to undertake for a consolidated case to address the remanded 417 Case, it has already acknowledged, in the previous filing, that it could complete those tasks in time for a

---

[redacted]

[redacted]

[redacted]

[redacted]

November 16, 2015 trial.[5] *See* Dkt. No. 864, at 12. Thus, Apple's suggested March and May 2016 dates go well beyond the Court's suggested "slight" modification to facilitate consolidation, and instead inject months of entirely unnecessary delay.[6] Accordingly, VirnetX respectfully requests the Court consolidate the two cases for trial as soon as possible, and certainly no later than the date on which Apple admitted it is available to try the remanded issues in the 417 Case.

Finally, in the event the Court determines that a consolidated trial cannot occur in October or very shortly thereafter, VirnetX would alternatively request the Court follow the Court's other proposed plan: proceeding with trial in the 855 Case as scheduled in October, with the 417 Case to proceed thereafter.[7] For the reasons stated above, Apple's inclination to reject *both* of the Court's proposed options—by insisting that the October trial date be moved in either case—is dubious and without any justifiable basis. And in any event, VirnetX is ready to try the 855 Case in September if Apple's October conflicts are truly prohibitive.

## II. CONCLUSION

In sum, VirnetX respectfully requests the Court set a consolidated trial in October or very shortly thereafter. In the alternative, VirnetX requests the parties proceed to try the 855 Case, as pled, on the scheduled October trial date, or even earlier if necessary.

---

[5] Of course, it being only March, Apple could easily complete its unidentified additional investigation or supplemental reports well within the current schedule, in time for an October trial.

[6] Further, Apple's proposed 2016 dates push against other preexisting trial settings for VirnetX's trial counsel, further complicating what is already an unnecessary and prejudicial proposal to delay an October trial setting that has been in place since May of 2013.

[7] For clarity, VirnetX understands that trial in the 855 Case would, as pled, involve acts of infringement by both the previously adjudicated and redesigned versions of VPN On Demand and Facetime. Apple has been on notice that the 855 Case includes both new and legacy products and software (that is, products using any version of Facetime or VPN ON Demand, including those using iOS 3.3.x and forward) since at least VirnetX's Amended Complaint [Dkt. No. 58] and Infringement Contentions, filed and served on July 1, 2013.

Dated: March 13, 2015

Respectfully submitted,

*/s/ Jason D. Cassady*
Bradley W. Caldwell
Texas State Bar No. 24040630
E-mail: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
E-mail: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
E-mail: hhamad@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
Charles Ainsworth
Texas State Bar No. 00783521
Email: charley@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF VIRNETX INC.**

*/s/ Andy Tindel*
Andy Tindel (Lead Counsel)
State Bar No. 20054500
E-mail: atindel@andytindel.com
MT2 Law Group

Mann | Tindel | Thompson
112 E. Line, Ste. 304
Tyler, TX 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909

*Of Counsel:*

Donald Urrbazo (*Pro Hac Vice*)
California State Bar No. 489509
Email: donaldu@ulawpc.com
Arturo Padilla (Pro Hac Vice)
California State bar No. 188902
Email: apadilla@ulawpc.com
Ronald Wielkopolski (*Pro Hac Vice*)
District of Columbia Bar No. 1013586
Email: rwielkopolski@ulawpc.com
**URRABAZO LAW, P.C.**
2029 Century Park East, 4th Floor
Los Angeles, CA 90067
Telephone: (310) 388-9099
Facsimile: (310) 388-9088

**ATTORNEYS FOR PLAINTIFF LEIDOS, INC. FORMERLY KNOWN AS SCIENCE APPLICATIONS INTERNATIONAL CORPORATION**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 13th day of March, 2015. Local Rule CV-5(a)(3)(A).

*/s/ Jason D. Cassady*
Jason D. Cassady