# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| VIRNETX INC. and SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, § § § § § Plaintiffs, § § vs. § § APPLE INC., § § Defendant. § § § § | CAUSE NO. 6:12-CV-855 [LEAD CASE] |

## MEMORANDUM OPINION & ORDER

Before the Court is Apple Inc.'s ("Apple") Motion for a New Trial Based Upon the Consolidation of Cause Nos. 6:10-cv-417 and 6:12-cv-855. Docket No. 463 at 41–45.[1] The combination of the consolidation and numerous statements about the prior jury verdict in Cause No. 6:10-cv-417 ("*Apple I*") (Docket No. 598) introduced, through argument by counsel and witness questioning, the potential for juror confusion and unfairly prejudiced Apple's right to a fair trial. Accordingly, the Motion (Docket No. 463 at 41–45) is **GRANTED**.

## BACKGROUND

In *Apple I*, the jury found that Virtual Private Network On Demand ("VOD") in iOS 3–6 ("original VOD") and FaceTime in iOS 4–6 and OS X 10.7 and 10.8 ("original FaceTime") infringed VirnetX Inc.'s ("VirnetX") asserted patents. Cause No. 6:10-cv-417, Docket No. 598. The Court entered final judgment and Apple appealed. Cause No. 6:10-cv-417, Docket No. 844. On appeal, the Federal Circuit upheld the jury's finding of infringement of original VOD, but reversed and remanded the finding that original FaceTime infringed based upon a new claim

---

[1] Unless otherwise indicated, all docket numbers refer to Cause No. 6:12-cv-855.

construction. *See VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1319 (Fed. Cir. 2014) ("However, the jury was not presented with the question of whether FaceTime infringes the asserted claims under a construction requiring anonymity. Thus, we remand for further proceedings to determine whether Apple's FaceTime servers provide anonymity."). The Federal Circuit also remanded the case for a new damages calculation. *Id.* at 1314. While Cause No. 6:10-cv-417 was pending at the Federal Circuit, VirnetX filed Cause No. 6:12-cv-855, which accuses the redesigned VOD in iOS 7 and 8 ("new VOD"), the redesigned FaceTime in iOS 7 and 8 and OS X 10.9 and 10.10 ("new FaceTime") and iMessage of infringing its patents.

After the Federal Circuit remanded Cause No. 6:10-cv-417, VirnetX filed a motion to consolidate it with Cause No. 6:12-cv-855. Cause No. 6:10-cv-417, Docket No. 864. Although Apple initially opposed the motion, when given the choice between trying Cause No. 6:12-cv-855 before Cause No. 6:10-cv-417 or consolidating the cases, Apple preferred consolidation. Cause No. 6:10-cv-417, Docket No. 870 at 4. After reviewing the briefing and holding a hearing, the Court consolidated the cases. Cause No. 6:10-cv-417, Docket No. 878; Cause No. 6:12-cv-855, Docket No. 220. In both cases, VirnetX was the plaintiff, Apple was the defendant, different versions of VOD and FaceTime were accused features and the same patents were asserted. This consolidation combined the new issues in Cause No. 6:12-cv-855 with the unresolved remanded issues in Cause No. 6:10-cv-417, which included (1) damages owed to VirnetX because of the infringement of original VOD and (2) the alleged infringement, damages and willfulness of original FaceTime. In summary, the effect of *Apple I* on the issues in the consolidated case was as follows:

| Accused Feature | Affirmed Portions of *Apple I* | Issues for the Jury in the Consolidated Case |
|---|---|---|
| Original VOD | Infringement | Damages |
| New VOD | | Infringement, Damages & Willfulness |
| Original FaceTime | Infringement Only If Anonymity Is Proven | Infringement Only If Anonymity Is Proven, Damages & Willfulness |
| New FaceTime | | Infringement, Damages & Willfulness |
| iMessage | | Infringement & Damages |

Before the trial of the consolidated case, in a motion *in limine*, Apple raised concerns regarding *Apple I* and what aspects of the prior trial would be raised before the jury. Docket No. 308 at 1–3. Apple stressed that the prior verdict "should be precluded as irrelevant and unfairly prejudicial." *Id.* at 1. Again, after reviewing the briefing and conducting a hearing, the Court denied the motion with respect to VOD and FaceTime and granted the motion with respect to iMessage, invalidity and damages. Docket No. 389 at 86:22–87:13. Before announcing its ruling, the Court recognized that *Apple I* might complicate the trial:

> But the way I have sort of broken this out, I think based on some of the issues that were raised in the argument leads me to believe that *a lot of this we're just going to have to flesh out at trial*. And I'm going to have to understand what the context is. And *it may be that we have a number of sidebars throughout*. And it—you know, if we have to do that, we have to do that.

*Id.* at 86:8–14 (emphasis added).

Apple also filed a motion to exclude the expert opinion of Dr. Mark Jones, VirnetX's infringement expert. Docket No. 317. The motion was based on Dr. Jones's infringement analysis for the redesigned features that only addressed differences between new and original VOD and differences between new and original FaceTime, relying on *Apple I* and the subsequent procedural history. *Id.* Consistent with the order consolidating the actions, the Court denied the

motion, specifically stating, "Although Apple presents valid criticism of Dr. Jones's opinions, they go to the weight of the evidence rather than admissibility." Docket No. 362 at 3.

In light of the partial denial of Apple's motion *in limine* and denial of the motion to exclude, *Apple I* was discussed more than 50 times by counsel and witnesses during the eight-day consolidated trial. *E.g.,* Docket No. 433 (1/25/2016 Trial Tr.) at 69:18–70:3, 72:19–73:9, 133:22–134:4, 175:7–176:23, 186:13–19, 187:3–6, 188:7, 191:6–9, 192:23–193:6, 206:5–8, 206:14–20, 213:4–6; Docket No. 434 (1/26/2016 Trial Tr.) at 47:9–19, 108:4–11, 148:13–149:7, 149:14–19, 151:24–152:9, 160:12–161:4, 162:4–9, 165:7–16, 183:11–185:13, 192:5–193:18, 197:7–199:14, 203:25–206:19; Docket No. 436 (1/27/2016 Trial Tr.) at 22:9–11, 122:22–123:20; Docket No. 438 (1/28/2016 Trial Tr.) at 4:18–24, 184:17–185:10, 247:25–248:9; Docket No. 442 (2/1/2016 Trial Tr.) at 95:21–96:19, 106:3–9, 265:5–13; Docket No. 444 (2/2/2016 Trial Tr.) at 174:13–18, 176:12–14, 176:20–23, 177:14–20, 177:21–23, 180:20–25, 181:16–19, 192:6–10, 194:2–6, 194:15–19, 197:7–8, 198:21–23, 199:6–14, 200:13–15, 223:3–5, 227:14–17, 239:16–17, 240:8–11, 241:20–22, 242:7–8; Docket No. 445 (2/2/2016 Trial Tr. (SEALED)) at 8:10–13.

In its post-trial briefing, Apple identifies 17 occasions where VirnetX's counsel mentioned or alluded to *Apple I*. *See* Docket No. 463 at 43–45; *see also* Docket No. 433 (1/25/2016 Trial Tr.) at 186:13–19, 187:3–6, 191:6–9, 206:14–20; Docket No. 438 (1/28/2016 Trial Tr.) at 4:18–24, 184:17–185:10; Docket No. 442 (2/1/2016 Trial Tr.) at 95:21–96:19, 265:5–13. Comparably, VirnetX identifies 25 times where Apple mentioned or alluded to *Apple I*. *See* Docket No. 470 at 46–49 n.39; *see also* Docket No. 433 (1/25/2016 Trial Tr.) at 175:7–176:23; Docket No. 436 (1/27/2016 Trial Tr.) at 122:22–123:20. The parties discussed the *Apple I* jury finding that original FaceTime infringes—a finding that was ultimately

reversed—at least five times. Docket No. 433 (1/25/2016 Trial Tr.) at 175:7–176:23, 186:13–19, 191:6–9; Docket No. 436 (1/27/2016 Trial Tr.) at 122:22–123:20; Docket No. 442 (2/1/2016 Trial Tr.) at 95:21–96:19. Of the times that VirnetX mentioned *Apple I*, Apple objected once after opening arguments. Docket No. 434 (1/26/2016 Trial Tr.) at 11:11–16:3 ("We said it was a 7th Amendment concern that we were being denied a fair right to a jury trial to have that prior verdict that was reversed and did not exist anymore brought up in front of this jury . . . .").

Aware that the parties planned to rely on *Apple I* throughout the trial (but unaware of the extent of that reliance), the Court discussed *Apple I* in the preliminary and final jury instructions. Docket No. 433 (1/25/2016 Trial Tr.) at 133:22–134:4, 146:23–148:11; Docket No. 444 (2/2/2016 Trial Tr.) at 145:5–19, 157:1–10, 161:1–7. Specifically, from the final jury instructions:

> The parties have stipulated, or agreed, to some facts in this case. When the lawyers on both sides stipulate to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence and regard the fact as proved. Additionally**, *a prior jury determined that Apple infringed certain claims of two patents via its [VOD] feature in iOS 3 through iOS 6, which was from 2009 to 2013*. Throughout these instructions, I will refer to this feature as Apple's "Original [VOD]." Just like stipulated facts, that determination is binding, and you must regard it as proved. However, all other infringement allegations are contested and you must determine whether those claims are infringed. You may not assume or infer that the other patents and claims are infringed simply because of this prior finding of infringement.

Docket No. 444 (2/2/2016 Trial Tr.) at 145:5–19 (emphasis added).

The jury found for VirnetX on all of the disputed issues. Docket No. 425. The jury selected a royalty rate of $1.41, which was in the upper half of the royalty rate range proposed by VirnetX's damages expert, Mr. Roy Weinstein. *See id.* at 1, 4. Following the verdict, Apple filed a motion for a new trial based upon the consolidation of Cause Nos. 6:10-cv-417 and 6:12-cv-855. *See* Docket No. 463 at 41–45.

## LEGAL STANDARD

A new trial may be granted when the trial is not fair to the moving party, such as through prejudice to that party or potential jury confusion. *See Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Regional circuit law applies to motions for new trial. *Z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1347 (Fed. Cir. 2007). The Fifth Circuit states:

> Rule 59 of the Federal Rules of Civil Procedure confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict. . . . A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course.

*Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985) (footnotes omitted).

## PARTIES' ARGUMENTS

In its motion for a new trial, Apple argues that mentioning *Apple I* to the jury during the consolidated trial prejudiced Apple. Docket No. 463 at 42. In other words, according to Apple, *Apple I* should have never been raised in a trial involving Cause No. 6:12-cv-855. *Id.* at 43–44. To avoid the prejudice, Apple states that the two cases should not have been tried simultaneously. *Id.* at 45. Apple asks for a new trial for Cause No. 6:10-cv-417 and then a new trial for Cause No. 6:12-cv-855. *Id.*

Apple asserts that the jurors did not decide the consolidated case on the evidence presented at trial after VirnetX repeatedly told them that the first jury, in *Apple I*, found that original VOD and original FaceTime infringed VirnetX's patents. *Id.* at 43, 45. Apple states that the jury in this case improperly deferred to the already determined infringement of original VOD when determining the infringement of new VOD. *Id.* Regarding FaceTime, Apple asserts that referring to *Apple I* created even more confusion and prejudice because the Federal Circuit's remand changed the claim construction, requiring a completely new infringement analysis of

original FaceTime. *Id.* at 44; Docket No. 475 at 25 (citing *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1363 (Fed. Cir. 1998) ("[W]e agree with Hopkins that consideration of the 1995 jury verdict, which was ultimately determined to be premised upon an erroneous claim construction, had significant potential to confuse the jury.")). Moreover, according to Apple, when the jury in this case was deciding whether new FaceTime infringed, it had no way to disregard VirnetX's repeated statements that the jury in *Apple I* had found that original FaceTime infringed. Docket No. 463 at 43.

Regarding willfulness and damages, Apple argues that consolidation "confused and prejudiced the jury's ability to fairly award damages and decide willfulness—confusion that VirnetX exacerbated by tying damages and willfulness together." *Id.* at 44. Immediately after relying on the *Apple I* jury verdict for evidence of willfulness, VirnetX allegedly implied that Apple should be monetarily punished for its actions, a measure of damages not permitted by law. *Id.* at 44. When *Apple I* was repeatedly mentioned by VirnetX during the trial, Apple states that it had no choice but to attempt to give the verdict context by also discussing it. Docket No. 475 at 25.

In response, VirnetX argues that the cases should not be unconsolidated and retried. Docket No. 470 at 48. VirnetX asserts that the Court properly consolidated Cause Nos. 6:10-cv-417 and 6:12-cv-855 based upon common questions of law or fact, the same plaintiff, the same defendant and the same accused products and features. *Id.* According to VirnetX, when given the choice between consolidating the cases or having a trial for Cause No. 6:12-cv-855 in October of 2015 and then a trial for Cause No. 6:10-cv-417 at some later date, Apple chose to consolidate the cases. *Id.* at 46. Further, VirnetX states that because Apple never

requested a mistrial based upon VirnetX's comments about *Apple I*, it did not properly preserve its basis for a new trial. *Id.* at 46–47.

VirnetX further argues that references to *Apple I* did not prejudice Apple because the jury needed to hear about the previous findings of infringement as evidence that Apple committed willful infringement, an issue before the jury. Docket No. 480 at 24. VirnetX asserts that the facts here directly mirror those in *Applied Medical Resources Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356 (Fed. Cir. 2006). *Id*. From VirnetX's perspective, because Apple redesigned original VOD following *Apple I,* the *Apple I* verdict is "clearly relevant to [Apple's] state of mind" for willfulness. Docket No. 480 at 24 (citing *U.S. Surgical*, 435 F.3d at 1366). Because of VirnetX's willfulness claims, VirnetX asserts that the jury in Cause No. 6:12-cv-855 would have needed to hear about *Apple I* even if the cases had not been consolidated. Docket No. 480 at 25–26.

## **ANALYSIS**

The Court is faced with the difficult question of whether consolidating the cases, coupled with the repeated witness testimony and argument of counsel regarding the prior jury verdict in *Apple I*, was unfairly prejudicial to Apple and potentially confusing to the jury. *See Montgomery Ward*, 311 U.S. at 251. The role of the jury in our system of justice is, of course, fundamental. We leave it to the jury to sort through the facts, even in the most complex of cases. The Court must "respect the jury's collective wisdom," and it may not "simply substitute its opinion for the jury's." *Smith*, 773 F.2d at 613. However, a new trial should be granted when "prejudicial error was committed in its course." *Id.* Prejudicial error cannot be remedied even through the best efforts of the jury to sort through the issues, because the jury is not given an opportunity to fairly evaluate the evidence.

A party may be prejudiced if the issues in a consolidated case are too similar for a jury to distinguish. *See United States v. Homeward Residential, Inc.*, Cause Nos. 4:12-cv-461, 4:12-cv-543, 2016 WL 777000, at *3 (E.D. Tex. Feb. 29, 2016) ("However, while OFC is a defendant in both of the *Ocwen* and *Homeward* cases, its roles and reasons for liability are distinct, and the Court finds that consolidation would blur the legal distinctions and could confuse the jury."). Whether to consolidate cases is within the discretion of the Court. *See Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985).

In addition, describing a prior verdict before a jury often prejudices a party. D.C. Barrett, *Propriety & Prejudicial Effect of Reference by Counsel in Civil Case to Result of Former Trial of Same Case, or Amount of Verdict Therein*, 15 A.L.R.3d 1101 (1967) (collecting cases). "The admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it." *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1351 (3d Cir. 1975).

The Court's decision to consolidate Cause Nos. 6:10-cv-417 and 6:12-cv-855 merged two cases with incredibly similar issues. Counsel's and witnesses' repeated statements about the *Apple I* verdict during the trial created the potential for the jury to defer to the previous jury's infringement findings, even though those findings were partially reversed on appeal. *See Coleman*, 525 F.2d at 1351 ("A jury is likely to give a prior verdict against the same defendant more weight than it warrants."). Moreover, the complexity of the issues and extensive procedural history of the consolidated case magnified the risk of deference to *Apple I* because of jury confusion. Trying the cases at the same time required the jury to evaluate different versions of two accused features, a total of three separate accused features and persistent statements about a robust procedural history that only applied to certain versions of some of the features. In other

words, the jury was tasked with using *Apple I* for the purposes affirmed in Cause No. 6:10-cv-417, while at the same time ignoring *Apple I* when determining the reversed findings in Cause No. 6:10-cv-417 and the new infringement and damages issues in Cause No. 6:12-cv-855. In some instances, *Apple I* and the complicated procedural history made it potentially difficult for the jury to distinguish between the disputed issues because it was repeatedly used as a shortcut for the infringement analysis. *See, e.g.*, Docket No. 434 (1/26/2016 Trial Tr.) at 108:4–11, 148:13–149:7, 149:14–19, 151:24–152:9, 160:12–161:4, 162:4–9, 165:7–16, 183:11–185:13, 192:5–193:18, 197:7–199:14, 203:25–206:19. In other instances, the statements were gratuitous and likely exacerbated any reliance on *Apple I*. *See, e.g.*, Docket No. 433 (1/25/2016 Trial Tr.) at 175:20–22; Docket No. 444 (2/2/2016 Trial Tr.) at 177:21–23, 192:6–10, 242:7–8.

As discussed during the pretrial conference, Docket No. 389 at 86:8–14, the effect of *Apple I* on the jury in the consolidated case could not be fully appreciated until it was given context within the trial. While the Court allowed *Apple I* to be discussed through its rulings, including orders on a motion *in limine* and a motion to exclude, the parties went well beyond what was appropriate and should not have referred to *Apple I* with such frequency. Indeed, many statements regarding *Apple I* were unnecessary. *See, e.g.*, Docket No. 433 (1/25/2016 Trial Tr.) at 175:20–22; Docket No. 444 (2/2/2016 Trial Tr.) at 177:21–23, 192:6–10, 242:7–8. Although the Court was able to observe the jurors throughout trial and is convinced that they made their best effort, Docket No. 446 (2/3/2016 Trial Tr.) at 9:13–19, the repeated references to *Apple I*, particularly those that were unnecessary, may well have prevented them from evaluating the evidence without improperly relying on the *Apple I* verdict. *See Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1976) ("But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the

judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected.").

VirnetX's reliance on *U.S. Surgical* to support its use of *Apple I* throughout the consolidated trial is unpersuasive because the circumstances here differ from those in *U.S. Surgical*. In *U.S. Surgical*, the district court made an evidentiary ruling that allowed the plaintiff Applied Medical Resources to introduce evidence regarding a prior verdict in the same case ("*Applied I*"). 435 F.3d at 1365–66. On appeal, the district court's ruling was affirmed, because *Applied I* was relevant to (1) a hypothetical negotiation (i.e., damages) and (2) the defendant U.S. Surgical's state of mind when it decided to make the infringing products (i.e., willfulness). *Id.* at 1366. With respect to willfulness, U.S. Surgical redesigned its infringing product because of *Applied I*, making the prior litigation and verdict "clearly relevant to U.S. Surgical's state of mind" for willfulness. *Id.* According to the Federal Circuit, U.S. Surgical did not show that its probative value was outweighed by the danger of unfair prejudice. *Id.*

In contrast to *U.S. Surgical* where the only disputed issues at the trial were damages owed for the defendant's infringing sales and whether the infringement was willful, infringement, damages and willfulness were disputed in this consolidated case. *See id.* at 1359. *U.S. Surgical* did not present the same potential for jury confusion and unfair prejudice as the consolidated case because liability was undisputed. Although a prior verdict may be relevant in determining whether a defendant's infringement is willful, the prior verdict may have an unfair prejudicial effect when it is discussed in depth with multiple witnesses. *See id.* at 1366 ("U.S. Surgical has not shown that its probative value was outweighed by the danger of unfair prejudice."). The sheer number of times *Apple I* was raised in the consolidated trial further distinguishes the situation here from that in *U.S. Surgical*. *Compare* Docket No. 444 (2/2/2016

Trial Tr.) at 174:13–18, 176:12–14, 176:20–23, 177:14–20, 177:21–23, 180:20–25, 181:16–19, 192:6–10, *with U.S. Surgical*, 435 F.3d at 1366 (identifying an in-house patent lawyer's testimony and an admission that a product redesign was an effort to avoid willful infringement).

By way of example, the following argument by counsel and witness testimony was proffered during the trial:

> But you'll hear that Apple—I'm sorry—that ***VirnetX filed a lawsuit against Apple—that was way back in 2010, almost five and a half years ago—seeking fair compensation.***
> ***And you'll hear that Apple said no, said [VOD] is not infringing, said FaceTime is not infringing.*** And they said a lot of things that I believe we'll be able to prove to you were wrong.
> ***There was a trial in November of 2012 right here in this courthouse and right here in this courtroom. And at trial Apple said those same remarks about not using the patent.***
> ***As you know, the jury didn't believe them and agreed with us. And there was a verdict in late 2012, November, that [VOD] and FaceTime infringes*** [sic].

Docket No. 433 (1/25/2016 Trial Tr.) at 175:8–22 (VirnetX's opening argument) (emphasis added);

> Q: Okay. What was the result of the litigation against Apple, Mr. Larsen?
> A: ***Apple was found to infringe our patents on two different product lines, [VOD] as well as FaceTime.***
> Q: Okay. And after ***they were determined to have infringed those patents by the jury***, what happened?
> A: Apple appealed that decision to the Federal Circuit Court of Appeals in Washington D.C.

Docket No. 436 (1/27/2016 Trial Tr.) at 122:22–123:5 (Mr. Kendall Larsen's, VirnetX's corporate representative, direct examination) (emphasis added);

> Q: And then there was a ***verdict in 2012***. Apple didn't step up and take responsibility for [VOD] then, did it?
> A: No. We didn't feel we needed to.
> Q: And then ***an appellate court said, no, Apple you're wrong, in 2014, you do infringe***. You didn't say, we're responsible, there's no dispute, did you?
> A: ***At the appellate court they ruled that [VOD] "always" mode did infringe, and we owned that.***

Docket No. 438 (1/28/2016 Trial Tr.) at 247:25–248:9 (Mr. Frank Casanova's, Apple's corporate representative, cross examination) (emphasis added);

> Q: Is this your first trial against Apple?
> A: No, sir, it's not.
> Q: When was the last one?
> A: 2012, I believe.
> Q: *And what did the jury in that trial conclude about [VOD] and FaceTime?*
> A: *Their conclusion was that it did indeed infringe on our—our patents.*
> Q: And am I correct that the finding on [VOD] was affirmed?
> A: That's my understanding yes, sir.

Docket No. 434 (1/26/2016 Trial Tr.) at 47:9–19 (Dr. Robert Short's, co-inventor, direct examination) (emphasis added);

> We heard from Mr. Patience, who at the time was right at the top. He had a boss, and that boss's boss was Tim Cook. And *he admits that they decided to keep on infringing*.

Docket No. 444 (2/2/2016 Trial Tr.) at 177:21–23 (VirnetX's closing argument) (emphasis added);

> But I think this testimony from Mr. Patience is telling of Apple's attitude towards VirnetX's intellectual property. He didn't think they had any obligation to make a change even after they'd been found liable for infringement. *Keep on infringing*. No change to [VOD].

*Id.* at 192:6–10 (VirnetX's closing argument) (emphasis added); and

> *VirnetX fought to keep the verdict it had* because VirnetX wants justice on the patents.

*Id.* at 242:7–8 (VirnetX's closing argument) (emphasis added). The Court is left with the conclusion that repeated statements such as these—more than 50 in all, many of which were either redundant or gratuitous—tipped the balance towards unfairly prejudicing Apple.

Moreover, although iMessage was not part of *Apple I*, the confusion and unfair prejudice associated with new VOD, original FaceTime and new FaceTime potentially spilled over into the jury's finding of infringement of iMessage. Further, in this consolidated case, there is no way to

untangle liability from damages. The repeated references to *Apple I* may have influenced the royalty rate selected by the jurors. *See* Docket No. 444 (2/2/2016 Trial Tr.) at 195:20–25, 250:12–25 ("I'm also a little bit bothered by this notion that Apple is saying, basically you should punish VirnetX and keep the damages down . . . .") (VirnetX's closing argument). Because only certain findings from the previous jury verdict were relevant to the consolidated case and in light of the repeated references to that prior verdict, there was a substantial risk that the jury would defer to the prior jury's findings altogether. To be clear, the consolidated case could very likely have been tried successfully—and fairly—had the *Apple I* verdict not been repeatedly mentioned, often unnecessarily, throughout the trial. Indeed, were the Court examining a motion for a new trial based upon the consolidation alone, this scenario would in all likelihood not dictate the same result. However, under the circumstances here, the repeated references to the prior jury verdict in the consolidated case resulted in an unfair trial.

## **CONCLUSION**

Apple's Motion for a New Trial Based Upon the Consolidation of Cause Nos. 6:10-cv-417 and 6:12-cv-855 (Docket No. 463 at 41–45) is **GRANTED**. The Court is acutely aware of the significant time, effort and considerable resources expended by the parties, counsel and the Court itself in preparing for and trying this case. The substantial inconvenience to the jury resulting from eight days of trial and the time jurors were forced to spend away from family, work and other responsibilities must also be recognized. The Court does not reach this decision lightly or without considering fully the briefing, argument of counsel and the interests of the parties in bringing this matter to a final conclusion. Despite these important considerations, the Court's paramount obligation—to ensure that both sides receive a fair and impartial trial —compels this result.

Accordingly, the orders consolidating the cases (Cause No. 6:10-cv-417, Docket No. 878; Cause No. 6:12-cv-855, Docket No. 220) are hereby **VACATED**. The issue of willfulness in both cases is **BIFURCATED**. Cause No. 6:10-cv-417 will be retried with jury selection to begin on **September 26, 2016**, unless the parties agree otherwise on an alternative date, and immediately followed by a second trial on the issue of willfulness. Cause No. 6:12-cv-855 will be retried after Cause No. 6:10-cv-417.

The parties are **ORDERED** to meet and confer and file a joint pretrial plan for Cause No. 6:10-cv-417 within **ten (10) days** of this order. The pretrial plan should include agreed upon language for the Court to read to the jury that addresses *Apple I* and the subsequent procedural history. During the trials, the parties are required to provide fair notice to each other and the Court before raising *Apple I*.

**So ORDERED and SIGNED this 29th day of July, 2016.**

                                              ROBERT W. SCHROEDER III
                                              UNITED STATES DISTRICT JUDGE