# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC. AND<br>SCIENCE APPLICATIONS<br>INTERNATIONAL CORPORATION, | §<br>§<br>§ | Civil Action No. 6:10-cv-417 |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | JURY TRIAL DEMANDED |
| APPLE INC. | §<br>§ | |
| Defendant. | §<br>§ | |

## DEFENDANT APPLE INC.'S RENEWED OFFER OF PROOF

Defendant Apple Inc. respectfully submits this renewed offer of proof with regard to the Court's exclusion of evidence regarding the Patent Office's reexamination and review of the patents-in-suit.

## **INTRODUCTION**

VirnetX alleges that Apple willfully, directly and indirectly, infringes the patents-in-suit.[1] On January 19, 2016, the Court granted VirnetX's Motion *in Limine* F in the then-consolidated -855/-417 action,[2] thereby precluding Apple from proffering evidence relating to the Patent Office's reexamination and *inter partes* review of the patents-in-suit. But the reexamination and *inter partes* review of the patents-in-suit—including the undisputed fact that all of VirnetX's asserted claims stand finally rejected as unpatentable over multiple, independent prior art references—demonstrates the reasonableness of Apple's conduct, Apple's reliance on the invalidity of the asserted claims was in good faith, Apple's lack of willful blindness as to infringement of any valid patent claim, and the lack of value of the patents-in-suit. As such, Apple should have been permitted to introduce testimony and evidence concerning reexamination and *inter partes* review proceedings of the patents-in-suit.

---

[1] Apple disputes that VirnetX has adequately alleged willful infringement. *See* D.I. 931 (Apple's Motion for Partial Summary Judgment of No Willfulness). While willfulness, to the extent it is addressed in this proceeding, will be determined in a proceeding following the jury trial, Apple nonetheless addresses willfulness here to reserve all appellate rights.

[2] The Court instructed the parties that all decisions on motions in limine in the then-consolidated -855/-417 action continued to control in the severed -417 proceeding, except to the extent expressly modified by party agreement or by the Court.

## OFFER OF PROOF

Further to Apple's representations to the Court, had the Court not excluded evidence relating to the reexamination and *inter partes* review of the patents-in-suit, Apple would have offered the following:

1. **Ex. A** September 9, 2016 Final Written Decision in the *inter partes* review of the '135 patent (Case No. IPR2015-01046, Paper No. 71) (DTX-0921)

2. **Ex. B** September 9, 2016 Final Written Decision in the *inter partes* review of the '151 patent (Case No. IPR2015-01047, Paper No. 80) (DTX-0922)

3. DTX-0186 (reexamination file for the '504 patent (Control No. 95/001,788)), including **Ex. C** (September 12, 2016 Decision on Appeal for the '504 patent (Appeal No. 2016-004435)) (DTX-0923)

4. DTX-0189 (reexamination file for the '504 patent (Control No. 95/001,851)), including **Ex. D** (September 12, 2016 Decision on Appeal for the '504 patent (Appeal No. 2016-004575)) (DTX-0924)

5. DTX-0187 (reexamination file for the '211 patent (Control No. 95/001,789)), including **Ex. E** (September 12, 2016 Decision on Appeal for the '211 patent (Appeal No. 2016-004466)) (DTX-0925)

6. DTX-0190 (reexamination file for the '211 patent (Control No. 95/001,856)), including **Ex. F** (September 12, 2016 Decision on Appeal for the '211 patent (Appeal No. 2016-005339)) (DTX-0926)

7.  **Ex. G** September 15, 2015 final rejections of all tried patent claims of the '135 patent (Control No. 95/001,679)

8.  DTX-0183 (reexamination file for the '135 patent (Control No. 95/001,682)), including **Ex. H** September 15, 2015 final rejections of all tried patent claims of the '135 patent (Control No. 95/001,682) (excerpt from DTX-0183)

9.  **Ex. I** February 24, 2016 final rejections of all tried patent claims of the '151 patent (Control Nos. 95/001,697 & 95/001,714)

10. **Ex. J** September 9, 2016 Institution of *inter partes* review with respect to all tried patent claims of the '504 patent. (Case No. IPR2016-00693, Paper No. 8)

11. **Ex. K** September 9, 2016 Institution of *inter partes* review with respect to all tried patent claims of the '211 patent. (Case No. IPR2016-00957, Paper No. 8)

12. Testimony of Frank Casanova and Simon Patience that the Patent Office's acceptance and/or reliance upon these invalidity contentions supports the conclusion that Apple was reasonable and relied upon in good faith that the patents were invalid and, accordingly, cannot have actual knowledge of (or be willfully blind to) the asserted notion that Apple's actions or Apple's customers' actions infringe a valid patent, nor could Apple have engaged in willful infringement.

13. Cross-examination of VirnetX's expert witness on infringement issues, Dr. Mark Jones, on the proposition that, because the Patent Office accepted and/or relied upon these invalidity contentions, Apple's reliance in good faith in the patents' invalidity is reasonable, such that

    Apple cannot have actual knowledge of (or be willfully blind to) the asserted notion that Apple's actions or Apple's customers' actions infringe a valid patent.

14. Cross-examination of VirnetX's witnesses Robert Short, Kendall Larsen, and Roy Weinstein on the proposition that, owing to the claims' rejections as unpatentable in *inter partes* review and reexamination proceedings, the patents-in-suit are significantly less valuable than suggested by those witnesses.

15. Cross-examination of VirnetX's witnesses Robert Short, Kendall Larsen, and Roy Weinstein on the proposition that, owing to the absence of innovation and value of the purported inventions claimed in the patents-in-suit in light of their unpatentability as demonstrated by *inter partes* review and reexamination proceedings, VirnetX would not have been able to negotiate the grant of a license to the patents-in-suit at the amount suggested by those witnesses.

Apple respectfully submits that this evidence is relevant and admissible because it tends to show that:

16. Apple relied upon in good faith that the patents-in-suit were not infringed because they are invalid and, therefore, Apple cannot willfully infringe the patents-in-suit or be willfully blind to whether its actions or its customers' actions infringe a valid patent.

17. Apple's conduct was objectively reasonable, a substantial factor relevant to Apple's non-willfulness.

18. VirnetX's references to the patents-in-suit as valid and duly issued by the Patent Office are incomplete, legally incorrect, and misleading.

19. VirnetX's references to the purported inventions claimed by the patents-in-suit as innovative are incomplete, factually incorrect, and misleading.

20. VirnetX's damages demand is excessive and unjustified given that all of the asserted claims stand finally rejected over multiple, independent prior art references and are at significant risk of being finally cancelled.

21. Apple did in fact contest the validity of VirnetX's patents-in-suit, contrary to the impression VirnetX seeks to give through its witness testimony and proposed jury instructions.

22. Apple did in fact take action with respect to VirnetX's patents-in-suit, contrary to the impression VirnetX seeks to give through its witness testimony.

Dated: September 27, 2016

Respectfully submitted,

By: */s/ Joseph A. Loy*

Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Akshay S. Deoras
akshay.deoras@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street

San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael E. Jones
Texas Bar No. 10969400
mikejones@potterminton.com
John F. Bufe
Texas Bar No. 03316930
johnbufe@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Apple Inc.*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 27, 2016.

                   */s/ Joseph A. Loy*