IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC. AND | § | |
| SCIENCE APPLICATIONS | § | |
| INTERNATIONAL CORPORATION, | § | |
| | § | Civil Action No. 6:10-cv-417 |
| Plaintiffs, | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| APPLE INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |

### APPLE'S REPLY IN SUPPORT OF ITS
### RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

## <u>TABLE OF CONTENTS</u>

I.      Apple's Motion For Rule 60(b)(6) Relief Is Timely. ......................................................... 1

II.     Neither The Federal Circuit Nor The Supreme Court Addressed The Merits Of
        Apple's Arguments. ...................................................................................................... 2

III.    The Federal Circuit's Intervening Unpatentability Decisions Are Extraordinary
        Circumstances Meriting Rule 60(b) Relief. .................................................................. 4

IV.     Conclusion .................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bailey v. Ryan Stevedoring Co.*,
    894 F.2d 157 (5th Cir. 1990) ...................................................................................3

*Clark v. Davis*,
    850 F.3d 770 (5th Cir. 2017) ...................................................................................1

*Couch v. Travelers Insurance Co.*,
    551 F.2d 958 (5th Cir. 1977) ...................................................................................3

*Exxon Chemical Patents, Inc. v. Lubrizol Corp.*,
    137 F.3d 1475 (Fed. Cir. 1998).................................................................................2

*First Gibraltar Bank, FSB v. Morales*,
    42 F.3d 895 (5th Cir. 1995) ......................................................................................3

*Intellectual Ventures I, LLC v. Lenovo Group Ltd.*,
    370 F. Supp. 3d 251 (D. Mass. 2019) ......................................................................4

*Leviton Manufacturing Co. v. Pass & Seymour, Inc.*,
    264 F. Supp. 3d 421 (E.D.N.Y. 2017) .....................................................................5

*M2 Technology, Inc. v. M2 Software, Inc.*,
    748 F. App'x 588 (5th Cir. 2018) .............................................................................3

*Maryland v. Baltimore Radio Show*,
    338 U.S. 912 (1950).................................................................................................2

*Mendenhall v. Barber-Greene Co.*,
    26 F.3d 1573 (Fed. Cir. 1994)..................................................................................5

*Papst Licensing GmbH & Co. v. Samsung Electronics Co.*,
    403 F. Supp. 3d 571 (E.D. Tex. 2019)......................................................................4

*Princo Corp. v. International Trade Commisssion*,
    616 F.3d 1318 (Fed. Cir. 2010).................................................................................5

*Prism Technologies LLC v. Sprint Spectrum L.P.*,
    757 F. App'x 980 (Fed. Cir. 2019) ...................................................................1, 2, 5

*Ramirez v. Davis*,
    780 F. App'x 110 (5th Cir. 2019) .............................................................................1

*Seese v. Volkswagenwerk, A.G.*,
    679 F.2d 336 (3d Cir. 1982).................................................................................3

*United States v. Morgan*,
    307 U.S. 183 (1939).......................................................................................1

*VirnetX Inc. v. Apple Inc.*,
    931 F.3d 1363 (Fed. Cir. 2019) ("17-1591 Decision").....................................2, 4, 5

*VirnetX Inc. v. Cisco Systems, Inc.*,
    776 F. App'x 698 (Fed. Cir. 2019) ("18-1751 Decision") ...............................2, 4, 5

*XY, LLC v. Trans Ova Genetics*,
    890 F.3d 1282 (Fed. Cir. 2018)...........................................................................4

**Docketed Cases**

*VirnetX Inc. v. Cisco Systems, Inc.*,
    No. 18-1197 (Fed. Cir.)..................................................................................3

**Statutes and Rules**

35 U.S.C. § 271(d) ..........................................................................................5

Fed. R. Civ. P. 60(b) ............................................................................ *passim*

Fed. R. Civ. P. 60(c) ......................................................................................1

In response to Apple's Rule 60(b) motion, VirnetX does not deny: that the Federal Circuit has affirmed as unpatentable six of the seven asserted claims of the '504 and '211 patents; that the sole remaining claim is indistinguishable from a claim also affirmed as unpatentable; that these Federal Circuit unpatentability decisions issued before direct review of this Court's judgment was complete; and that the parties did not agree to make the judgment final before then. *Prism Technologies LLC v. Sprint Spectrum L.P.*, 757 F. App'x 980, 987 (Fed. Cir. 2019), makes clear that under these circumstances, Rule 60(b) relief is appropriate. The Court should reject VirnetX's attempts to escape this straightforward application of *Prism* and grant Apple's Rule 60(b) motion.

## I.    APPLE'S MOTION FOR RULE 60(B)(6) RELIEF IS TIMELY.

A motion under Rule 60(b)(6) "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), "unless good cause can be shown for the delay," *Clark v. Davis*, 850 F.3d 770, 780 (5th Cir. 2017). "In weighing reasonableness," the Fifth Circuit "consider[s] [1] 'whether the party opposing the motion has been prejudiced by the delay in seeking relief and … [2] whether the moving party had some good reason for his failure to take appropriate action sooner.'" *Ramirez v. Davis*, 780 F. App'x 110, 116 (5th Cir. 2019) (quoting *Clark*, 850 F.3d at 780). VirnetX does not even cite this two-prong standard for reasonableness, which Apple easily meets.

First, VirnetX does not identify any prejudice to it based on the timing of Apple's Rule 60(b) motion. Nor could it, as VirnetX concedes that the filing of Apple's motion "'does not affect the judgment's finality or suspend its operation.'" Opp. 8 (quoting Fed. R. Civ. P. 60(c)(2)).[1]

Second, Apple has offered "good reason" for seeking Rule 60(b) relief just over four

---

[1]    VirnetX speculates that the timing of Apple's motion "suggests that Apple plans to … seek last-minute 'emergency' relief from its payment obligation." Opp. 8. That is unfounded. If the judgment remains in place, Apple intends to pay VirnetX by March 16, 2020 as required by this Court's order, though Apple reserves the right to seek restitution. *See United States v. Morgan*, 307 U.S. 183, 197 (1939) ("What has been given or paid under the compulsion of a judgment the court will restore when its judgment has been set aside and justice requires restitution.").

months after the Federal Circuit's mandate issued on October 8, 2019.  As Apple explained in its

opening brief, "[t]o avoid burdening the Court with a Rule 60(b) motion that would be unnecessary

to resolve should the Supreme Court grant the petition for certiorari, Apple did not file this motion

until the scheduled week of the Supreme Court's conference."  Mot. 3 n.1.  Moreover, Apple's

motion is timely under *Prism*, which makes clear that a Rule 60(b) motion is timely under the same

circumstances present here as long as direct review of the judgment has not yet been completed at

the time of filing.  *Prism*, 757 F. App'x at 987.  VirnetX does not dispute that, at the time of the

filing of Apple's Rule 60(b) motion, direct review of the judgment was not complete.

## II.   NEITHER THE FEDERAL CIRCUIT NOR THE SUPREME COURT ADDRESSED THE MERITS OF APPLE'S ARGUMENTS.

VirnetX next argues that Apple "cannot invoke Rule 60(b)(6) to reargue issues it raised on

direct review—including issues raised on rehearing or in a petition for certiorari."  Opp. 8.  But

Apple could not have raised the combined effect of the 18-1751 and 17-1591 Decisions until after

***both*** cases were decided.  As Apple explained in its opening brief, Apple sought to raise its

arguments regarding the combined effect of the 18-1751 and 17-1591 Decisions at the first

available opportunity, but neither the Federal Circuit nor the Supreme Court ever addressed the

***merits*** of Apple's arguments.  Mot. 4, 10, 11 n.4.  The Federal Circuit denied leave even to ***file***

Apple's second petition for rehearing, and the Supreme Court denied certiorari—and both actions

were taken without comment.  *See Maryland v. Baltimore Radio Show*, 338 U.S. 912, 919 (1950)

(Frankfurter, J., respecting denial of petition for certiorari) ("[T]his Court has rigorously insisted

that [a denial of certiorari] carries with it no implication whatever regarding the Court's views on

the merits of a case which it has declined to review."); *Exxon Chemical Patents, Inc. v. Lubrizol

Corp.*, 137 F.3d 1475, 1479 (Fed. Cir. 1998) ("Courts normally do not respond to petitions for

rehearing and it would be a mistake to conclude that a court's non-response to an argument made

in a rehearing petition necessarily means that the court has rejected that argument on the merits.").[2]

VirnetX also suggests that the Federal Circuit addressed the merits of Apple's second rehearing petition because the mandate had not yet issued.  Opp. 9-10.  But just because a court "has the power to alter or modify the judgment" in a case does not mean that it "'must necessarily' use that power."  *See id.*  The Fifth Circuit's decision in *First Gibraltar Bank, FSB v. Morales*, 42 F.3d 895, 898 (5th Cir. 1995), does not hold otherwise.

The cases cited by VirnetX to argue that Apple cannot invoke Rule 60(b)(6) to raise issues raised on rehearing or in a petition for certiorari are readily distinguishable.  *See* Opp. 8-10.  In *Couch v. Travelers Insurance Co.*, 551 F.2d 958, 959-960 (5th Cir. 1977), the plaintiff could have raised an issue "at the time he filed suit" but waited until a Rule 60(b) motion filed after final judgment.  In *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 159-160 (5th Cir. 1990), the court held that "Rule 60(b) does not give the right to reopen litigation finally concluded over two years previously on the grounds of a change in the law."  In *M2 Technology, Inc. v. M2 Software, Inc.*, 748 F. App'x 588, 590 (5th Cir. 2018), a Rule 60(b) motion raised issues previously addressed by a Fifth Circuit decision affirming a default judgment.  And in *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982), the court denied a Rule 60(b) motion raising an intervening change in state law because courts "apply state law … in accordance with the then controlling decision of the highest state court, as long as matter is sub judice" and, by the time the defendants filed their Rule 60(b) motion, the case was no longer "sub judice" because "the Supreme Court's denial of certiorari" had ended litigation.  *Id.*  None of those cases governs Apple's timely Rule 60(b)

---

[2]     VirnetX repeatedly suggests that Apple argued in its supplemental brief to the Federal Circuit "that claim 5 of the '504 patent was 'indistinguishable' from claims found unpatentable in the PTAB appeals" and "thus unpatentable as a matter of 'collateral estoppel.'" Opp. 4, 5; *see id.* at 9 n.2. But Apple could not have raised the argument at that time, because claim 5 of the '211 patent had not yet been affirmed as unpatentable. *See* ECF No. 86 at 2-9 (Fed. Cir. No. 18-1197).

motion, filed while direct review of the judgment was still pending, and raising an issue that first became available during discretionary review and that no court has ever addressed on the merits.

## III.  THE FEDERAL CIRCUIT'S INTERVENING UNPATENTABILITY DECISIONS ARE EXTRAORDINARY CIRCUMSTANCES MERITING RULE 60(B) RELIEF.

The Federal Circuit's 18-1751 and 17-1591 Decisions present extraordinary circumstances:  they made plain—only *after* the Federal Circuit had affirmed the $439 million judgment in this case—that all asserted claims for two of the asserted patents are unpatentable. Although claim 5 of the '504 patent has not yet been affirmed as unpatentable itself, VirnetX does not deny that it is indistinguishable from claim 5 of the '211 patent, which has been affirmed as unpatentable.  Under *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018), that affirmance "has an immediate issue-preclusive effect on any pending or co-pending actions" and thus this Court should hold claim 5 of the '504 patent invalid.

VirnetX argues that this Court should not apply collateral estoppel based on the different burdens of proof in the PTO and the district court.  Opp. 11-13.  But *XY* applied collateral estoppel in such a circumstance, notwithstanding a dissenting judge's view that different burdens of proof should make collateral estoppel inapplicable.  *XY*, 890 F.3d at 1294.  *XY*'s holding is not dicta; the Federal Circuit "*held* that an affirmance of an invalidity finding from the PTAB has a collateral estoppel effect on *all* pending actions in district court even though the district court and PTAB have different burdens of proof and claim construction standards." *Intellectual Ventures I, LLC v. Lenovo Group Ltd.*, 370 F. Supp. 3d 251, 256-258 (D. Mass. 2019) (first emphasis added).  That ruling is "necessitated by the IPR statutory scheme because if the PTAB finds that a claim is unpatentable during an IPR proceeding, 'the PTO is required to issue a certificate cancelling the claim.'"  *Id.*  Although this Court previously reached a different conclusion in *Papst Licensing GmbH & Co. v. Samsung Electronics Co.*, 403 F Supp. 3d 571, 602 (E.D. Tex. 2019), Apple

4

respectfully submits that that decision cannot be reconciled with *XY*.  *See* Mot. 10 n.3.

VirnetX also erroneously argues that *Prism* does not apply because direct review has now been completed and the parties have agreed that, pursuant to this Court's order, Apple must satisfy the judgment by March 16, 2020.  Opp. 14-15.  But at the time of the 18-1751 and 17-1591 Decisions (and when Apple filed its Rule 60(b) motion), direct review had ***not*** yet concluded and no agreement made portions of the judgment final.  *See Prism*, 757 F. App'x at 987.  Nor do the 18-1751 and 17-1591 Decisions merely represent "change[s] in decisional law" (Opp. 14); they are "intervening controlling authority on the relevant issue of law" that "qualif[ies] as an exceptional circumstance."  *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1583 (Fed. Cir. 1994).  Although Apple's obligation to pay depends on the judgment of the Court (Opp. 14), Apple's motion requests that this Court modify that very judgment based on intervening events.

Finally, VirnetX fails to engage with Apple's patent misuse defense, dismissing it as "frivolous."  Opp. 15.  But VirnetX does not deny that it is enforcing a "cripplingly expensive" judgment based on a single patent claim when an indistinguishable claim "has in fact been declared invalid."  *Leviton Mfg. Co. v. Pass & Seymour, Inc.*, 264 F. Supp. 3d 421, 428 (E.D.N.Y. 2017).  VirnetX's only response is to argue that it is shielded from misuse by 35 U.S.C. § 271(d)(3), which protects a patent owner who is simply "seeking 'to enforce his patent rights against infringement.'"  Opp. 15 (quoting 35 U.S.C. § 271(d)(3)).  But Apple has not argued that VirnetX committed misuse by initially asserting its patent rights in this suit.  Rather, VirnetX is engaging in misuse by leveraging a judgment—one that is based on necessarily unpatentable claims—to "impermissibly broaden[] the … scope of the patent grant … in a manner that has anticompetitive effects."  *See Princo Corp. v. ITC*, 616 F.3d 1318, 1328 (Fed. Cir. 2010).

## IV.    CONCLUSION

Apple's motion for Rule 60(b) relief should be granted.

Dated: March 12, 2020

Respectfully submitted,

By: */s/ William F. Lee with permission by*
    *Michael E. Jones*
William F. Lee
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

John C. O'Quinn
john.oquinn@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Michael E. Jones
Texas Bar No. 10969400
mikejones@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Attorneys for Apple Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 12, 2020, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As a result, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).

*/s/ Michael E. Jones*