**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| VIRNETX INC., and  SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, | §  §  §  §  § | No. 6:10-cv-00417-RWS |
| Plaintiffs, | §  § | JURY TRIAL DEMANDED |
| v. | §  § | |
| APPLE INC., | §  §  § | |
| Defendant. | § | |

**PLAINTIFF VIRNETX INC.'S SUR-REPLY IN OPPOSITION TO APPLE'S RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT**

## **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENT ...................................................................................................................... 1

    A.  Apple Cannot Reopen the Satisfied and Unappealable Final Judgment ..................... 1

    B.  Apple's Motion Is Untimely ........................................................................................ 3

    C.  Apple's Arguments Were Raised and Rejected on Direct Review ............................. 4

    D.  Apple Has Not Shown Extraordinary Circumstances Meriting Relief ....................... 5

III.  CONCLUSION ................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Amado v. Microsoft Corp.*
   517 F.3d 1353 (Fed. Cir. 2008) ............................................................................................. 3

*Bernheim v. Jacobs*
   144 F. App'x 218 (3d Cir. 2005) ............................................................................................ 5

*Clark v. Davis*
   850 F.3d 770 (5th Cir. 2017) .................................................................................................. 3

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*
   721 F.3d 1330 (Fed. Cir. 2013) ........................................................................................... 1, 2

*In re Swanson*
   540 F.3d 1368 (Fed. Cir. 2008) ............................................................................................. 2

*Moffitt v. Garr*
   66 U.S. (1 Black) 273 (1861) ................................................................................................. 2

*Papst Licensing GmbH & Co. v. Samsung Electronics Co.*
   403 F. Supp. 3d 571 (E.D. Tex. 2019) ................................................................................ 1, 5

*Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd.*
   507 U.S. 380 (1993) ............................................................................................................... 3

*Prism Technologies LLC v. Sprint Spectrum LP*
   757 F. App'x 980 (Fed. Cir. 2019) ..................................................................................... 2, 3

*Seese v. Volkswagenwerk, A.G.*
   679 F.2d 336 (3d Cir. 1982) ............................................................................................... 4, 5

*WesternGeco LLC v. ION Geophysical Corp.*
   913 F.3d 1067 (Fed. Cir. 2019) ........................................................................................... 1, 2

*XY, LLC v. Trans Ova Genetics, L.C.*
   890 F.3d 1282 (Fed. Cir. 2018) ............................................................................................. 5

**Rules**

Fed. R. Civ. P. 60(b)(6) ................................................................................................... 1, 3, 4, 5

I.    INTRODUCTION

This case became final—and direct review ended—once the Supreme Court denied certiorari on February 24, 2020. On March 13, 2020, Apple paid the judgment in full. Those events foreclose the extraordinary relief Apple seeks. It is settled that even *cancellation* of underlying patent claims "does not allow reopening of a satisfied and unappealable final judgment." *WesternGeco LLC v. ION Geophysical Corp.*, 913 F.3d 1067, 1071-72 (Fed. Cir. 2019). *A fortiori*, Apple cannot reopen the satisfied, unappealable final judgment here based on Federal Circuit decisions that *upheld* claims supporting the damages award. *See* Opp. 11 (Dkt. 1097).

Apple's motion fails for still other reasons. Apple offers no valid excuse for filing its motion *more than six and half months* after issuance of the decisions it invokes. Apple improperly seeks to reargue issues it unsuccessfully raised on direct review. And Apple's collateral estoppel arguments defy binding precedent and hornbook law—as this Court recognized in *Papst Licensing GmbH & Co. v. Samsung Electronics Co.*, 403 F. Supp. 3d 571, 602 (E.D. Tex. 2019).

II.   ARGUMENT

A.    **Apple Cannot Reopen the Satisfied and Unappealable Final Judgment**

As VirnetX explained, the Supreme Court's February 24 denial of certiorari forecloses Rule 60(b)(6) relief. Opp. 14-15. Once a case is final on direct review, not even "cancellation of a patent's claims"—which has not happened here—can "be used to reopen a final damages judgment." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). Apple's payment of the judgment on March 13 further cements the point. The Federal Circuit has "made clear" that cancellation of asserted patent claims (which, again, has not happened here) "does not allow reopening of a *satisfied and unappealable* final judgment." *WesternGeco*, 913 F.3d at 1071 (emphasis added). That has been the law for more than 150 years: The "Supreme Court's decision in *Moffitt* made clear" that "'[i]t is a mistake to suppose . . . that . . .

1

moneys recovered on judgments in suits . . . might be recovered back [after a patent is cancelled].'" *Fresenius*, 721 F.3d at 1340 (alterations in original) (quoting *Moffitt v. Garr*, 66 U.S. (1 Black) 273, 283 (1861)).[1]

Apple's reply does not even cite *Fresenius*, *WesternGeco*, or *Moffitt*. Instead, Apple doubles down on *Prism Technologies LLC v. Sprint Spectrum LP*, 757 F. App'x 980 (Fed. Cir. 2019). But *Prism* also defeats Apple's position. *Prism* relied on the fact that the "judgment had **not been executed**" and "proceedings on direct review . . . ha[d] not yet been completed." *Id.* at 987 (emphasis added). Here, direct review is over, and Apple has satisfied the judgment in accordance with its agreement to do so within 20 days of denial of certiorari. *See* Opp. 15. Apple filed its reply after stating that it would pay the judgment, and less than 24 hours before it did so. But Apple never addresses how that payment affects (indeed, forecloses) its request for relief. Even under *Prism,* a defendant in Apple's shoes "cannot now reopen the agreed and fully paid unappealable final judgment." *WesternGeco*, 913 F.3d at 1072.

It is irrelevant that direct review had not yet ended at "the time of the 18-1751 and 17-1591 Decisions (and when Apple filed its Rule 60(b) motion)." Reply 5 (Dkt. 1098). The case is final **now**. Whatever Apple's prospects for relief earlier (despite myriad barriers), the law is clear that Apple cannot reopen "a satisfied and unappealable final judgment." *WesternGeco*, 913 F.3d at 1072. Moreover, as VirnetX explained, any "attempt to reopen a final federal court judgment of infringement" at this point would "raise constitutional problems." *In re Swanson*, 540 F.3d 1368, 1379 n.5 (Fed. Cir. 2008); Opp. 14-15. Apple offers no response.

Finally, Apple contractually committed to pay the damages award. Opp. 15. Apple could not undo that contractual obligation, entered as an order of the Court, without invoking the

---

[1] Apple's suggestion that it may "seek restitution," Reply 1 n.1 (Dkt. 1098), is thus unfounded.

agreement's modification procedures.  Dkt. 1087-1 at 2, ¶ E.  Apple nowhere claims it did so.

      **B.**      **Apple's Motion Is Untimely**

      A party seeking Rule 60(b)(6) relief must be "faultless in the delay."  *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 393 (1993); *accord Amado v. Microsoft Corp.*, 517 F.3d 1353, 1363 (Fed. Cir. 2008) (quoting *Pioneer*); *Lewis v. Barnhart*, 73 F. App'x 715, 717 (5th Cir. 2003) (same); Opp. 7-8.  Apple cannot satisfy that rule, and so ignores it.  Apple does not deny that it failed to seek Rule 60(b)(6) relief until more than ***six and a half months*** after the *Cisco Reexamination* and *Apple/Cisco Reexamination* decisions, and more than ***four and a half months*** after the Federal Circuit's mandate issued.  *See* Opp. 7.  Rather than offer "'good reason for [its] failure to take appropriate action sooner,'" *Clark v. Davis*, 850 F.3d 770, 783 (5th Cir. 2017) (cited Reply 1), Apple again asserts it was waiting for the Supreme Court, Reply 1-2.  But Apple did not even wait for the Supreme Court to rule—and has not hesitated to file duplicative requests for relief before.  Opp. 7; *Clark*, 850 F.3d at 783 (inexcusable delay where party "could have made concurrent . . . filings" before different courts).  Apple also did not seek certiorari until December 27—nearly three months after the mandate issued.  Apple never explains why it could not have used that time to promptly seek Rule 60(b)(6) relief.

      Apple's reliance on *Prism*, Reply 2, is meritless.  *Prism* nowhere suggested that a Rule 60(b)(6) motion is automatically "timely" "as long as direct review . . . has not yet been completed."  Reply 2.  The Court emphasized that the defendant sought Rule 60(b)(6) relief "[l]ess than a week" after an intervening decision, and "before" filing its certiorari petition.  757 F. App'x at 982; Opp. 7.  That is the polar opposite of Apple's months of unjustified delay.

      Contrary to Apple's suggestion, Reply 1, VirnetX need not show prejudice—***Apple*** must show that it is "faultless in the delay."  *Pioneer*, 507 U.S. at 393.  Regardless, the prejudice is self-evident.  Apple's tactical, last-minute filing has forced VirnetX to continue litigating a case

that (should have) ended weeks ago. While Apple's untimely (and meritless) motion does not affect VirnetX's right to recover for Apple's infringement, Reply 1, it has inflicted a costly and needless toll on VirnetX's and this Court's scarce resources.

### C. Apple's Arguments Were Raised and Rejected on Direct Review

Apple cannot escape the rule that parties may not use Rule 60(b)(6) to reargue issues raised on direct review. Opp. 8-10. Apple ignores that it repeatedly addressed the implications of the *Apple/Cisco Reexamination* and *Cisco Reexamination* appeals **before** the Federal Circuit denied rehearing in this case—including at argument, in Apple's first rehearing petition, and in a supplemental brief. Opp. 4-5, 8-9; *see, e.g.*, Doc. 86 at 9 in No. 18-1197. The Federal Circuit held Apple's rehearing petition for **six months**, finally denying it just **moments after** issuing the *Apple/Cisco Reexamination* decision. Opp. 5. That was no coincidence. The Federal Circuit plainly considered Apple's arguments that the reexamination appeals would have a preclusive effect on this case, but found those arguments unavailing. While Apple may have wished to offer further argument still, the timing of the Federal Circuit's actions—and that court's denial of Apple's further submissions—makes clear that the court heard everything it needed to hear.

Apple, moreover, does not dispute that it squarely (and unsuccessfully) raised "the combined effect" of the *Apple/Cisco* and *Cisco* decisions in its motion to file a second rehearing petition before the mandate issued. Reply 2. That, too, bars Apple from rearguing the point under Rule 60(b)(6). Arguments made in a motion "for leave to file a second petition for rehearing" before the mandate issues are "included or includable in [the] prior appeal." *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982); *see* Opp. 9-10 (noting Fifth and Federal Circuits' approval of *Seese*). District courts thus lack authority "to alter the mandate of th[e] court [of appeals]" based on such arguments. *Seese*, 679 F.2d at 337. Contrary to Apple's suggestion, Reply 3, *Seese* did not turn on the timing of the Rule 60 motion, but on the fact that it

4

was "based on matters that were before the court [of appeals] on appeal." *Bernheim v. Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005). *Seese* makes clear that Apple's present arguments were before the Federal Circuit on appeal, and thus beyond this Court's authority under Rule 60.

### D.    Apple Has Not Shown Extraordinary Circumstances Meriting Relief

Apple does not dispute that claim 5 of the '504 patent has thrice been sustained by the Federal Circuit and fully supports all FaceTime damages. *See* Opp. 11. While Apple challenges that claim based on collateral estoppel, its position defies fundamental preclusion principles. As this Court recognized in *Papst*, Supreme Court precedent and hornbook law make clear that a PTO proceeding addressing one patent under a preponderance standard cannot be given preclusive effect with respect to a different patent in a district-court action governed by a clear-and-convincing standard. 403 F. Supp. 3d at 602; *see* Opp. 11-13. Apple's only response is a bald assertion that *Papst* "cannot be reconciled" with *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282 (Fed. Cir. 2018). Reply 5. But *Papst* itself did the reconciling: It explained that *XY* involved the *same* claims in both cases, not "separate, unadjudicated claims" as here. 403 F. Supp. 3d at 602; *see* Opp. 12-13. Apple's refusal to address this Court's actual rationale is telling.

Apple likewise never answers VirnetX's argument that it lacked incentive to defend the unasserted claims on which Apple's preclusion arguments rest. Opp. 14. That weighs heavily against applying discretionary estoppel doctrines, and against Rule 60(b)(6) relief, here. *Id.*

Apple has had a decade—trial after trial, appeal after appeal—to defeat the claims at issue. Despite gamesmanship and delay, Apple has exhausted its appeals and satisfied the judgment. Apple offers no good reason why granting extraordinary Rule 60(b)(6) relief—prolonging this case—is an appropriate exercise of the Court's discretion. It is time to let this case end.

### III.    CONCLUSION

Apple's Rule 60(b)(6) motion should be denied.

5

DATED:  March 19, 2020                                      Respectfully submitted,

                                                                              **CALDWELL CASSADY & CURRY**


                                                           /s/ *Bradley W. Caldwell*
                                                           Bradley W. Caldwell
                                                           Texas State Bar No. 24040630
                                                           Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email:  cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114

        Tyler, Texas 75702
        Telephone: (903) 531-3535
        Telecopier: (903) 533-9687

        T. John Ward, Jr.
        Texas State Bar No. 00794818
        Claire Abernathy Henry
        Texas State Bar No. 24053063
        **WARD, SMITH, & HILL PLLC**
        1507 Bill Owens Parkway
        Longview, Texas 75604
        (903) 757-6400
        (903) 757-2323 (fax)
        jw@wsfirm.com
        claire@wsfirm.com

        **ATTORNEYS FOR PLAINTIFF VIRNETX INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on this 19th day of March, 2020.  Local Rule CV-5(a)(3)(A).

        */s/ Bradley W. Caldwell*
        Bradley W. Caldwell