**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **VIRNETX INC. AND** | § | |
| **SCIENCE APPLICATIONS** | § | |
| **INTERNATIONAL CORPORATION,** | § | |
| | § | |
| **Plaintiffs,** | § | **Civil Action No. 6:10-cv-417** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **APPLE INC.** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## APPLE'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
## RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

## <u>TABLE OF CONTENTS</u>

I.      This Court Has The Power To Grant Apple's Rule 60(b) Motion And Order
        Restitution. .................................................................................................................... 1

II.     The Federal Circuit Contemplates Rule 60(b) Relief Even After Payment Of The
        Judgment. ....................................................................................................................... 3

III.    The Cases VirnetX Relies On Are Distinguishable. ........................................................ 4

IV.     Conclusion ...................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baltimore & Ohio Railroad v. United States*,
  279 U.S. 781 (1929)................................................................................................1

*Bros Inc. v. W.E. Grace Manufacturing Co.*,
  320 F.2d 594 (5th Cir. 1963) ...............................................................................2, 3

*California Medical Association v. Shalala*,
  207 F.3d 575 (9th Cir. 2000) ...................................................................................1

*Fresenius USA, Inc. v. Baxter International, Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013)................................................................................5

*Jordan v. Gilligan*,
  500 F.2d 701 (6th Cir. 1974) ...................................................................................2

*Maul v. Constan*,
  23 F.3d 143 (7th Cir. 1994) .....................................................................................1

*Moffitt v. Garr*,
  66 U.S. (1 Black) 273 (1861)....................................................................................4

*United States v. Morgan*,
  307 U.S. 183 (1939)..................................................................................................1

*Northwestern Fuel Co. v. Brock*,
  139 U.S. 216 (1891)..................................................................................................1

*In re Pacific Far East Lines, Inc.*,
  889 F.2d 242 (9th Cir. 1989) ...................................................................................2

*Prism Technologies LLC v. Sprint Spectrum L.P.*,
  757 F. App'x 980 (Fed. Cir. 2019) ..........................................................................3

*Schauss v. Metals Depository Corp.*,
  757 F.2d 649 (5th Cir. 1985) ...................................................................................2

*Watts v. Pinckney*,
  752 F.2d 406 (9th Cir. 1985) ...................................................................................2

*WesternGeco LLC v. ION Geophysical Corp.*,
  913 F.3d 1067 (Fed. Cir. 2019)................................................................................5

**Statutes and Rules**

Fed. R. Civ. P. 60(b) ........................................................................................................... *passim*

**Other Authorities**

Restatement (3d) of Restitution and Unjust Enrichment ...............................................................1

Pursuant to the Court's April 16, 2020 order, Apple submits this supplemental brief in response to "VirnetX's argument that Apple's payment precludes Apple's requested relief." Dkt. 1100 at 1. For the reasons below and those set forth in Apple's motion (Dkt. 1096) and reply (Dkt. 1098), this Court should reject VirnetX's argument and grant Apple's Rule 60(b) motion.

## I.   THIS COURT HAS THE POWER TO GRANT APPLE'S RULE 60(B) MOTION AND ORDER RESTITUTION.

It is well-established that "[w]hat has been given or paid under the compulsion of a judgment the court will restore when its judgment has been set aside and justice requires restitution." *United States v. Morgan*, 307 U.S. 183, 197 (1939); *see Baltimore & Ohio R.R. Co. v. United States*, 279 U.S. 781, 786 (1929) ("And, while the subject of the controversy and the parties are before the court, it has jurisdiction to enforce restitution and so far as possible to correct what has been wrongfully done."); *Northwestern Fuel Co. v. Brock*, 139 U.S. 216, 219 (1891) ("[T]he power is inherent in every court, while the subject of controversy is in its custody, and the parties are before it, to undo what it had no authority to do originally, and in which it, therefore, acted erroneously, and to restore, so far as possible, the parties to their former position."); *see also* Restatement (3d) of Restitution and Unjust Enrichment, § 18 ("A transfer or taking of property, in compliance with or otherwise in consequence of a judgment that is subsequently reversed or avoided, gives the disadvantaged party a claim in restitution as necessary to avoid unjust enrichment."); *id.* cmt. a ("[A] party is under no obligation to postpone compliance with a judgment that he seeks to overturn (see Comment *c*), and postponement is not always feasible.").

Consistent with those principles, courts have the power to grant Rule 60(b) relief ***after*** a party has paid a judgment. *See, e.g.*, *California Med. Ass'n v. Shalala*, 207 F.3d 575, 579 (9th Cir. 2000) (reversing denial of Rule 60(b)(5) motion and ordering restitution of fee awards paid pursuant to final fee judgment); *Maul v. Constan*, 23 F.3d 143, 147 (7th Cir. 1994) (reversing

denial of Rule 60(b)(5) motion for relief from earlier award of attorney's fees and remanding to district court to order that plaintiff's attorney refund fees he was paid by defendants); *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) (granting Rule 60(b)(6) motion to refund monies paid to government as part of bankruptcy proceedings); *Schauss v. Metals Depository Corp.*, 757 F.2d 649, 655 (5th Cir. 1985) (granting relief under Rule 60(b)(6), setting judgment aside, and ordering "funds to be paid back into the registry of the court"); *Watts v. Pinckney*, 752 F.2d 406, 409-410 (9th Cir. 1985) (vacating executed judgment under Rule 60(b)(4) and holding that the defendant "was entitled to restitution" because the underlying judgment was void for lack of jurisdiction); *Jordan v. Gilligan*, 500 F.2d 701, 704-705, 710 (6th Cir. 1974) (reversing district court order denying motion under Rule 60(b)(4) to vacate award of attorney's fees even though the state had paid the judgment because the underlying judgment was void).

Indeed, the Fifth Circuit's decision in *Bros Inc. v. W.E. Grace Manufacturing Co.*, 320 F.2d 594 (5th Cir. 1963), contemplated the possibility of restitution in a situation analogous to the one here. The issue was whether the district court could reopen a final patent infringement judgment under Rule 60(b) after another court had found the underlying patent invalid. Invoking Rule 60(b)(6), the Fifth Circuit ordered the district court to hold a hearing and "determine what relief, if any, is available or warranted." *Id.* at 609. The Fifth Circuit determined that the "equitable principles encompassed within 60(b)(6) justify further inquiry," in part because the "public interest in a governmentally bestowed monopoly is of transcendent importance." *Id.* at 609-610. Although the Fifth Circuit considered the fact that "no judgment ha[d] yet been paid," it also explained that it did "not think that enforcement of the judgment should be stayed," and stated that "the Patentee, by obtaining satisfaction of the money judgment … by payment or execution" must "recognize[] that it is subject to the orders of the District Court in Texas to effect ***such restitution as may be***

2

*required* by the decrees or orders in the 60(b) proceeding." *Id.* at 610-611 (emphasis added). Thus, the Fifth Circuit clearly contemplated Rule 60(b) as an appropriate mechanism to vacate the prior infringement judgment, even after satisfaction of the judgment, because the possibility of restitution remained.

Therefore, Apple's payment of the judgment in no way precludes Rule 60(b) relief. Accordingly, before Apple made its payment, it made clear to the Court and VirnetX that its payment was subject to Apple's right to seek restitution.  Apple Reply 1 n.1.

## II.   THE FEDERAL CIRCUIT CONTEMPLATES RULE 60(B) RELIEF EVEN AFTER PAYMENT OF THE JUDGMENT.

The Federal Circuit's decision in *Prism Technologies LLC v. Sprint Spectrum LP*, 757 F. App'x 980 (Fed. Cir. 2019), permits relief under Rule 60(b) in these very circumstances.  Under *Prism*, a Rule 60(b) motion is timely so long as direct review of the judgment is not final ***when the motion is filed***.  *Id.* at 987 (noting the timing when the defendant "invoked" the invalidity ruling before the Court).  Although the district court in *Prism* granted Rule 60(b) relief before execution of the judgment and before all appeals were final, the key points from *Prism* were that (i) the Federal Circuit issued its unpatentability decision and (ii) the defendant ***filed*** its Rule 60(b) motion ***before*** appeals were final and ***before*** the judgment was executed.  *Id.* ("The liability judgment in this case was still subject to direct review when this court … invalidated the claims on which the judgment rests.  The judgment had not been executed, and no portion had been carved out as final by agreement.").  Both points are also true here:  (i) the Federal Circuit issued its decisions making plain that VirnetX's asserted claims are necessarily unpatentable and (ii) Apple filed its Rule 60(b) motion ***before*** the appeal of this Court's judgment was final and ***before*** Apple

paid the judgment to VirnetX.[1]  Therefore, this Court can and should grant Rule 60(b) relief, irrespective of Apple's payment of the judgment.

## III.     THE CASES VIRNETX RELIES ON ARE DISTINGUISHABLE.

The three cases cited by VirnetX (Surreply at 1-3) are distinguishable.  In *Moffitt v. Garr*, 66 U.S. (1 Black) 273 (1861), the Supreme Court examined whether a patentee that surrendered his patent after filing an infringement action "may maintain a suit on the surrendered patent instituted before the surrender."  *Id.* at 282.  The Court held that the "surrender of the patent … extinguishes the patent" and "is a legal cancellation of it."  *Id.* at 283.  Therefore, the patent can no longer "be the foundation for the assertion of a right after the surrender," such that the infringement action failed.  *Id.*  In dicta, the Court noted it would be a "mistake to suppose that, upon this construction, moneys recovered on judgments in suits, or voluntary payment under the first patent upon the surrender, might be recovered back" because "[t]he ***title to these moneys does not depend upon the patent, but upon*** the voluntary payment or ***the judgment of the court***."  *Id.* (emphases added).  But the Court did not contemplate or consider a situation where—as here—the relevant unpatentability decisions issued and relief from judgment was sought ***before*** the appeals were complete.  Moreover, the Court noted that title to the payment does not depend upon the patent, but upon "the judgment of the court."  Just so:  if the underlying judgment is vacated, as Apple's Rule 60(b) motion requests, then money paid pursuant to it should be returned, as the Supreme Court has elsewhere held.  *See supra* § I.

---

[1]     Contrary to VirnetX's argument (Surreply at 2), it would be illogical for the conclusion of appeals and execution of judgment to control the availability of Rule 60(b) relief because a party is powerless to control the court's management of its docket.  For example, under VirnetX's proposed rule, an otherwise meritorious Rule 60(b) motion filed against an unstayed and executed judgment while the appeal is still pending would be denied if the appeal concluded before the Rule 60(b) motion was decided.  Nothing in Rule 60(b) suggests that its application depends on such happenstance.

In *Fresenius USA, Inc. v. Baxter International, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013), the Federal Circuit held that "when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Id.* at 1340. Although the Federal Circuit quoted the language from *Moffitt* emphasized above, that language was dicta in *Fresenius* as well because—as the Federal Circuit noted—there was "no question of reopening a final court judgment, because no such judgment has been entered." *Id.* at 1341. The Federal Circuit did not contemplate or consider a situation where—as here—a party filed a Rule 60(b) motion before direct review of the judgment was complete. Moreover, as previously explained, if the underlying judgment is vacated under Rule 60(b), then the underlying judgment no longer stands and the defendant is entitled to restitution of money paid under it.

Finally, in *WesternGeco LLC v. ION Geophysical Corp.*, 913 F.3d 1067 (Fed. Cir. 2019), the defendant "challenge[d] the fully paid and satisfied reasonable royalty award based on *subsequent* invalidation of a number of" the asserted claims. *Id.* at 1071 (emphasis added). The asserted claims were invalidated *after* the parties "entered into a compromise agreement resolving all of the issues in the case except for the lost profit award." *Id.* at 1072. "In th[o]se unique circumstances," the Federal Circuit held that "it is clear that the reasonable royalty and enhanced damages awards were agreed to by the parties and subject to an unappealable final judgment, which was satisfied and paid in full by ION to WesternGeco." *Id.* Those "unique circumstances" do not exist here. Apple and VirnetX have not entered into a compromise agreement, and the Federal Circuit's unpatentability determination issued *before* Apple paid the damages award.

## IV.   CONCLUSION

Apple's Rule 60(b) motion should be granted.

Dated: April 23, 2020

Respectfully submitted,

By: */s/  William F. Lee*

William F. Lee
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

John C. O'Quinn
john.oquinn@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Michael E. Jones
Texas Bar No. 10969400
mikejones@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Attorneys for Apple Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 23, 2020, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As a result, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).

*/s/ William F. Lee*