# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **VIRNETX INC. AND SCIENCE APPLICATIONS INTERNATIONAL CORPORATION,** § § § § § § § § § § § § | |
| Plaintiffs, | Civil Action No. 6:10-cv-417 |
| v. | JURY TRIAL DEMANDED |
| **APPLE INC.** | |
| Defendant. | |

## APPLE'S SUPPLEMENTAL BRIEF REGARDING RECENT PTAB DECISIONS IN SUPPORT OF ITS RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

**TABLE OF CONTENTS**

I. Introduction ................................................................................................................... 1

II. The *Mangrove* Decisions Further Support Apple's Request For Relief From The Judgment Under Rule 60(b). ........................................................................................ 1

III. Alternatively, The Court Should Hold Apple's Rule 60(b) Motion Until After Any Appeal Of The *Mangrove* Decisions. ......................................................................... 5

IV. Conclusion .................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atlas Chemical Industries, Inc. v. Moraine Products*,
   509 F.2d 1 (6th Cir. 1974) ...................................................................................................4

*B&B Hardware, Inc. v. Hargis Industries, Inc.*,
   575 U.S. 138 (2015)..........................................................................................................2, 3

*Bristol Locknut Co. v. SPS Technologies*,
   677 F.2d 1277 (9th Cir. 1982) ...............................................................................................4

*Bros Inc. v. W.E. Grace Manufacturing Co.*,
   320 F.2d 594 (5th Cir. 1963) .................................................................................................4

*Dana Corp. v. NOK, Inc.*,
   882 F.2d 505 (Fed. Cir. 1989)................................................................................................4

*Fellowes, Inc. v. Acco Brands Corp.*,
   2019 WL 1762910 (N.D. Ill. Apr. 22, 2019) ........................................................................3

*In re Papst Licensing GmbH & Co. KG Patent Litigation*,
   320 F. Supp. 3d 132 (D.D.C. 2018)......................................................................................4

*Intellectual Ventures I, LLC v. Lenovo Grp. Ltd.*,
   370 F. Supp. 3d 251 (D. Mass. 2019) ...............................................................................3, 4

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007)...............................................................................................................4

*Mendenhall v. Barber-Greene Co.*,
   26 F.3d 1573 (Fed. Cir. 1994)................................................................................................4

*Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*,
   170 F.3d 1373 (Fed. Cir. 1999)..............................................................................................2

*Prism Technologies LLC v. Sprint Spectrum L.P.*,
   757 F. App'x 980 (Fed. Cir. 2019) ........................................................................................4

*Rite-Nail Packaging Corp. v. Berryfast, Inc.*,
   706 F.2d 933 (9th Cir. 1983) .................................................................................................4

*SSIH Equipment S.A. v. U.S. ITC*,
   718 F.2d 365 (Fed. Cir. 1983).......................................................................................... 2-3

*United States v. Utah Construction & Mining Co.*,
   384 U.S. 394 (1966) ................................................................................................................2

*Versata Software, Inc. v. SAP America, Inc.*,
   2014 WL 1600327 (E.D. Tex. Apr. 21, 2014),
   *aff'd*, 564 F. App'x 600 (Fed. Cir. 2014) ...............................................................................3

*VirnetX Inc. v. Apple Inc.*,
   931 F.3d 1363 (Fed. Cir. Aug. 1, 2019) ...................................................................................1

*VirnetX Inc. v. Cisco Systems, Inc.*,
   776 F. App'x 698 (Fed. Cir. June 28, 2019) ............................................................................1

*Warner-Jenkinson Co. v. Allied Chemical Corp.*,
   567 F.2d 184 (2d Cir. 1977) .....................................................................................................4

*XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282 (Fed. Cir. 2018) ..................................1, 3, 5

**PTAB Decisions**

*Mangrove Partners Master Fund, Ltd. v. VirnetX Inc.*, IPR2015-01046, Paper 112
   (PTAB July 14, 2020) ..............................................................................................................1

*Mangrove Partners Master Fund, Ltd. v. VirnetX Inc.*, IPR2015-01047, Paper 122
   (PTAB July 14, 2020) ..............................................................................................................1

**Statutes and Rules**

37 C.F.R. § 42.73(d)(3) ....................................................................................................................2

Fed. R. Civ. P. 60(b) ............................................................................................................. *passim*

**I.     INTRODUCTION**

Pending before this Court is Apple's Rule 60(b) motion seeking relief from the September 29, 2017 judgment (Dkt. 1082), which rests on the assumption that Apple infringed four valid patents. As Apple explained in its Rule 60(b) motion, the Federal Circuit's decisions in *VirnetX Inc. v. Cisco Systems, Inc.*, 776 F. App'x 698, 704 (Fed. Cir. June 28, 2019) ("18-1751 Decision") and *VirnetX Inc. v. Apple Inc.*, 931 F.3d 1363, 1380 (Fed. Cir. Aug. 1, 2019) ("17-1591 Decision"), make plain that all the asserted claims for two of those patents—U.S. Patent Nos. 7,418,504 ("'504 patent") and 7,921,211 ("'211 patent")—are unpatentable. Dkt. 1096 at 1-2, 4-11.

On July 14, 2020, the Patent Trial and Appeal Board (the "Board") issued final written decisions holding that the asserted claims of the two remaining patents, U.S. Patent No. 6,502,135 ("'135 patent") and U.S. Patent No. 7,490,151 ("'151 patent"), are also unpatentable. *Mangrove Partners Master Fund, Ltd. v. VirnetX Inc.*, IPR2015-01046, Paper 112 (PTAB July 14, 2020); *Mangrove Partners Master Fund, Ltd. v. VirnetX Inc.*, IPR2015-01047, Paper 122 (PTAB July 14, 2020) (the "*Mangrove* Decisions"). As a result, ***every asserted claim*** underlying the judgment in this case is necessarily unpatentable. This Court should accordingly grant Apple's request for relief from the judgment under Rule 60(b), dismiss all claims, and order complete restitution of amounts previously paid.

**II.    THE *MANGROVE* DECISIONS FURTHER SUPPORT APPLE'S REQUEST FOR RELIEF FROM THE JUDGMENT UNDER RULE 60(B).**

The Board's *Mangrove* Decisions that the asserted claims of the '135 and '151 patents are unpatentable has an immediate collateral estoppel effect in this action. Federal Circuit and Supreme Court precedent support the application of collateral estoppel in this case. In *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282 (Fed. Cir. 2018), the Federal Circuit held that its affirmance of the Board's unpatentability determination "has an immediate issue-preclusive effect

1

on any pending or co-pending actions involving the patent." *Id.* at 1294; *see MaxLinear, Inc. v. CF Crespe LLC*, 880 F.3d 1373, 1376-77 (Fed. Cir. 2018) ("It is well established that collateral estoppel, also known as issue preclusion, applies in the administrative context.").

Although the Board's decisions have not yet been affirmed on appeal by the Federal Circuit, this Court need not and should not await affirmance to grant relief under Rule 60(b)(6) and vacate the infringement and damages judgment that rely in whole or in part on the '135 and '151 patents. The Board has issued Final Written Decisions, which "preclude[]" VirnetX "from taking action inconsistent with the adverse judgment." 37 C.F.R. § 42.73(d)(3). Moreover, in *B&B Hardware, Inc. v. Hargis Industries, Inc.*, 575 U.S. 138 (2015), the Supreme Court reaffirmed the presumption that agency decisions have preclusive effect, explaining that "courts may take it as a given that Congress has legislated with the expectation that the principle [of issue preclusion] will apply except when a statutory purpose to the contrary is evident." *Id.* at 148; *see United States v. Utah Constr. & Min. Co.*, 384 U.S. 394, 421 (1966) ("When an administrative agency is acting in a judicial capacity and resolved the disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."); *MaxLinear*, 880 F.3d at 1376 ("The TTAB, at issue in *B&B Hardware*, and the [PTAB], in this case, are indistinguishable for preclusion purposes."). And while VirnetX may appeal the unpatentability determination to the Federal Circuit, it is well established that final decisions have collateral estoppel effect even pending appeals. *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999) ("[T]he court below properly applied collateral estoppel despite the then *possibility* of an appeal[.]"); *see SSIH Equip. S.A. v. U.S. ITC*, 718 F.2d 365, 370 (Fed. Cir. 1983) ("[T]he pendency of an appeal has no [e]ffect on the finality

or binding effect of a trial court's holding. That rule is applicable to holdings of patent invalidity as well." (citations omitted)).[1]

Nor can VirnetX escape the application of collateral estoppel by pointing to the different burdens of proof for unpatentability before the Board and the district court. Dkt. 1096 at 9-10; Dkt. 1098 at 4-5. The Federal Circuit expressly rejected that argument in *XY*, holding that "affirmance of [a PTO] invalidity finding" has "an immediate issue-preclusive effect on any pending or co-pending actions involving the patent," notwithstanding a dissenting judge's view that different burdens of proof made collateral estoppel inapplicable. *XY*, 890 F.3d at 1294.[2] As another district court explained in *Intellectual Ventures I, LLC v. Lenovo Grp. Ltd.*, 370 F. Supp. 3d 251 (D. Mass. 2019), the Federal Circuit in *XY* "rejected the argument, articulated in the dissent, that PTAB opinions should not have preclusive effect in district courts because of the tribunals' different standards of validity, different burdens of proof, and different standards of appellate review." *Id.* at 256; *see Fellowes, Inc. v. Acco Brands Corp.*, 2019 WL 1762910, at *6 (N.D. Ill. Apr. 22, 2019) (explaining that the Federal Circuit in *XY* "rejected the argument articulated in the dissent, that PTAB opinions should not have preclusive effect in district courts because of the different standards of validity, burdens of proof, and standards of appellate review"). The district court in *Intellectual Ventures* explained that "[t]he holding in *XY* is necessitated by the IPR statutory scheme because if the PTAB finds that a claim is unpatentable during an IPR proceeding,

---

[1] Although this Court declined to vacate a judgment under Rule 60(b) following a Board unpatentability determination in *Versata Software, Inc. v. SAP America, Inc.*, 2014 WL 1600327, at *2 (E.D. Tex. Apr. 21, 2014), *aff'd*, 564 F. App'x 600 (Fed. Cir. 2014), that decision preceded the Supreme Court's decision in *B&B Hardware*. Moreover, unlike in *Versata Software*, Apple filed its Rule 60(b) motion while Apple's direct appeal remained pending.

[2] Notably, the Supreme Court in *B&B Hardware* applied collateral estoppel even though "the TTAB and the Eighth Circuit use different factors to assess likelihood of confusion." 575 U.S. at 154.

3

'the PTO is required to issue a certificate cancelling the claim.'" 370 F. Supp. 3d at 256 (quoting *In re Papst Licensing GmbH & Co. KG Patent Litig.*, 320 F. Supp. 3d 132, 134 (D.D.C. 2018)).

VirnetX also cannot escape application of collateral estoppel by arguing that Apple's request is untimely. "[T]he defense of collateral estoppel based on a final judgment of patent invalidity in another suit can 'be timely made at any stage of the affected proceedings.'" *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1579 (Fed. Cir. 1994) (quoting *Dana Corp. v. NOK, Inc.*, 882 F.2d 505, 507 (Fed. Cir. 1989)). The conclusion of appeals and Apple's payment of judgment do not bar the application of collateral estoppel here because Apple filed its Rule 60(b) motion before direct review of the judgment was complete. *Prism Techs. LLC v. Sprint Spectrum L.P.*, 757 F. App'x 980, 987 (Fed. Cir. 2019); Dkt. 1096 at 1-2, 13-15; Dkt. 1098 at 1-2, 5; Dkt. 1101 at 3-4. Although Apple has paid VirnetX, it reserved all rights and may seek restitution for the amount already paid. Dkt. 1101 at 1-4; *see Prism Techs.*, 757 F. App'x at 987; *Bros Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 609-612 (5th Cir. 1963).[3]

---

[3] Courts have ordered restitution in the analogous context where licensees successfully challenge the validity of a licensed patent. If a licensee has challenged the validity of a patent and continues payment of royalties during the litigation, royalties must be returned if the patent is invalidated. *E.g.*, *Warner-Jenkinson Co. v. Allied Chem. Corp.*, 567 F.2d 184, 188 (2d Cir. 1977) ("Once the plaintiffs have proved patent invalidity, they would become entitled … to receive restitution of royalties paid pendente lite (with interest)."); *Atlas Chem. Indus., Inc. v. Moraine Prods.*, 509 F.2d 1, 7 (6th Cir. 1974) ("While an escrow is a commendable procedure to preserve the status quo during the course of litigation, the funds belong to neither party until the validity of the patent is determined."); *Rite-Nail Packaging Corp. v. Berryfast, Inc.*, 706 F.2d 933, 936 (9th Cir. 1983) (after a "licensee 'takes an affirmative step that would prompt the early adjudication of the validity of the patent, such as filing an action contesting the patent's validity'" licensee may not be required to pay royalties if patent is subsequently invalidated (quoting *Bristol Locknut Co. v. SPS Techs., Inc.*, 677 F.2d 1277, 1283 (9th Cir. 1982))). Having made payment to VirnetX after notifying VirnetX and this Court of its ongoing challenges to the validity of the patents, Apple should not now be penalized for making that "involuntary" payment while "preserv[ing] the right … to challenge the legality of the claim." *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 131 (2007).

Moreover, the *Mangrove* Decisions provide an independent reason for granting Rule 60(b)(6) relief.  Now that the '135 and '151 patents have been held unpatentable, the infringement judgment against VPN On Demand and related damages award cannot stand.  For example, the accused iPhone 3G, iPhone 3GS, iPad, iPod Touch 2d Gen, and iPod Touch 3d Gen contain VPN On Demand but not FaceTime and were found to infringe only the '135 and '151 patents, not the '504 and '211 patents.  *See* Dkt. 1032 at 58-60.  Therefore, at a minimum, damages must be redetermined to remove the VPN On Demand products from the judgment, and Apple is entitled to restitution of the difference.  But, as explained in Apple's 60(b) motion, the '504 and '211 patents also do not support the judgment.  *See* Dkt. 1096 at 1-2, 4-11.  None of the asserted claims should have issued and none can be infringed.  This Court should grant relief from its final judgment and enter judgment for Apple.

### III. ALTERNATIVELY, THE COURT SHOULD HOLD APPLE'S RULE 60(B) MOTION UNTIL AFTER ANY APPEAL OF THE *MANGROVE* DECISIONS.

Alternatively, this Court should hold Apple's Rule 60(b) motion to allow any appeal of the *Mangrove* Decisions to conclude, because it is undisputed that affirmance of the Board's unpatentability determination "has an immediate issue-preclusive effect on any pending or co-pending actions involving the patent." *XY*, 890 F.3d at 1294; Dkt. 1096 at 11-12.

### IV. CONCLUSION

Apple respectfully requests that the Court grant its Rule 60(b) motion.

5

Case 6:10-cv-00417-RWS Document 1104 Filed 08/20/20 Page 10 of 10 PageID #: 43299

Dated: August 20, 2020

Respectfully submitted,

By: */s/ William F. Lee, with permission by Michael E. Jones*

William F. Lee
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy
joseph.loy@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

John C. O'Quinn
john.oquinn@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Michael E. Jones
Texas Bar No. 10969400
mikejones@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Attorneys for Apple Inc.