# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC., and | § | |
| SCIENCE APPLICATIONS | § | |
| INTERNATIONAL | § | |
| CORPORATION, | § | No. 6:10-cv-00417-RWS |
| | § | |
| Plaintiffs, | § | JURY TRIAL DEMANDED |
| | § | |
| v. | § | |
| | § | |
| APPLE INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF VIRNETX INC.'S RESPONSE TO APPLE'S SUPPLEMENTAL BRIEF REGARDING RECENT PTAB DECISIONS IN SUPPORT OF ITS RULE 60(b) <u>MOTION FOR RELIEF FROM JUDGMENT</u>**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Apple Cannot Reopen the Satisfied and Unappealable Final Judgment ....................... 1

    B. Apple's Motion Is Untimely and Procedurally Barred .................................................. 3

    C. Apple Fails To Show Extraordinary Circumstances Warranting Relief ....................... 4

    D. Apple's Latest Request for an Indefinite Stay Should Be Rejected ............................. 5

III. CONCLUSION ................................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Cases**

*B&B Hardware, Inc. v. Hargis Indus., Inc.*
  575 U.S. 138 (2015) ............................................................................................................. 4

*Brothers Inc. v. W.E. Grace Manufacturing Co.*
  320 F.2d 594 (5th Cir. 1963) ............................................................................................... 3

*Brothers. Versata Software, Inc. v. SAP Am., Inc.*
  No. 2:07-cv-153-RSP, 2014 WL 1600327 (E.D. Tex. Apr. 21, 2014)
  *aff'd* 564 F. App'x 600 (Fed. Cir. 2014) ............................................................................. 3

*Clark v. Davis*
  850 F.3d 770 (5th Cir. 2017) ............................................................................................... 3

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*
  721 F.3d 1330 (Fed. Cir. 2013) ....................................................................................... 1, 2

*In re Swanson*
  540 F.3d 1368 (Fed. Cir. 2008) ........................................................................................... 2

*Mendenhall v. Barber-Greene Co.*
  26 F.3d 1573 (Fed. Cir. 1994) ............................................................................................. 2

*Moffitt v. Garr*
  66 U.S. (1 Black) 273 (1861) .............................................................................................. 1

*Papst Licensing GmbH & Co. v. Samsung Elecs. Co.*
  403 F. Supp. 3d 571 (E.D. Tex. 2019) ................................................................................ 4

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*
  507 U.S. 380 (1993) ............................................................................................................. 3

*Prism Technologies LLC v. Sprint Spectrum LP*
  757 F. App'x 980 (Fed. Cir. 2019) .................................................................................. 2, 3

*Talasila, Inc. v. United States*
  524 F. App'x 671 (Fed. Cir. 2013) ...................................................................................... 3

*VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*
  778 F. App'x 897 (Fed. Cir. 2019) .............................................................................. 3, 4, 5

*Vmware, Inc. v. Clouding Corp.*
   No. IPR2014-01292, 2015 WL 10381774 (P.T.A.B. Dec. 3, 2015) ........................................... 5

*WesternGeco LLC v. ION Geophysical Corp.*
   913 F.3d 1067 (Fed. Cir. 2019) ............................................................................................. 1, 2

*XY, LLC v. Trans Ova Genetics, L.C.*
   890 F.3d 1282 (Fed. Cir. 2018) ................................................................................................. 4

**Statutes**

35 U.S.C. § 318(b) ............................................................................................................................ 4

37 C.F.R. § 42.73(d)(3) ..................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 60(b)(6) ........................................................................................................ 1, 2, 3, 5

I.      INTRODUCTION

Apple's latest attempt to escape the final, unappealable, and now fully satisfied judgment against it is even less persuasive than its prior efforts. As the Federal Circuit has made clear, even ***cancellation*** of asserted patent claims "does ***not*** allow reopening of a satisfied and unappealable final judgment." *WesternGeco LLC v. ION Geophysical Corp.*, 913 F.3d 1067, 1071-72 (Fed. Cir. 2019) (emphasis added); *see* Surreply 1-2 (Dkt. 1099). Much less is extraordinary and discretionary Rule 60(b)(6) relief appropriate based on ***unreviewed and unaffirmed*** PTAB decisions issued ***after*** direct review ended and ***after*** Apple satisfied the judgment. *See* Apple 2nd Supp. 1 (Dkt. 1104). Apple cites no Federal Circuit case that has approved reopening a final judgment in such circumstances. Apple cannot overcome the other defects with its Rule 60(b)(6) motion. And Apple's request that its motion be held indefinitely is the latest example of the endless gamesmanship and delay tactics this Court and the Federal Circuit have rightly rejected. The Court should promptly deny Apple's Rule 60(b)(6) motion and let this litigation finally end.

II.     ARGUMENT

   A.   **Apple Cannot Reopen the Satisfied and Unappealable Final Judgment**

Rule 60(b)(6) does not allow Apple to set aside a final, unappealable, and satisfied judgment. Binding precedent has long "made clear" that "'[i]t is a mistake to suppose . . . that . . . moneys recovered on judgments in suits . . . might be recovered back [after a patent is cancelled].'" *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) (alterations in original) (quoting *Moffitt v. Garr*, 66 U.S. (1 Black) 273, 283 (1861)). Even "cancellation of a patent's claims," *id.*—which has not happened here—"does not allow reopening of a ***satisfied and unappealable*** final judgment," *WesternGeco*, 913 F.3d at 1071 (emphasis added).

Apple cannot escape those precedents. Apple suggests those cases would not bar it from obtaining restitution "***if*** the underlying judgment is vacated" under Rule 60(b)(6). Apple 1st

1

Supp. 4-5 (Dkt. 1101) (emphasis added).  But that begs the question whether vacatur is proper.  It plainly is not:  As those cases "ma[k]e clear," even "cancellation of a patent's claims ***cannot be used to reopen*** a final damages judgment.'"  *Fresenius*, 721 F.3d at 1340 (emphasis added).  Because the judgment here is final, unappealable, and satisfied, it cannot be reopened.  Any "attempt to reopen a final federal court judgment of infringement" at this point would "raise constitutional problems."  *In re Swanson*, 540 F.3d 1368, 1379 n.5 (Fed. Cir. 2008).  VirnetX has repeatedly made that point, Opp. 14-15 (Dkt. 1097); Surreply 2, but Apple offers no response.

It is irrelevant that Apple originally "filed its Rule 60(b) motion before direct review of the judgment was complete."  Apple 2nd Supp. 4.  Nothing in those decisions suggests that getting a Rule 60(b)(6) motion in "under the wire"—here, mere hours before direct review concluded, after months of unjustified delay—permits reopening a judgment ***after*** it is final and satisfied.  Surreply 2.  *WesternGeco* refused to reopen a final, satisfied judgment ***even though*** the party sought relief before all direct review in the case concluded.  *See* 913 F.3d at 1071-72.[1]

Apple's latest supplemental brief, moreover, seeks "independent" relief Apple did ***not*** seek before direct review concluded.  Apple 2nd Supp. 5.  Apple originally sought relief based on its (erroneous) view that all claims infringed by ***FaceTime*** are invalid.  Mot. 3 (Dkt. 1096).  Apple now (erroneously) argues all claims infringed by ***VPN on Demand*** are invalid.  Apple 2nd Supp. 5.  That new request for different relief—made (and based on rulings issued) ***after*** conclusion of direct review and payment of the judgment—is even more clearly foreclosed.[2]

---

[1] The parties here also entered into an agreement—entered as an order of this Court—obligating Apple to pay the damages award as a contractual matter.  Opp. 15; Surreply 2-3; Dkt. 1087-1 at 2, ¶ E; *cf. WesternGeco*, 913 F.3d at 1072 (denying relief where party had "complet[ed] its payments under [an] agreement").  Apple nowhere addresses that binding agreement.

[2] Apple's cases (at 4) do not suggest otherwise.  Nothing in *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573 (Fed. Cir. 1994), permits assertion of an estoppel defense ***after the case has ended***.  In *Prism Technologies LLC v. Sprint Spectrum LP*, 757 F. App'x 980 (Fed. Cir. 2019), the "judgment

### B. Apple's Motion Is Untimely and Procedurally Barred

A party seeking Rule 60(b)(6) relief must be "faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 393 (1993). Apple, however, waited to file its Rule 60(b)(6) motion until more than ***six and a half months*** after the decisions underlying it were issued. *See* Opp. 7; Surreply 3. Apple's latest supplemental brief does not and cannot cure that original defect. Nor was Apple faultless in raising the new basis for relief asserted in its latest brief. The *Mangrove* PTAB decisions it now invokes were issued July 14. But Apple waited ***more than a month*** to file a (five-page) brief informing the Court of those decisions. *Contrast Prism*, 757 F. App'x at 982 (party sought Rule 60(b)(6) relief "[l]ess than a week" after intervening decision). Apple has not even tried to justify that delay.

Nor has Apple explained why it failed to raise the argument years ago. In 2016, the PTAB found the same asserted claims of the '151 and '135 patents unpatentable (in earlier, later-vacated decisions in the *Mangrove* proceedings). Apple notified the Court of those decisions. Dkt. 1066 at 10 (citing Dkt. 1066-1, Dkt. 1066-2); *see* Dkt. 1062 at 33-34; Dkt. 1068 at 24. But Apple did ***not*** argue—to this Court or the Federal Circuit on appeal—that those then-unaffirmed (and now-reversed) PTAB decisions have preclusive effect. That Apple waited until ***2020*** to make an argument it could have made in ***2016*** reinforces the untimeliness of its request. *See Clark v. Davis*, 850 F.3d 770, 782-83 (5th Cir. 2017). And Rule 60(b)(6) relief is unavailable based on arguments Apple "presented, or could have presented, in the earlier appeal." *Talasila, Inc. v. United States*, 524 F. App'x 671, 673 (Fed. Cir. 2013); *see* Opp. 8-10; Surreply 4-5.

---

had not been executed" and "proceedings on direct review . . . ha[d] not yet been completed." *Id.* at 987; *see* Surreply 2. The same was true in *Brothers Inc. v. W.E. Grace Manufacturing Co.*, 320 F.2d 594, 609-10 (5th Cir. 1963)—a fact that "clearly distinguishes this case" from *Brothers*. *Versata Software, Inc. v. SAP Am., Inc.*, No. 2:07-cv-153-RSP, 2014 WL 1600327, at *2 (E.D. Tex. Apr. 21, 2014), *aff'd* 564 F. App'x 600 (Fed. Cir. 2014).

### C.  Apple Fails To Show Extraordinary Circumstances Warranting Relief

While Apple attacks the '151 and '135 patents infringed by VPN on Demand, the Federal Circuit has sustained those very claims, including in *Mangrove*. *See VirnetX Inc. v. Mangrove Partners Master Fund, Ltd.*, 778 F. App'x 897, 900 (Fed. Cir. 2019). Apple's attempt to attack those claims by giving "immediate collateral estoppel effect" to later PTAB decisions that "have not yet been affirmed," Apple 2nd Supp. 1-2, defies basic preclusion law and precedent alike.

An agency decision may be given preclusive effect only if the "ordinary elements of issue preclusion" are satisfied, including the requirement that both actions apply the same "'legal standard.'" *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148, 154 (2015). Thus, as this Court has recognized, a PTAB decision addressing patent validity under a preponderance standard cannot be given preclusive effect in a district-court action where validity is governed by a clear-and-convincing standard. *Papst Licensing GmbH & Co. v. Samsung Elecs. Co.*, 403 F. Supp. 3d 571, 602 (E.D. Tex. 2019) (citing *B&B Hardware* and Wright & Miller). That principle bars giving unaffirmed PTAB decisions preclusive effect here. Opp. 11-13; Surreply 5.[3]

Dicta in *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282 (Fed. Cir. 2018), *see* Apple 2nd Supp. 3, does not help Apple. By *XY*'s express terms, only Federal Circuit "***affirmance***" of a PTAB decision has effect in pending litigation. 890 F.3d at 1294 (emphasis added). Nothing in *XY* suggests that such effect can be given to ***unaffirmed*** PTAB decisions, which cannot result in cancellation of patent claims until "the time for appeal has expired or any appeal has terminated." 35 U.S.C. § 318(b). Moreover, as VirnetX has explained, *XY* cannot be read to overrule binding precedent that collateral estoppel is unavailable where different legal standards apply in

---

[3] Apple ignores this Court's *Papst* decision and instead invokes two decisions—*Intellectual Ventures* and *Fellowes*—that *Papst* expressly declined to follow. *See* 403 F. Supp. at 602.

4

each case. Opp. 13 & n.3. *XY* is properly understood as resting on **the parties' agreement** that estoppel would apply—or, at most, on the notion that **Federal Circuit affirmance** would lead to cancellation of the claims. *Id.* Neither rationale supports Apple's preclusion arguments here.[4]

### D. Apple's Latest Request for an Indefinite Stay Should Be Rejected

Finally, Apple asks the Court to hold its Rule 60(b)(6) motion pending appellate review in *Mangrove*—Apple's **ninth** request for a stay in this case. Even before direct review concluded, this Court and the Federal Circuit rejected Apple's serial requests for stays in favor of PTAB proceedings. *See* Opp. 1. This Court enhanced damages based on Apple's myriad delay efforts. Dkt. 1079 at 53-55. And Federal Circuit judges criticized Apple's refusal to let this litigation end. *See, e.g.*, Oral Arg. 26:30-44 (Fed. Cir. No. 17-1591) (Judge Moore: "[Apple's] proposal would result in no finality for, in this case, 14 years? 15 years? Even though validity has long since been decided and affirmed by our court—10 years ago.").

There is even less basis for delay now. Once direct review ends and a judgment is satisfied, the parties are entitled to repose. Few things would be more destructive to the finality of unappealable and fully satisfied judgments than allowing losing parties to file placeholder Rule 60(b)(6) motions and obtain indefinite stays in hopes that later events will provide more fodder for their arguments. Apple does not even attempt to argue the traditional stay factors are satisfied. It is time to bring this case—which has now spanned three trials, two appeals, ten years, and seven rounds of Rule 60(b)(6) briefing—to a close.

---

[4] Apple's reliance on 37 C.F.R. § 42.73(d)(3), *see* Apple 2nd Supp. 2, is misplaced. That regulation applies only after a claim has been **cancelled**—which has not happened here—and then only to actions **before the Patent Office**. *See Vmware, Inc. v. Clouding Corp.*, No. IPR2014-01292, 2015 WL 10381774, at *3-4 (P.T.A.B. Dec. 3, 2015). The Patent Office lacks rulemaking authority over district-court proceedings.

5

### III. CONCLUSION

Apple's Rule 60(b)(6) motion should be denied.

DATED: August 27, 2020                    Respectfully submitted,

**CALDWELL CASSADY & CURRY**

/s/ *Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
Justin T. Nemunaitis
Texas State Bar No. 24065815
Email: jnemunaitis@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email:  cstewart@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com

6

        R. Christopher Bunt
        Texas State Bar No. 00787165
        Email: rcbunt@pbatyler.com
        **PARKER, BUNT & AINSWORTH, P.C.**
        100 East Ferguson, Suite 1114
        Tyler, Texas 75702
        Telephone: (903) 531-3535
        Telecopier: (903) 533-9687

        T. John Ward, Jr.
        Texas State Bar No. 00794818
        Claire Abernathy Henry
        Texas State Bar No. 24053063
        **WARD, SMITH, & HILL PLLC**
        1507 Bill Owens Parkway
        Longview, Texas 75604
        (903) 757-6400
        (903) 757-2323 (fax)
        jw@wsfirm.com
        claire@wsfirm.com

        **ATTORNEYS FOR PLAINTIFF VIRNETX INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 27th day of August, 2020. Local Rule CV-5(a)(3)(A).

        */s/ Bradley W. Caldwell*
        Bradley W. Caldwell