IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC. and SCIENCE APPLICATIONS INTERNATIONAL CORPORATION,** § § § § § | | |
| Plaintiffs, § | CASE NO. 6:10-CV-417 | |
| § | | |
| v. § | | |
| § | | |
| **APPLE INC.,** § § | | |
| Defendant. § | | |

## ORDER

Before the Court is Apple's Rule 60(b) Motion for Relief from Judgment (Docket No. 1096). For the following reasons, the motion is **DENIED**.

### I. Background

Nearly 10 years ago, VirnetX sued Apple, alleging Apple's FaceTime and VPN on Demand features infringed VirnetX's patents.[1] Four trials, three appeals and a litany of parallel proceedings ensued. Almost three years ago, this Court laid to rest a portion of the parties' quarrel, entering final judgment in the above-captioned matter. Docket No. 1082. Now, under Rule 60, Apple attempts to resurrect this case for a retrial on damages. Docket No. 1096 at 11–13. Before taking up that question, a brief summary of the case's background is necessary.

Four years ago, the parties tried their case to a jury for the third time. Limited by the Federal Circuit's resolution of a prior appeal, the details of which are not relevant here, the jury found that FaceTime infringed claims 1, 2, 5 and 27 of the '504 patent and claims 36, 47 and 51

---

[1] U.S. Pat. Nos. 6,502,135 and 7,490,151 (asserted against VPN on Demand); U.S. Pat. Nos. 7,418,504 and 7,921,211 (asserted against FaceTime).

of the '211 patent. Docket No. 1025 at 1. Having been instructed that VPN on Demand also infringed, the jury awarded VirnetX $302,427,950 in compensatory damages. After post-trial briefing, the Court awarded VirnetX costs, certain attorneys' fees and prejudgment interest—increasing the award by $96,028,103.58—and, for a limited infringement period, enhanced damages by 50 percent—increasing the award another $41,271,364.80. *Id.* at 55–57. All told, VirnetX was awarded $439,727,418.28, which was memorialized in the final judgment. Docket No. 1082.

Apple appealed, and the Federal Circuit affirmed without opinion. *VirnetX Inc. v. Cisco Sys.*, 748 F. App'x 332 (Fed. Cir. 2019). Apple then petitioned for panel rehearing and rehearing en banc. Non-Confidential Petition of Defendant-Appellant Apple Inc. for Panel Rehearing and Rehearing En Banc, *VirnetX v. Cisco*, Case No. 18-1197 (Fed. Cir. 2019) (Docket No. 78).[2]

While Apple's petition was pending, the Federal Circuit put to rest another portion of the parties' long-running dispute. In an unpublished opinion, the court resolved an appeal from an *inter partes* reexamination of the '504 patent. *VirnetX Inc. v. Cisco Sys.*, 776 F. App'x 698, 704 (Fed. Cir. 2019) ("*PTAB Affirmance I*"). The court affirmed the Patent Trial and Appeal Board's rejection of claims 1, 2–4, 6–11, 14–35 and 60; vacated its rejection of claims 5, 12 and 13; and remanded for further proceedings. *Id.*

Based on that opinion, Apple sought—and received—leave to file a supplemental brief in support of its petition for rehearing. App. Docket No. 86. It argued VirnetX was collaterally estopped from asserting the patentability of the claims for which the Federal Circuit had affirmed the PTAB's rejection. Most relevant here, Apple also contended VirnetX was estopped from asserting claim 27 of the '504 patent and claims 36, 47 and 51 of the '211 patent because those

---

[2] Hereinafter, "App. Docket No."

claims did not present novel questions of patentability compared to claims the PTAB had already rejected.

On August 1, 2019, the Federal Circuit denied Apple's petition for rehearing. Docket No. 1094. On the same day, the Federal Circuit resolved an appeal from three related *inter partes* reexaminations: two filed by Apple and one filed by Cisco Systems, Inc. *VirnetX Inc. v. Apple Inc.*, 931 F.3d 1363, 1380 (Fed. Cir. 2019) ("*PTAB Affirmance II*"). The court affirmed the PTAB's rejection of claims 36–60 of the '504 patent and claims 1–60 of the '211 patent, vacated the PTAB's rejection of claims 1–35 of the '504 patent and remanded with instructions to terminate. *Id.*

Six days later, Apple filed two motions in its appeal relating to the Federal Circuit's new opinion affirming the PTAB's rejection of various claims. App. Docket Nos. 98, 99. Again, Apple sought leave to argue the Federal Circuit's affirmance of the PTAB's decisions had issue preclusive effect in this case. This time, however, the Federal Circuit denied Apple's request for leave. *VirnetX v. Cisco*, Case No. 18-1197, slip op. at 2 (Fed. Cir. Oct. 1, 2019). A week later, the Federal Circuit issued its mandate to this Court. Docket No. 1095.

Nearly two months after the Federal Circuit's mandate issued, Apple petitioned the Supreme Court for a writ of certiorari. Petition for a Writ of Certiorari, *Apple Inc. v. VirnetX Inc.*, No. 19-832 (2019). One of the two questions presented related to Apple's estoppel arguments:

> The question presented is whether intervening PTO invalidations apply in all pending cases, including appeals that remain pending at the rehearing or certiorari stage.

*Id.* at 2. On February 2, 2020, one day before the Supreme Court was set to review Apple's certiorari petition, Apple filed this Rule 60(b) motion. Docket No. 1096. On August 20, 2020, Apple requested leave to file a supplemental brief in support of its motion bringing to the Court's attention PTAB final written decisions holding unpatentable the asserted claims of the '135 and

'151 patents.  Docket Nos. 1102, 1104.  The Court granted leave and ordered VirnetX to respond within seven days, Docket No. 1105, which VirnetX did.  Docket No. 1106.

## II.  Legal Standards

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  FED. R. CIV. P. 60(b).  Such a motion "must be made within a reasonable time."  *Id.* § 60(c).

"Because rulings under Rule 60(b) commonly involve procedural matters unrelated to patent law issues," the Federal Circuit "often defer[s] to the law of the regional circuit in reviewing such rulings."  *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1381 (Fed. Cir. 2002).  "Nevertheless, a procedural issue that is itself not a substantive patent law issue may be governed by Federal Circuit law if the issue pertains to patent law, bears an essential relationship to matters committed to our exclusive control by statute, or clearly implicates the jurisprudential responsibilities of this court in a field within its exclusive jurisdiction."  *Id.*  (internal quotation omitted).  Thus, the Court will apply Fifth Circuit law to procedural issues that are not "bound up" with patent law and Federal Circuit law to substantive matters unique to patent law, if any arise.

## III.  Discussion

Apple moves to set aside this Court's final judgment under Rule 60(b)(6), alleging such relief is necessary to prevent VirnetX from recovering "a massive damages judgment for patent claims that are necessarily unpatentable."  Docket No. 1096 at 6.  VirnetX, in defense of its judgment, argues Apple's motion is untimely, attempts to relitigate issues raised on direct review and fails to establish the "extraordinary circumstances" necessary for Rule 60(b) relief.  Docket No. 1097 at 6–15.  Because Apple's motion is untimely, it must be denied.

Motions under Rule 60(b)(6) must "must be made within a reasonable time." FED. R. CIV. P. 60(c). "What constitutes [a] 'reasonable time' depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Travelers Ins. Co. v. Liljeberg Enters.*, 38 F.3d 1404, 1410 (5th Cir. 1994) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)). "A district court is provided wide discretion in determining whether a Rule 60(b) motion is filed within a reasonable time." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 n.5 (5th Cir. 2014).

"Under the totality of the circumstances, . . . [Apple's] motion was not filed within a reasonable time"; rather, Apple's "conduct throughout this case strongly suggests that [its] delay[] w[as] tactical in nature." *See United States v. Theodorovich*, 102 F.R.D. 587, 589 (D.D.C. 1984). Six days after the Federal Circuit handed down *PTAB Affirmance II*, Apple filed a motion for leave to present the collateral estoppel arguments it relies on here. Apple's proposed second petition for rehearing bears a striking similarity to the Rule 60 motion filed before this Court: entire paragraphs were copied and pasted from one filing into the other. *Compare* Docket No. 1097 at 8–9 ("VirnetX had a full and fair . . . .") *with* App. Docket No. 99-2 at 19–20 (same).[3] Yet, after the Federal Circuit denied Apple's request for leave, Apple waited 142 days before refiling that motion here. Because Apple drafted a substantively identical motion in six days, it did not need five months to reframe that motion as a request for relief under Rule 60(b). *Cf. Bieler v. HP Locate, L.L.C.*, 598 F. App'x 251, 254 n.4 (5th Cir. 2015) (indicating that a "district court's finding

---

[3] To be clear, Apple is not relitigating issues raised in the Federal Circuit. It sought leave to raise those issues, which was not granted. Although Apple received leave to file a supplemental brief, that occurred before *PTAB Affirmance II* issued. But it is worth noting that neither the Federal Circuit nor the Supreme Court thought Apple's arguments warranted consideration on the merits. For the reasons set forth here, the Court reaches the same conclusion.

that [the movant] did not exercise due diligence may . . . support a finding that [the movant] did not file its Rule 60(b) motion within a 'reasonable time' ").

Indeed, Apple's excuse for its delay, relegated to a footnote, seems to confirm its intent. Apple claims that, "[t]o avoid burdening the Court with a Rule 60(b) motion that would be unnecessary to resolve should the Supreme Court grant the petition for certiorari, Apple did not file this motion until the scheduled week of the Supreme Court's conference." Docket No. 1096 at n.1.  Apple decided to seek rehearing and certiorari, in part on unrelated issues, rather than immediate Rule 60 relief.  Such a delay may be explained by the unique factors bearing on certiorari discretion.  Established wisdom instructs those who petition for a writ of certiorari to highlight how their case is a good vehicle for resolving important issues. *See, e.g.*, Petition for a Writ of Certiorari, *Apple Inc. v. VirnetX Inc.*, No. 19-832 (2019) ("This case is a compelling vehicle . . . .").  Had Apple filed its Rule 60 motion in time for VirnetX to raise it in its opposition to Apple's certiorari petition, the pending motion would have strongly countenanced against granting review.

In any event, Apple was immediately aware of the ground on which it now seeks relief but chose to wait almost five months before filing its motion.  Regardless of the reason, that precludes Apple's requested relief.  *See, e.g.*, *Steinhoff v. Harris*, 698 F.2d 270, 273–74 (6th Cir. 1983) (finding that 77 days was not a reasonable time under Rule 60); *Central Operating Co. v. Utility Workers of Am., AFL-CIO*, 491 F.2d 245, 253 (4th Cir. 1974) (finding that four months was not a reasonable time under Rule 60); *Limon v. Double Eagle Marine, L.L.C.*, 771 F. Supp. 2d 672, 678 (S.D. Tex. 2011) (finding four-month delay unreasonable).  "Rule 60(b)(6)," under which Apple seeks relief, "is a grand reservoir of equitable power, allowing for consideration of all factors that speak to equity." *Ruiz v. Quarterman*, 504 F.3d 523, 534 (5th Cir. 2007).  "It is a

common maxim that equity is not intended for those who sleep on their rights," *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989), but that is what Apple did here.  Apple's delay strongly supports a finding of untimeliness.

Apple makes two other arguments against a finding of untimeliness, neither of which is persuasive.  **First**, Apple argues that VirnetX has not shown prejudice.  Certainly, as Apple argued, its motion had no effect on its timely payment of the judgment in full, so VirnetX cannot look there for prejudice.  Nor can VirnetX claim that its costs litigating this motion show prejudice, as those costs would have been incurred regardless of when Apple filed its motion.  But prejudice is not necessary to find Apple's motion untimely.  *See Travelers Ins. Co.*, 38 F.3d at 1410 (describing flexible standard).   VirnetX's lack of prejudice cuts against a finding of untimeliness, but it does not outweigh Apple's failure to provide a colorable excuse for its delay.

**Second**, Apple argues that *Prism Techs. LLC v. Sprint Spectrum L.P.*, 757 Fed. App'x 980 (Fed. Cir. 2019), necessitates a finding that its motion is timely.  But *Prism* does not excuse Apple's delay because it is distinguishable.  There, the movant filed its Rule 60 motion "less than a week" after the Federal Circuit decisions on which it relied, *id.* at 982, and the court never discussed Rule 60's timeliness requirement.  Here, Apple waited almost five months to file its motion, and VirnetX alleged such a delay was unreasonable under Rule 60(c).

Neither party raised the only remaining factor—*i.e.*, the interest in finality—in the timeliness context, but VirnetX does rely heavily on finality elsewhere.  Docket No. 1097 at 6 ("After ten years of litigation, three trials, two appeals, and one certiorari petition, this case is as final as final can be.").  Applied to timeliness, however, that interest is crosscutting.  In general, a strong interest in finality, which the Supreme Court has held to exist for patent judgments, supports denial of Rule 60 relief.  *See Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 100 (1993)

(indicating a strong interest in finality for patent judgments). But when a party seeks relief under Rule 60 based on collateral estoppel (as Apple does here), placing a thumb on the scale against Rule 60 relief for finality's sake is unjustified. To do so would, in a sense, place intra-case finality above inter-case finality, displacing collateral estoppel's well-established public policy justifications. *See Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 327 (1971) (discussing the justifications for estoppel at length). Thus, any interest in finality is neutral.

Importantly, the issues raised in Apple's supplemental brief do not affect the timeliness of its motion. *See* Docket No. 1104. Apple points to two *inter partes* review decisions—issued after briefing concluded—to support its prior collateral estoppel arguments, but it does nothing to explain why it delayed seeking Rule 60(b) relief. Relying on supplemental authority does not save Apple's failure to file "within a reasonable time." Additionally, the PTAB issued its decisions after direct review concluded in this case, making *Prism* inapplicable. *See Prism Techs. LLC v. Sprint Spectrum L.P.*, 757 F. App'x 980, 987 (Fed. Cir. 2019) ("The courts have long recognized a strong federal patent policy against enforcing an unexecuted judgment of patent liability at least where all of the following circumstances are present: . . . proceedings on direct review of the judgment have not yet been completed."). Lastly, the IPR decisions on which Apple relies are pending appeal. *Compare* Docket No. 1104 at 6 *with XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282 (Fed. Cir. 2018) (holding that "*affirmance*" of an invalidity finding "renders final a judgment on the invalidity of the Freezing Patent, and has an immediate issue-preclusive effect on any pending or co-pending actions involving the patent" (emphasis added)).

## IV. Conclusion

In sum, Apple consciously chose to delay filing its Rule 60 motion for too long. As its excuse for delay was unavailing and VirnetX was prejudiced, Apple's motion (Docket No. 1096) must be **DENIED**.

**So ORDERED and SIGNED this 1st day of September, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE